# EXHIBIT A

<pre>
UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
</pre>

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC<br><br>    Plaintiff,<br><br>v.<br><br>BENISTAR, BENISTAR ADMIN SERVICES, INC., TPG GROUP, INC., GRIST MILL PARTNERS, LLC, MOONSTONE PARTNERS, LLC, ALLIANCE CHARITABE TRUST, PHOENIX CHARITABLE TRUST, ATLANTIC CHARITABLE TRUST, AVON CHARITABLE TRUST, CARPENTER CHARITABLE TRUST, DONALD TRUDEAU, MOLLY CARPENTER, JANE DOE ENTITIES UNDER CONTROL OF MOLLY CARPENTER AND/OR DONALD TRUDEAU, AND JANE DOE ENTITIES UNDER CONTROL OF JUDGMENT DEBTORS<br><br>    Defendants. | CIVIL ACTION NO. 3:20-cv-00738 |

## AFFIDAVIT OF SHARON SIEBERT

I, Sharon Siebert, being duly sworn depose and say:

    1.    I am over eighteen years of age and believe in the obligation of an oath.

    2.    I am a member of the Plaintiff Universitas Education, LLC ("Universitas").

    3.    This affidavit is made on personal knowledge in support of Plaintiff's Application for Prejudgment Remedy ("PJR App."). Certain statements in this affidavit are complemented by the Affidavit of Benjamin Chernow, a copy of which is attached to the PJR App. as Exhibit B. Specifically, Mr. Chernow's affidavit provides details concerning the legal decisions referenced in my affidavit. Mr. Chernow has served as counsel for Universitas in this dispute for more than a year.

    4.    On January 24, 2011 the American Arbitration Association issued an award in favor

of Universitas and against Nova Group, Inc. ("Nova Group") as the Sponsor, Trustee, and Plan Administrator of the Charter Oak Trust ("COT") in the amount of $26.5 million. The essence of this award was that Universitas was entitled to $26.5 million in insurance proceeds from two life insurance policies on the life of Sash Spencer, and that Nova Group wrongfully denied Universitas' claim to these proceeds.

5. Nova Group explicitly refused to comply with the arbitrator's decision and moved to vacate the award in court.

6. The court ultimately confirmed the arbitration award and entered judgment against Nova Group on June 5, 2012 in the amount of $26.5 million, plus interest thereon from January 24, 2011 at the rate of ten percent per annum.

7. Nova Group again refused to abide by the court's decision.

8. Nova Group also filed numerous frivolous motions that the court found were filed in bad faith and served no purpose other than to prolong the litigation and increase Universitas' attorneys' fees.

9. The court subsequently entered judgment against Daniel Carpenter in the amount of $30.6 million, and entered judgment against various entities under his control. This judgment was based on the fact that Mr. Carpenter stole $30.6 million of money rightfully belonging to Universitas and used this money for his personal benefit.

10. Universitas has been attempting to collect on its judgment for the entirety of the postjudgment proceedings and has largely been unsuccessful. The primary cause of Universitas' inability to enforce its judgment has been the fraudulent activity of Daniel Carpenter and his affiliates intended to hinder, delay, or defraud Universitas.

11. Throughout the underlying litigation the court consistently found that Mr.

Carpenter and his associates engaged in fraud with an intent to frustrate Universitas' ability to enforce its judgment.

12. The protracted nature of these postjudgment proceedings have caused Universitas to incur substantial hardship as a result of large attorneys' fees. Universitas was awarded certain attorneys' fees in the underlying litigation as a penalty against Nova Group for its bad faith motion practices. However, not all court-ordered attorneys' fees were paid and the payments received did not ameliorate the hardship caused by these heightened legal costs.

13. Mr. Carpenter and his associates continue to fight us in court. One example is a garnishment proceeding in the Western District of Oklahoma that has been going on for over five years and garnishment has not yet begun.

14. The legal fees resulting from this dispute have been substantial. Universitas' legal fees in this dispute exceed the amount that Universitas has collected on its judgment. These hardships have been compounded by the fact that Mr. Carpenter and his associates continue to refuse to satisfy the judgment entered against them.

15. The Judgment Debtors all claim to be insolvent, and yet are able to pay the substantial legal fees required to oppose Universitas' collection efforts.

16. Post-judgment interest has accrued on the total outstanding judgment at a rate of ten percent per annum. To date, approximately $24.8 million has accrued in interest on Universitas' judgment.

17. Universitas was able to recover approximately $343,000 as a result of a turnover proceeding in the underlying litigation. Daniel Carpenter and his associates resisted Universitas' efforts throughout these proceedings and made Universitas' recovery as difficult as possible.

18. A credit of approximately $343,000 was deducted from Universitas' outstanding

judgment to account for the recovery in the turnover proceeding.

19. Universitas received a payment of approximately $7,800 on May 6, 2020. This was the only payment made by any Judgment Debtor outside of the Grist Mill Trust settlement since the entry of judgment in this dispute.

20. A credit of approximately $7,800 was deducted from Universitas' outstanding judgment to account for a payment from Carpenter Financial Group.

21. Universitas settled its judgment against one judgment debtor – Grist Mill Trust. This settlement was for approximately $4.2 million.

22. A credit of approximately $4.2 million was deducted from Universitas' outstanding judgment to account for the settlement with Grist Mill Trust.

23. After accounting for all payments and recovery, the Judgment Debtors are indebted to Universitas for approximately $46.7 million, plus continued post-judgment interest.

24. After accounting for all payments and recovery, Daniel Carpenter is personally indebted for approximately $26 million, plus continued post-judgment interest.

25. The remaining Judgment Debtors claim to be insolvent. In particular, Daniel Carpenter has made no attempt to satisfy the judgment against him and claims to be insolvent.

26. Universitas seeks to attach two properties in order to secure its likely judgment. One property belongs to Defendant Grist Mill Partners, LLC. This property has an appraised value of $2,400,000. (*See* PJR App. Ex. 33.)

27. The other property belongs to Defendant Molly Carpenter. This property has an appraised value of $430,780. (*See* PJR App. Ex. 32.)

STATE OF FLORIDA

CITY OF WEST PALM BEACH

_____
Sharon E. Siebert
Member of Universitas Education, LLC

Sworn to me on this __1__ day
of ___June___, 20_20_.

_____
Notary Public

MARIA C. MABALOT
MY COMMISSION # GG 140852
EXPIRES: Sept. 4, 2021
BONDED THRU CNA SURETY

5