## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC<br><br>      Plaintiff,<br><br>v.<br><br>BENISTAR, BENISTAR ADMIN SERVICES, INC., TPG GROUP, INC., GRIST MILL PARTNERS, LLC, MOONSTONE PARTNERS, LLC, ALLIANCE CHARITABLE TRUST, PHOENIX CHARITABLE TRUST, ATLANTIC CHARITABLE TRUST, AVON CHARITABLE TRUST, CARPENTER CHARITABLE TRUST, DONALD TRUDEAU, MOLLY CARPENTER, JANE DOE ENTITIES UNDER CONTROL OF MOLLY CARPENTER AND/OR DONALD TRUDEAU, AND JANE DOE ENTITIES UNDER CONTROL OF JUDGMENT DEBTORS<br><br>      Defendants. | CIVIL ACTION NO. 3:20-cv-00738<br><br><br><br><br><br><br><br><br><br><br><br>JUNE 12, 2020 |

### NOTICE CONCERNING SERVICE OF DOCUMENTS ON
### AVON CHARITABLE TRUST AND COURT'S ORDER STRIKING DOCUMENTS

Plaintiff Universitas Education, LLC ("Universitas") provides this Notice to explain to the Court that the service cited in the Order Striking Documents Wrongfully Served [Doc. 36] did not represent service of *process* on Avon Charitable Trust ("Avon"), which had already been served with process by other means, but rather backup service of certain "pleadings and other papers" that were filed after the filing of the Summons and Complaint, pursuant to an Order from Judge Robert Spector and Rule 5 of the Federal Rules of Civil Procedure (the "Rules"). Thus, that Order was based on a misperception that such service represented an effort to serve process.

Avon is a foreign statutory trust that transacts business in Connecticut but has not registered with the Secretary of the State (the "SOTS"). Avon is thereby deemed to have appointed the SOTS as its agent for service of process in Connecticut with respect to an action that (like the present

action) arises out of the transaction of business in this state.  Conn. Gen. Stat. § 54-539(c).  As set forth in the Summons Returned Executed (the "Return") [Doc. 25] filed on June 10, 2020, Universitas served process on Avon on June 9, 2020.  Return at 6-7. Specifically, Universitas served Avon under Conn. Gen. Stat. § 54-533(b) by serving two copies of the Summons and Complaint, along with the required fee, on the SOTS.[1]  At that point, service of process on Avon was effective.[2]

On June 10, 2020, a day after service of process, Universitas served on Avon a set of papers (the "Other Papers") that had been filed with the Court after the filing of the Summons and Complaint.  This service was conducted to comply with the Order [Doc. 22] issued by Magistrate Judge Robert Spector on June 4, 2020 that Universitas serve "all relevant filings" on Avon and other defendants.  This service was carried out under Rule 5's provisions for serving "pleadings and other papers."  Under that Rule, a paper may be served by several means, including sending it to the person's last known address (Rule 5(b)(2)(C)) and "leaving it with the court clerk if the person has no known address" (Rule 5(b)(2)(D)).  Universitas sent copies of these papers to Avon at what, upon information and belief, is its address.  However, in case that address was faulty and Avon had no known last address, and to ensure full compliance with Judge Spector's Order, Universitas also carried out backup service of the Other Papers on Avon under Rule 5(b)(2)(D) by leaving copies with the Clerk of this Court's Office along with a Notice to the Court (the "Clerk's Office Service").  Return at 12.

The misperception about the Clerk's Office Service appears to have been arisen because

---

[1]   Service may be made on such an entity in the manner prescribed for service on an individual (Rule 4(h)(1)A)) and service may be made on an individual "following state law for serving a summons in courts of general jurisdiction in the state where the district court is located or where service is made."  Rule 4(e)(1).

[2]   "Service so made shall be effective as of the date and hour received by the Secretary of the State as shown on his records."  Conn. Gen. Stat. § 34-533(b).

the serving marshal included additional copies of the Summons and Complaint with the large set of Other Papers.  As a result, the Court and/or the Clerk's Office was under the impression that this service constituted an effort to serve *process* on Avon.  But the Clerk's Office Service did *not* constitute service of process, which had occurred a day earlier.  The service of process on Avon is reflected in the Return that was filed on June 10, but the Court and/or the Clerk's Office may have reviewed the docket before the Return was filed, or may have understandably missed that service in the long, complicated Return, which does not fully explain the purpose of each mode of service.

Consequently, the Court issued the Order Striking Documents Wrongfully Served under the misperception that Avon had not previously been served with process,[3] as well as the misperception that the Clerk's Office Service was intended as service of process.  The Court observed correctly that the Clerk's Office Service does not constitute service of *process* on Avon.  On that basis, the Court struck the documents and stated that "[t]he Clerk of Court may discard these documents absent immediate request by plaintiff to come to the courthouse to retrieve them."

Thus, there is no reason for documents to be stricken, and no reason for the Clerk of the Court to discard them.  Process had already been served, and the Other Papers were left with the Clerk's Office only as a backup to ensure that Universitas had fully complied both with Judge Spector's Order and with the requirements of Rule 5 for service of "pleadings and other papers."

Consequently, Universitas respectfully requests that the Court issue an Order establishing that the papers submitted are not stricken and need not be discarded, and noting that the Return (at 6-7) states that Avon was served with process on June 9, 2020.

---

[3]  The Court referred to Avon as a "party that has not yet been served with process."

PLAINTIFF UNIVERSITAS EDUCATION, LLC,

By: /s/ Michael G. Caldwell                    /
Ilan Markus, ct 26345
Michael G. Caldwell, ct 26561
Barclay Damon, L.P.
545 Long Wharf Drive
New Haven, CT 06511
Ph. (203) 672-2658
Fax (203) 654-3265
IMarkus@barclaydamon.com


Joseph L. Manson III
Law Offices of Joseph L. Manson III
600 Cameron Street
Alexandria, VA 22314
Tel. 202-674-1450
Em. jmanson@jmansonlaw.com
*Admitted Pro Hac Vice*

*Its Attorneys*


## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2020 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


/s/   ct26561                              
Michael G. Caldwell

4