**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC, | NO. 3:20-CV-00738 (JAM) |
| v. | |
| BENISTAR, ET AL. | JULY 29, 2020 |

### **Memorandum of Law in Support of Motion to Dismiss**

Pursuant to Fed. R. Civ. P. 12(b)(6), the defendants, Molly Carpenter, Donald Trudeau, Benistar Admin Services, Inc., TPG Group, Inc., and Moonstone Partners, LLC submit this memorandum of law in support of their motion to dismiss Counts One, Two, Three and Six of the plaintiff's Complaint [#1].

## **Table of Contents**

                                                    **Page**

**Background**

A.    Universitas' first post-judgment enforcement proceeding sought the turnover of insurance proceeds payable to Moonstone Partners, LLC ........................................1

B.    Universitas' second post-judgment enforcement proceeding in 2014 nets a judgment against entities that do not include the defendants......................................3

C.    Six years later, Universitas improperly attempts to drag Molly Carpenter, Moonstone and BASI into the fray ..............................................................................3

**Argument**

A.    The district court's first turnover decision is res judicata as to Universitas' constructive trust claims. ......................................................................................5

        1.    Universitas' turnover proceeding against Moonstone Partners, LLC and Molly Carpenter was adjudicated on the merits................................................5

        2.    Because Universitas could have asserted its constructive trust claims in the first turnover proceeding, its claims are barred .............................................8

B.    The district court's second turnover judgment is res judicata as to Universitas' veil piercing claim...................................................................................10

# Table of Authorities

**Cases** **Page**

*Advanced Video Techs. LLC v. HTC Corp.*, 2019 WL 4198769,
(S.D.N.Y. Aug. 12, 2019) ............................................................................................... 12

*Berry v. Loiseau*, 223 Conn. 786 (1992) .................................................................................. 12

*Blair v. Infineon Techs. AG*, 720 F. Supp. 2d 462 (D. Del. 2010) ............................................ 12

*Cendant Corp. v. Shelton*, 474 F. Supp. 2d 377 (D. Conn. 2007) .............................................. 9

*Chapco, Inc. v. Woodway USA, Inc.*, 282 F. Supp. 3d 472 (D. Conn. 2017) ........................... 11

*CHRO ex rel. Doe v. Travel & Tour Servs., Inc.*, No. CV 92 0519557,
1994 WL 386082 (Conn. Super. Ct. July 12, 1994) ..................................................... 12

*EDP Med. Comp. Sys., Inc. v. United States*, 480 F.3d 621 (2d Cir. 2007) ............................... 4

*Kamdem-Ouaffo v. Pepsico, Inc.*, 160 F. Supp. 3d 553 (S.D.N.Y.),
*aff'd*, 657 F. App'x 949 (Fed. Cir. 2016) ....................................................................... 10

*Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589 (2020) ............. 8

*Michaelesco v. Estate of Richard*, 355 F. App'x 572 (2d Cir. 2009) ......................................... 4

*Mitchell v. Garrison Protective Servs., Inc.*, 819 F.3d 636 (2d Cir. 2016) ............................ 5, 6

*Monahan v. New York City Dep't of Corr.*, 214 F.3d 275 (2d Cir. 2000) .................................. 8

*Morales v. New York City Dep't of Educ.*, 808 F. App'x 35 (2d Cir. 2020) ........................... 5, 8

*NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168 (2d Cir. 2008) ..................... 11, 12

*Sky Cable, LLC v. DIRECTV, Inc.*, 886 F.3d 375 (4th Cir. 2018) ............................................ 11

*TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493 (2d Cir. 2014) ............................................. 4

*Theatre Row Phase II Assocs. v. H & I, Inc.*, 443 B.R. 592 (S.D.N.Y. 2011) ........................... 6

*United States v. $2,350,000.00 In Lieu of One Parcel of Prop. Located at 895 Lake Ave.
Greenwich, Connecticut*, 718 F. Supp. 2d 215 (D. Conn. 2010) .................................... 9

*United States v. Benitez*, 779 F.2d 135 (2d Cir. 1985)..............................................................9

