| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC<br><br>     Plaintiff,<br><br>v.<br><br>BENISTAR, BENISTAR ADMIN SERVICES, INC., TPG GROUP, INC., GRIST MILL PARTNERS, LLC, MOONSTONE PARTNERS, LLC, ALLIANCE CHARITABLE TRUST, PHOENIX CHARITABLE TRUST, ATLANTIC CHARITABLE TRUST, AVON CHARITABLE TRUST, CARPENTER CHARITABLE TRUST, DONALD TRUDEAU, MOLLY CARPENTER, JANE DOE ENTITIES UNDER CONTROL OF MOLLY CARPENTER AND/OR DONALD TRUDEAU, AND JANE DOE ENTITIES UNDER CONTROL OF JUDGMENT DEBTORS<br><br>     Defendants. | CIVIL ACTION NO. 3:20-cv-00738<br><br><br><br><br><br><br><br>AUGUST 14, 2020 |

## **RULE 26(f) REPORT OF PARTIES' PLANNING MEETING**

Date Complaint Filed:                                          May 28, 2020

Date Complaint Served:                                     June 9, 2020

Date of First Appearance on behalf of a Defendant:    June 11, 2020

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, Attorneys Joseph L. Manson and Michael G. Caldwell, for Plaintiff Universitas Education, LLC, Attorney Dan E. LaBelle for Defendants Benistar Admin Services, TPG Group, Inc., Moonstone Partners, LLC, Molly Carpenter, and Donald Trudeau, and Attorney Jeffrey M. Sklarz, for Defendant Grist Mill Partners, LLC, conferred on July 27, July 28 and July 30, 2020 for the purposes below. Attorney Grayson Colt Holmes for Defendants Alliance Charitable Trust, Phoenix Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, and Carpenter Charitable Trust (hereinafter the

Defendant Trusts) conferred with the parties on August 11, 2020.

## I. CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel hereby further certify that they have forwarded a copy of this report to their clients.

## II. JURISDICTION

### A. Subject Matter Jurisdiction

The Defendant Trusts are contesting the Court's jurisdiction under 28 U.S.C. § 1332. All other parties have agreed that the Court has jurisdiction over this action under 28 U.S.C. § 1332. All of Plaintiff's members are citizens of New York. The members of Grist Mill Partners, LLC are citizens of Connecticut and Delaware. The members of Moonstone Partners, LLC are citizens of Connecticut and Delaware.

### B. Personal Jurisdiction

The Defendant Trusts are contesting personal jurisdiction. No other party contests personal jurisdiction.

## III. BRIEF DESCRIPTION OF THE CASE

### A. Claims of Plaintiff

Plaintiff brings six claims: (1) alter ego liability (against all Defendants); (2) liability for attorney's fees (against all Defendants); (3) constructive trust (against Moonstone, Carpenter, and the Charitable Trusts); (4) constructive trust (against the Charitable Trusts); (5) constructive trust (against GM Partners); and (6) constructive trust (against Moonstone)

B. **Defenses and Claims of Defendants**

Defendants deny the material allegations of plaintiff's complaint and deny liability on each of plaintiff's four claims. Defendants may assert defenses of res judicata, laches or statute of limitations and unclean hands. Defendants will also claim a credit or set-off for any monies previously recovered by plaintiff. The Defendant Trusts have contested Diversity Jurisdiction, Personal Jurisdiction, and have moved to dismiss the allegations of the Complaint. They may assert defenses as outlined above.

C. **Defenses and Claims of Third Party Defendants**

Not applicable.

## IV. STATEMENT OF UNDISPUTED FACTS

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. Plaintiff is a limited liability company with a primary place of business in New York.

2. Defendant Benistar Admin Services, Inc. ("BASI") is a Delaware corporation with its principal place of business at 10 Tower Lane, Avon, CT.

3. Defendant TPG Group, Inc. ("TPG") is a Delaware corporation with its principal place of business at 10 Tower Lane, Avon, CT.

4. Defendant Grist Mill Partners, LLC ("GM Partners") is a limited liability company with its primary place of business at 35 Tower Lane, Avon, CT. GM Partners' members are citizens of Connecticut and Delaware.

5. Defendant Moonstone Partners, LLC ("Moonstone") is a limited liability

company with its principal place of business at 10 Tower Lane, Avon, CT. Moonstone's members are citizens of Connecticut and Delaware.

