**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC<br><br>                        Plaintiff,<br><br>v.<br><br>BENISTAR, ET AL.<br><br>                   Defendants. | CASE NO. 3:20-cv-00738-JAM<br><br>AUGUST 17, 2020 |

**PLAINTIFF'S MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR DEFAULT**

## TABLE OF CONTENTS

**BACKGROUND**...................................................................................................................1

**ARGUMENT**.....................................................................................................................2

      I.       The Charitable Trusts Fail to Disprove that their Default was Willful......................3

      II.     The Charitable Trusts Fail to Demonstrate that Universitas will not be Prejudiced
           if there is not an Order of Default Against Them.......................................................6

**CONCLUSION**...................................................................................................................7

# TABLE OF AUTHORITIES

**Cases:**

*Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504 (2d Cir. 1991) .................................................3

*Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57 (2d Cir. 1996)....................................................5

*Am. Stevedoring, Inc. v. Banana Distribs.*,
    98 Civ. 5782 (BSJ), 1999 U.S. Dist. LEXIS 14391 (S.D.N.Y. Sep. 13, 1999).....................2

*Car-Freshner Corp. v. Scented Promotions, LLC*, No. 5:19-CV-1158(GTS/ATB),
    2020 U.S. Dist. LEXIS 42902 (N.D.N.Y. Mar. 12, 2020)............................................3, 4, 6

*Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238 (2d Cir. 1994).............................4, 6

*Dixon v. Ragland*, 2005 U.S. Dist. LEXIS 23800 (S.D.N.Y. Oct. 13, 2005)...................................3

*Enron Oil Corp. v. Diakuhara*, 10 F.3d 90 (2d Cir. 1993)......................................................3, 4, 5

*Gucci Am., Inc. v. Gold Ctr. Jewelry*, 158 F.3d 631 (2d Cir. 1998)...................................................3

*Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444 (2d Cir. 2013)......................................4, 6

*In re Men's Sportswear, Inc.*, 834 F.2d 1134 (2d Cir. 1987)..........................................................4, 5

*Lechner v. Ustjanauskas*,
    No. CV075008306, 2007 Conn. Super. LEXIS 2423 (Conn. Super. Ct. Sep. 19, 2007).......6

*Lopez v. Mohammed*, No. 14-CV-4443 (PKC) (MDG),
    2017 U.S. Dist. LEXIS 157819 (E.D.N.Y. Sep. 26, 2017)....................................................3

*Meehan v. Snow*, 652 F.2d 274 (2d Cir. 1981)..............................................................................2

*New York v. Green*, 420 F.3d 99 (2d Cir. 2005).........................................................................6, 7

*United States v. Chesir*, 526 F. App'x 60 (2d Cir. 2013)..................................................................3

*Universitas Educ., LLC v. Nova Grp., Inc.*, 784 F.3d 99 (2d Cir. 2015).............................................4

*Universitas Educ., LLC v. Nova Grp., Inc.*,
    Case Nos. 11-cv-1590 (LTS) (HBP) and 11-cv-8726 (LTS)(HBP),
    2013 U.S. Dist. LEXIS 142902 (S.D.N.Y. May 21, 2013)................................................4, 7

*Universitas Educ., LLC v. Nova Grp., Inc.*,
    Case Nos. 11-cv-1590 (LTS) (HBP) and 11-cv-8726 (LTS)(HBP),
    2013 U.S. Dist. LEXIS 142901 (S.D.N.Y. May 21, 2013)....................................................7

Plaintiff, Universitas Education, LLC ("Universitas"), respectfully submits this Memorandum of Law in further support of its motion for an order of default against the defendants Alliance Charitable Trust, Phoenix Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, and Carpenter Charitable Trust (collectively the "Charitable Trusts").[1]

## BACKGROUND

Daniel Carpenter is the sole trustee for the Charitable Trusts. (*See* Defs. Mem. [#74-1] at 4 ("The Plaintiff's failure to leave copies of the process at the abode of Daniel Carpenter, as the sole trustee of the Defendant Trusts renders ineffective any attempted abode service on the Defendant Trusts.").) Mr. Carpenter had notice of this proceeding and the claims against the Charitable Trusts – he simply chose not to appear or defend against these claims. The deadline for the Charitable Trusts to respond passed and Universitas waited an additional thirty days. Still the Charitable Trusts did not appear or make any attempt to defend against Universitas' claims. Then, thirty days after the deadline to respond, Universitas moved for an entry of default against the Charitable Trusts. (Pl.'s Mot. for Default [#70].) The Charitable Trusts entered a Notice of Appearance later that day.[2] (Notice of App. [#71].)

