UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

UNIVERSITAS EDUCATION, LLC,                      NO. 3:20-CV-00738 (JAM)

v.

BENISTAR, ET AL.                                          SEPTEMBER 25, 2020

**Objection to Plaintiff's Contingent Motion to Amend Complaint**

The defendants, Molly Carpenter, Donald Trudeau, Benistar Admin Services, Inc., TPG Group, Inc., and Moonstone Partners, LLC, object to Universitas' "contingent" motion to amend its complaint [#88] to join new defendants and add an additional constructive trust claim against Molly Carpenter. Universitas' motion ostensibly is contingent on the Court granting the defendants' pending motion to dismiss [#68], which was filed on July 29, 2020. Thus, should the Court dismiss the complaint, Universitas, in effect, is asking the Court to do so "without prejudice" to replead. The Court should deny Universitas' motion for the following reasons:

**A.    Universitas can no longer amend its complaint "as a matter of course" under Fed. R. Civ. P. 15(a).**

Universitas first notes that it could still amend its complaint "as of a matter course," even if the Court denies its motion, because the defendants have not yet filed responsive pleadings. (Pl.'s Mem. at 1.) Not so.

> A party may amend its pleading once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading **or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.**

Fed. R. Civ. P. 15(a)(1)(emphasis added).

1

Federal Rule of Civil Procedure 15(a)(1) was amended in 2009 to include the 21-day deadline from when a defendant files a motion under Rule 12(b), (e) or (f). The advisory committee's note states its purpose:

> The distinction drawn in former Rule 15(a) is changed in two ways. First, the right to amend once as a matter of course terminates 21 days after service of a motion under Rule 12(b), (e), or (f). This provision will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion. A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim. It also should advance other pretrial proceedings.

Fed. R. Civ. P. 15(a)(1) advisory committee's note to 2009 amendment.

The three cases on which Universitas relies—*Thompson v. Carter*, 284 F.3d 411, 416 n.2 (2d Cir. 2002), *Barbara v. New York Stock Exch., Inc*. 99 F.3d 49, 56 (2d Cir. 1996) and *Tennessee Imports, Inc. v. Filippi*, 745 F. Supp. 1314, 1331 (M.D. Tenn. 1990)—predate the 2009 amendment to Rule 15(a)(1) and, thus, do not support Universitas' claim that it could still amend its complaint as a matter of course even if the Court denied its motion. Because the defendants moved to dismiss under Rule 12(b) more than 21 days ago, Universitas cannot amend its complaint as a matter of course.[1] Instead, Universitas *must* obtain "the court's leave" to amend its complaint. Fed. R. Civ. P. 15(a)(2).

---

[1] Universitas' motion to amend its complaint would not qualify under Rule 15(a)(1) even if Universitas had filed it within 21 days of the defendants' motion to dismiss. Rule 15(a)(1) requires a plaintiff to *amend* its complaint—not file a contingent motion for leave to amend—within 21 days of a motion to dismiss. The necessity of such a motion to amend would render meaningless the "as a matter of course" provision and would defeat the purpose of Rule 15(a)(1), which requires the plaintiff to commit to amending its complaint *before* the court rules on the motion to dismiss.

**B.    Because Universitas' proposed amendment would be futile, this Court should deny leave to replead after dismissing the complaint.**

Universitas presumes that this Court will "instruct" it to replead its claims after dismissal. (Pl.'s Mem. at 1.) The Court is not so obliged. A district court "need not as a matter of course dismiss a complaint without prejudice to an attempted amendment of the pleadings." *Van Buskirk v. The New York Times Co.*, 325 F.3d 87, 91 (2d Cir. 2003). To the contrary, the court may dismiss the complaint *with* prejudice to replead if further amendment would be futile. *Id.* at 92; *Bazadier v. McAlary,* 464 F. App'x 11, 12 (2d Cir. 2012)("where amendment would be futile, denial of leave to amend is proper.") When deciding a motion to dismiss, "denial of leave to amend based on futility is proper when additional facts do not or cannot remedy the deficiency of an initial pleading." *Semper v. New York Methodist Hosp.*, 786 F. Supp. 2d 566, 582 (E.D.N.Y. 2011). *See Damato v. Ruiz*, 2015 WL 3849187, *3 (D. Conn. June 22, 2015)(Meyer, J.)(dismissing complaint with prejudice to replead because "any amendment would be futile.").

