UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **UNIVERSITAS EDUCATION, LLC** ) | |
| ) | |
| Plaintiff ) | CIVIL ACTION NO. |
| ) | 3:20-cv-00738-JAM |
| vs. ) | |
| ) | |
| **BENISTAR, et al** ) | |
| ) | SEPTEMBER 25, 2020 |
| Defendants ) | |
| ) | |

**Defendants Alliance Charitable Trust, Phoenix Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, and Carpenter Charitable Trusts Objection to Plaintiff's Contingent Motion to Amend Complaint**

The Defendants, Alliance Charitable Trust, Phoenix Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, and Carpenter Charitable Trusts, (hereinafter known as "the Defendant Trusts") by and through its undersigned counsel, respectfully submits the following memorandum of law in opposition to the *Contingent Motion to Amend Complaint* (ECF No. 88, the "Motion") filed by plaintiff, Universitas Education, LLC (the "Plaintiff" or "Universitas").

I.   **INTRODUCTION**

The Court should deny the Motion because it is procedurally improper. There is no such rule affording a plaintiff the ability to amend a complaint on a "contingent" basis. Even if there was, Plaintiff failed to append a proposed amended complaint to its Motion, thereby rendering the Motion fatally defective. As a result of its failure to include the proposed the amended complaint to its motion, the Defendant Trusts cannot address any specific amendments the Plaintiff may be contemplating because is not clear what claims or parties the Plaintiff may seek to add in any future amended complaint. The Defendant Trusts have a right to defend themselves in this case based

on the facts alleged and the law.  The Plaintiff cannot be permitted to make up procedures based on rhetoric, hypothetical, or set up the Defendant Trusts by ambush.

This is just another attempt by Plaintiff to do an end-run around Judge Swain's original Order of March 31, 2020. See Exhibit One. The Complaint should also be dismissed because all of the parties are not diverse, and thus this Court lacks diversity jurisdiction. Additionally, because at all times the Charter Oak Trust was an ERISA welfare benefit plan, ERISA's statute of limitations applies and Plaintiff has failed to establish any jurisdictional reason to go after third parties eight years after Judge Swain's original decision of June 5, 2012. Furthermore, Plaintiff has still failed to explain why it ignored the plain procedure of Rule 4(m) on the service of process, as well as Judge Swain's Order dismissing the Complaint in that case, stating that the Supreme Court's decision in *Peacock v. Thomas*, 516 U.S. 349 (1996) controlled, and required the dismissal of Plaintiff's Complaint in New York. *Peacock* also requires a similar dismissal here. As the Supreme Court has repeated numerous times over the years: "Before it can do anything else, a federal court must establish that it has jurisdiction over a case…" *Rhode Island v. Massachusetts*, 37 U.S. 657 (1838). Therefore, the Defendant Trusts respectfully request this Court dismiss Plaintiff's Complaint and deny the motion to amend with prejudice.

II.     **LAW AND ARGUMENT**

      A.     **Motions to Amend and Add Parties Pursuant to Fed. R. Civ. P. 15 and 21**

Pursuant to Fed. R. Civ. P. 15(a)(1)(B), the Plaintiff may amend its complaint as a matter of right upon the filing a motion to dismiss under Fed. R. Civ. P. 12(b).  Plaintiff may also amend its complaint with leave of the Court pursuant to Fed. R. Civ. P. 15(a)(2). However, to properly respond to an amended complaint, the plaintiff must *serve* a proposed amended complaint.  Fed. R. Civ. P. 15(a)(3).

Therefore, when adding claims against new parties, the focus should be on whether the claims relate to the same common core of facts as the pending action. However, before allowing a plaintiff to amend to add new parties, the court must make sure that it has jurisdiction over those parties and a reason to add them to the case.

B.  **Plaintiff Has Not Filed or Served a Proposed Amended Complaint**

Plaintiff did not file an amended complaint as of right in response to the Defendant Trusts' Motion to dismiss.  Plaintiff has not filed, or served, a proposed amended complaint along with its Motion, in derogation of the express language of D. Conn. L. R. 7(f), which states that in cases in which the movant is represented by counsel, a motion to amend pleadings *shall* "be accompanied by both a redlined version of the proposed amended pleading showing the changes proposed against the current pleading and a clean version of the proposed amended pleading."  Thus, Plaintiff's Motion is procedurally defective.  The motion is also defective under Fed. R. Civ. P. 15, which pegs the non-movant's response date to a proposed amended complaint to "14 days after service of the amended pleading…."  Here, no "amended pleading" was served.

