UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNIVERSITAS EDUCATION, LLC

                        Plaintiff,

v.

BENISTAR, ET AL.

                        Defendants.

CASE NO. 3:20-cv-00738-JAM

OCTOBER 9, 2020

## PLAINTIFF'S MEMORANDUM IN FURTHER SUPPORT OF CONTINGENT MOTION TO AMEND THE COMPLAINT

Daniel Carpenter controls a criminal enterprise (hereinafter "Benistar"), that stole $30.6 million from Universitas Education, LLC ("Universitas"). *See United States v. Carpenter*, 190 F. Supp. 3d 260 (D. Conn. 2016). The defendants in the above-captioned proceeding are Mr. Carpenter's co-conspirators and alleged alter egos. Universitas filed a Contingent Motion to Amend the Complaint in order to bring new claims against additional parties and an existing defendant should the Court instruct Universitas to replead its claims in conjunction with the defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b). (Plf.'s Mot. [#88].) The defendants acknowledge that (with a single exception) they are unaffected by Universitas' proposed claims. (Def.'s Mem. [#93] at 4-5; Defs. Mem. [#95] at 3-4.) Nonetheless, every single defendant chose to spend valuable resources opposing the proposed claims.

The defendants' arguments in opposition to Universitas' Contingent Motion to Amend are specious. The defendants argue that:

> As a result of [Universitas'] failure to include the proposed the amended complaint to its motion, the Defendant Trusts cannot address any specific amendments the Plaintiff may be contemplating because is not clear what claims or parties the Plaintiff may seek to add in any future amended complaint.

1

(Defs. Mem. [#95] at 1.) Universitas' motion expressly articulated both the proposed claims and relevant parties:

1. An additional claim against defendant Molly Carpenter to impose a constructive trust as a result of shielding Daniel Carpenter's assets from his creditors.
2. A claim to impose a constructive trust against Caroline Meckel as a result of shielding Daniel Carpenter's assets from his creditors.
3. A constructive trust claim and an alter ego claim against 1 & 3 Mill Pond Partners, LLC related to shielding Daniel Carpenter's assets from his creditors.
4. A constructive trust claim and an alter ego claim against Birch Hill Partners, LLC related to shielding Daniel Carpenter's assets from his creditors.
5. A constructive trust claim and an alter ego claim against Seir Hill Partners, LLC related to shielding Daniel Carpenter's assets from his creditors.

(Plf.'s Mot. [#88].) Universitas' supporting brief then reiterated this information in a distinct section dedicated exclusively to Universitas' proposed claims and the relevant parties:

1. An additional constructive trust claim against Molly Carpenter related to shielding Daniel Carpenter's assets from his creditors.
2. A constructive trust claim against Caroline Meckel related to shielding Daniel Carpenter's assets from his creditors.
3. A constructive trust claim and an alter ego claim against 1 & 3 Mill Pond Partners, LLC ("1 & 3 Mill Pond") related to shielding Daniel Carpenter's assets from his creditors.
4. A constructive trust claim and an alter ego claim against Birch Hill Partners, LLC ("Birch Hill") related to shielding Daniel Carpenter's assets from his creditors.
5. A constructive trust claim and an alter ego claim against Seir Hill Partners, LLC ("Seir Hill") related to shielding Daniel Carpenter's assets from his creditors.

(Plf.'s Mem. [#88-1] at 2-3.) The defendants' purported inability to discern "what claims or parties [Universitas] may seek to add in any future amended complaint" is clearly false – the claims and parties were explicitly stated in Universitas' motion and its supporting brief. *See also Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11CV1590-LTS-HBP, 2013 U.S. Dist. LEXIS 142479 (S.D.N.Y. Sep. 30, 2013) (rejecting argument that Benistar filings contained good faith arguments); *In re Men's Sportswear, Inc.*, 834 F.2d 1134, 1139 (2d Cir. 1987) (explaining that "[t]he filing of a complaint in a new action does not erase a litigant's past abuse of the judicial

2

system.").

The defendants also purposefully misrepresented the similarity between the existing claims and the proposed claims. (Defs. Mem. [#94] at 4.) Universitas explained that the proposed claims are sufficiently related to the existing claims because:

> This is a post-judgment proceeding seeking to enforce a judgment against Daniel Carpenter and the criminal enterprise under his control, and Universitas has already brought constructive trust claims and alter ego claims against numerous defendants based on the allegation that they are sham entities which exist solely to shield assets from Mr. Carpenter's creditors…. The entirety of Mr. Carpenter's efforts to avoid the judgments against him constitute a single overarching transaction, and thus the proposed amendments involve claims that are part of a transaction already at issue in this proceeding.

