**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC<br><br>        *Plaintiff,*<br><br>v.<br><br>BENISTAR, ET AL.<br><br>        *Defendants*. | CASE NO. 3:20-cv-00738-JAM<br><br><br><br>NOVEMBER 9, 2020 |

**RESPONSE OF ATTORNEYS MARKUS AND CALDWELL**
**TO REQUEST FROM NON-PARTY DANIEL E. CARPENTER**

  The undersigned attorneys represent Universitas Education, LLC ("Universitas") in the above-captioned action. We respond on our own behalf to the letter (the "Letter") from Daniel E. Carpenter which the Court filed on the docket as Document 101. We respectfully request that the Court place an entry on the docket stating that the Court sees no merit in, and denies all of, the requests in the Letter (the "Requests").

  Mr. Carpenter asks that we be sanctioned for a statement (the "Statement") made in Universitas' Memorandum in Further Support of Contingent Motion to Amend the Complaint (the "Brief") [Doc. 88-1]. Mr. Carpenter contends that we defamed him by asserting that "Daniel Carpenter controls a criminal enterprise (hereinafter 'Benistar'), that stole $30.6 million from Universitas." Letter at 1. Mr. Carpenter's Requests include that the Court (1) refer us for disbarment proceedings, (2) "strike [our] frivolous and vexatious filings" and (3) "dismiss [our] motions with prejudice under the Doctrines of Waiver and Laches and Res Judicata." Letter at 6.

  We have done nothing improper. We believe that an entry on the docket finding no merit in Mr. Carpenter's Requests is warranted for the following reasons.

1

1. **<u>The Statement Is Covered by the Litigation Privilege/Absolute Immunity</u>**.

First, the Statement is covered by the litigation privilege, also known as absolute immunity. "The principle that [allegedly] defamatory statements by attorneys during judicial proceedings are absolutely privileged when they are pertinent and material to the controversy is now well established in American jurisprudence." *Simms v. Seaman*, 308 Conn. 523, 534 (2013).

"This jurisdiction . . . has recognized the importance of access to the courts and the existence of remedies other than lawsuits as reasons for granting absolute immunity to attorneys for making allegedly defamatory statements." *Id.* at 40, *citing Mozzochi v. Beck*, 204 Conn. 490, 494-95 (1987) ("Because litigants cannot have such access without being assured of the unrestricted and undivided loyalty of their own attorneys, we have afforded to attorneys, as officers of the court, absolute immunity from liability for allegedly defamatory communications in the course of judicial proceedings"). Although the principle of absolute immunity was developed to bar defamation lawsuits, its logic applies identically to the sanctions at issue here.[1]

In determining whether a particular statement was made "in the course of a judicial proceeding," the court must decide as a matter of law "whether the allegedly [false and malicious] statements are sufficiently relevant to the issues involved in a proposed or ongoing judicial proceeding, so as to qualify for the privilege." *Gallo v. Barile*, 284 Conn. 459, 466 (2007).

The Statement is pertinent as a matter of law. This case is about Universitas' proper and justified attempt to collect judgment amounts from Mr. Carpenter and his associated group of judgment debtors (and judgment debtors-to-be). A final, heavily-contested, non-appealable judgment has been issued by a court of competent jurisdiction stating that Mr. Carpenter

---

[1] Mr. Carpenter explicitly disclaims reliance on Fed. R. Civ. P. 11.

misappropriated funds. That fact is highly relevant to this case and lies at the core of Universitas' lawsuit to recover on some of the judgment amounts owed from, or that could be satisfied by, entities that Mr. Carpenter controls.

In fact, the assertions in the Statement were made in Universitas' Complaint without any response from Mr. Carpenter:

> Daniel Carpenter … has been convicted on seventy-six felony counts including, *inter alia*, the theft of $30 million from Universitas. Mr. Carpenter developed an extensive criminal network … [which] collectively constitutes a single economic entity known as "Benistar."

Complaint [Doc. 1] ¶¶ 16-17.

The Connecticut Supreme Court has stated that the "test for relevancy is generous." *Id.* at 466 (2007), quoting *Hopkins v. O'Connor*, 282 Conn. 821, 839 (2007). The Connecticut Supreme Court's "generous" test for relevancy further highlights how far Mr. Carpenter's Request misses the mark.

## 2. Mr. Carpenter's Pattern of Seeking to Intimidate Opposing Counsel.

Mr. Carpenter's request for sanctions must be viewed as part of a pattern of efforts to intimidate litigants and their attorneys. Mr. Carpenter has used threats to intimidate opposing litigants in the past. (Complaint ¶¶ 41, 44, 50-51, 54, 81-82.) A federal court has noted that "Mr. Carpenter's conduct toward the plaintiffs and others has been characterized by threats of retribution whenever someone takes a position that he perceives as contrary to his interests." *Carpenter v. Israel*, 2000 U.S. Dist. LEXIS 13846, at *21 (S.D.N.Y. Sept. 22, 2000).

