UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

UNIVERSITAS EDUCATION, LLC,                NO. 3:20-CV-00738 (JAM)

V.

BENISTAR, ET AL.                            APRIL 29, 2021

## Objection to Universitas' Motion to Amend Complaint

Pursuant to D. Conn. L. Civ. R. 7, the defendants, Molly Carpenter, Donald Trudeau, Benistar Admin Services, Inc., TPG Group, Inc., and Moonstone Partners, LLC object, in part, to Universitas' motion to amend [#118] its complaint.

**Table of Contents**

Page

**Standard**..................................................................................................................2


**Argument**

A.  Universitas' proposed unjust enrichment claim against Molly Carpenter
and its proposed alter ego claims against the new defendants are futile. ......................2

  1.  Res judicata bars Universitas' proposed unjust enrichment claim for the
same reasons it barred the original alter ego claims. ...............................................3

  2.  Res judicata and Connecticut corporate law bar Universitas' proposed
alter ego claims against the new corporate defendants. ..........................................7

B.   Universitas' proposed unjust enrichment claim also is in bad faith..............................9

  1.  Universitas showed bad faith by waiting until the Court dismissed its
constructive trust claim before filing its proposed amendment. ...........................10

  2.  Universitas also shows bad faith by trying to expand Molly Carpenter's
alleged liability for unjust enrichment. .................................................................11

# Table of Authorities

**Cases**                                                                                                           **Page**

*Bank v. Spark Energy, LLC*, 2020 WL 6873436 (E.D.N.Y. Nov. 23, 2020)..........................13

*Barrows v. Forest Lab'ys, Inc.*, 742 F.2d 54 (2d Cir. 1984).......................................................9

*Bellikoff v. Eaton Vance Corp.,* 481 F.3d 110 (2d Cir. 2007) ...................................................10

*CA-POW! (Citizens Alert: Protect our Waters!) v. Town of Greece, N.Y.*,
2010 WL 3663409 (W.D.N.Y. Sept. 14, 2010) ........................................................................13

*Corbett v. City of N.Y.*, 816 F. App'x 551 (2d Cir. 2020).......................................................2, 3

*Grabcheski v. Am. Int'l Grp., Inc.*, 687 F. App'x 84 (2d Cir. 2017)..........................................2

*Hubert v. Dep't of Corr.*, 2020 WL 4938327 (D. Conn. Aug. 23, 2020) ...................................2

*Kirby v. P. R. Mallory & Co.*, 489 F.2d 904 (7th Cir. 1973),
*cert. denied*, 417 U.S. 911 (1974).................................................................................................9

*McKay v. Longman*, 332 Conn. 394 (2019)................................................................................8

*Mirlis v. Edgewood Elm Hous., Inc.*, 2020 WL 4369268 (D. Conn. July 30, 2020) .................8

*Monahan v. New York City Dep't of Corr.*, 214 F.3d 275 (2d Cir. 2000) .................................5

*Morales v. New York City Dep't of Educ.*, 808 F. App'x 35 (2d Cir. 2020) .............................3

*Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40 (2d Cir. 2012)......................12

*NCA Invs. Liquidated Tr. v. Dimenna*, 2019 WL 7050139 (D. Conn. Dec. 23, 2019).............5

*New York Wheel Owner LLC v. Mammoet Holding B.V.*, 2020 WL 4926379
(S.D.N.Y. Aug. 21, 2020) ............................................................................................................7

*Palmer-Williams v. United States*, 699 F. App'x 1 (2d Cir. 2017)............................................3

*Pasco Common Condo. Ass'n, Inc. v. Benson*, 192 Conn. App. 479 (2019)..............................8

*Rajasekhar v. Env't Data Res., Inc.*, 2020 WL 6828944 (D. Conn. July 27, 2020)...................2

*Read v. Corning Inc.*, 371 F. Supp. 3d 87 (W.D.N.Y. 2019)....................................................10

*State Trading Corp. of India v. Assuranceforeningen Skuld*,
921 F.2d 409 (2d Cir. 1990) ................................................................................................ 11, 13

*Tannerite Sports, LLC v. NBCUniversal News Grp.,
a division of NBCUniversal Media, LLC*, 864 F.3d 236, (2d Cir. 2017) .................................. 2

*Universitas Educ., LLC v. Nova Grp., Inc.*, 2012 WL 2045942 (S.D.N.Y. June 5, 2012) ...... 12

