## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

UNIVERSITAS EDUCATION, LLC

                         Plaintiff,

v.

BENISTAR, ET AL.

                        Defendants.

CASE NO. 3:20-cv-00738-JAM

**PLAINTIFF'S REPLY MEMORANDUM IN RESPONSE TO BRIEF OPPOSING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND JOIN ADDITIONAL DEFENDANTS FILED BY ALLIANCE CHARITABLE TRUST, ATLANTIC CHARITABLE TRUST, AVON CHARITABLE TRUST, CARPENTER CHARITABLE TRUST, AND PHOENIX CHARITABLE TRUST**

Universitas Education, LLC ("Universitas") files this memorandum of law, along with the attached exhibits, in further support of its Motion to Amend the Complaint.

## BACKGROUND

Universitas moved to amend the Complaint so as to include additional claims and join additional parties involved in the criminal enterprise controlled by Daniel Carpenter (hereinafter "Benistar"), which Mr. Carpenter uses to conceal assets from creditors. In response, Defendants Alliance Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, Carpenter Charitable Trust, and Phoenix Charitable Trust (hereinafter collectively the "Charitable Trusts") filed an opposition brief predicated almost entirely upon demonstrably false allegations. The Charitable Trusts' reliance upon demonstrably false statements has been a theme throughout this proceeding. [*See e.g.*, Dkt. #110 at 33 ("It is disturbing that the Defendant Trusts have tried to make a factual claim about Daniel Carpenter's citizenship that their counsel should know is obviously untrue.")]. The use of knowingly false factual statements is also consistent with Mr. Carpenter's actions in

1

other litigations involving entities under his control. *See e.g.*, *Universitas Educ., LLC v. Avon Capital, LLC*, No. 14-FJ-05-HE, 2020 U.S. Dist. LEXIS 251679, at *64 (W.D. Okla. Oct. 20, 2020) (noting that Carpenter-controlled entity's claims on summary judgment amounted to "bold factual misstatements").

The Charitable Trusts claim that they were included in a "series of restraining notices" submitted by Universitas. [Dkt. #121-1 at 5-6]. This is demonstrably false. Only the Carpenter Charitable Trust is identified in these restraining notices – the other four Charitable Trusts are not mentioned. [Dkt. #121-4].

The Charitable Trusts' allegations concerning SDM Holdings, LLC ("SDM") are demonstrably false on numerous levels. First, Universitas did not "file claims" against SDM – Mr. Carpenter and Mr. Trudeau worked together to launder the money stolen from Universitas and purchase SDM with the laundered funds, and thus Universitas is garnishing SDM. *See Avon Capital*, 2020 U.S. Dist. LEXIS 251679. Nor is SDM owned by the Charitable Trusts. The ownership of SDM was the subject of discovery in the Oklahoma garnishment proceeding – SDM is wholly owned by Avon Capital, LLC. *See id.* at *67 ("Because Avon-WY owns one hundred percent of the membership interests in SDM …."). This is confirmed, *inter alia*, by sworn testimony from the sole trustee for the Charitable Trusts. (Exhibit 1.)[1]

The Charitable Trusts' claims concerning the Avon Old Farms School are likewise demonstrably false on numerous levels. The Charitable Trusts falsely claim that: (i) Universitas "went after" the Avon Old Farms School, (ii) that this dispute took place in 2017, (iii) that Universitas sought over $500,000, and (iv) that Universitas recovered contributions made to the

---

[1] The date in Mr. Carpenter's affidavit is wrong. The Purchase Agreement whereby Avon Capital, LLC purchased SDM is dated December 30, 2009.

Avon Old Farms School in 1997. [Dkt. #121-1 at 6]. Universitas never "went after" the Avon Old Farms School – Universitas settled with the Avon Old Farms school concerning donations that Universitas alleged to be fraudulent transfers. (Exhibit 2.) The donations that Universitas claimed were fraudulent totaled less $500,000. (Exhibit 2.) This settlement took place in 2014 and was for substantially less than $500,000. (Exhibit 2.) Moreover, the parties identified every donation that Universitas believed to be fraudulent – every donation occurred after Mr. Carpenter stole Universitas' money. (Exhibit 2.) The Charitable Trusts' claim that the donations at issue were made in 1997 is both erroneous and entirely false.

