# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNIVERSITAS EDUCATION, LLC | : | CIVIL ACTION NO. |
| | : | |
| Plaintiff | : | 3:20-cv-00738-JAM |
| | : | |
| v. | : | |
| | : | |
| BENISTAR, et al. | : | |
| | : | |
| Defendants | : | MAY 3, 2021 |

---

## DEFENDANT GRIST MILL PARTNERS, LLC'S
## MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO
## AMEND COMPLAINT AND JOIN ADDITIONAL PARTIES

---

RESPECTFULLY SUBMITTED,

THE DEFENDANT
GRIST MILL PARTNERS, LLC

Lawrence S. Grossman (ct15790)
Jeffrey M. Sklarz (ct20938)
Green & Sklarz LLC
One Audubon Street, Third Floor
New Haven, CT 06511
(203) 285-8545
Fax: (203) 823-4546
lgrossman@gs-lawfirm.com
jsklarz@gs-lawfirm.com

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES…………………………………………………….................... i

I.    INTRODUCTION ...................................................................................................... 1

II.   FACTS AND BACKGROUND ................................................................................. 1

III.  LAW AND ARGUMENT ......................................................................................... 2

    A.  The Court Should Not Allow Plaintiff to Amend the Complaint as the
        Proposed Amendments Would be Futile ...................................................................3

    B.  The Unjust Enrichment Count Remains Legally Insufficient (Count 7) .......................3

    C.  All of the Claims of the Proposed Amended Complaint are Barred by the
        Doctrine of *Res Judicata*...................................................................................8

IV.   CONCLUSION ......................................................................................................... 9

**TABLE OF AUTHORITIES**

**Cases**

*BTEC Turbines, LP v. Conn. Light & Power Co.,* 2007 U.S. Dist. LEXIS 93397 (D. Conn. Dec. 19, 2007) ........................................................................................................................ 5

*Certain Underwriters at Lloyd's, London v. Cooperman,* 289 Conn. 383, 957 A.2d 836 (2008) .... .............................................................................................................................. 7, fn. 5

*Corbett v. City of N.Y.,* 816 F. App'x 551 (2d Cir. 2020) ........................................................ 3, 9

*Gianetti v. Greater Bridgeport Individual Practice Ass'n.,* 2005 Conn. Super LEXIS 2032 ......... 5

*Greenwich Contracting Co. v. Bonwit Constr. Co.,* 156 Conn. 123, 239 A.2d 519 (1968) ........... 7

*Hubert v. Conn. Dep't of Corr.,* 2020 WL 4938327 (D. Conn. Aug. 23, 2020) ............................ 3

*In re A.N. Frieda Diamonds, Inc.*, 2020 WL 2059907 (Bankr. S.D.N.Y. Apr. 29, 2020) .............. 4

*In re Handy & Harman Ref. Group*, 266 B.R. 24 (Bankr. D. Conn. 2001) .................................. 4

*Morales v. N.Y.C. Dep't of Educ.,* 808 F. App'x 35 (2d Cir. 2020) ............................................ 8

*Palmer-Williams v. United States,* 699 F. App'x 1 (2d Cir. 2017) .............................................. 9

*Rajasekhar v. Envtl. Data Res.,* 2020 WL 6828944 (D. Conn. July 27, 2020) ............................ 3

*Sethi v. Yagildere,* 2011 Conn. Super. LEXIS 596 (Super. Ct. Mar. 10, 2011) ........................... 5

*Sethi v. Yagildere,* 136 Conn. App. 767, 47 A.3d 892 (2012) .................................................... 5

*Slainte Invs. Ltd. P'ship v. Jeffrey,* 142 F. Supp. 3d 239 (D. Conn. 2015) ............................... 5-6

*Tannerite Sports, LLC v. NBCUniversal News Grp.,* 864 F.3d 236 (2d Cir. 2017) ...................... 3

