UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNIVERSITAS EDUCATION, LLC

        Plaintiff,

v.

BENISTAR, ET AL.

        Defendants.

CASE NO. 3:20-cv-00738-JAM

**PLAINTIFF'S REPLY MEMORANDUM IN RESPONSE TO BRIEF OPPOSING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND JOIN ADITIONAL DEFENDANTS FILED BY MOLLY CARPETER, DONALD TRUDEAU, TPG GROUP, INC., BENISTAR ADMIN SERVICES, INC., AND MOONSTONE PARTNERS, LLC**

Universitas Education, LLC ("Universitas") files this memorandum of law in reply to the opposition brief filed by Molly Carpenter, Donald Trudeau, TPG Group, Inc., Benistar Admin Services, Inc., and Moonstone Partners, LLC ("Moonstone") (hereinafter collectively the "Benistar Defendants").

**I.    The Benistar Defendants Fail to Demonstrate that the Proposed Claims are Futile.**

    a.    <u>Universitas' Proposed Unjust Enrichment Claim is not Futile.</u>

The Benistar Defendants argue that the proposed unjust enrichment claim against Mrs. Carpenter is futile because it is barred by *res judicata*, and do not claim that any other proposed unjust enrichment claims are futile. [*See* Dkt. #124 at 7-10]. The unjust enrichment claim against Mrs. Carpenter is not futile, *inter alia*, because the claim exceeds the scope of the underlying fraudulent conveyance action which concerned fraudulent transfers of the Spencer insurance proceeds throughout accounts controlled by Daniel Carpenter at TD Bank. *See Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11CV1590-LTS-HBP, 2013 U.S. Dist. LEXIS 165803 (S.D.N.Y. Nov. 20, 2013); *Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11CV1590-LTS-HBP, 2014 U.S. Dist.

1

LEXIS 109077 (S.D.N.Y. Aug. 7, 2014). The proposed unjust enrichment claim against Mrs. Carpenter transcends the Spencer insurance proceeds and includes the transfer of ownership rights in property located at 18 Pondside Lane – the Benistar Defendants concede that such allegations are unrelated to the Spencer insurance proceeds.[1] [*See* Dkt. #124 at 16]. Any claim concerning this property was outside the scope of the underlying proceeding and thus is not barred by *res judicata*. *See Wells Fargo Bank, N.A. v. Konover*, No. 3:05 CV 1924 (CFD), 2008 U.S. Dist. LEXIS 21506 (D. Conn. Mar. 20, 2008) (holding that claims beyond the scope of underlying action are not barred by *res judicata* despite some factual overlap), *aff'd on appeal*, 630 F. App'x 46.

The Benistar Defendants attempt to improperly apply Universitas' arguments concerning its constructive trust claims to the proposed unjust enrichment claims. However, the scope of the constructive trust claims against the Benistar Defendants was not outside the scope of the underlying proceeding, and thus any argument concerning the scope of the claims was inapplicable to the constructive trust claims.

      b. <u>Universitas' Proposed Alter Ego Claims are Not Futile.</u>

           i. THE PROPOSED ALTER EGO CLAIMS ARE NOT BARRED BY *RES JUDICATA*.

The applicability of *res judicata* to Universitas' proposed alter ego claims depends largely upon how the Court rules upon Universitas' motion for reconsideration. [*See* Dkt. #117]. Universitas does not allege that the proposed defendants received Spencer insurance proceeds, and 1 & 3 Mill Pond Partners, LLC's acquisition of property predates the theft of Spencer insurance proceeds. Moreover, *res judicata* does not apply to Universitas' proposed alter ego claims because the proposed defendants were not defendants in the underlying litigation, and thus the facts concerning the abuse of these entities' corporate form was not at issue in the underlying litigation.

---

[1] To the extent claims were predicated solely upon the transfer of Spencer insurance proceeds, Universitas eliminated them as a result of this Court's ruling on *res judicata*. As such, there is no unjust enrichment claim against Moonstone.