*United States v. Schwimmer*, 968 F.2d 1570 (2d Cir. 1992)......................................................9

*Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11 CIV. 1590-LTS-HBP,
2012 WL 2045942 (S.D.N.Y. June 5, 2012) ................................................................................1

*Universitas Educ., LLC v. Nova Grp., Inc.*, 513 F. App'x 62 (2d Cir. 2013)............................1

*Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11 CIV. 1590-LTS-HBP,
2013 WL 6123104 (S.D.N.Y. Nov. 20, 2013)...............................................................2, 5, 6, 7

*Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11CV1590-LTS-HBP,
2014 WL 3883371 (S.D.N.Y. Aug. 7, 2014)...........................................................................3, 10

*Universitas Educ., LLC v. Nova Grp., Inc.,* No. 11CV1590-LTS-HBP
(Mar. 31, 2020 S.D.N.Y.) ............................................................................................................4

*UOP v. Andersen Consulting*, No. CV 950145753, 1997 WL 219820
(Conn. Super. Ct. Apr. 24, 1997).................................................................................................12

*Wells Fargo Bank, N.A. v. Konover*, 2011 WL 1225986 (D. Conn. Mar. 28, 2011),
*aff'd sub nom. Wells Fargo Bank, N.A. v. Konover Dev. Corp.*,
630 F. App'x 46 (2d Cir. 2015) ...........................................................................................11–12

*Wm. Passalacqua Builders, Inc. v. Resnick Developers S., Inc.*,
933 F.2d 131 (2d Cir. 1991).......................................................................................................11

**Rules**

Fed. R. Civ. P. 12(b)(6)................................................................................................................4

**Statutes**

N.Y. C.P.L.R. § 5225(b) ..............................................................................................5, 6, 10, 12

**Miscellaneous**

N.Y. CPLR § 5225, Practice Commentary C5225:6,
by David D. Siegel (McKinney 1978) .........................................................................................6

**Background**

This action is Universitas' latest attempt to further enforce a money judgment it obtained eight years ago in the Southern District of New York against Nova Group, Inc. *See Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11 CIV. 1590-LTS-HBP, 2012 WL 2045942 (S.D.N.Y. June 5, 2012). None of the undersigned defendants were parties in that action, which can be summarized as follows:

Nova Group, Inc. was the trustee, sponsor, and fiduciary of the Charter Oak Welfare Benefit Plan. *Id*. at *1. Holdings Capital Group, the employer of Sash Spencer, became a participating employer in the Plan. *Id*. Two insurance policies on Spencer's life, totaling $30 million, were placed into the Plan. *Id*. Spencer named Universitas as the sole, irrevocable beneficiary of the proceeds as Plan benefits. *Id*. In May 2009, after Spencer's death, the life insurance carrier paid out $30 million in insurance proceeds to the Plan. *Id*. Nova, however, denied Universitas' claim to the Plan death benefit. *Id*. The parties submitted their dispute to binding arbitration, after which the arbitrator issued an award finding Nova liable to Universitas in the amount of $26,558,308. *Id*. On June 5, 2012, the district court for the Southern District of New York granted Universitas' petition to confirm the arbitration award (plus interest) and entered final judgment. *Id*. Thereafter, in March 2013, the Second Circuit affirmed the district court's judgment. *Universitas Educ., LLC v. Nova Grp., Inc.*, 513 F. App'x 62, 63 (2d Cir. 2013).

**A.    Universitas' first post-judgment enforcement proceeding sought the turnover of insurance proceeds payable to Moonstone Partners, LLC.**

In 2013, in accordance with New York law, Universitas moved the district court for a post-judgment turnover order to enforce its judgment and invalidate alleged fraudulent transfers that Nova had made to third parties. *See Universitas*

1

*Educ., LLC v. Nova Grp., Inc.*, No. 11 CIV. 1590-LTS-HBP, 2013 WL 6123104, at *7 (S.D.N.Y. Nov. 20, 2013). After a bench trial, the district court issued findings of fact, which focused on the actions of two of Nova's officers: Daniel Carpenter and Wayne Bursey. *See id*. at *1–2. The district court found that Daniel Carpenter, in particular, "directly controlled material aspects of the affairs of Nova and the Charter Oak Trust during the relevant period." *Id*. at *3. The district court also found that Daniel Carpenter and Wayne Bursey transferred the Spencer life insurance proceeds from the Charter Oak Trust to Grist Mill Capital, LLC—a third-party company that Carpenter owned and Bursey managed. *Id*.