6. Defendant Donald Trudeau is an individual with his principal place of residence at 1061 King Street, Greenwich, CT.

7. Defendant Molly Carpenter is an individual with her principal place of residence at 18 Pondside Lane, West Simsbury, CT.

V. **CASE MANAGEMENT PLAN**

    A. **Initial Disclosures.** Initial Disclosures will be served by September 1, 2020.

    B. **Scheduling Conference with the Court**

1. The parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2. The parties prefer that a scheduling conference, if held, be conducted by telephone.

    C. **Early Settlement Conference**

1. The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2. The parties do not request an early settlement conference.

3. Because the parties do not request an early settlement conference, this section is not applicable.

4. The parties do not request referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

    D. **Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings**

The parties have discussed any perceived defects in the pleadings and have reached the

following agreements for resolution of any issues related to the sufficiency of the pleadings.

1. Except as provided herein, Plaintiff should be allowed until September 7, 2020 to file motions to join additional parties or amend the pleadings. Motions filed after the foregoing date will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay. However, Plaintiff should be allowed until two weeks after the close of all discovery to file motions to amend the complaint and join parties that are limited to the specific purpose of identifying the currently unknown Jane Doe Entities, without any requisite showing of good cause for the delay. Defendants object to the addition of any new parties after the close of discovery except upon a showing of good cause and compliance with the Federal Rule of Civil Procedure. Addition of new parties *after* the close of discovery would prejudice current Defendants and the newly added parties by cutting off the right of discovery, motion practice, or any of the other due process typical of federal practice. Plaintiff will agree to extend period of discovery by four weeks after any amendments made after the close of discovery.

2. Defendants should be allowed until September 21, 2020 to file motions to join additional parties. Motions filed after the foregoing date will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

E. **Discovery**

a. Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery under Fed. R. Civ. P. 26(b)(1). At this point, the parties wish to apprise the Court of the following information regarding the "needs of the case":

Plaintiff's position: Nothing other than the schedule proposed below.

Defendant's position: Nothing other than the schedule proposed below.

b. The parties anticipate that discovery will be needed concerning the following subjects:

- The business and financial relationship between the defendants and the judgment debtors.
- The sources and amounts of any financial recoveries previously realized by Universitas.
- The identity of Jane Doe entities
- How plaintiff claims GM Partners was involved with the other defendants and judgment debtors.
- What amount, if any, of the Spencer life insurance proceeds was paid to GM Partners and what happened to said proceeds thereafter.
- How GM Partners is an alter-ego of one or more defendant or judgment debtors.
- Whether plaintiff is entitled to pierce the corporate veil of GM Partners.
- Whether plaintiff is entitled to attorneys' fees against GM Partners.
- Whether plaintiff is entitled to a constructive trust with respect to GM Partners.

In addition, the parties reserve the right to seek discovery on other issues that may arise during the course of litigation and to object to individual discovery requests as appropriate.

c. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), may commence upon the filing of this report and will be completed (not propounded) by January 25, 2021

d. Discovery will not be conducted in phases.

e. N/A.


f. The parties anticipate that Plaintiff will require a total of 6 to 12 depositions of fact witnesses, and that Defendant will require a total of 4 to 8 depositions of fact witnesses. The parties reserve their right to request to depose additional fact witnesses as needed. The depositions may commence upon the filing of this report and will be completed by January 25, 2021.

g. The Plaintiff requests permission to serve more than 25 interrogatories. Defendants oppose this request. If Plaintiff's request is granted, Defendants request permission to serve an equal number of interrogatories.

h. The parties reserve the right to call expert witnesses. The party bearing the burden of proof on such issues as expert testimony is offered shall disclose their expert on or before **February 26, 2021**. Depositions of such experts shall be completed on or before **March 26, 2021**. Rebuttal experts shall be disclosed by **April 30, 2021**. Rebuttal experts shall be deposed on or before **May 28, 2021**.