Mr. Carpenter actively participated in this litigation on behalf of another defendant, Grist Mill Partners, LLC ("GM Partners"), for weeks prior the Charitable Trusts' appearance in this proceeding. Mr. Carpenter's involvement with GM Partners was made apparent to the Court during the telephonic status conference call on July 13th, 2020 with Magistrate Judge Robert M. Spector and his clerk Monica Watson. (*See* Minute Entry for Telephonic Conference [#63].) Counsel for

---

[1] An entry of default is an interlocutory act distinct from a default judgment, and a necessary precursor for a default judgment. *See* Enron Oil Corp. *v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). The Charitable Trusts will have an opportunity to contest a motion for a default judgment against them. *See id.*

[2] This is telling and indicates not only notice of these proceedings, but also an awareness of Universitas' filings with the Court. Universitas did not provide the Charitable Trusts with any notice beyond the service of process.

GM Partners initially stated that he believed his client would agree to the proposed prejudgment remedy ("PJR") settlement, but did not yet have formal approval from the client (and thus could not approve the settlement), and further noted his difficulties communicating with his incarcerated client. (Affidavit of Benjamin Chernow, dated August 17, 2020 (hereinafter "Chernow Aff. II"), ¶¶ 3-4.) GM Partners' counsel then received approval for the PJR settlement from his client during this same telephonic status conference, and noted the "marvels of modern technology" that allowed his incarcerated client to communicate with him while he was on the phone with Magistrate Judge Robert M. Spector. (Chernow Aff. II ¶ 5.) The "incarcerated client" was Mr. Carpenter, who was clearly involved in settlement negotiations in the above-captioned proceeding.[3]

The Charitable Trusts filed an opposition to Universitas' motion for an order of default against the Charitable Trusts (hereinafter the "Objection"). (Defs.' Opp. to Mot. for Default [#76].) The Charitable Trusts claim only that they were not properly served with process. (Defs.' Opp. to Mot. for Default [#76].) There are no additional facts, no supporting affidavit, and/or no other evidence to support their contention that they were not properly served with process. The Charitable Trusts have not claimed that they did not receive the complaint and/or summons. Nor have the Charitable Trusts claimed that they lacked notice of this proceeding.

## ARGUMENT

The Objection does not meet the "good cause shown" standard of Fed. R. Civ. P. 55(c) necessary to relieve the Charitable Trusts of an entry of default against them.[4] *See Am. Stevedoring, Inc. v. Banana Distribs.*, 98 Civ. 5782 (BSJ), 1999 U.S. Dist. LEXIS 14391, at \*7-\*8 (S.D.N.Y.

---

[3] It was determined in a prior proceeding that Daniel Carpenter controls GM Partners. (PJR App., Ex. 17 [#11].) Daniel Carpenter is also incarcerated. (Defs. Mot. to Dismiss, Ex. 6 [# 74-7].) Given that Mr. Carpenter controls GM Partners and is incarcerated, the incarcerated person who needed to approve the settlement on behalf of GM Partners must be Daniel Carpenter.
[4] The Objection constitutes a motion to set aside the default under Fed. R. Civ. P. 55(c). *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981). Accordingly, the Charitable Trusts are precluded from filing another motion to vacate an entry of default against them. *See id.*

Sep. 13, 1999). A finding of good cause depends upon: (i) whether the default was willful, (ii) whether setting aside the default would prejudice the adversary, and (iii) whether the defendant demonstrates the existence of a meritorious defense. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). The most important factor is willfulness, and courts should order a default against parties that willfully default. *See United States v. Chesir*, 526 F. App'x 60, 62 (2d Cir. 2013) (explaining that a finding of willfulness would "by itself, support [the district court's] refusal to vacate the challenged default judgment…."); *Gucci Am., Inc. v. Gold Ctr. Jewelry*, 158 F.3d 631, 635 (2d Cir. 1998) (explaining that public interest in deterring abuses of process served by enforcing defaults arising from deliberate conduct and that "defaults resulting from deliberate conduct … are not excusable."); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 507 (2d Cir. 1991) ("A default should not be set aside when it is found to be willful.").

I.     The Charitable Trusts Fail to Disprove that their Default was Willful.

The Charitable Trusts have not shown that their default in this proceeding was unwilful. A default is willful when the defaulting party had knowledge of the complaint and intentionally failed to timely answer the complaint. *See Gucci*, 158 F.3d at 635; *Lopez v. Mohammed*, No. 14-CV-4443 (PKC) (MDG), 2017 U.S. Dist. LEXIS 157819, at *22-*23 (E.D.N.Y. Sep. 26, 2017); *Dixon v. Ragland*, 2005 U.S. Dist. LEXIS 23800, at *6 (S.D.N.Y. Oct. 13, 2005); *see also Car-Freshner Corp. v. Scented Promotions, LLC*, No. 5:19-CV-1158(GTS/ATB), 2020 U.S. Dist. LEXIS 42902, at *5-*6 (N.D.N.Y. Mar. 12, 2020) (collecting cases). Daniel Carpenter, the Charitable Trusts' sole trustee, actively participated in this proceeding on behalf of GM Partners, and the PJR settlement was not finalized until Mr. Carpenter gave formal approval to GM Partners' counsel. *See Car-Freshner*, 2020 U.S. Dist. LEXIS 42902 at *6-*7 (explaining that participation in settlement discussions indicates both notice of complaint and willfulness of default). The