The defendants here moved to dismiss the complaint because Universitas' claims are barred by *res judicata*—not because Universitas simply failed to allege sufficient facts to state a "plausible claim for relief" under Rule 8. *Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 58 (2d Cir. 2010)(citation omitted). Dismissal on res judicata grounds is proper "when it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Palmer-Williams v. United States*, 699 F. App'x 1, 3 (2d Cir. 2017)(citation omitted). "Res judicata bars all claims that *could have been raised*, not just those actually raised." *Corbett v. City of New York*, 816 F. App'x 551, 554 (2d Cir. 2020).

Universitas proposes to join new defendants and add an "additional" constructive trust claim against Molly Carpenter. (Pl.'s Mem. at 2–3.) But as Universitas concedes, its proposed constructive trust claim is part of the same alleged "single overarching transaction" as its existing claims (*id*. at 14); that is, Daniel Carpenter's alleged fraudulent transfers of the Spencer life insurance proceeds that gave rise to the 2014 judgment against him in the Southern District of New York. The only difference is that Universitas' proposed constructive trust claim now seeks to attach Molly Carpenter's salary as a corporate officer of Benistar Admin Services, Inc., and her personal residence at 18 Pondside Lane in Simsbury. (*See id*. at 22–23.) Res judicata bars re-litigation of claims when they arise from "the same transaction … or involve a common nucleus of operative facts." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc*., 140 S. Ct. 1589, 1595 (2020)(internal quotation marks and citations omitted). Res judicata "is based on the requirement that the plaintiff must bring all claims at once against the same defendant relating to the same transaction or event." *Monahan v. New York City Dep't of Corr*., 214 F.3d 275, 289 (2d Cir. 2000)(citation omitted).

Res judicata bars Universitas' original and proposed constructive trust claims for the same reasons. Indeed, as the defendants established in their motion to dismiss, Universitas could have raised those claims against Molly Carpenter in the New York turnover proceeding, but it did not. Because Universitas' proposed claim is barred by res judicata, it is futile and must be denied. *See Corbett*, 816 F. App'x at 554–55 (affirming dismissal on res judicata grounds and holding that proposed amended complaint could not cure defect); *Hubert v. Dep't of Corr.*, 2020 WL 4938327, *16 (D. Conn. Aug. 23, 2020)(dismissing claims on res judicata grounds and denying leave to amend because "it would be futile to permit any of these claims

4

to be the subject of an amended pleading."). "Proposed amendments are futile, and thus must be denied, if they would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Tannerite Sports, LLC v. NBCUniversal News Grp., a division of NBCUniversal Media, LLC*, 864 F.3d 236, 252 (2d Cir. 2017).

**C.     If Universitas intends to claim that the undersigned and proposed new defendants are "alter egos," res judicata also bars those claims.**

The undersigned defendants lack sufficient information regarding Universitas' proposed "alter ego" claims against the proposed new defendants: Caroline Meckel; 1 & 3 Mill Pond Partners, LLC; Birch Hill Partners, LLC; and Seir Hill Partners, LLC. Although, in general, "current parties unaffected by the proposed amendment do not have standing to assert claims of futility on behalf of proposed defendants," some courts have allowed it when there is an alleged "close legal relationship," such as a proposed "alter ego" claim. *New York Wheel Owner LLC v. Mammoet Holding B.V.*, 2020 WL 4926379, *22 (S.D.N.Y. Aug. 21, 2020) (citation omitted). Universitas does not appear to claim that the undersigned and proposed new defendants are alter egos of each other and Dan Carpenter. But to the extent that it intends to do so in an amended complaint, those proposed claims are also barred by res judicata—and thus futile—for the same reasons articulated in the defendants' motion to dismiss the original alter ego claims.

**Wherefore,** the defendants respectfully request that this Court grant their motion to dismiss *with prejudice* and deny Universitas' motion to amend.

THE DEFENDANTS,

MOLLY CARPENTER, DONALD TRUDEAU, BENISTAR ADMIN SERVICES, INC., TPG GROUP, INC., AND MOONSTONE PARTNERS, LLC.

By:    /s/ Dan E. Labelle
Dan E. LaBelle, Esq. (ct01984)
labelle@halloransage.com
HALLORAN SAGE, LLP
315 Post Road West
Westport, CT 06880
Tel: (203) 227-2855
Fax: (203) 227- 6992

Michael R. McPherson, Esq. (ct24082)
mcpherson@halloransage.com
HALLORAN SAGE, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06880
Tel: (860) 241-4079
Fax: (860) 548-0006

**Certification**

I hereby certify that on September 25, 2020 a copy of foregoing objection was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ Daniel E. Labelle (ct01984)