C.  **There is No Such Pleading as a "Contingent" Motion to Amend**

Plaintiff appears to be seeking leave sometime in the future to file an amended complaint which has not yet been drafted and shared with Defendants or the Court in the event that its Original Complaint is dismissed. Obviously, this means that Plaintiff believes its Complaint will be dismissed, but there is no provision in the Fed. R. Civ. P. for such a "contingent" motion to amend.  If the Motion is viewed as being made pursuant to Fed. R. Civ. P. 15(a)(2), seeking leave to amend, again, no proposed amended complaint has been provided. Thus, it is impossible to gauge how the Defendant Trusts should respond as the "additional facts" contained in the Motion, which appear unrelated to claims alleged against the Defendant Trusts.

In support of this extraordinary motion, Plaintiff can cite only *Carter* v. *Revine*, 2017 U.S. Dist. LEXIS 73350, at *5 (D. Conn. May 15, 2017)[1], a *pro se* filing for the proposition that a "contingent" motion to amend is an appropriate pleading in this case. But, this is problematic for two reasons. First, the plaintiff in *Carter* was *pro se*, thus, courts will generally allow more informal filings by an individual not represented by an attorney. Second, the *pro se* plaintiff in *Carter* did not seek to add additional parties, counts, or facts.

The "additional facts" in Plaintiff's Motion adds claims against third-parties and new parties based on new claims in a case that is over 10 years old. Even if a "contingent" amendment is a permissible pleading, the instant Motion must fail because no proposed amended complaint has been annexed to the Motion as required by the Rules, and it unclear whether any of the "additional facts" are being alleged against the Defendant Trusts.

### D. **If Universitas intends to claim that the undersigned and proposed new defendants are "alter egos," res judicata also bars those claims**

"Res judicata bars all claims that *could have been raised*, not just those actually raised." *Corbett v. City of New York*, 816 F. App'x 551, 554 (2d Cir. 2020). The undersigned defendant trusts lack sufficient information regarding Universitas' proposed "alter ego" claims against the proposed new defendants: Caroline Meckel; 1 & 3 Mill Pond Partners, LLC; Birch Hill Partners, LLC; and Seir Hill Partners, LLC. Although, in general, "current parties unaffected by the proposed amendment do not have standing to assert claims of futility on behalf of proposed defendants," some courts have allowed it when there is an alleged "close legal relationship," such as a proposed "alter ego" claim. *New York Wheel Owner LLC v. Mammoet Holding B.V.*, 2020 WL 4926379, *22 (S.D.N.Y. Aug. 21, 2020). Universitas does not appear to claim that the

---

[1] "On the same day Carter also filed a Motion to Amend the Amended Complaint contingent upon the Court denying Defendant's Motion for Summary Judgment."

undersigned and proposed new defendants are alter egos of each other and Dan Carpenter. But to the extent that it intends to do so in an amended complaint, those proposed claims are also barred by res judicata—and thus futile—for the same reasons articulated in the defendants' motion to dismiss the original alter ego claims.

### III. CONCLUSION

For the above stated reasons, the Court should deny the Motion and enter such other relief as is just and proper.

                                                  Respectfully Submitted
                                                  THE DEFENDANTS,

                                                  By: _/s/ *Grayson Colt Holmes*_____
                                                  Grayson Colt Holmes
                                                  Federal Bar No.: ct30111
                                                  Ouellette, Deganis, Gallagher & Grippe LLC
                                                  143 Main Street, Cheshire, CT 06410
                                                  Phone: (203) 272-1157
                                                  Fax: (203) 250-1835
                                                  Email: gholmes@odglaw.com

## **CERTIFICATION**

      I hereby certify that on this 25th day of September, 2020, a copy of the foregoing was filed electronically and served by mail to anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filings as indicated on the Notice of Electronic Filings. Parties may access this filing through the Court's CM/ECF System.

                                                            By: */s/ Grayson Colt Holmes*
                                                                Grayson Colt Holmes
                                                                Federal Bar No.: ct03111