(Plf.'s Mem. [#88-1] at 13-14.) The defendants characterized this explanation as a "concession" by Universitas that:

> [I]ts proposed constructive trust claim [against Molly Carpenter] is part of the same alleged "single overarching transaction" as its existing claims; that is, Daniel Carpenter's alleged fraudulent transfers of the Spencer life insurance proceeds that gave rise to the 2014 judgment against him in the Southern District of New York.

(Defs. Mem. [#94] at 4.) This misrepresentation was clearly a conscious attempt to reframe "Mr. Carpenter's efforts to avoid the judgments against him" as an issue pertaining to "Daniel Carpenter's alleged fraudulent transfers of the Spencer life insurance proceeds." This intentional obfuscation is entirely self-serving – only one existing claim concerns a transfer of the stolen Spencer life insurance proceeds, and Universitas lacks knowledge as to whether or not multiple defendants received proceeds and has only made allegations relating to affiliated entities receiving such proceeds where it has proof to establish that fact. The defendants desire to focus this proceeding upon the stolen insurance proceeds so that they can use Universitas' lack of proof concerning these proceeds as a defense against all of Universitas' claims, despite the fact that only one claim concerns stolen insurance proceeds. Accordingly, the defendants attempt to misdirect

3

the Court's attention toward this irrelevant issue by continually forcing the issue of the stolen insurance proceeds.

    I.    <u>Universitas' Contingent Motion is a Proper Filing and is Not a Pleading.</u>

All of the defendants discussed the motion with Universitas' counsel and were informed that Universitas was filing a contingent motion to amend the pleadings. (*See* Plf.'s Mot. [#88].) The filing is entitled "Contingent Motion to Amend Complaint" and is accompanied by a supporting brief. It was also filed as a motion and is clearly identified as a motion on the docket. The defendants concede that Universitas' motion seeks leave of the Court to amend the complaint. (Def.'s Mem. [#93] at 4; Defs. Mem. [#95] at 3.) Nonetheless, the defendants intentionally mischaracterized Universitas' motion as a pleading in an attempt to create a basis for the defendants' "argument" that the motion violates Fed. R. Civ. P. 15(a)(3).[1] (Def.'s Mem. [#93] at 4-5; Defs. Mem. [#95] at 3-4.) Universitas' motion is not a pleading – the defendants' argument otherwise is a misrepresentation designed to manufacture an artificial basis for their bad-faith argument. The defendants commonly utilize this tactic. *See e.g.*, *Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11CV1590-LTS-HBP, 2016 U.S. Dist. LEXIS 72268 (S.D.N.Y. Mar. 31, 2016) (sanctioning Benistar entity for, *inter alia*, "creat[ing] a false factual basis" for a meritless legal argument); *see also In re Men's Sportswear, Inc.*, 834 F.2d at 1139 (explaining that "[t]he filing of a complaint in a new action does not erase a litigant's past abuse of the judicial system.").

---

[1] Fed. R. Civ. P. 15(a)(3) reads:

> *Time to Respond.* Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

Fed. R. Civ. P. 15(a)(3). The rule provides a timeframe for filing a response to amended pleadings – it is unrelated to motions to amend the complaint. The defendants provide no legal support for their argument that this rule applies to motions to amend the pleadings. (Def.'s Mem. [#93] at 4; Defs. Mem. [#95] at 3.)