This is not the first time Mr. Carpenter has sought to intimidate Universitas' counsel. A previous occasion is recorded in the email string attached as Exhibit A. In the email dated Feb. 26, 2013, Mr. Carpenter threatened a lawsuit against Universitas' attorneys to stop them from filing a turnover motion that the Court found meritorious.

3. **Mr. Carpenter's Misappropriation of Funds Has Been Finally Adjudicated and Theft and Misappropriation Are Synonyms**.

The Statement is a reasonable characterization of facts that are demonstrably true. With respect to the word "stole," the courts determined that Mr. Carpenter fraudulently transferred the entirety of the insurance proceeds owed to Universitas. *See Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11CV1590-LTS-HBP, 2014 U.S. Dist. LEXIS 109077 (S.D.N.Y. Aug. 7, 2014). It is not unreasonable to use the word "steal" as a general description of a fraud. *See*, *e.g.*, *Salzano v. N. Jersey Media Gp. Inc.*, 201 N.J. 500, 525 (2009) (in common parlance, the words "misappropriate" and "steal" are equivalent). The first definition of "steal" as a transitive verb in Merriam-Webster's online dictionary is "to take or appropriate without right or leave and with intent to keep or make use of wrongfully." The term "criminal enterprise" is a reasonable characterization of the full set of findings that Judge Chatigny made in the verdict that Mr. Carpenter references. *United States v. Carpenter*, 190 F.Supp.3d 360 (D. Conn. 2016).

4. **Mr. Carpenter Does Not Provide Any Grounds to Strike or Deny Any Filing Made by Universitas**.

There is no occasion here to strike any filing or deny any motion. Universitas' motion to amend, which the Court has treated as a motion worthy of consideration, is not "frivolous." The doctrines of waiver, laches and res judicata bear no relationship to that motion.

5. **We Ask that the Court Place an Entry on the Docket That the Requests Are Denied**.

The Letter that Mr. Carpenter sent to the Court does not comply with local rules or process. As a result, there are some uncertainties associated with the procedural aspects of responding to the Letter and making this filing. In regular motion practice, the movant files a motion, the respondent files a response, there might be a reply and/or oral argument, and the Court grants or denies the motion.

The undersigned counsel is treating the Letter as if it is a motion filed by a party and treating this filing as its response to the Requests in the Letter. If the Court is not inclined to grant the Requests, the undersigned counsel submit that it would be unfair to us to leave the Requests, including Mr. Carpenter's claim of misconduct against us, on the docket in this Action without an entry stating that the Requests were denied. For these reasons, we respectfully request that the Court place an entry on the docket clearly stating that the Court sees no merit in, and denies, the Requests in the Letter.

        /s/
Ilan Markus, Esq.
Michael G. Caldwell, Esq.
Barclay Damon, LLP
545 Long Wharf Drive, 9th Fl.
New Haven, CT 06511
Ph. (203) 672-2658
Fax (203) 654-3265
IMarkus@barclaydamon.com

# EXHIBIT A

**From:** DCarpenter US Benefits <dcarpenter@usbgi.com>
**Sent:** Wednesday, February 27, 2013 12:41 PM
**To:** 'Bryan Reyhani'
**Cc:** labelle@halloran-sage.com; tonysiano@aol.com; Paula Colbath; robinsonesq@aol.com; 'McGrath Jr., William J.'
**Subject:** RE: Universitas v. Nova - Order to Show Cause with TRO on February 27, 2013

Bryan:

I did not "threaten" you.....I promised that I would be suing you and your firm for commercial defamation.....as well as for interference with our insurance carrier.

You are an attorney.....you know that I am represented by counsel.....yet you continue to contact me directly.....I promise you that I will be personally seeking YOUR disbarment as well as Ms. Colbath's for your unprofessional conduct to date and clearly outrageous behavior in going after non-judgment debtors not involved with the Charter Oak Trust or subject to the soon to be vacated Universitas judgment.

Please do not contact me directly ever again....and only contact my attorney Tony Siano whose email address you obviously have.

Please govern yourself accordingly before you find yourself in even more trouble.

Thanks,

Dan

---

**From:** Bryan Reyhani [mailto:bryan@rnlawfirm.com]
**Sent:** Wednesday, February 27, 2013 12:25 PM
**To:** DCarpenter US Benefits
**Cc:** Molly Carpenter; labelle@halloran-sage.com; tonysiano@aol.com; Paula Colbath; robinsonesq@aol.com
**Subject:** Re: Universitas v. Nova - Order to Show Cause with TRO on February 27, 2013

Mr. Carpenter,

We are disappointed by your inappropriate threats, and remind you that you are among those in contempt of a Court Order to disclose the whereabouts of Nova Group, Inc. and the Charter Oak Trust's assets, including the $30.7 million paid out by Lincoln National Life Insurance Company to the Charter Oak Trust regarding the Sash Spencer policies.