*Universitas Educ., LLC v. Nova Grp., Inc.,* 2013 WL 6123104, (S.D.N.Y. Nov. 20, 2013) .... 3

*Vine v. Beneficial Fin. Co.*, 374 F.2d 627 (2d Cir.), *cert. denied*, 389 U.S. 970 (1967) ..... 9, 10

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245 (2d Cir.),
*cert. denied*, 506 U.S. 820 (1992) ............................................................................................ 6

**Rules**

Fed. R. Civ. P. 15 ................................................................................................................ 1, 10

**Statutes**

Conn. Gen. Stat. § 33-673a ........................................................................................................ 7

Conn. Gen. Stat. § 33-673b ........................................................................................................ 8

Conn. Gen. Stat. § 33-673c ............................................................................................... 7, 8, 9

Public Act 19-181 .................................................................................................................. 7, 8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

UNIVERSITAS EDUCATION, LLC,                    NO. 3:20-CV-00738 (JAM)

V.

BENISTAR, ET AL.                                APRIL 29, 2021

### Objection to Universitas' Motion to Amend Complaint

The defendants, Molly Carpenter, Donald Trudeau, Benistar Admin Services, Inc. (BASI), TPG Group, Inc., and Moonstone Partners, LLC, object, in part, to Universitas' motion to amend its complaint [#118]. The defendants do not object to Universitas' proposed amended complaint [#118-4] insofar as it removes from the original complaint [#1]: (1) all claims against Donald Trudeau, BASI, TPG Group and Moonstone; and (2) the alter ego claim (Count One), the independent claim for attorneys' fees (Count Two), and the independent constructive trust claim (Count Three) against Molly Carpenter. The defendants, however, object to Universitas' attempt to replace its dismissed constructive trust claim against Molly Carpenter with an unjust enrichment claim. (*See* Proposed Amend. Compl. [#118-4], Count Nine).[1] The defendants also object to Universitas' proposed alter ego claims against the new proposed defendants: Seir Hill Partners, LLC; Birch Hill Partners, LLC; Greyhound Partners, LLC; and 1 & 3 Mill Pond Partners, LLC. (*Id*., Count One.) Because Universitas' proposed claims are futile and in bad faith, this Court should deny leave to add them to the amended complaint.

---

[1] Universitas filed two versions of its proposed amended complaint; the first [#118-2] maintains the dismissed Count One (alter ego) against the Benistar defendants if the Court grants reconsideration. Because the proposed unjust enrichment claim against Molly Carpenter and the alter ego claims against the new defendants are the same in both versions, the Benistar defendants refer to the second version [#118-4] to acknowledge that they do not object to Universitas' removal of the alter ego and other claims against them if the Court *denies* reconsideration. The defendants' arguments here, however, apply to both versions.

1

### Standard

Although Rule 15(a)(2) states that courts should freely give leave to amend "when justice so requires," a district court "may nonetheless decline to grant such leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Grabcheski v. Am. Int'l Grp., Inc*., 687 F. App'x 84, 87 (2d Cir. 2017)(citation and internal quotation marks omitted). "When the plaintiff has submitted a proposed amended complaint, the district judge may review that pleading for adequacy and need not allow its filing if it does not state a claim upon which relief can be granted." *Id*. at 88 (citation omitted). A district court does not abuse its discretion when it denies leave to amend a complaint even once due to futility, bad faith, undue delay, or undue prejudice. *Id*.

### Argument

**A.  Universitas' proposed unjust enrichment claim against Molly Carpenter and its proposed alter ego claims against the new defendants are futile.**

"Proposed amendments are futile, and thus must be denied, if they would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Tannerite Sports, LLC v. NBCUniversal News Grp., a division of NBCUniversal Media, LLC*, 864 F.3d 236, 252 (2d Cir. 2017). "Amendment is futile where, as here, a plaintiff's claims are barred by res judicata." *Rajasekhar v. Env't Data Res., Inc*., 2020 WL 6828944, *6 (D. Conn. July 27, 2020), *adopted by* 2020 WL 6826738 (D. Conn. Nov. 20, 2020). *Accord*, *Corbett v. City of N.Y.*, 816 F. App'x 551, 554–55 (2d Cir. 2020)(affirming dismissal on res judicata grounds and holding that proposed amendments could not cure defect); *Hubert v. Dep't of Corr.*, 2020 WL 4938327, *16 (D. Conn. Aug. 23, 2020)(dismissing claims on res judicata grounds and denying leave to amend because "it would be futile to permit any of these claims to be the subject of an amended pleading.").