## ARGUMENT

The Charitable Trusts' arguments against permitting Universitas to amend the Complaint fail. Universitas' proposed claims are not futile, nor would Universitas' proposed claims be unduly prejudicial upon the Charitable Trusts. *See A.V. By Versace, Inc. v. Gianni Versace S.P.A.*, 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000) (explaining that prejudice must arise to undue prejudice in order to constitute grounds for denying leave to amend the pleadings) (quoting *Foman v. Davis*, 371 U.S. 178 (1962)). Moreover, the Charitable Trusts' arguments were clearly brought in bad faith. *See Thomas v. Girardi*, 611 F.3d 1027, 1061 (9th Cir. 2010) (explaining that "recklessly or intentionally misrepresenting facts constitutes ... bad faith ....") (internal citations omitted).

I.     The Charitable Trusts do not Successfully Argue the Futility of Universitas' Proposed Claims.

The Charitable Trusts allege that Universitas' proposed claims are futile because (1) they are barred by the statute of limitations and/or (2) barred by *res judicata*. Both of these arguments fail to demonstrate that Universitas' proposed claims are futile.

a.  UNIVERSITAS' PROPOSED UNJUST ENRICHMENT CLAIMS ARE NOT BARRED BY THE STATUTE OF LIMITATIONS.

The Charitable Trusts erroneously claim that Delaware's statute of limitations applies to Universitas' proposed unjust enrichment claims. [Dkt. #121-1 at 3]. This is incorrect – Universitas' proposed unjust enrichment claims are subject to the Connecticut statute of limitations. *See Reclaimant Corp. v. Deutsch*, 332 Conn. 590, 599-611 (2019) (holding that statute of limitations is a procedural matter and thus Connecticut statute of limitations applies to unjust enrichment claims). Under Connecticut law, there is no statute of limitations for unjust enrichment claims because such claims seek equitable relief and are not legal claims. *See id.* at 611-15. Thus, Universitas' proposed unjust enrichment claims are not barred by any statute of limitations.

b.  UNIVERSITAS' PROPOSED CLAIMS ARE NOT BARRED BY *RES JUDICATA*.

The applicability of *res judicata* to Universitas' proposed claims depends largely upon how the Court rules upon Universitas' motion for reconsideration. [*See* Dkt. #117]. Universitas is not seeking to relitigate this issue here. Suffice to say that *res judicata* does not apply to Universitas' proposed alter ego claims because the proposed defendants were not defendants in the underlying litigation, and thus the facts concerning Mr. Carpenter's domination and abuse of these entities was not at issue in the underlying litigation. *See Ren-Cris Litho, Inc. v. Vantage Graphics*, 96-7802, 1997 U.S. App. LEXIS 3333, at *6-*15 (2d Cir. Feb. 24, 1997) (finding that post-judgment alter ego claims should have been brought in prior fraudulent conveyance action, and thus applying *res judicata* to post-judgment alter ego claims, in large part because both proceedings concerned the same facts); *Theatre Row Phase II Assocs. v. H & I Inc.*, 443 B.R. 592, 598-601 (S.D.N.Y. 2011) (same); *see also Bd. of Trs. of the Trucking Emples. of N. Jersey Welfare Fund, Inc. v. Caliber Auto Transfer, Inc.*, No. 09-6447 (DRD), 2010 U.S. Dist. LEXIS 57759, at *61 (D.N.J. June 11, 2010) ("… the question of whether the Plaintiffs had enough information about the

interrelatedness of the Caliber Enterprise during the underlying adjudications is a factual question that cannot be resolved by reference to the Amended Complaint alone. Where the merit of an affirmative defense it is not clear from the face of a complaint it may not be resolved on a Rule 12(b)(6) motion.") (internal citations omitted). Nor does *res judicata* apply to Universitas' proposed unjust enrichment claim against the Charitable Trusts as this claim encompasses allegations beyond the scope of the underlying fraudulent conveyance action concerning the Spencer insurance proceeds. [*See e.g.*, Dkt. #118-1 ¶ 184 (discussing proceeds from Mr. Carpenter's book), Dkt. #118-3 ¶ 137 (same)].