*UCF I Tr. 1 v. Dimenna*, No. 16-CV-00156 (VAB), 2016 WL 3620716 (D. Conn. Jun. 29, 2016) ........................................................................................................ 4

*United States v. $2,350,000.00 In Lieu of One Parcel of Prop. Located at 895 Lake Ave. Greenwich, Connecticut*, 718 F. Supp. 2d 215 (D. Conn. 2010) ............................................ 4

*United States v. Benitez*, 779 F.2d 135 (2d Cir. 1985) ............................................................... 4

*United States v. Schwimmer*, 968 F.2d 1570 (2d Cir. 1992) ....................................................... 4

*Universitas Educ., LLC v. Nova Grp., Inc.,* No. 11CV1590-LTS-HBP, 2014 U.S. Dist. LEXIS 109077 (S.D.N.Y. Aug. 7, 2014) ................................................................................ 2, 6, fn. 3

*Vertex, Inc. v. City of Waterbury*, 278 Conn. 557 (2006) ............................................................ 3-4

**Connecticut General Statutes**

Conn. Gen. Stat. 52-552j............................................................................................... 6, fn. 4

Defendant, Grist Mill Partners, LLC ("GMP"), submits the following memorandum of law in opposition to the *Motion to Amend Complaint and Join Additional Parties* (ECF No. 118, the "Motion to Amend"), filed by plaintiff, Universitas Education, LLC (the "Plaintiff" or "Universitas").

## I.     <u>INTRODUCTION</u>

The Motion to Amend should be denied because it is futile.  Two claims are realleged against GMP: Count One, alter-ego and Count Seven, unjust enrichment. Any amendment to Count One is futile and subject to dismissal because, as this Court has ruled, *res judicata* applies to bar all claims by Universitas as to alleged alter-egos of Mr. Carpenter.  Amending Count Seven is futile because it asserts claims based on funds allegedly transferred to GMP prior to Mr. Spencer's death, which cannot form the predicate facts for an unjust enrichment claim, and, in any event, are time barred.  Accordingly, the Court should sustain this objection.

## II.     <u>FACTS AND BACKGROUND</u>

The facts of the case are largely set forth in the Court's *Order re: Pending Motions to Dismiss* (ECF No. 110, the "Ruling").  There, as to GMP, the Court dismissed claims for both attorneys' fees and constructive trust.  The Court did not dismiss Plaintiff's claim for reverse veil piercing.  In the proposed Amended Complaint (ECF Nos. 110-2 and 110-3 [redline]) Plaintiff seeks to add additional parties, add facts to the alter-ego claim (Count One) and replead unjust enrichment (Count Seven, formerly a claim for constructive trust, which the Court dismissed without prejudice).

Previously, the Court dismissed all claims against defendants, Molly Carpenter, Donald Trudeau, Benistar Admin Services, Inc., TPG Group, Inc., and Moonstone Partners, LLC ("Moonstone Defendants") based on the doctrine of *res judicata* because all of the claims against

them could have been brought previously in *Universitas Educ., LLC v. Nova Grp., Inc.*, 2014

WL 3883371, at *10-11 (S.D.N.Y. 2014) (the "2014 Case").

With respect to GMP, the additional factual allegations proffered are minimal:

| ¶ of Am. Compl. | Text |
|---|---|
| 29 | The Defendants have helped Daniel Carpenter to conceal assets with the intent to hinder, delay, and/or defraud Universitas and other creditors. |
| 66 | The Defendants have helped Daniel Carpenter to conceal assets with the intent to hinder, delay, and/or defraud Universitas and other creditors. |
| 101 | On or about January 1, 2010 a check made payable to GM Partners for $50,000 was deposited into an account at TD Bank belonging to Grist Mill Holdings, LLC.[1] |
| 131, 492 | Mr. Carpenter subsequently testified under oath that all of his personal assets are owned by trusts and LLCs in order to conceal his assets from creditors. |
| 199 | On or about August 30, 2007 Grist Mill Capital, LLC transferred $155,000 to GM Partners. The Southern District of New York found that Grist Mill Capital, LLC is a shell company that Mr. Carpenter uses to "hide assets" from Universitas and other creditors. The District of Connecticut found Grist Mill Capital, LLC to be one of the "most significant" entities in the Benistar criminal conspiracy. |
| 202 | Upon information and belief, Carpenter Financial Group did not pay rent for its offices at 100 Grist Mill Road. |
| 496 | On or about August 30, 2007 Mr. Carpenter transferred $155,000 from Grist Mill Capital, LLC to GM Partners. |
| 498 | GM Partners used the funds from Grist Mill Capital, LLC to purchase the property located at 100 Grist Mill Road. |