*See Ren-Cris Litho, Inc. v. Vantage Graphics*, 96-7802, 1997 U.S. App. LEXIS 3333, at *6-*15 (2d Cir. Feb. 24, 1997) (finding that post-judgment alter ego claims should have been brought in prior fraudulent conveyance action, and thus applying *res judicata* to post-judgment alter ego claims, in large part because both proceedings concerned the same facts); *Theatre Row Phase II Assocs. v. H & I Inc.*, 443 B.R. 592, 598-601 (S.D.N.Y. 2011) (same).

To the extent the Benistar Defendants suggest that the proposed defendants should have been included in the underlying action, this is beyond the scope of a Fed. R. Civ. P. 12(b)(6) argument, and thus not grounds for a futility argument. *See Bd. of Trs. of the Trucking Emples. of N. Jersey Welfare Fund, Inc. v. Caliber Auto Transfer, Inc.*, No. 09-6447 (DRD), 2010 U.S. Dist. LEXIS 57759, at *61 (D.N.J. June 11, 2010) ("… the question of whether the Plaintiffs had enough information about the interrelatedness of the Caliber Enterprise during the underlying adjudications is a factual question that cannot be resolved by reference to the Amended Complaint alone. Where the merit of an affirmative defense is not clear from the face of a complaint it may not be resolved on a Rule 12(b)(6) motion.") (internal citations omitted); *see also Tannerite Sports, LLC v. NBCUniversal News Grp., a division of NBCUniversal Media, LLC*, 864 F.3d 236, 252 (2d Cir. 2017) (explaining that futility argument is akin to Rule 12(b)(6) analysis).

### ii. CONNECTICUT LAW DOES NOT BAR THE PROPOSED ALTER EGO CLAIMS.

The Benistar Defendants do not claim that the proposed horizontal veil-piercing claims are barred by Conn. Gen. Stat. § 33-673c. Rather, the Benistar Defendants seek to mischaracterize the horizontal veil-piercing claims as reverse veil-piercing claims, which they insist are barred by Conn. Gen. Stat. § 33-673c. This mischaracterization relies upon *Mirlis v. Edgewood Elm Hous., Inc.*, wherein the court rejected a label of horizontal veil-piercing when the claim sought to reach corporate assets to satisfy judgment against a corporate insider, and thus constituted reverse veil-

3

piercing. *See Mirlis v. Edgewood Elm Hous., Inc.*, No. 3:19-cv-700 (CSH), 2020 U.S. Dist. LEXIS 134839, at *23-*25 (D. Conn. July 30, 2020). The Amended Complaint includes both horizontal veil-piercing claims and reverse veil-piercing claims, and thus *Mirlis* is inapplicable.

The proposed claims constitute reverse veil-piercing only to the extent they seek to reach the proposed corporate defendants' assets to satisfy the judgment against Mr. Carpenter. Universitas also has outstanding judgments against numerous corporate entities – to the extent the proposed claims seek to reach the proposed corporate defendants' assets to satisfy the judgment against a corporate Judgement Debtor, this constitutes horizontal veil-piercing. *See Capmark Fin. Grp. Inc. v. Goldman Sachs Credit L.P.*, 491 B.R. 335, 349 (S.D.N.Y. 2013) (discussing horizontal veil-piercing); *In re Petters Co.*, 561 B.R. 738, 750 (Bankr. D. Minn. 2016) ("…horizontal veil piercing[ is when] a limited liability entity is considered to be the alter ego of another limited liability entity with the same owner. In this situation, a creditor with a claim against one of the limited liability entities seeks to disregard corporate separateness between the entities to reach assets belonging to both."); *see also Dill v. Rembrandt Grp., Inc.*, 474 P.3d 176, 183 (Colo. App. 2020) ("… horizontal veil piercing may occur between entities that do not share direct common owners, but that indirectly share common owners through another entity in an ownership chain."). The Amended Complaint contains facts sufficient for plausible horizontal veil-piercing claims and reverse veil-piercing claims. [*See e.g.*, Dkt. #118-2 ¶¶ 246-251 (explaining that Seir Hill Partners, LLC purchased property (1) by making down payment with funds transferred from a Carpenter alter ego and (2) securing outstanding balance with mortgage guaranteed by another Carpenter alter ego) and Dkt. #118-4 ¶¶ 179-185 (same)].