From there, the district court found, the Spencer life insurance proceeds were transferred in various amounts to other third-party companies that Daniel Carpenter also controlled, including Moonstone Partners, LLC. *Id*. at *4. Notably, neither Benistar Admin Services, Inc., TPG Group, Inc., Molly Carpenter nor Donald Trudeau were recipients of any of the funds. *See id*. The district court found that Moonstone had received only $1.1 million of the life insurance proceeds, which it used to purchase a property in Rhode Island in 2009. *Id*. at *4–5. The Moonstone property later suffered storm damage in 2012 but was protected by flood insurance and property/casualty insurance. The insurer, USAA, was about to make a payment under the flood insurance policy, so Universitas sought an order requiring USAA to turn over to it the flood insurance proceeds otherwise payable to Moonstone. *Id*. at *3, 6. Because the district court found that the property was "purchased and insured through fraudulent conveyances" of the Spencer life insurance proceeds, it granted Universitas' turnover petition. *Id*. at *12–13.

2

**B.     Universitas' second post-judgment enforcement proceeding in 2014 nets a judgment against entities that do not include the defendants.**

In October 2013, before the district court issued its first turnover order, Universitas filed a second motion for a turnover order against Daniel Carpenter himself and "his affiliated entities": Grist Mill Capital, LLC; Grist Mill Holdings, LLC; the Grist Mill Trust Welfare Benefit Plan; Avon Capital, LLC; Hanover Trust Co.; Carpenter Financial Group; and Phoenix Capital Management, LLC. *Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11CV1590-LTS-HBP, 2014 WL 3883371, at *1 (S.D.N.Y. Aug. 7, 2014). In August 2014, the district court issued its decision after an evidentiary hearing. Relying on the factual findings in its first turnover order, the district court found that Daniel Carpenter had controlled and used those "affiliate entities" to fraudulently transfer among themselves the Spencer life insurance proceeds out of the Charter Oak Trust. *Id.* at *2–3. The district court again focused on the actions of Daniel Carpenter and Wayne Bursey. *See id*. The district court thus found that Daniel Carpenter and the subject affiliate entities were jointly and severally liable for "a sum of money equal to the portion of the [Spencer] Insurance Proceeds of which it was a transferee." *Id*. at *5.[1]

**C.     Six years later, Universitas improperly attempts to drag Molly Carpenter, Moonstone and BASI into the fray.**

In March 2020, six years after the district court's 2014 judgment against Daniel Carpenter et al., Universitas filed improper letter motions with the district court, seeking additional money judgments against Molly Carpenter, Moonstone Partners, LLC and Benistar Admin Services, Inc. ("BASI") as alleged "alter egos" of

---

[1]     "New York law permits a judgment creditor to obtain a money judgment in lieu of turnover of specific property where, as here, recipients of fraudulent conveyances have dissipated the transferred assets." *Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11CV1590-LTS-HBP, 2014 WL 3883371, at *9 (S.D.N.Y. Aug. 7, 2014).

the judgment debtors. (*See* Order No. 661) *Universitas Educ., LLC v. Nova Grp., Inc.,* No. 11CV1590-LTS-HBP (March 31, 2020 S.D.N.Y.). The defendants objected, and the district court denied Universitas' letter motions as improper, albeit without prejudice to refile using proper motions practice. *Id*.