k. A damages analysis will be provided by any party that has a claim or counterclaim for damages by on or before **January 8, 2021.**

l. Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it is may be retrieved), have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure

and management of electronically stored information (ESI):  *Each party will preserve all ESI relevant to this action.  Each party will provide ESI to the other in response to proper discovery requests in a non-proprietary electronic format (such as PDF) usable by the other party. Plaintiff contends that each party will bear its own costs of disclosure and storage of ESI. Defendants oppose the latter contention.  Defendants anticipate that the cost of ESI production will be significant and will fall disproportionately on the Defendants because the Plaintiff is likely to possess little ESI whereas the Defendants do possess ESI and are likely to be subjected to broad discovery demands.  Defendant GM Partners believes, given that it is a single-asset real estate company, it should only be responsible for preserving its own ESI, i.e. ESI that was created by GM Partners or was directly provided to GM Partners.  Defendants further contend that ESI previously obtained by Plaintiff need not be reproduced by any Defendant and Plaintiff should be required to undertake appropriate measures to limit requests for ESI.  Plaintiff objects to the limitation proposed by GM Partners because it likely has relevant documents on its server that go beyond GM Partners' proposed definition. Plaintiff further objects to limitations proposed by Defendants with regard to documents produced in other cases as those cases were tried by different counsel. However, Plaintiff will take measures to limit duplication to extent practicable.*

  m. Undersigned counsel (after consultation with their clients) have also discussed the location(s), volume, organization and costs of retrieval of information stored in paper or other non-electronic forms.  The parties agree to the following procedures for the preservation, disclosure or management of such information:  *Each party will preserve all documents and information relevant to this action.  Each party will provide documents and information to the other in response to proper discovery requests in the form of interrogatory answers or a non-proprietary electronic format (such as PDF) usable by the other party. Plaintiffs contend that each party will bear its*

*own costs of disclosure and storage of documents and information. Defendants oppose the latter contention for reasons similar to those stated above with respect to ESI.*

n. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedure for asserting claims of privilege after production: *the procedure set forth in Fed. R. Civ. Pro. 26(b)(5)(B).*

**F.     Other Scheduling Issues**

The parties do not propose any additional deadlines.

**G.     Summary Judgment Motions**

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before **June 25, 2021.**

**H.     Joint Trial Memorandum**

If no summary judgment motions are filed, the Joint Trial Memorandum required by the Standing Orders on Trial Memoranda in Civil Cases will be filed on or before July 23, 2021. If one or more summary judgment motions are filed, the Joint Trial Memorandum will be filed no later than 60 days following the Court's ruling on the last outstanding summary judgment motion.

**VI.     TRIAL READINESS**

The case shall be ready for trial 30 days after the deadline for the Joint Trial Memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

| PLAINTIFF UNIVERSITAS EDUCATION, LLC, | DEFENDANTS BENISTAR ADMIN SERVICES, TPG GROUP, INC., MOONSTONE PARTNERS, LLC, AND MOLLY CARPENTER, |
|---|---|

By: /s/ Michael G. Caldwell        /
Ilan Markus, ct 26345
Michael G. Caldwell, ct 26561
Barclay Damon, L.P.
545 Long Wharf Drive
New Haven, CT 06511
Ph. (203) 672-2658
Fax (203) 654-3265
IMarkus@barclaydamon.com

DEFENDANT GRIST MILL PARTNERS, LLC,

By: /s/ Jeffrey M. Sklarz        /
Jeffrey M. Sklarz, ct 20938
Green & Sklarz LLC
One Audobon Street
3rd Floor
New Haven, CT 06511
203-285-8545
Email: jsklarz@gs-lawfirm.com
*Its Attorney*

By: /s/ Dan E. LaBelle        /
Dan E. LaBelle, ct 01984
Halloran & Sage
315 Post Rd. West
Westport, CT 06880
Ph. 203-227-2855
Fax 203-227-6922
Email: labelle@halloran-sage.com
*Its Attorney*

Respectfully Submitted
THE DEFENDANTS ALLIANCE
CHARITABLE TRUST, PHOENIX
CHARITABLE TRUST, ATLANTIC
CHARITABLE TRUST, AVON
CHARITABLE TRUST, CARPENTER
CHARITABLE TRUST ,


By: _/s/ Grayson Colt Holmes__
Grayson Colt Holmes
Federal Bar No.: ct30111
Ouellette, Deganis, Gallagher & Grippe LLC
143 Main Street
Cheshire, CT 06410
Phone: (203) 272-1157
Fax: (203) 250-1835
Email: gholmes@odglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2020 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

        /s/ ct26561
        Michael G. Caldwell