Objection does not claim that the Charitable Trusts' failure to timely answer the complaint was caused by any outside factors. *See Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013) (finding that notice of complaint and lack of contention that non-compliance was due to circumstances beyond the defendant's control supported an inference of willful default); *Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 243 (2d Cir. 1994) (agreeing that "inference of willful default [was] justified" where defendants received actual notice of complaint and were not prevented from timely answering by outside factors). The Charitable Trusts deliberately chose not to appear in this action despite knowledge that their rights and their property were at issue in this proceeding – this equates to a willingness to forfeit said rights and property. *See Enron*, 10 F.3d at 98.

The willfulness of the Charitable Trusts' default is further evidenced by Mr. Carpenter's history of bad-faith and dilatory litigation tactics. *See In re Men's Sportswear, Inc.*, 834 F.2d 1134, 1139 (2d Cir. 1987) (stating that "[t]he filing of a complaint in a new action does not erase a litigant's past abuse of the judicial system" and affirming district court's decision to base finding of willfulness of default upon defendant's behavior in prior proceeding); *Car-Freshner*, 2020 U.S. Dist. LEXIS 42902 at *7-*8 (finding that consistent pattern of delay in prior litigations evidenced willfulness of default). The underlying litigation was defined by Mr. Carpenter's strategy of filing knowingly frivolous and meritless motions intended to delay the proceedings. *See e.g.*, *Universitas Educ., LLC v. Nova Grp., Inc.*, 784 F.3d 99, 104 (2d Cir. 2015) (explaining that "sanction aimed at deterring [Daniel Carpenter]'s persistent and abusive litigation conduct is appropriate and necessary."); *Universitas Educ., LLC v. Nova Grp., Inc.*, Case Nos. 11-cv-1590 (LTS) (HBP) and 11-cv-8726 (LTS)(HBP), 2013 U.S. Dist. LEXIS 142902, at *35 (S.D.N.Y. May 21, 2013) ("[Mr. Carpenter's] litigation strategy of promoting delay through the filing of meritless and frivolous

4

motions has only served as an unwarranted distraction in what should have been a straightforward action to confirm and collect an arbitral award.").

Mr. Carpenter's bad-faith and dilatory litigation tactics further render an order of default against the Charitable Trusts particularly appropriate. *See Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (noting that the primary goal of default is to protect parties from "harassment" and "undue delay") (internal citations omitted); *Enron*, 10 F.3d at 96 (explaining that default procedures are particularly useful remedies when dealing with "obstructionist" litigants). Mr. Carpenter is unquestionably an "obstructionist" litigant – Mr. Carpenter's "obstructionist" behavior in the underlying litigation included, *inter alia*: (i) fabricating evidence (Compl. [#1] ¶¶ 31, 37-38,) (ii) obstruction of justice (Compl. [#1] ¶ 59,) (iii) perjury, (Compl. [#1] ¶ 59,) (iv) threatening Universitas not to file motions, (Compl. [#1] ¶ 51,) (v) threatening third parties not to comply with discovery subpoenas, (Compl. [#1] ¶¶ 41, 50,) (vi) contempt of court, (Compl. [#1] ¶ 49,) (vii) violations of court orders (Compl. [#1] ¶ 65,) and (viii) eleven sanctionable motions. (Compl. [#1] ¶ 47.)[5] This behavior is emblematic of a consistent pattern spanning across numerous decades and dozens of litigations. (Compl. [#1] ¶¶ 80-88.) Mr. Carpenter's bad-faith and obstructionist tactics in prior proceedings underscore his bad-faith in this proceeding, and further demonstrate the willfulness of the Charitable Trusts' default. *See In re Men's Sportswear*, 834 F.2d at 1139 ("The filing of a complaint in a new action does not erase a litigant's past abuse of the judicial system.").

The Charitable Trusts argue that they were not properly served with process, but they do not dispute that they received the complaint and summons. (*See* Defs.' Opp. to Mot. for Default

---

[5] In the spirit of brevity, Universitas is not elaborating further about these facts. Should the Court desire supplemental briefing about any or all of these issues, or desire evidence of these facts, Universitas will provide such briefing and/or evidence.