The defendants also suggest that Universitas' contingent motion is an improper filing. (Def.'s Mem. [#93] at 4-5; Defs. Mem. [#95] at 3-4.) However, there is an abundance of caselaw demonstrating the propriety of contingent motions to amend the pleadings. *See e.g.*, *Signature Fin., LLC v. McClung*, No. SA-15-CA-1027-FB, 2016 U.S. Dist. LEXIS 184525, at *15-*16 & n. 86, *22-*23 (W.D. Tex. May 3, 2016) (magistrate recommending that the court moot the plaintiff's contingent motion to amend the complaint pending the court's ruling on jurisdiction because of recommendation to deny the defendant's motion to dismiss for lack of diversity jurisdiction), *adopted by Signature Fin., LLC v. McClung*, No. SA-15-CA-1027-FB, 2016 U.S. Dist. LEXIS 184528 (W.D. Tex. May 23, 2016); *Universal Secure Registry, LLC v. Apple Inc.*, Civil Action No. 17-585-CFC-SRF, 2018 U.S. Dist. LEXIS 159539, at *4 (D. Del. Sep. 19, 2018) (noting that party filed contingent motion to amend its claims pending result in related proceeding); *JS Prods. v. Standley Law Grp., LLP*, No. 09-cv-311, 2010 U.S. Dist. LEXIS 100550 (S.D. Ohio Sep. 13, 2010) (considering and denying contingent motion to amend pleading for failure to adequately explain why motion was filed after deadline in scheduling order); *Test Masters Educ. Servs. v. Robin Singh Educ. Servs.*, No. H-08-1771, 2014 U.S. Dist. LEXIS 21633 (S.D. Tex. Feb. 21, 2014) (same); *Rexam Inc. v. USW, AFL-CIO-CLC*, No. 03-2998 ADM/AJB, 2005 U.S. Dist. LEXIS 10055 (D. Minn. May 25, 2005) (granting in part, and denying in part, plaintiff's contingent motion to amend complaint to add new defendants); *Sherwood v. TVA*, No. 3:12-CV-156, 2013 U.S. Dist. LEXIS 54255 (E.D. Tenn. Apr. 17, 2013) (granting plaintiff's contingent motion to amend complaint); *Brandon v. Express Courier Int'l, Inc.*, No. 3:18-128-TLW, 2018 U.S. Dist. LEXIS 230898 (D.S.C. Nov. 20, 2018) (same); *Llanos v. Estate of Coelho*, CV-F-96-5246 OWW SMS, 1997 U.S. Dist. LEXIS 23260 (E.D. Cal. Apr. 14, 1997) (same).

Furthermore, Universitas' briefs in response to the defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b) consistently requested that the Court permit Universitas to replead it claims should the Court find that Universitas must provide additional facts to satisfy Fed. R. Civ. P. 8(a) and/or Fed. R. Civ. P. 9(b). (Plf.'s Mem. [#85] at 16 n. 11; Plf.'s Mem. [#91] at 8 n. 3, 26 n. 9.) These requests constitute contingent motions to amend the complaint. *See Signature Fin.*, 2016 U.S. Dist. LEXIS 184525 at *23 & n. 115.[2] The separately filed contingent motion to amend merely piggy backs on the contingent motions within the response briefs and requests that Universitas be permitted to bring additional claims should the contingent motions within the response briefs be granted. (Plf.'s Mot. [#88].)

II. The Defendants' Procedural Arguments Fail to Provide the Court with a Reason to Deny Universitas' Motion.

The defendants argue that Universitas' motion should be denied because Universitas can no longer amend the pleadings as a matter of course. (Defs. Mem. [#94] at 1-2.) Universitas' motion seeks leave of the Court to amend the pleadings should the Court instruct Universitas to replead its claims as a result of the defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b). (Plf.'s Mot. [#88].) Universitas' supporting brief demonstrates that Universitas' request satisfies Fed. R. Civ. P. 15(a)(2). (Plf.'s Mem. [#88-1].) The defendants concede that Universitas can amend the pleadings by obtaining leave of the Court pursuant to Fed. R. Civ. P. 15(a)(2), and then argue that Universitas' motion should be denied because Universitas has not yet obtained leave of court to amend the complaint. (Defs. Mem. [#94] at 1-2.) Universitas' motion was filed precisely to seek the Court's permission to amend the complaint.

---

[2] The *Signature Fin.* court made this glaringly evident by providing pincites for its ruling on the plaintiff's contingent motion to amend the complaint. *See Signature Fin.*, 2016 U.S. Dist. LEXIS 184525 at *23 & n. 115. A copy of the brief cited by the court is attached to this brief as Exhibit 1.

The defendants also argue that Universitas' motion should be denied pursuant to D. Conn. Loc. R. 7(f) because the motion was not accompanied by a proposed amended complaint. (Def.'s Mem. [#93] at 4; Defs. Mem. [#95] at 3.) The defendants provide no caselaw to support their position. To the contrary, noncompliance with local procedural court rules does not compel the court to deny a motion. *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules."). Courts in this district have held in a number of cases that noncompliance with D. Conn. Loc. R. 7 does not constitute grounds to deny a motion.[3] *See Gustovich v. Town of Greenwich*, No. 3:14 - CV - 01242 (CSH), 2015 U.S. Dist. LEXIS 119757, at *10-*11 (D. Conn. Sep. 8, 2015) (finding that it would be "a clear abuse of the Court's discretion" and a contradiction of the permissive standard of Fed. R. Civ. P. 15(a) to deny plaintiff's motion to amend the complaint for failure to comply with D. Conn. Loc. R. 7(f)); *Roe v. Hogan*, No. 2:89-CV-00570 (KAD), 2019 U.S. Dist. LEXIS 184848, at *7 n. 3 (D. Conn. Oct. 25, 2019) (overlooking failure to comply with procedural requirements of D. Conn. Loc. R. 7); *Wade v. Kay Jewelers, Inc.*, No. 3:17-cv-990 (MPS), 2018 U.S. Dist. LEXIS 123050, at *2 n. 1 (D. Conn. July 24, 2018) (deciding motion for leave to amend pleadings on the merits despite noncompliance with D. Conn. Loc. R. 7(f)).