Also, as repeatedly set forth in Court papers, Nova Group and its principals can avoid the judgment enforcement process about which they unreasonably complain by satisfying the judgment, posting a bond for the judgment amount, or by identifying the assets that could be used to satisfy the judgment.

What you cannot do, however, is refuse to satisfy the judgment and then improperly threaten Universitas' counsel with baseless, retaliatory lawsuits when Universitas has located assets that belong to the Charter Oak Trust. Any lawsuit against Universitas' counsel would be frivolous since lawyers have an absolute privilege regarding statements made in court filings, and the TRO filings at issue simply discuss the money trail from the Charter Oak Trust to Grist Mill Capital to Moonstone. See also Kelly v. Albarino, 485 F.3d 664 (2d Cir. 2007) (discussing absolute privilege).

1

So you are aware, in anticipation of making a TRO application, we have ascertained from her Chambers that Judge Swain may be available to hear a TRO application tomorrow morning, February 28.

In the interim, in the interests of potentially avoiding a TRO application, we would be willing to meet and confer with you (and/or your counsel) by telephone to discuss the merits of the planned application, as well as an amicable resolution to Universitas' claim to the USAA proceeds at issue.

As part of the meet-and-confer process, we would need to immediately see the closing binder for the Rhode Island property transaction at issue, as well as a sworn affidavit, from either you or Ms. Carpenter (Moonstone's principals), addressing the following points:

- The origins of the money used to buy the Rhode Island property, including what individuals or entities had the money before it came into Moonstone's possession;
- An explanation of why money was transferred from the Charter Oak Trust to Grist Mill Capital to Moonstone Partners; and
- Any reasons you have for opposing Universitas' TRO application and Order to Show Cause.

Please let us know by no later than 3 p.m. today, February 27, whether you are available to meet and confer in an effort to avoid a TRO application. We remain ready to resolve the application and distribution of the USAA proceeds on an amicable basis.

Sincerely,

Bryan

Bryan I. Reyhani


Reyhani
Nemirovsky LLP
200 Park Ave., FL 17 | New York, NY 10166
Direct: (212) 897-4022 | Cell: (917) 748-6580
Main: (212) 897-4030 | Fax: (212) 897-4031
bryan@rnlawfirm.com | rnlawfirm.com

On Feb 26, 2013, at 8:28 PM, DCarpenter US Benefits <dcarpenter@usbgi.com> wrote:

Bryan:

Just to let you know.......if you file this baseless action tomorrow or at any time, we will be suing you, your firm, Ms. Colbath and Loeb for a very long time to come.

Neither Moonstone, nor Molly......nor even Dan Carpenter are judgment debtors of Universitas and only the Charter Oak Trust is responsible for the payment of any death claims. Please read the Trust document for yourself. Additionally, you should know that this Friday the Second Circuit will rule that the Federal Courts do not have jurisdiction over this case, and you and Ms. Colbath will be forced to start your action over in state court.

Not that you appear to care about your professional status, but we will be filing grievance claims against you

2

and Ms. Colbath for your unconscionable conduct to date.

Therefore, please govern yourself accordingly. Filing this motion will be the single biggest mistake of your professional career, and since you have already commercially defamed us, you will need to apologize to us and USAA within the next 24 hours or face the consequences.

Thank you for your attention to correcting this matter immediately.

Dan

---

From: Bryan Reyhani [bryan@rnlawfirm.com]
Sent: Tuesday, February 26, 2013 6:32 PM
To: DCarpenter US Benefits; Molly Carpenter; usaaclaims16841@usaa.com
Cc: labelle@halloran-sage.com; tonysiano@aol.com; Paula Colbath; robinsonesq@aol.com
Subject: Universitas v. Nova - Order to Show Cause with TRO on February 27, 2013

All --

Please find attached:

1. Notice re Order to Show Cause with TRO on February 27, 2013;

2. Draft Declaration of Bryan Reyhani; and

3. Draft OSC.

Yours truly,

Bryan


Bryan I. Reyhani


Confidentiality Notice: The information in this email (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying this email is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone.

Reyhani Nemirovsky LLP Circular 230 Notice: To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied on by any other person or entity or used for any other purpose without our prior written consent.

Confidentiality Notice: ?The information in this email (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed above. ?Any review, use, disclosure, distribution or copying this email is prohibited except by or on behalf of the intended recipient. ?If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone.

Reyhani Nemirovsky LLP Circular 230 Notice: ?To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice

expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied on by any other person or entity or used for any other purpose without our prior written consent.

## CERTIFICATION OF SERVICE

I hereby certify that on November 9, 2020 a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

I further certify that a copy of the foregoing was mailed, first-class mail, postage prepaid to Daniel E. Carpenter, at:

Daniel E. Carpenter
18 Pond Side Lane
West Simsbury, CT 06092

/s/ Michael G. Caldwell
Michael G. Caldwell