### 1. Res judicata bars Universitas' proposed unjust enrichment claim for the same reasons it barred the original alter ego claims.

Res judicata bars re-litigation if: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Morales v. New York City Dep't of Educ.*, 808 F. App'x 35, 37 (2d Cir. 2020)(citation omitted). Dismissal is proper "when it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Palmer-Williams v. United States*, 699 F. App'x 1, 3 (2d Cir. 2017)(citation omitted). "Res judicata bars all claims that *could have been raised*, not just those actually raised." *Corbett v. City of N.Y.*, 816 F. App'x 551, 554 (2d Cir. 2020).

Here, in their motion to dismiss, the defendants argued that res judicata barred Universitas' constructive trust claim against Molly Carpenter. (Defs.' Mem. Supp. Dismiss [#69] at 5–10.) Universitas did not dispute that res judicata was satisfied to bar this claim. Instead, Universitas argued that the Court should decline to *apply* res judicata on equitable grounds—an argument this Court rejected. (Mem. of Dec. [#110] at 30.) Although the Court dismissed the constructive trust claim for other reasons, the defendants' res judicata argument—and Universitas' inability to refute it—still stands regardless of whether the equitable remedy is converted into an actual unjust enrichment claim.

As this Court knows, Molly Carpenter, Daniel Carpenter and Moonstone Partners, LLC were respondents in Universitas' first turnover proceeding before the Southern District of New York. *See Universitas Educ., LLC v. Nova Grp., Inc.,* 2013 WL 6123104, * 1 (S.D.N.Y. Nov. 20, 2013). There, after a bench trial, the district court found that the Spencer life insurance proceeds had been fraudulently

3

transferred in various amounts to third-party companies that Daniel Carpenter controlled, including Moonstone. *Id*. at *4. The district court further found relative to Moonstone's purchase of the Rhode Island property:

> Mr. Carpenter, through his corporate shell Caroline Financial, and his wife, Ms. Carpenter, formed Moonstone Partners, LLC on April 20, 2009. Ms. Carpenter purportedly holds 99% of the ownership interest of Moonstone, however, all documentary evidence and the testimony suggest that Mr. Carpenter acted on the company's behalf in connection with the receipt of funds and the purchase of the [Rhode Island] Property. At the time of the bench trial, and at all relevant times beforehand, Moonstone had no employees or operations. Its sole purpose appears to have been the purchase of the [Rhode Island] Property.

*Id.* at *5.

The district court thus concluded that Moonstone had purchased and insured the Rhode Island property "through fraudulent conveyances" of the Spencer life insurance proceeds from Nova. *Id*. at *12. Invalidating these fraudulent conveyances, the district court found that Nova, as the judgment debtor, thus had an interest in the property and any flood insurance proceeds arising from damage thereto. *Id*. at *13. The district court ruled that Universitas, as the judgment creditor, was therefore entitled to those insurance proceeds. *Id*. Because the first turnover proceeding involved the same parties, *i.e*., Universitas, Moonstone Partners, LLC and Molly Carpenter, and the district court adjudicated the matter on the merits, the first two elements for res judicata are satisfied.

The last element for res judicata is also satisfied. That is, Universitas could have brought its unjust enrichment/constructive trust claim in the first turnover proceeding. As this Court stated, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories *or if seeking a different remedy*." (Mem. of

4

Dec. [#110] at 21)(emphasis added). Res judicata "is based on the requirement that the plaintiff must bring all claims at once against the same defendant relating to the same transaction or event." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 289 (2d Cir. 2000)(citation omitted). This Court agreed that Universitas' claims satisfied the transactional analysis because the "gravamen" of the allegations "relates to the fraudulent conveyance of the Spencer life insurance proceeds and Daniel Carpenter's use of alter egos to prevent Universitas from enforcing its arbitration award." (Mem. of Dec. [#110] at 29.)[2]