To the extent that Universitas' awareness of the Defendants during the fraudulent conveyance action precludes a post-judgment alter ego claim, the Charitable Trusts have only demonstrated that Universitas was aware of the Carpenter Charitable Trust. Accordingly, Universitas' claims against the remaining Charitable Trusts would not be barred by *res judicata.* The Charitable Trusts point to the affidavit of J. Edward Waesche as evidence that Universitas had knowledge of the Charitable Trusts – the affidavit was executed over a year after the conclusion of the proceeding in which the Court said that Universitas could have brought its alter ego claims. [Dkt. #110 at 24 (identifying the second turnover proceeding against Mr. Carpenter as proceeding in which claims could have been brought)]. Clearly, an affidavit executed in 2016 did not put Universitas on notice of potential claims in 2014, and thus this affidavit is irrelevant to any *res judicata* analysis.

II.     <u>The Charitable Trusts Fail to Demonstrate that they would be Unduly Prejudiced by Universitas' Proposed Claims.</u>

The Charitable Trusts claim that the proposed claims will unduly prejudice them because the new parties and new claims will require additional discovery, which will increase litigation costs and delay resolution of this proceeding. [Dkt. #121-1 at 4-5]. The Charitable Trusts further

allege that Universitas' seeks to amend the Complaint in bad-faith. [Dkt. #121-1 at 5]. The Charitable Trusts' assertions about litigation costs and delay are disingenuous – Mr. Carpenter and his affiliates are responsible for the entirety of all post-judgment litigation in this dispute. *See Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11CV1590-LTS-HBP, 2014 U.S. Dist. LEXIS 143667, at \*6 (S.D.N.Y. Oct. 8, 2014) (explaining that all litigation subsequent to the confirmation of the arbitration award was "necessitated by the relentless efforts of [Benistar] to prevent Universitas from realizing the benefit of its arbitration victory"). The Defendants would have resolved this dispute years ago if they were at all concerned with either of these factors.

New issues are not prejudicial unless the opposing party would be confronted with some unique difficulty in defending against the new issues, and thus new claims do not prejudice defendants when they are closely related to the original claims. *See Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 102-03 (S.D.N.Y. 2010). This is a post-judgment proceeding to enforce a judgment against Mr. Carpenter – Universitas already filed constructive trust claims and alter ego claims against the Charitable Trusts based on allegations that the Charitable Trusts are participants in the Benistar asset diversion scheme, and the proposed unjust enrichment claim concerns the diversion of Mr. Carpenter's assets. The entirety of Mr. Carpenter's asset diversion scheme constitutes a single transaction, and thus the proposed unjust enrichment claim involves claims already at issue in this proceeding. *See AKH Co. v. Universal Underwriters Ins. Co.*, No. 13-2003-JAR-KGG, 2018 U.S. Dist. LEXIS 72849, at \*18-\*20 (D. Kan. Apr. 30, 2018). Therefore, the proposed unjust enrichment claim is related to this proceeding, and thus is not prejudicial to the Charitable Trusts. *See id.*

    a.  THE CHARITABLE TRUSTS UNSUCCESSFULLY ARGUE THAT THE EXPENDITURE OF ADDITIONAL RESOURCES WOULD CAUSE UNDUE PREJUDICE.