Thus, the material factual difference between the original Complaint and proposed Amended

Complaint are Plaintiff's allegations concerning a transfer of funds by Grist Mill Capital, LLC to

GMP, and Carpenter Financial Group, LLC paid no rent to GMP. Accordingly, the substantive

allegations have not changed.

## III.    LAW AND ARGUMENT

Two claims remain against GMP: (a) reverse veil piercing (Count One) and (b) unjust

---

[1] This allegation, at best, may set forth a claim against Grist Mill Capital, LLC, which would be barred as set forth herein.

enrichment (Count Seven). The unjust enrichment claim was previously dismissed and should be again as it fails to state a legally cognizable cause of action and the claims are barred by the statute of limitations. The Court did not dismiss Count One as to GMP, but, as the Court referenced in the Ruling at 30 n.6, a *res judicata* defense is available to GMP (or any other defendant, or proposed defendant, to this case), thus rendering any amendment of this claim futile.[2]

### A. The Court Should Not Allow Plaintiff to Amend the Complaint as the Proposed Amendments Would be Futile

"Proposed amendments are futile, and thus must be denied, if they would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Tannerite Sports, LLC v. NBCUniversal News Grp.*, 864 F.3d 236, 252 (2d Cir. 2017). "Amendment is futile where, as here, a plaintiff's claims are barred by res judicata." *Rajasekhar v. Env't Data Res., Inc.*, 2020 WL 6828944, *6 (D. Conn. July 27, 2020), *adopted by* 2020 WL 6826738 (D. Conn. Nov. 20, 2020). *Accord Corbett v. City of N.Y.*, 816 F. App'x 551, 554–55 (2d Cir. 2020) (affirming dismissal on res judicata grounds and holding that proposed amendments could not cure defect); *Hubert v. Dep't of Corr.*, 2020 WL 4938327, *16 (D. Conn. Aug. 23, 2020)(dismissing claims on res judicata grounds and denying leave to amend because "it would be futile to permit any of these claims to be the subject of an amended pleading.").

### B. The Unjust Enrichment Count Remains Insufficient (Count 7)

In its proposed Amended Complaint, Plaintiff retitled its former "constructive trust" claim as an unjust enrichment claim. It remains legally insufficient. "Unjust enrichment is 'a broad and flexible remedy… [w]ith no other test than what, under a given set of circumstances, is just or unjust, equitable or inequitable, conscionable or unconscionable.'" *Vertex, Inc. v. City of*

---

[2] GMP will file a motion for judgment on the pleadings (Fed. R. Civ. P 12(c)) or summary judgment if needed.

*Waterbury*, 278 Conn. 557, 573 (2006); *UCF I Tr. 1 v. Dimenna*, No. 16-CV-00156 (VAB), 2016 WL 3620716, at *4 (D. Conn. Jun. 29, 2016). The elements of an unjust enrichment claim are: "(1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment." *Id.*

To impose constructive trust as a remedy for unjust enrichment, additional facts must be pled and proven. A constructive trust arises "where a person who holds title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it." *United States v. $2,350,000.00 In Lieu of One Parcel of Prop. Located at 895 Lake Ave. Greenwich, Connecticut*, 718 F. Supp. 2d 215, 227 (D. Conn. 2010) (citation omitted). Once the court determines that a constructive trust *could* be imposed, "the question then becomes whether this equitable remedy *ought* to be imposed." *Id.* (emphasis added). "The trial court may recognize the existence of the constructive trust and, nevertheless, decline to order the conveyance or other disposition of the property in satisfaction of the debt." *Id.* (citation omitted).