The Benistar Defendants also claim that Conn. Gen. Stat. § 33-673c prohibits the "identity rule." [Dkt. #124 at 12]. Universitas disagrees with this contention but believes this issue to be

4

immaterial as there is no dispute that the corporate veil can be pierced under the "instrumentality rule." *See e.g.*, *Crosskey Architects, LLC v. Poko Partners, LLC*, 192 Conn. App. 378, 389 (2019) (explaining that corporate structure can be disregarded under Connecticut law pursuant to the instrumentality rule or the identity rule). The proposed defendants are sham entities that admittedly exist solely to defraud creditors and the veil-piercing analysis used is thus inconsequential – the proposed defendants' corporate veil will be pierced under any veil-piercing framework, including the "instrumentality rule."

## II. Universitas is not Seeking Leave to Amend the Complaint in Bad Faith.

Amendments are in bad faith when they are abusive or intended to secure an ulterior tactical advantage. *See GSS Props., Inc. v. Kendale Shopping Ctr., Inc.*, 119 F.R.D. 379, 381 (M.D.N.C. 1988) (internal citations omitted). Contrary to the Benistar Defendants' allegations, the proposed amendments are not in bad faith simply because Universitas had evidence to support the proposed amendments when it filed the original Complaint. *See Randolph Found. v. Duncan*, 00 Civ. 6445(AKH)(THK), 2002 U.S. Dist. LEXIS 362, at *7 (S.D.N.Y. Jan. 9, 2002) ("[T]he fact that a party may have had evidence to support a proposed amendment earlier in the litigation does not, by itself, give rise to an inference of bad faith.") (internal citations omitted); *Cmty. Ass'n Underwriters of Am. v. Main Line Fire Prot. Corp.*, 2020 U.S. Dist. LEXIS 156882, at *9-*11 (S.D.N.Y. Aug. 28, 2020) (collecting cases); *Underwood v. Roswell Park Cancer Inst.*, No. 15-CV-684-FPG, 2017 U.S. Dist. LEXIS 66768, at *10-*11 (W.D.N.Y. May 2, 2017) (collecting cases); *see also id.* at *10 ("… plaintiffs are generally entitled to amend their complaint even after a motion to dismiss is granted."). Nor does supplementing the Complaint with additional facts constitute bad faith. *See Jansson v. Stamford Health, Inc.*, No. 3:16-cv-260 (CSH), 2017 U.S. Dist. LEXIS 51767, at *14-*15 (D. Conn. Apr. 5, 2017); *see also Kearney v. Blue Cross & Blue Shield*

5

*of N.C.*, No. 1:16CV191, 2018 U.S. Dist. LEXIS 234326, at *8 (M.D.N.C. Mar. 23, 2018) (finding no bad faith when "Plaintiff appears to seek leave to amend to cure defects in its pleading").[2]

The Benistar Defendants also claim bad faith because Universitas did not file a proposed amended complaint with the contingent motion to amend.[3] In support of this contention the Benistar Defendants quote *State Trading Corp. of India v. Assuranceforeningen Skuld* as precedent that not filing a proposed amended complaint with a motion to amend is "sufficient to impute lack of good faith." [Dkt. #124 at 15]. This quote is fabricated – the case does not provide that not filing a proposed amended complaint with a motion to amend is "sufficient to impute lack of good faith." *See State Trading Corp. of India v. Assuranceforeningen Skuld*, 921 F.2d 409 (2d Cir. 1990).