Universitas declined to file another turnover proceeding. Instead, it filed this civil action, where it asks this Court to: (1) pierce the corporate veil and hold the defendants liable for the 2014 judgment (Count One); (2) impose a constructive trust on the Spencer insurance proceeds allegedly received by Moonstone and/or Molly Carpenter (Counts Three and Six); and (3) require the defendants to pay Universitas' attorneys' fees incurred to enforce the judgment (Count Two). The defendants move to dismiss these claims because they are barred by res judicata.

### Motion to Dismiss Standard re: Res Judicata

Res judicata or claim preclusion "bars an action when a prior action involving the same parties or those in privity with them was adjudicated on the merits and the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Michaelesco v. Estate of Richard*, 355 F. App'x 572, 573 (2d Cir. 2009). The defense of res judicata may be raised in a Rule 12(b)(6) motion to dismiss. *Id*. "A court may consider a res judicata defense on a Rule 12(b)(6) motion to dismiss when the court's inquiry is limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice." *TechnoMarine SA v. Giftports, Inc*., 758 F.3d 493, 498 (2d Cir. 2014). Res judicata "relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." *EDP Med. Comp. Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007)(citation omitted).

**Argument**

Res judicata bars re-litigation if: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Morales v. New York City Dep't of Educ.*, 808 F. App'x 35, 37 (2d Cir. 2020)(citation omitted).

**A.  The district court's first turnover decision is res judicata as to Universitas' constructive trust claims.**

> **1.  Universitas' turnover proceeding against Moonstone Partners, LLC and Molly Carpenter was adjudicated on the merits.**

Universitas filed its first post-judgment "turn-over" proceeding in the Southern District of New York pursuant to N.Y. C.P.L.R. § 5225(b). *See Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11 CIV. 1590 (LTS)(HBP), 2013 WL 6123104, * 7–8 (S.D.N.Y. Nov. 20, 2013). Moonstone Partners, LLC, Daniel Carpenter and Molly Carpenter were respondents in that turnover proceeding. *Id.* at *1.

Section 5225(b) creates a procedural mechanism by which judgment creditors can enforce a money judgment against individuals *other than* the judgment debtor. *Mitchell v. Garrison Protective Servs., Inc.*, 819 F.3d 636, 640 (2d Cir. 2016). Section 5225(b) states:

> Upon a special proceeding commenced by the judgment creditor, against a person in possession or custody of money or other personal property in which the judgment debtor has an interest, or against a person who is a transferee of money or other personal property from the judgment debtor, where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee.

N.Y. C.P.L.R. § 5225(b).

Judgment creditors "may use Section 5225(b) as the means to set aside a transfer made by a judgment debtor to defraud his creditors." *Universitas Educ., LLC*, 2013 WL 6123104, at *8 (citation omitted). "[I]f any component of a transfer is deemed fraudulent, the entire transfer must be voided in its entirety." *Id.* (citation omitted). "The court may 'collapse' a series of related transactions and treat them as 'phases' of the same transaction." *Id.* (citation omitted). As such, an allegedly fraudulent conveyance "must be evaluated in context." *Id.* (citation omitted).

"A special proceeding under CPLR 5225(b) is plenary. This means that any issue of fact arising in the proceeding can be tried and adjudicated in the proceeding itself. A separate plenary action need not be commenced to resolve the dispute." N.Y. CPLR § 5225, Practice Commentary C5225:6, by David D. Siegel (McKinney 1978). *Accord, Mitchell,* 819 F.3d at 640 (construing proceeding under § 5225(b) as a plenary action)*; Theatre Row Phase II Assocs. v. H & I, Inc*., 443 B.R. 592, 600 (S.D.N.Y. 2011)("A special proceeding pursuant to CPLR § 5225(b) is a plenary action; any issue of fact arising in the proceeding can be tried and adjudicated in the proceeding itself, thus invalidating any need to commence a separate plenary action to resolve the dispute.")(citation omitted).