[#76].) Nor do the Charitable Trusts claim they were unaware of their obligations as defendants in this lawsuit. *See Lechner v. Ustjanauskas*, No. CV075008306, 2007 Conn. Super. LEXIS 2423, *9-*10 (Conn. Super. Ct. Sep. 19, 2007) (providing that valid service of process is not necessary for defendant to have notice of complaint). The willfulness of the Charitable Trusts' default can be inferred from the fact that the Objection does not deny that the Charitable Trusts received the complaint and summons or claim they were unaware of this lawsuit. *See Car-Freshner*, 2020 U.S. Dist. LEXIS 42902 at *6 (noting that the "Defendants do not deny receiving the summons and complaint, nor do they claim that they were unaware of their obligations as defendants in this lawsuit" and finding this to be evidence of willfulness of default); *Guggenheim Capital*, 722 F.3d at 455 (finding same); *Commercial Bank of Kuwait*, 15 F.3d at 243-44 (finding same).

II.     The Charitable Trusts Fail to Demonstrate that Universitas will not be Prejudiced if there is not an Order of Default Against Them.

The Objection offers no evidence suggesting that Universitas would not suffer prejudice if there is no order of default against them. To the contrary, Universitas will suffer prejudice in the absence of an order of default against the Charitable Trusts. *See New York v. Green*, 420 F.3d 99, 110 (2d Cir. 2005) (providing forms of prejudice relevant to order of default). Mr. Carpenter consistently used delays in the underlying litigation to fraudulently dissipate assets in order to frustrate Universitas' collection efforts. (Order [#22] ("the judgment debtors' continuous fraudulent transfer of assets with an intent to frustrate [Universitas'] collection efforts is well established….").) Providing Mr. Carpenter with an opportunity to fraudulently transfer assets from the Charitable Trusts constitutes prejudice to Universitas.[6] *See Green*, 420 F.3d at 110 (explaining that delay creating opportunity for fraudulent transfers constitutes prejudice).

[6] Mr. Carpenter has consistently sought to render himself and entities under his control "judgment proof." (*See* PJR App., Ex. 20 [#11].) The Charitable Trusts have not suggested that Mr. Carpenter will not do the same with the Charitable Trusts.

Any delay caused by not entering an order of default against the Charitable Trusts would further prejudice Universitas by thwarting Universitas' ability to enforce its judgment. *See Green*, 420 F.3d at 110 (explaining that delay serving to thwart recovery of judgment constitutes prejudice). The Charitable Trusts are clearly utilizing the preferred legal strategy of their sole trustee – the delay of the litigation through bad-faith and dilatory tactics. *See Universitas Educ.*, 2013 U.S. Dist. LEXIS 142902 at *35 ("[Mr. Carpenter's] litigation strategy of promoting delay through the filing of meritless and frivolous motions [that] has only served as an unwarranted distraction in what should have been a straightforward action to confirm and collect an arbitral award."). This litigation strategy is designed to prevent Universitas from enforcing its judgment. *See Universitas Educ., LLC v. Nova Grp., Inc.*, Case Nos. 11-cv-1590 (LTS) (HBP) and 11-cv-8726 (LTS)(HBP), 2013 U.S. Dist. LEXIS 142901, at *24-*36 (S.D.N.Y. May 21, 2013) ("[T]he motions that [Mr. Carpenter's attorney] filed were so lacking in merit that the only reasonable inference is that they were filed for dilatory purposes….[T]aken in the aggregate, there is a strong inference that [the motions] were filed only to delay Universitas' enforcement efforts….[The motions] illustrate [Mr. Carpenter's] bad faith strategy of shifting legal tacks to avoid the judgment entered in favor of Universitas….[Mr. Carpenter's] litigation strategy seemed motivated not by legal merit, but rather by dilatory purposes."). Allowing the Charitable Trusts to further delay this proceeding would thus constitute prejudice to Universitas. *See Green*, 420 F.3d at 110.

## CONCLUSION

As explained *supra*, the Charitable Trusts willfully defaulted in this proceeding, and setting aside a default against the Charitable Trusts would prejudice Universitas. For the aforementioned reasons, Universitas respectfully requests that the Court grant its motion for an order of default against the Charitable Trusts, as well as any other relief this Court deems just and proper.

Dated:  New Haven, CT
        August 17, 2020

PLAINTIFF UNIVERSITAS EDUCATION, LLC,

By: /s/ Michael G. Caldwell_____/
Ilan Markus, ct 26345
Michael G. Caldwell, ct 26561
Barclay Damon, L.P.
545 Long Wharf Drive
New Haven, CT 06511
Ph. (203) 672-2658
Fax (203) 654-3265
IMarkus@barclaydamon.com


*Admitted Pro Hac Vice:*
Joseph L. Manson III
Law Offices of Joseph L. Manson III
600 Cameron Street
Alexandria, VA 22314
Tel. 202-674-1450
Em. jmanson@jmansonlaw.com

*Its Attorneys*

**CERTIFICATION**

I hereby certify that on August 17, 2020 a copy of foregoing motion was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ Joseph L. Manson III