---

[3] Universitas made its best efforts to comply with D. Conn. Loc. R. 7(f) – Universitas provided a Rule 7(f) statement in accordance with D. Conn. Loc. R. 7(f)(1) and explained why it did not include a copy of the proposed amended complaint described in D. Conn. Loc. R. 7(f)(2). (Plf.'s Mot. [#88].) This was reasonable given the contingent nature of Universitas' request – Universitas does not know which (if any) claims it will be instructed to replead, and thus Universitas cannot provide a copy of the complaint it would file as the amended pleading (if any). Universitas nonetheless provided all of the information necessary to fully analyze its proposed claims by listing the proposed new claims and providing the facts underlying the proposed claims.

7

III. The Defendants' Futility Arguments are Erroneous and do not Provide a Basis to Deny Universitas' Motion.

Universitas' motion clearly explained that Universitas seeks to amend the complaint in order to include additional claims only if the Court instructs Universitas to replead its claims in response to the defendants' motions to dismiss pursuant to Rule 12(b):

> Universitas seeks leave of this Court to amend the complaint only if the Court requires Universitas to replead its claims in response to the defendants' motions to dismiss. Universitas does not seek leave of the Court to amend the complaint if the Court rules otherwise.

(Plf.'s Mot. [#88].) Universitas reiterated this request in its supporting brief:

> Universitas will elect to amend the complaint and bring new claims and new defendants should Universitas be instructed to replead its current claims as a result of the defendants' motions to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

(Plf.'s Mem. [#88-1] at 1.) The defendants argue that Universitas' proposed claims are futile because the Court is not obliged to permit Universitas to replead its claims if the defendants' motions to dismiss pursuant to Rule 12(b) are granted. (Defs. Mem. [#94] at 2.) The defendants also argue that Universitas will not be permitted to replead its claims because the existing claims are barred by res judicata.[4] (Defs. Mem. [#94] at 2-5; Defs. Mem. [#95] at 4-5.) Both of these arguments are irrelevant – should the Court dismiss Universitas' claims and decline to permit Universitas to replead these claims, Universitas' motion will be mooted. If the Court finds that res judicata bars Universitas' existing claims, Universitas will not be permitted to replead its claims and Universitas' motion will be mooted. Thus the defendants' argument that Universitas' proposed claims are futile relies exclusively upon circumstances that would render Universitas' motion moot – if Universitas' Contingent Motion to Amend the Complaint ripens then the defendants' futility

---
[4] The defendants also argue that the proposed claims are barred by res judicata. (Defs. Mem. [#94] at 2-5; Defs. Mem. [#95] at 4-5.) However, the Court need not address futility arguments that rest upon the same grounds as a pending motion to dismiss. *See Wade*, 2018 U.S. Dist. LEXIS 123050 at *2 n. 1.

arguments are necessarily inapplicable, and thus these arguments are entirely irrelevant.

IV. <u>Conclusion</u>

For the reasons stated above, Universitas respectfully requests that this Court grant its Contingent Motion to Amend the Complaint in all respects should Universitas be instructed to replead its claims in response to the defendants' motions to dismiss.

Dated: New Haven, CT
October 9, 2020

PLAINTIFF UNIVERSITAS EDUCATION, LLC,

By: /s/ Michael G. Caldwell           /
Ilan Markus, ct 26345
Michael G. Caldwell, ct 26561
Barclay Damon, LLP
545 Long Wharf Drive
New Haven, CT 06511
Ph. (203) 672-2658
Fax (203) 654-3265
IMarkus@barclaydamon.com

*Admitted Pro Hac Vice:*
Joseph L. Manson III
Law Offices of Joseph L. Manson III
600 Cameron Street
Alexandria, VA 22314
Tel. 202-674-1450
Em. jmanson@jmansonlaw.com

*Its Attorneys*

## CERTIFICATION

I hereby certify that on October 9, 2020 a copy of foregoing motion was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ Joseph L. Manson III