That Universitas converted its constructive trust claim into an unjust enrichment claim changes nothing; a constructive trust is a remedy for *unjust enrichment*. (*Id*. at 12.) "Although unjust enrichment typically arises from a plaintiff's direct transfer of benefits to a defendant, it also may be indirect, involving, for example, a transfer of a benefit from a third party to a defendant when the plaintiff has a superior equitable entitlement to that benefit." *NCA Invs. Liquidated Tr. v. Dimenna*, 2019 WL 7050139, *10 (D. Conn. Dec. 23, 2019)(citation omitted). As with an unjust enrichment claim, the district court in the first turnover proceeding had to find that the respondents were unjustly holding property to which Universitas had a superior interest. Universitas still relies on that finding to support its claim that Molly Carpenter was unjustly enriched "from Moonstone's possession of legal title to the [Rhode Island] property." (Pl.'s Proposed Amend. Compl. [#118-4], Count Nine ¶¶ 137–39, 497.) To be sure, Universitas could have asserted the same theory in the turnover proceeding.

---

[2] Universitas' proposed unjust enrichment claim is still rife with allegations relying on alter ego liability, even though the Court has dismissed the latter claim. (*See*, *e.g.,* Pl.'s Proposed Amend. Compl. [#118-4], Count Nine ¶¶ 241, 251–52, 433, 440, 502, 516–17.)

5

The same is true for Universitas' other allegations of unjust enrichment. (*See, e.g.,* Pl.'s Proposed Amend. Compl. [#118-4], Count Nine ¶ 218 [deleted]) (alleging that Carpenter Financial Group fraudulently transferred "at least $160,300 of the Spencer death benefits to [Molly] Carpenter.");[3] (*Id*. ¶ 235)(alleging that Carpenter Financial Group's payments to Molly Carpenter were "fraudulent transfers"); (*Id*. ¶ 503)(alleging that, at the time of Carpenter Financial Group's transfers to Molly Carpenter, her husband "was aware that Universitas was asserting its right to the Spencer insurance proceeds and considering litigation"); (*Id*. ¶ 506) (alleging that Molly Carpenter was unjustly enriched by Carpenter Financial Group's transfers)(*Id*. ¶¶ 247–48, 499)(alleging that Carpenter Financial Group also fraudulently transferred to Seir Hill Partners the $150,000 it used to buy 25 Seir Hill Road); (*Id*. ¶ 500)(alleging that Molly Carpenter was unjustly enriched "from Seir Hill's possession of legal title" to 25 Seir Hill Road).

Res judicata bars Universitas' unjust enrichment claim against Molly Carpenter for the same reason it barred Universitas' original alter ego claims. Moreover, this Court's holding that res judicata was satisfied—coupled with Universitas' failure to refute that res judicata barred its constructive trust claim against Molly Carpenter—has the same force and effect here. Indeed, under the "law of the case" doctrine, "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd*., 956 F.2d 1245, 1255 (2d Cir.), *cert. denied*, 506 U.S. 820 (1992)(citation omitted). Thus, because Universitas' proposed unjust enrichment claim against Molly Carpenter (Count Nine) is futile, this Court should deny it.

---

[3]   It is worth noting that Universitas had access to Carpenter Financial Group's bank records at the time of the turnover proceedings.

6

### 2. Res judicata and Connecticut corporate law bar Universitas' proposed alter ego claims against the new corporate defendants.

Current parties may assert a claim of futility on behalf of a proposed defendant where, like here, the plaintiff asserts an alter ego claim implicating both. *See New York Wheel Owner LLC v. Mammoet Holding B.V.*, 2020 WL 4926379, *22 (S.D.N.Y. Aug. 21, 2020). Although this Court dismissed Universitas' alter ego claims against the Benistar defendants, Universitas still alleges that Molly and Daniel Carpenter are alter egos of "Benistar," which is an inaccurate catch-all term Universitas uses to subsume all defendants. (Pl.'s Proposed Amend. Compl. [#118-4] ¶ 242.) Universitas also adds that Molly and Daniel Carpenter are alter egos of the proposed defendant, Seir Hill Partners, LLC, (*Id*. ¶ 241), and that Daniel Carpenter is the alter ego of the proposed defendants: 1 & 3 Mill Pond Partners, LLC (*Id*. ¶ 260); Birch Hill Partners, LLC (*Id*. ¶ 270); and Greyhound Partners, LLC (*Id*. ¶ 308.) Seir Hill Partners, Birch Hill Partners and Greyhound Partners are all alleged Connecticut limited liability companies. (*Id*. ¶¶ 7–9.)