The expenditure of additional money and/or time does not constitute undue prejudice,

especially when, as here, discovery has not been completed and no trial date has been set. *See A.V. by Versace*, 87 F. Supp. 2d at 299 ("… even if discovery were prolonged, 'the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading.' Allegations that an amendment will require the expenditure of additional time, effort, or money do not constitute 'undue prejudice.'"); *see also Duling*, 265 F.R.D. at 100-01 (explaining that "the need for new discovery is not sufficient to constitute undue prejudice on its own" and "the fact that an amendment will require a party to invest additional resources in litigation is not sufficient grounds for its denial") (internal citations omitted). Furthermore, Mr. Carpenter and his associates have invested eight years and millions of dollars into delaying and frustrating Universitas' attempts to enforce its judgment, and thus any additional expenditures incurred by the Defendants as a result of the proposed amendments are immaterial. *See Oneida Indian Nation v. Cty. of Oneida*, 199 F.R.D. 61, 80 (N.D.N.Y. 2000) (explaining that expenditure of additional resources "is almost meaningless in this context where apparently money has been no object when it comes to … defending these claims."). Nor would the addition of new defendants unduly prejudice the Charitable Trusts as their joinder will not re-open discovery or subject the Charitable Trusts to duplicative discovery efforts. *See Kiarie v. Dumbstruck, Inc.*, 473 F. Supp. 3d 350, 359-60 (S.D.N.Y. 2020) (collecting cases); *see also Wubben v. Yankton Cty.*, No. 4:19-CV-04109-KES, 2020 U.S. Dist. LEXIS 123908, at *21 (D.S.D. July 15, 2020) (providing that claims against new defendants do not meaningfully prejudice existing defendants).

> b. THE CHARITABLE TRUSTS FAIL TO DEMONSTRATE THAT THE DELAY WOULD BE UNDULY PREJUDICIAL.

Delay resulting from additional discovery is not a convincing reason to deny leave to amend the complaint. *See Oneida Indian Nation*, 199 F.R.D. at 78. Any delay resulting from additional briefing is also not unduly prejudicial *See Duling*, 265 F.R.D. at 101. Delay causes

undue prejudice when leave to amend the pleadings is sought late in the proceedings and/or after there has already been substantial discovery. *See Oneida Indian Nation*, 199 F.R.D. at 77-78 ("[T]here is a relationship between delay and prejudice such that 'prejudice tends to increase with delay.' Accordingly, 'a proposed amendment . . . [is] especially prejudicial . . . when discovery has already been completed and the non-movant has already filed a motion for summary judgment.'"); *see also Abrams v. Waters*, Civil Action No. 3: 17 - CV - 1659 (CSH), 2019 U.S. Dist. LEXIS 219551, at *6-*8 (D. Conn. Dec. 21, 2019) (explaining that new causes of action, after numerous amendments and related discovery, constitute undue prejudice because it requires "a whole new round of discovery" late in the proceedings); *Baez v. Delta Airlines, Inc.*, 2013 U.S. Dist. LEXIS 133628, at *24-*25 (S.D.N.Y. Sep. 18, 2013) ("Prejudice may be found if the amendment is sought after discovery has already closed.") (internal citations omitted). Amending the Complaint would not cause undue delay.

      c. THE CHARITABLE TRUSTS DO NOT ADEQUATELY ALLEGE THAT UNIVERSITAS ACTED IN BAD FAITH.

In order to allege bad-faith, the Charitable Trusts must assert more than mere delay or inadvertence, such as wrongfully attempting to gain a tactical advantage. *See Oneida Indian*, 199 F.R.D. at 80-81. The Charitable Trusts made no such allegations, and thus bad-faith is not a relevant consideration.

## CONCLUSION

Universitas seeks to amend the Complaint in order to better achieve justice and increase judicial economy. The proposed claims are not futile and would not unduly prejudice the Defendants. Universitas respectfully requests that the Court grant Universitas leave to amend the Complaint and join additional defendants.

Dated:  Alexandria, VA
          April 30, 2021

PLAINTIFF UNIVERSITAS EDUCATION,
LLC,

By: /s/ Joseph L. Manson III            /
Joseph L. Manson III
Law Offices of Joseph L. Manson III
600 Cameron Street
Alexandria, VA 22314
Tel. 202-674-1450
Fax. 703-340-1642
Em. jmanson@jmansonlaw.com
*Admitted Pro Hac Vice*

*Its Attorney*

## CERTIFICATION

I hereby certify that on April 30, 2021 a copy of foregoing memorandum was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ Joseph L. Manson III