"It is hornbook law before a constructive trust may be imposed, a claimant to a wrongdoer's property must trace his property into a product in the hands of the wrongdoer." *In re Handy & Harman Ref. Group*, 266 B.R. 24, 27 (Bankr. D. Conn. 2001; *see also United States v. Benitez*, 779 F.2d 135, 140 (2d Cir. 1985). "The beneficiary of a constructive trust does not have an interest superior to the trustee's in every asset the trustee holds, but only in those assets held in constructive trust or traceable to such assets." *Id.* at 227–28 (*quoting United States v. Schwimmer*, 968 F.2d 1570, 1583 (2d Cir. 1992)). Thus, "an entity who wishes to have a constructive trust established on its behalf must be able to trace its funds to the property over which the trust will be established." *Id.*; *In re A.N. Frieda Diamonds, Inc.*, 2020 WL 2059907, at *19 (Bankr. S.D.N.Y. Apr. 29, 2020) (same; collecting cases).

Here, Plaintiff's proposed amendments include only one additional material allegation of fact related to GMP: "On or about August 30, 2007 Mr. Carpenter transferred $155,000 from Grist Mill Capital, LLC to GM Partners." Proposed Amended Complaint, Count 7 ¶ 496. Of course, Judge Swain previously ruled that the Spencer Life Insurance Policy proceeds were not received until May 2009. *Memorandum Opinion and Order*, 2014 Case.[3] Consequently, the funds transferred from Grist Mill Capital to GMP in August 2007 could not have been proceeds of the Spencer Life Insurance Policy, because (a) Mr. Spencer did not die until 2008 and (b) there were no insurance proceeds until 2009. 2014 Turnover Ruling at *10-11. Plaintiff has, therefore, not alleged that GMP received any Spencer Life Insurance Policy proceeds. Accordingly, the unjust enrichment claim is futile because it is both barred by the applicable statute of limitations and fails to state a cause of action.

The statute of limitations on the unjust enrichment claim long-ago expired rendering any amendment futile. "A cause of action for unjust enrichment is generally viewed as sounding in quasi-contract, and the statute of limitations for unjust enrichment is generally held to be six years." *Sethi* v. *Yagildere*, 2011 Conn. Super. LEXIS 596, at *16 (Super. Mar. 10, 2011) (applying 6 year statute of limitations to unjust enrichment claim) (cleaned up), *rev'd on other grounds,* 136 Conn. App. 767 (2012); *Gianetti* v. *Greater Bridgeport Individual Practice Assn.*, 2005 Conn. Super. LEXIS 2032, at *28 (Super. July 21, 2005) (collecting cases); *BTEC Turbines, LP* v. *Connecticut Light & Power Co.*, 2007 U.S. Dist. LEXIS 93397, at *10-11 (D. Conn. Dec. 19, 2007) ("….lower courts that have considered the issue have concluded that because unjust enrichment is a form of contract action, often called quasi-contract the most applicable statute is the six-year contract.") (cleaned up); *Slainte Investments L.P.* v. *Jeffrey*, 142 F. Sup. 3d 239, 253

---

[3] 2014 U.S. Dist. LEXIS 109077, at *10 (the "2014 Turnover Ruling").

(D. Conn. 2015) ("the statute of limitations for an unjust enrichment claim… is generally held to be six years.") (cleaned up).