    a. <u>Universitas Did not Utilize a "Wait-and-See" Approach.</u>

The Benistar Defendants allege bad faith because Universitas moved to amend the Complaint after the Court ruled on the Defendants' Rule 12(b)(6) motions – at most, this amounts to delay, which is insufficient for finding bad faith. *See Ithaca Capital Invs. I S.A. v. Trump Pan. Hotel Mgmt. LLC*, 450 F. Supp. 3d 358, 376 (S.D.N.Y. 2020) ("The crux of Defendants' contention here is that Plaintiffs waited twenty-one months before moving for leave to add claims that they could have pleaded at the beginning of this case…. In order to establish that a movant's amendment is made in bad faith, the opponent must show 'something more than mere delay or

---

[2] The Benistar asset diversion scheme has operated for at least eighteen (18) years and involves hundreds of entities. Consequently, there is an overwhelming amount of information concerning Benistar's abuse of the corporate form to hide assets from creditors – a Complaint containing all relevant information would be hundreds of pages long, if not more. Universitas was not required to plead every relevant fact. *See* FED. R. CIV. P. 8(a)(2) (requiring only a "short and plain statement of the claim"); *see also Wandering Dago v. N.Y. State Office of Gen. Servs.*, No. 1:13-CV-1053 (MAD/RFT), 2014 U.S. Dist. LEXIS 204661, at *37 (N.D.N.Y. July 28, 2014) ("Though sufficient facts must be pled, the Court holds the view that it is bad form to include every known fact that consequently nudges a clear and concise pleading into the realm of becoming unabridged. *Iqbal* does not require that all known facts be pled, just sufficient facts to plausibly state a cause of action.").

[3] As Universitas previously explained, it did not file a proposed amended complaint with the contingent motion to amend because, as a result of the contingent nature of the motion, it was unclear what claims (if any) would be included in the amended complaint. The Benistar Defendants' claim that this deprived them from seeing the allegations is disingenuous – both the contingent motion and the supporting brief provided all of the information necessary to fully analyze the claims proposed in the contingent motion. [Dkt. #88 and #88-1].

inadvertence...."') (internal citations omitted). The Benistar Defendants attempt to disguise their delay argument by alleging that this delay was the result of a bad faith "wait-and-see" approach. [Dkt. #124 at 14-15]. This claim is flawed on numerous levels. First, Universitas never "had notice" that its constructive trust claims were legally deficient. To the contrary, there is legal authority supporting the propriety of constructive trust claims. [Dkt. #110 at 11 ("[T]here is indeed 'no clear appellate decision regarding whether a constructive trust can be an independent cause of action, and there is a split among the decisions of the Superior Court.'")]. The Court ultimately disagreed with Universitas, but this decision did not render Universitas' reliance upon caselaw holding otherwise a bad faith litigation tactic. *See Underwood*, 2017 U.S. Dist. LEXIS 66768 at *9 (rejecting defendants' claim that plaintiff was attempting to "evade" the court's rulings by waiting for a decision on the motions to dismiss before seeking leave to file an Amended Complaint) (internal citations omitted).

Moreover, Universitas could not have amended the Complaint as a matter of course after the Defendants raised this issue,[4] in part because the Benistar Defendants did not consent to Universitas amending the Complaint. [Dkt. #88 at 2]. The Benistar Defendants now complain that Universitas did not already amend the Complaint – these arguments are disingenuous and not grounds for denying lave to amend the Complaint.

    b. <u>The Proposed Claims are not a Bad Faith Litigation Tactic.</u>

The Benistar Defendants allege that the proposed unjust enrichment claim against Mrs. Carpenter is in bad-faith because: (i) of the aforementioned delay, and (ii) the scope of the proposed unjust enrichment claim is broader than the prior constructive trust claim against Mrs.