Here, Universitas' first § 5225(b) proceeding sought an order requiring USAA to turn over flood insurance proceeds otherwise payable to Moonstone Partners, LLC, Molly Carpenter or Daniel Carpenter, "or any nominee or related party of any of them." *Universitas Educ., LLC*, 2013 WL 6123104 at *1. The district court held a bench trial on May 9, 2013. *Id.* The district court found that Daniel Carpenter "directly controlled material aspects of the affairs of Nova and the Charter Oak Trust during the relevant period." *Id*. at *3. The district court also found that Daniel Carpenter and Wayne Bursey transferred the Spencer life insurance proceeds

6

from the Charter Oak Trust to Grist Mill Capital, LLC—a third-party company that Carpenter owned and Bursey managed. *Id*.

The district court also found that the Spencer life insurance proceeds were then fraudulently transferred in various amounts to other third-party companies that Daniel Carpenter also controlled, including Moonstone Partners, LLC. *Id*. at *4. The district court further found:

> Mr. Carpenter, through his corporate shell Caroline Financial, and his wife, Ms. Carpenter, formed Moonstone Partners, LLC on April 20, 2009. Ms. Carpenter purportedly holds 99% of the ownership interest of Moonstone, however, all documentary evidence and the testimony suggest that Mr. Carpenter acted on the company's behalf in connection with the receipt of funds and the purchase of the [Rhode Island] Property. At the time of the bench trial, and at all relevant times beforehand, Moonstone had no employees or operations. Its sole purpose appears to have been the purchase of the [Rhode Island] Property.

*Id.* at *5.

The district court thus concluded that Moonstone had purchased and insured the Rhode Island property "through fraudulent conveyances" of the Spencer life insurance proceeds from Nova. *Id*. at *12. Invalidating these fraudulent conveyances, the district court found that Nova, as the judgment debtor, thus had an interest in the property and any flood insurance proceeds arising from damage thereto. *Id*. at *13. The district court ruled that Universitas, as the judgment creditor, was therefore entitled to the USAA proceeds. *Id*. Because the turnover proceeding involved the same parties, *i.e*., Universitas, Moonstone Partners, LLC and Molly Carpenter, and the district court adjudicated the matter on the merits, the first two elements for res judicata are satisfied.

7

### 2. Because Universitas could have asserted its constructive trust claims in the first turnover proceeding, its claims are barred.

Res judicata "prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589, 1594 (2020). If the second suit involves the "same claim" as the first suit between the same parties, res judicata bars re-litigation of all grounds for recovery that were previously available, "regardless of whether they were asserted or determined in the prior proceeding." *Id.* at 1595. "Suits involve the same claim (or 'cause of action') when they 'aris[e] from the same transaction' … or involve a 'common nucleus of operative facts.'" *Id.* at 1595 (citations omitted). "It is this identity of facts surrounding the occurrence which constitutes the cause of action, not the legal theory upon which [the plaintiff] chose to frame her complaint." *Morales v. New York City Dep't of Educ.*, 808 F. App'x 35, 37 (2d Cir. 2020)(citation omitted).

When determining the identity of the two claims, the Second Circuit considers "whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." *Id.* (citation omitted.) "'Transaction' must be given a flexible, common-sense construction that recognizes the reality of the situation." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 289 (2d Cir. 2000). Indeed, res judicata "is based on the requirement that the plaintiff must bring all claims at once against the same defendant relating to the same transaction or event." *Id.* (citation omitted).

Here, Universitas seeks a constructive trust on the same Spencer insurance proceeds that Moonstone Partners, LLC used to purchase the Rhode Island property at issue in the first turnover proceeding. (Compl. [#1], Counts Three and Six.)[2] "[T]here is no separate cause of action under Connecticut law for constructive trust, but rather a constructive trust is a remedial device designed to prevent unjust enrichment." *Cendant Corp. v. Shelton*, 474 F. Supp. 2d 377, 383 (D. Conn. 2007) (citation omitted). "When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee." *United States v. $2,350,000.00 In Lieu of One Parcel of Prop. Located at 895 Lake Ave. Greenwich, Connecticut*, 718 F. Supp. 2d 215, 227 (D. Conn. 2010)(citation omitted). A constructive trust thus arises "where a person who holds title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it." *Id*. (citation omitted).