As this Court recognized, "Connecticut law now prohibits reverse veil piercing liability" for domestic entities. (Mem. of Dec. [#110] at 13)(citing Conn. Gen. Stat. § 33-673c). Effective July 9, 2019 (P.A. 19-181 § 3), General Statutes § 33-673c states: "No domestic entity shall be responsible for a debt, obligation or other liability of an interest holder of such entity based upon a reverse veil piercing doctrine, claim or remedy." A "domestic entity" includes Connecticut corporations and limited liability companies. Conn. Gen. Stat. § 33-673a(2), (3). Public Act 19-181 § 3 states that Section 33-673c is "effective from passage and applicable to any civil action *filed on or after the effective date of this section*." (emphasis added); (*See* Mem. of Dec. [#110] at 13)(recognizing that Section 33-673c applies "prospectively after its enactment in July 2019.")

7

Contrary to Universitas' argument, Section 33-673c bars its proposed alter ego claims regardless of whether the proposed defendants "were all incorporated prior to 2019 and Universitas began collecting its judgment from alleged alter egos well before 2019." (Pl.'s Mem. Supp. [#118-5] at 15.) These facts are immaterial. Universitas ignores the plain language of P.A. 19-181 § 3, which the Connecticut Supreme Court quoted in the very footnote on which Universitas relies for the contrary. (*See id.*)(citing *McKay v. Longman*, 332 Conn. 394, 432 n.27 (2019)). Indeed, the Supreme Court in *McKay* declined to apply Section 33-673c because the plaintiff had filed his action almost nine years *before* the statute took effect. *Id*. Universitas, in contrast, filed the present action in May 2020 —almost a year *after* Section 33-673c took effect and well within the statute's purview.

Universitas also cannot rely on so-called "horizontal" veil-piercing and/or the "identity rule" to escape Section 33-673c. (Pl.'s Mem. Supp. [#118-5] at 15–16.) Connecticut recognizes neither. Public Act 19-181 § 2—codified at General Statutes § 33-673b—states that a court shall make *any* veil-piercing determination "exclusively in accordance with the provisions of this section and Section 33-673a [definitions]." Conn. Gen. Stat. § 33-673b(e). *See McKay*, 332 Conn. at 432 n.27) (noting that P.A. 19-181 "codifies the instrumentality test for veil piercing and prohibits reverse veil piercing.") "P.A. 19-181 implicitly abandons the identity rule by virtue of the language in § 2 that 'a court shall make such [a veil piercing] determination exclusively in accordance with the provisions of this section ... of this act.'" *Pasco Common Condo. Ass'n, Inc. v. Benson*, 192 Conn. App. 479, 522 n.27 (2019); *see Mirlis v. Edgewood Elm Hous., Inc.*, 2020 WL 4369268, *9 (D. Conn. July 30, 2020)(rejecting plaintiff's attempt to characterize his reverse-piercing claim [pre-P.A. 19-181] as a "horizontal" piercing claim).

General Statutes § 33-673c bars Universitas from holding Seir Hill Partners, LLC; Birch Hill Partners, LLC; and Greyhound Partners, LLC liable for the 2014 judgment as Daniel Carpenter's alter egos. *See McKay*, 332 Conn. at 429 (stating that reverse veil-piercing "is an equitable remedy by which a court imposes liability on a corporation for the acts of a corporate insider.") And because Universitas cannot take this first step, it cannot then pierce the veils of these companies to *de facto* hold Molly Carpenter liable for that judgment or otherwise use alter ego liability to do the same under an unjust enrichment theory. Further, even if Connecticut allowed reverse veil-piercing, res judicata bars Universitas' proposed alter ego claims against *all* proposed corporate defendants, including 1 & 3 Mill Pond Partners, LLC (a Delaware company) for the same reasons this Court dismissed Universitas' original alter ego claims. Because Universitas' proposed alter ego claims (Count One) against the new corporate defendants are futile, this Court should deny them.

**B.    Universitas' proposed unjust enrichment claim also is in bad faith.**

Bad faith exists when the new information alleged in a post-dismissal proposed amended complaint was "within plaintiff's knowledge before argument of the motion to dismiss …." *Vine v. Beneficial Fin. Co*., 374 F.2d 627, 636 (2d Cir.), *cert. denied*, 389 U.S. 970 (1967)("one basis for denial of leave to amend was the bad faith of [plaintiff] in waiting to see how he would fare on the prior motion to dismiss."). *Accord, Kirby v. P. R. Mallory & Co*., 489 F.2d 904, 912 (7th Cir. 1973), *cert. denied*, 417 U.S. 911 (1974)("It is clearly unfair to [defendant] to permit [plaintiff] to remain mute for this period and then to bolster his pleadings to prevent an anticipated adverse judgment."); *see Barrows v. Forest Lab'ys, Inc*., 742 F.2d 54, 58 (2d Cir. 1984)(denying leave to amend complaint post-dismissal where proposed amendments altered original theories of relief).