It was not until 13 years after the alleged transfer that Plaintiff filed this case; nearly twice the applicable limitations period.  Applying the undisputed facts, GMP never received Spencer Life Insurance Policy proceeds prior to his death.  It wasn't until April 4, 2008 that Mr. Spencer designated Universitas as beneficiary of the Life Insurance Policies, and the funds were not paid until May 2009.  There are no allegations that GMP improperly received any money for any other entity after August 2007.  *Motion to Confirm Arbitration*, ECF No. 6-3 at p. 13, *Universitas Education, LLC v. Nova Group, Inc.* Case. No. 1:11-cv-01590 (S.D.N.Y.) (copy attached as Exhibit A).  Additionally, Plaintiff obtained a Charging Order (copy attached as Exhibit B) against Carpenter Financial Group, LLC in 2014, the majority owner of GMP, which is further evidence of Plaintiff failing to pursue claims and rights that it was aware of and which had accrued under applicable law.

Thus, in August 2007, when funds were alleged to have been transferred from Grist Mill Capital, LLC to GMP, Plaintiff had no interest in the Life Insurance Policies *and Mr. Spencer was alive*.  In the 13 years since the alleged transfer, Plaintiff has brought numerous lawsuits against various parties.  Plaintiff should have sued GMP within the limitations period if it believed it had a claim.  Indeed, Plaintiff did not bring a fraudulent transfer claim because of the four-year statute of limitations.  Conn. Gen. Stat. 52-552j.[4]  Plaintiff should not be able to repackage what is really a fraudulent transfer claim into a claim for unjust enrichment to avoid the statute of limitations.

---

[4] "A cause of action with respect to a fraudulent transfer or obligation under sections 52-552a to 52-552*l*, inclusive, is extinguished unless action is brought: (1) Under subdivision (1) of subsection (a) of section 52-552e, within four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant; (2) under subdivision (2) of subsection (a) of section 52-552e or subsection (a) of section 52-552f, within four years after the transfer was made or the obligation was

Second, Plaintiff has not alleged facts, as opposed to legal conclusions, to support its unjust enrichment claim. The proposed Amended Complaint does not set forth the identity of the specific "personal assets" of Mr. Carpenter that GMP purportedly holds. Plaintiff (insufficiently) contends "all of [GMP's] assets were necessarily acquired through fraud…." *Id*. at 35. Plaintiff only alleged that the transfer of $150,000 was "unjust" but there are no facts pled as to why. The proposed Amended Complaint alleges the legal conclusion that Mr. Carpenter used GMP illegally, but no supporting facts. There has to be some allegation as to *how* GMP was used improperly to support a claim for unjust enrichment. *Greenwich Contracting Co., Inc. v. Bonwit Constr. Co., Inc.,*, 156 Conn. 123, 130 (1968) ("[T]he word 'unjustly' as used in the equitable maxim that one shall not be allowed unjustly to enrich himself at another's expense means unlawfully.").

As alleged, GMP received money from Grist Mill Capital, LLC to purchase real estate in August 2007. No allegations support that Grist Mill Capital, LLC transferred proceeds of the Spencer Life Insurance Policies to GMP, because Mr. Spencer was alive and there were no proceeds to transfer. Rather, Plaintiff blithely concludes that Mr. Carpenter orchestrated the transfer "as part of a scheme to divert his assets outside the reach of creditors, and with an intent to hinder, delay, and/or defraud creditors." Proposed Amended Complaint, Count 7 ¶ 501. That allegation might form the basis of a fraudulent transfer claim, but it does support an not unjust enrichment claim. *Certain Underwriters at Lloyd's, London* v. *Cooperman*, 289 Conn. 383, 393 n.14 (2008);[5] 2014 Turnover Ruling at *19 ("Rendering a creditor unable to recover on a defaulted

---

incurred; or (3) under subsection (b) of section 52-552f, within one year after the transfer was made or the obligation was incurred."