---

[4] Universitas mistakenly argued an outdated standard of Fed. R. Civ. P 15(a) when it previously claimed that it could amend the Complaint as a matter of course. The Benistar Defendants correctly noted the outdated nature of Universitas' argument and further noted that this right had expired. [Dkt. #94 at 1-2]. The Benistar Defendants now adopt a contradictory position. [Dkt. #124 at 14-15].

Carpenter. [Dkt. #124 at 15-17]. These allegations are not specific enough to deny leave to amend the Complaint for bad faith. *See Blagman v. Apple, Inc.*, 2014 U.S. Dist. LEXIS 69178, at *8 (S.D.N.Y. May 19, 2014) ("To the extent that the defendants claim that [Plaintiff]'s delay was strategic, they provide no showing of bad faith apart from the delay itself."); *Underwood*, 2017 U.S. Dist. LEXIS 66768 at *9 (rejecting argument that plaintiff sought leave to amend in bad faith because "Defendants offer mostly conclusory assertions of bad faith rather than persuasive evidence"); *Agerbrink v. Model Service LLC*, 155 F. Supp. 3d 448, 453 (S.D.N.Y. 2016) (finding defendants' contention that amendment "to add defendants and claims [plaintiff] clearly knew she wished to pursue months before" was "a tactic" to be "exactly the type of conclusory allegation of bad faith that courts consistently reject").

When considering whether a litigant is seeking a "tactical advantage," courts primarily consider whether a party withheld information from the opposing parties.[5] *See e.g.*, *Escalera v. Coombe*, 852 F.2d 45, 48 (2d Cir. 1988) ("It is not possible for us to determine whether the failure of Escalera's attorney to comply with the alibi notice provision was 'willful and motivated by a desire to obtain a tactical advantage.' Judge Glasser did note in his opinion below that the

---

[5] The Benistar Defendants only legal authority for its argument concerning bad faith through tactical advantage is *Citizens Alert Prot. our Waters! v. Town of Greece*, wherein the court found that the plaintiff moved to amend the complaint in bad faith because the plaintiff (1) purposefully did not file a memorandum of law in response to the Defendant's Rule 12(b)(6) motion, (2) was on notice that it did not file an opposition brief, and (3) subsequently filed an amended complaint seventy-six minutes before oral argument on the motion to dismiss. *See Citizens Alert Prot. our Waters! v. Town of Greece*, No. 10-CV-6035-CJS, 2010 U.S. Dist. LEXIS 95561 (W.D.N.Y. Sep. 14, 2010). The language quoted by the Benistar Defendants is an out-of-context portion of a block quote – the full quote reads:
> Generally, when a plaintiff withholds his true position from his opponent, especially when done for some ulterior purpose, the Court may view the action as having a bad faith motive unless satisfactory explanation clearly shows otherwise. Parties have an obligation to introduce, at the earliest stage of the litigation as possible, the matters upon which they want to rely in supporting their claim or defense. In the instant case, the Court finds bad faith in plaintiff's withholding facts clearly known to it prior to the filing of the complaint and then moving to amend the complaint where the evidence suggests that plaintiff had an ulterior purpose of either attempting to force defendant to settle or punishing defendant for failing to settle. The blatant nature of the delay combined with this finding of bad faith persuades the Court to exercise its discretion and deny the motion to amend the complaint.

*Id.* at *13-*14 (quoting *GSS Props., Inc. v. Kendale Shopping Ctr., Inc.*, 119 F.R.D. 379 (M.D.N.C. 1988)).