Before a constructive trust may be imposed, the party seeking the constructive trust "must trace his own property into a product in the hands of the wrongdoer." *Id*. at 228. (quoting *United States v. Benitez*, 779 F.2d 135, 140 (2d Cir. 1985)). "The beneficiary of a constructive trust does not have an interest superior to the trustee's in every asset the trustee holds, but only in those assets held in constructive trust or traceable to such assets." *Id*. at 227–28 (quoting *United States v. Schwimmer*, 968 F.2d 1570, 1583 (2d Cir. 1992)). Thus, "an entity who wishes to have a constructive trust established on its behalf must be able to trace its funds to the property over which the trust will be established." *Id*.

---

[2] Indeed, Universitas alleges as a basis for a constructive trust that "Mr. Carpenter caused Moonstone to purchase the Carpenters' vacation property with fraudulently conveyed Spencer insurance proceeds." (Compl., Count Three ¶ 191.)

The district court in the first turnover proceeding found that Moonstone Partners, LLC had received the same Spencer insurance proceeds at issue here through fraudulent conveyances and, thus, did not have a legal right to them. In doing so, the district court also considered Molly Carpenter's involvement with Moonstone relative to its receipt of those proceeds. To be sure, the turnover proceeding involved virtually the same legal theory with the same parties, property, transactions, and events. Universitas therefore could have asserted its constructive trust claims in that proceeding, but it did not. Because its instant claims for constructive trust "share a common nucleus of operative facts with the prior [claim]," they are barred by res judicata. *Kamdem-Ouaffo v. Pepsico, Inc.*, 160 F. Supp. 3d 553, 565 (S.D.N.Y.), *aff'd*, 657 F. App'x 949 (Fed. Cir. 2016)(holding that res judicata barred constructive trust claim).

**B.     The district court's second turnover judgment is res judicata as to Universitas' veil-piercing claim.**

It is indisputable that the district court's 2014 judgment against Daniel Carpenter and his "affiliated entities" under N.Y. CPLR § 5225(b) was adjudicated on the merits. *See Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11CV1590-LTS-HBP, 2014 WL 3883371, *1 (S.D.N.Y. Aug. 7, 2014). Like the first turnover proceeding, the district court conducted an evidentiary hearing before rendering its decision. *Id*. The district court found that Daniel Carpenter controlled and used those "affiliated entities" to fraudulently transfer among themselves the Spencer life insurance proceeds out of the Charter Oak Trust. *Id.* at *2–3. The district court thus found that Daniel Carpenter and the subject affiliate entities were jointly and severally liable for "a sum of money equal to the portion of the [Spencer] Insurance Proceeds of which it was a transferee." *Id*. at *5.

Universitas now seeks to pierce the corporate veil and hold the defendants liable for the 2014 judgment as Daniel Carpenter's and his affiliated entities' "alter egos." (Compl., Count One.) Universitas asserts that Delaware law applies to the issue of veil piercing. (*See id*. ¶¶ 167–69.) Because BASI, Moonstone and TPG are incorporated in Delaware, they concede that Delaware law applies when determining whether to pierce their corporate veils. *See Chapco, Inc. v. Woodway USA, Inc*., 282 F. Supp. 3d 472, 481 (D. Conn. 2017). Under the traditional approach to veil piercing, a court may disregard the corporate fiction to "require an owner to answer for the entity's debts." *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 176 (2d Cir. 2008)(applying Delaware law). In contrast, under a "reverse" veil-piercing theory, the court "attaches liability to the *entity* for a judgment against the individuals who hold an ownership interest in that entity." *Sky Cable, LLC v. DIRECTV, Inc*., 886 F.3d 375, 385, 386 (4th Cir. 2018).[3]