9

### 1. Universitas showed bad faith by waiting until the Court dismissed its constructive trust claim before filing its proposed amendment.

Rule 15's liberal amendment standard "is not meant to encourage a 'wait-and-see approach,' where the pleader in effect lets the court identify the deficiencies in the pleading, and only then attempts to correct them." *Read v. Corning Inc.*, 371 F. Supp. 3d 87, 90 (W.D.N.Y. 2019)(citation and internal quotation marks omitted). "The district court does not serve as a legal advisor to the parties, nor is a dispositive motion a 'dry run' for the nonmovant to 'wait and see' what the district court will decide before requesting leave to amend." *Id*. (citation omitted). A plaintiff is "not entitled to an advisory opinion from the Court informing [it] of the deficiencies in the complaint and then an opportunity to cure those deficiencies." *Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007). Again, when the plaintiff takes such a "wait and see" approach, it is guilty of bad faith. *Vine v. Beneficial Fin. Co.*, 374 F.2d 627, 636 (2d Cir.), *cert. denied*, 389 U.S. 970 (1967).

The defendants here also moved to dismiss the constructive trust claim because a constructive trust is a *remedy*, "not a legally cognizable cause of action." (Mem. of Dec. at 11.) At that point, Universitas could have amended its claim "as a matter of course" to potentially cure the deficiency by alleging an unjust enrichment claim. Fed. R. Civ. P. 15(a)(1)(B). Instead, Universitas objected, arguing that a constructive trust claim "is a distinct cause of action." (Pl.'s Opp. Mem. [#85] at 14.) To hedge its bet, Universitas also implied that this Court should "convert" its claim into an unjust enrichment claim if the Court disagreed. (*Id*. at 20 n.12.) Universitas also filed a "contingent" motion to amend where it proposed to add another *constructive trust* claim against Molly Carpenter if the Court granted dismissal. (Pl.'s Mot. Amend. [#88] at 1.) Universitas did not, however, file a proposed amended complaint with its motion, as required under D. Conn. L. Civ. R. 7(f).

10

To be sure, Universitas intended to "wait and see" if its constructive trust claim would survive dismissal before it filed an amendment. Although Universitas had notice of that claim's legal deficiency, it made a tactical decision not to amend its claim as-of-right *before* dismissal. This allowed Universitas to both keep its constructive trust claim *and* leave open the possibility that the Court would convert it to unjust enrichment or, at the very least, allow Universitas to do the same if it lost. That Universitas did not file a proposed amended complaint with its contingent motion to amend—preventing the Court and the defendants from seeing the *actual* allegations until now—alone "indicates lack of diligence and good faith." *State Trading Corp. of India v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990)(stating that failure to file proposed amended complaint with motion to amend "was sufficient to impute lack of good faith"). Because Universitas' proposed unjust enrichment claim against Molly Carpenter is in bad faith, this Court should deny it.

>  **2.     Universitas also shows bad faith by trying to expand Molly Carpenter's alleged liability for unjust enrichment.**

Universitas' constructive trust claim against Molly Carpenter sought a constructive trust "upon the Spencer insurance proceeds" that, according to Universitas, Moonstone Partners, LLC used to pay her "personal credit card bills" and "purchase the Carpenters' vacation property" in Rhode Island. (Compl. [#1], Count Three ¶¶ 190–193.) The Court dismissed this claim because, under Connecticut law, a constructive trust is an equitable remedy "imposed to prevent unjust enrichment"— not a substantive independent cause of action. (Mem. of Dec. [#110] at 12.) The Court issued its dismissal without prejudice for Universitas to seek leave "in an appropriate manner to amend its complaint to add an unjust enrichment cause of action." (*Id*. at 12 n.3.)