[5] "[a] party alleging a fraudulent transfer or conveyance bears the burden of proving either: (1) that the conveyance was made without substantial consideration and rendered the transferor unable to meet his obligations; or (2) that the conveyance was made with a fraudulent intent in which the grantee participated. . . . Further, the elements of fraudulent conveyance, including whether the defendants acted with fraudulent intent, must be proven by a heightened standard of proof, that of clear, precise and unequivocal evidence."

debt in New York through a fraudulent conveyance constitutes injury in New York that is reasonably foreseeable.")  In sum, there are no allegations that GMP received any Spencer Life Insurance Policy proceeds, thus this claim must be dismissed.

> **C.    All of the Claims in the Proposed Amended Complaint are Barred by the Doctrine of _Res Judicata_**

As the Court ruled previously: "it is clear that Judge Swain would have had subject matter jurisdiction over the alter ego claims in the 2014 proceeding for the same reasons that this Court has subject matter jurisdiction over the instant claims."  Ruling at 24-25.  The Court also observed that all of the claims in this action are derivative of prior proceedings: "both actions appear to be 'grounded on the same gravamen of the wrong.' And given the factual overlap between the earlier turnover proceedings and the present alter ego claims, the claims would have formed a "convenient trial unit" before Judge Swain." _Id. at 29._

For the same reasons articulated by the Court as to the Moonstone Defendants, _res judicata_ applies to bar all claims against all defendants here.  The specific facts alleged against GMP apparently relate to but one transfer of approximately $150,000 in August 2007 and Carpenter Financial Group allegedly not paying rent.  Proposed Amended Complaint at ¶¶ 199 and 202.  Plaintiff would have (or could have) been aware of that transfer in 2014 but did not bring a claim against GMP (or many of the other defendants to this action).

_Res judicata_ bars re-litigation if: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." _Morales v. New York City Dep't of Educ._, 808 F. App'x 35, 37 (2d Cir. 2020) (cleaned up).  Dismissal is proper "when it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law."

*PalmerWilliams v. United States*, 699 F. App'x 1, 3 (2d Cir. 2017) (cleaned up). "Res judicata

bars all claims that could have been raised, not just those actually raised." *Corbett*, 816 F. App'x

at 554.

Here, all elements of *res judicata* exist, and, indeed, were tacitly admitted by Plaintiff.

First, the 2014 Case was decided on the merits.[6]  Second, Plaintiff concedes that all Defendants

are in privity with Plaintiff as alleged alter-egos of Mr. Carpenter.[7]  Third, as the Court

previously ruled, Plaintiff has not alleged any facts that are new and different from any of the

previous actions brought, including the 2014 Case.[8]  In sum, having asserted that all the

Defendants (and proposed additional defendants) are all alter-egos of Mr. Carpenter, *res

judiciata* applies to bar all of the claims now made by Plaintiff.    Therefore, any amendment to

include such claims is futile and the Court should deny the Motion to Amend.

## IV.    CONCLUSION

For the above stated reasons, the Court should grant the Motion, dismiss the Complaint as

to GMP, and enter such other relief as is just and proper.

---

[6] "Universitas does not contest that the prior litigation reached a final judgment. Indeed, Universitas now seeks to enforce that final judgment against these defendants." Ruling at 22.

[7] "[I]f the Benistar Defendants [i.e., all the new defendants in this case] are indeed alter egos of Carpenter, then it follows that they were in privity with a party in the underlying action for the purpose of *res judicata*." Ruling at 22.

[8] "Nor are there allegations suggesting that the existence of these five alleged alter egos was only discovered after Universitas filed the turnover motion that led to the August 2014 judgment." Ruling at 27-28.

THE DEFENDANT

GRIST MILL PARTNERS, LLC


By:     /s/ Jeffrey M. Sklarz
        Lawrence S. Grossman (ct15790)
        Jeffrey M. Sklarz (ct20938)
        Green & Sklarz LLC
        One Audubon Street, Third Floor
        New Haven, CT 06511
        (203) 285-8545
        Fax: (203) 823-4546
        lgrossman@gs-lawfirm.com
        jsklarz@gs-lawfirm.com