attorney's 'apparent bad faith -- or, at least, the absence of a good excuse -- was evident' in the failure properly to give notice of his intent to call Escalera's brother.") (cleaned up); *see also Danaher Corp. v. Travelers Indem. Co.*, 2013 U.S. Dist. LEXIS 6028, at *16-*17 (S.D.N.Y. Jan. 11, 2013) (finding argument that amendment was intended to compel defendants "to agree to a watered down settlement agreement" to be "thin" and insufficient for finding of bad faith). Universitas has not withheld any information from the Benistar Defendants. In response to the Benistar Defendants' interrogatory requests, Universitas identified the transfer of property located at 18 Pondside Lane and produced relevant documents.[6] Universitas has also been forthright about its belief that Mrs. Carpenter's income and ownership of the property located at 18 Pondside Lane constitute unjust enrichment, and the Benistar Defendants clearly had notice of these allegations. [Dkt. #94 at 4 ("The only difference is that Universitas' proposed constructive trust claim now seeks to attach Molly Carpenter's salary as a corporate officer of Benistar Admin Services, Inc., and her personal residence at 18 Pondside Lane in Simsbury.")].

The Benistar Defendants further claim that Universitas seeks to improve its settlement position, and thereby gain a tactical advantage, by waiting to "attack[] Molly Carpenter's home and personal income, doubtless to place intense pressure on her." [Dkt. #124 at 17]. This claim is nonsensical, in part because there are no settlement discussions. A claim that Universitas is attempting to gain an advantage in nonexistent settlement discussions is simply divorced from reality. Moreover, the notion that additional claims improve leverage in settlement discussions is a generalized claim that applies equally to all proceedings – the Benistar Defendants would render

---

[6] The allegations concerning Daniel Carpenter fraudulently transferring his ownership of the property located at 18 Pondside Lane to Molly Carpenter, and thereby defrauding future creditors such as Universitas, was not included in the original Complaint because Universitas was unaware of these facts at that time. This transfer significantly pre-dates any interaction between Universitas and Benistar, and thus Universitas did not investigate the details surrounding Mrs. Carpenter's ownership of this property prior to filing suit. Universitas only inquired into her ownership of this property when the issue became relevant during the prejudgment remedy proceedings. [*See* Dkt. #66].

all proposed amendments bad faith amendments because the amendments could improve negotiation status in settlement discussions. The Benistar Defendants' claim that the proposed amendments "attack" Mrs. Carpenter's income and property is likewise a generalized argument, as judgment creditors can always execute a judgment against a debtor's income and property. This claim is further rendered nonsensical by the fact that Mrs. Carpenter already voluntarily posted her property as a prejudgment remedy in this case. [Dkt. #66]. Furthermore, granting Universitas' motion to amend would not provide any tactical advantage. *See De La Rosa Martinez v. Harbor Express, LLC*, No. 15cv07458 (GBD) (DF), 2020 U.S. Dist. LEXIS 235813, at *25-*27 (S.D.N.Y. Oct. 19, 2020) (finding accusations of bad faith unfounded when movant "does not actually stand to gain any unfair 'tactical advantage'" through proposed amendment); *Ithaca Capital*, 450 F. Supp. 3d at 376 ("Defendants argue that Plaintiffs have obtained a unique tactical advantage … by not originally asserting the claims they seek to add here. However, … there is simply no tactical advantage to be gained by Plaintiffs here because they have not taken inconsistent positions or derived any unfair advantage.").

## CONCLUSION

Universitas seeks to amend the Complaint in order to better achieve justice and increase judicial economy. The proposed claims are not futile and are not made in bad faith. Universitas respectfully requests that the Court grant Universitas leave to amend the Complaint and join additional defendants.

Dated: Alexandria, VA
      May 7, 2021

PLAINTIFF UNIVERSITAS EDUCATION, LLC,

By: /s/ Joseph L. Manson III         /
Joseph L. Manson III
Law Offices of Joseph L. Manson III

600 Cameron Street
Alexandria, VA 22314
Tel. 202-674-1450
Fax. 703-340-1642
Em. jmanson@jmansonlaw.com
*Admitted Pro Hac Vice*

*Its Attorney*

## CERTIFICATION

I hereby certify that on May 7, 2021 a copy of foregoing memorandum was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ Joseph L. Manson III