However, a judgment against a debtor can be res judicata as to a subsequent veil-piercing claim against the debtor's alleged "alter ego" even when the alter ego was not an actual party to the prior action. *Wm. Passalacqua Builders, Inc. v. Resnick Developers S., Inc*., 933 F.2d 131, 142–43 (2d Cir. 1991). This is so because, if the plaintiff can prove that the defendants are in fact alter egos of the debtor, "the previous judgment is then being enforced against entities who were, in essence, parties to the underlying dispute; the alter egos are treated as one entity." *Id*. Accord, *Wells Fargo Bank, N.A. v. Konover*, 2011 WL 1225986, *29–30 (D. Conn. Mar. 28,

---

[3] The defendants do not concede and, in fact, dispute that Delaware recognizes "reverse" veil piercing. This Court, however, does not need to decide that issue for purposes of res judicata. Even if Delaware recognizes reverse veil piercing, Universitas' claim is still barred because it could have—and should have—been raised in the second turnover proceeding before the Southern District of New York.

11

2011), *aff'd sub nom. Wells Fargo Bank, N.A. v. Konover Dev. Corp.*, 630 F. App'x 46 (2d Cir. 2015)(applying res judicata to previous judgment against debtors because, if plaintiff creditor prevailed on its alter ego claim, the defendants would be considered to have been "parties" to the prior action); *CHRO ex rel. Doe v. Travel & Tour Servs., Inc.*, No. CV 92 0519557, 1994 WL 386082, at *3 (Conn. Super. Ct. July 12, 1994)(stating that claim to enforce previous judgment against debtor's alter ego seeks to impose liability by showing that, as the alter ego, it "was, in essence, a party to the original action.")

    The same is true here. The district court's analysis and findings in both turnover proceedings focused on Daniel Carpenter's same alleged fraudulent conduct and his control of his "affiliated entities" to defraud Universitas out of the Spencer life insurance proceeds. Although the district court did not address veil-piercing, and the defendants do not concede that Universitas can prove its veil-piercing claims here, Universitas could have brought its veil-piercing claims in the second turnover proceeding. *See Advanced Video Techs. LLC v. HTC Corp.*, 2019 WL 4198769, *13 (S.D.N.Y. Aug. 12, 2019)(stating that veil-piercing claim can be brought under § 5225(b) to enforce a judgment against the alleged alter egos of a judgment debtor under § 5225(b)).[4] Because the district court's judgment in the second turnover

---

[4]   Under Delaware law, piercing the corporate veil is not an independent cause of action; it is an equitable remedy. *Blair v. Infineon Techs. AG*, 720 F. Supp. 2d 462, 469 n.10 (D. Del. 2010). The two-pronged test for an "alter ego" claim under Delaware law focuses on "(1) whether the entities in question operated as a single economic entity, and (2) whether there was an overall element of injustice or unfairness." *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 177 (2d Cir. 2008).

12

proceeding is res judicata, this Court must dismiss the "alter ego" claim in Count One and its derivative claim for attorneys' fees in Count Two.[5]

**Wherefore,** the defendants respectfully request that this Court grant their motion to dismiss Counts One, Two, Three and Six of the plaintiff's complaint.

THE DEFENDANTS,
MOLLY CARPENTER, DONALD
TRUDEAU, BENISTAR ADMIN SERVICES,
INC., TPG GROUP, INC., AND
MOONSTONE PARTNERS, LLC.

By:   /s/ Dan E. Labelle
Dan E. LaBelle, Esq. (ct01984)
labelle@halloransage.com
HALLORAN SAGE, LLP
315 Post Road West
Westport, CT 06880
Tel: (203) 227-2855
Fax: (203) 227- 6992

Michael R. McPherson, Esq. (ct24082)
mcpherson@halloransage.com
HALLORAN SAGE, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06880
Tel: (860) 241-4079
Fax: (860) 548-0006

---

[5] "There is no independent cause of action for attorneys' fees in Connecticut." *UOP v. Andersen Consulting*, No. CV 950145753, 1997 WL 219820, at *7 (Conn. Super. Ct. Apr. 24, 1997)(citing *Berry v. Loiseau*, 223 Conn. 786, 825–27 (1992)).

13

**Certification**

      I hereby certify that on July 29, 2020 a copy of foregoing memorandum of law was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                              /s/ Daniel E. Labelle (ct01984)