Universitas' proposed unjust enrichment claim, however, seeks to do more than "cure the dismissed claims' deficiencies" identified by this Court. (*Id*. at 35.) Instead, it seeks to expand its claim by adding old property and money transfers that were known to Universitas but never part of its original claim.[4] Most egregious, Universitas adds that Molly Carpenter was unjustly enriched when Daniel Carpenter transferred to her his interest in their personal residence at 18 Pondside Lane in **1995**. (Proposed Amend. Compl., Count Nine ¶¶ 214–216, 491–494.) This alleged transfer occurred more than a decade before Sash Spencer participated in the Charter Oak Trust Welfare Benefit Plan underlying this action. Indeed, the "Spencer insurance proceeds" did not even exist. Spencer died in 2008, the arbitrator did not issue his award until 2011, and Judge Swain did not confirm that award and enter judgment in Universitas' favor until 2012. *See Universitas Educ., LLC v. Nova Grp., Inc*., 2012 WL 2045942, *1 (S.D.N.Y. June 5, 2012).

Universitas also adds that Molly Carpenter was unjustly enriched when, according to Universitas:

- The proposed new defendant, Seir Hill Partners, LLC, bought property at 25 Seir Hill Road in January **2013** with $150,000 it allegedly had received from Carpenter Financial Group in December **2012**. (Proposed Amend. Compl., Count Nine ¶¶ 243–252, 498–500.)

- From May **2010** to January **2013**, Molly Carpenter received various payments from Carpenter Financial Group and Caroline Financial Group. (*Id*. ¶¶ 220–234, 501–512.)

---

[4] As the Second Circuit has held, district courts do not abuse their discretion when they deny claims in amended complaints "where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted." *Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012). Although this Court has not granted Universitas leave to amend, the same principle still applies to Universitas' proposed amended complaint considering this Court's orders regarding leave to amend.

- BASI paid Molly Carpenter "income and earnings" that it should have paid to Daniel Carpenter instead. (*Id.* ¶¶ 513–523.)

Universitas knew these alleged facts before filing suit and only asserts them now to secure a tactical advantage. "Bad faith amendments are those which may be abusive or made in order to secure some ulterior tactical advantage." *CA-POW! (Citizens Alert: Protect our Waters!) v. Town of Greece, N.Y.*, 2010 WL 3663409, *5 (W.D.N.Y. Sept. 14, 2010)(citation omitted)(denying leave to amend dismissed complaint). Bad faith exists when the plaintiff withholds facts "clearly known to it prior to the filing of the complaint" and then, after dismissal, attempts to add those facts to gain a tactical advantage such as forcing settlement or "punishing defendant for failing to settle." *Id*. (citation omitted). "Parties have an obligation to introduce, at the earliest stage of the litigation as possible, the matters upon which they want to rely in supporting their claim or defense." *Id.* at *5 (citation omitted).

Further, when the plaintiff "has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion more exactingly." *State Trading Corp. of India v. Assurance-foreningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990). "A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim." *Id.* (citation omitted). *Accord, Bank v. Spark Energy, LLC*, 2020 WL 6873436, *2 (E.D.N.Y. Nov. 23, 2020)(denying bad faith amendments attempting to cure dismissed claim). Universitas' amendments do not simply convert its constructive trust claim against Molly Carpenter vis-à-vis Moonstone into an unjust enrichment claim. Rather, Universitas seeks to pile on additional claims attacking Molly Carpenter's home and personal income, doubtless to place intense pressure on her as Daniel Carpenter's wife and the only remaining individual defendant. Because these amendments are in bad faith, the Court should deny them.

13

**Wherefore,** the defendants respectfully request that this Court deny Universitas' motion to amend its complaint as stated herein.

THE DEFENDANTS,
MOLLY CARPENTER, DONALD
TRUDEAU, BENISTAR ADMIN SERVICES,
INC., TPG GROUP, INC., AND
MOONSTONE PARTNERS, LLC.

By:   /s/ Dan E. Labelle
Dan E. LaBelle, Esq. (ct01984)
labelle@halloransage.com
HALLORAN SAGE, LLP
315 Post Road West
Westport, CT 06880
Tel: (203) 227-2855
Fax: (203) 227- 6992

Michael R. McPherson, Esq. (ct24082)
mcpherson@halloransage.com
HALLORAN SAGE, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06880
Tel: (860) 241-4079
Fax: (860) 548-0006

## Certification

I hereby certify that on April 29, 2021 a copy of foregoing objection was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ Daniel E. Labelle (ct01984)