UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC )<br>)<br>     Plaintiff )<br>)<br>vs. )<br>)<br>BENISTAR, et al )<br>)<br>     Defendants )<br>) | CIVIL ACTION NO.<br>3:20-cv-00738-JAM<br><br>May 6, 2021 |

MAY 6 2021 PM 2:00
FILED-USDC-CT-NEW HAVEN

### Movant/Non-Party Daniel Carpenter's Motion to Quash Subpoena Duces Tecum and Motion for Protective Order

Movant/non-party, Daniel Carpenter hereby moves to quash the subpoena duces tecum ("Subpoena") served upon him for deposition testimony and moves for a protective order regarding the documents requested by the Subpoena.

### I.     PRELIMINARY STATEMENT

On or about April 22, 2021, movant/non-party Daniel Carpenter received the Subpoena, a copy of which is attached as Exhibit 1, commanding him to appear on May 25, 2021, and produce "Any and all Documents" from January 1, 2007 to the present relating to "any matter concerning: (1) the receipt, purchase, sale, acquisition, and/or transfer of Property and/or Assets by any Judgment Debtor, Company, and/or Affiliate; (2) any and all Documents concerning payments made to you, by any means, from any Judgment Debtor, Affiliate, and/or Company; (3) any and all Documents, including communications, relating to the ownership structure of any Judgment Debtor and/or Company; (4) any and all Documents relating to any bank accounts and/or accounts at any financial institution concerning any Judgement Debtor, Affiliate, and/or Company; (5) any and all Documents, including communications, relating to the Property and/or

1

Assets, and/or any beneficial interests of any Property and/or Assets, belonging to any Judgment Debtor and/or Company; (6) any and all Documents concerning the good standing, dissolution, and/or other status of any Judgment Debtor and/or Company; and (7) any and all Documents, including communications, concerning payment for counsel representing the Alliance Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, Carpenter Charitable Trust, and/or Phoenix Charitable Trust in the above-captioned matter (See Exhibit A).

Movant/non-party Daniel Carpenter files this motion pursuant to F.R.C.P 45(d)(3)(A) on the grounds that the Subpoena: (i) fails to allow a reasonable time to comply; (ii) requires the disclosure of privileged or other protective matters; (iv) subjects the Movant/non-party to undue burden and harassment.

**II.    LAW AND ARGUMENT**

**A. Legal Standard**

The proper method of testing the validity of a subpoena duces tecum issued without a previous judicial determination of the propriety and sufficiency of the application is by a motion to quash. Jackson v. AFSCME Local 196, 246 F.R.D. 410, 412 (D. Conn. 2007). Rules 45(d)(3)(A) of the Federal Rules of Civil Procedure provides that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protective matters, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). "The party invoking a privilege bears the burden of establishing its applicability to the case at hand." In re Cardinal Health, Inc. Sec. Litig., 2007 U.S. Dist. LEXIS 36000 (S.D.N.Y. Jan. 26, 2007) (quoting In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2,

2002, 318 F.3d 379, 384 (2d Cir. 2003)). Motions to quash a subpoena are entrusted to the sound discretion of the district court." In re Fitch, Inc., 330 F.3d 104, 108 (2d Cir. 2003)(internal quotation marks and citation omitted.)

Rule 45 subpoenas have been held generally to constitute discovery, "and, therefore, are subject to the same time constraints that apply to all of the other methods of formal discovery[.]" Dodson v. CBS Broad. Inc., No. 02 Civ. 9270 (KMW) (AJP), 2005 U.S. Dist. LEXIS 30126, 2005 WL 3177723, at *1 (S.D.N.Y. Nov. 29, 2005) ("Rule 45 [t]rial subpoenas [duces tecum] may not be used ... as means to engage in discovery after the discovery deadline has passed." (internal quotation marks omitted; alterations in original)).

### B. The Subpoena Constitutes Undue Burden and Harassment and has been Served on the Movant/Non-Party in Bad Faith

As the Court plainly see, the Subpoena requests the Movant/Non-Party Carpenter produce an extremely wide variety of documents regarding several different entities, who are not parties to the action in this matter over the course of a 14-year period. This is not the first time the Plaintiff has had the opportunity to serve the Movant/Non-Party Carpenter with such a subpoena. See Exhibit Two, March 14, 2013, Universitas Subpoena served on JP Morgan Chase. As the Court can see, the Plaintiff knew of many of the entities listed in the Movant/Non-Party Carpenter's subpoena in 2013, yet failed to issue the Subpoena at issue in this matter on the Movant/Non-Party. (See Exhibit Two pages 6-7). Further, in response to the Chase Subpoena, Plaintiff was given bank information about parties in this matter and several entities in which they seek from the Movant/Non-Party Carpenter. See Exhibit Three, February 25, 2014, Letter to Universitas From JP Morgan Chase in Response to Subpoena. Now, eight years after serving JP Morgan Chase and seven years after receiving responsive documents, the Plaintiff seeks to compel Movant/Non-Party Carpenter to produce the same or similar documents. The Plaintiff's

inexcusable delay in serving the Movant/Non-Party Carpenter, and their attempt to depose him in an action where he is a Non-Party constitute needless harassment and is clearly done in bad faith. The provisions of Rule 45(3)(iv) operate to protect the Movant/Non-Party Carpenter and the Subpoena should be quashed accordingly.

Further, under Fed. R. Civ. P. 30 the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. The motion may be filed in the court where the action is pending or the deposition is being taken. If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order. See Fed. R. Civ. P. 30(d)(3)(A). The court may order that the deposition be terminated or may limit its scope and manner as provided in Rule 26(c). If terminated, the deposition may be resumed only by order of the court where the action is pending. is a deposition for one day of a max of seven hours only for each witness. See Fed. R. Civ. P. 30(d)(3)(B).

Movant/Non-Party Carpenter submits that, based on the attached exhibits, the Plaintiff has intentionally delayed the service of this subpoena, is requesting documents or information it already has, and whose sole purpose is to unreasonably annoy, embarrass, harass and oppress Movant/Non-Party Carpenter

### C. The Subpoena Fails to Allow Movant/non-party Daniel Carpenter a Reasonable Time to Comply

The Subpoena essentially seeks the production of every single document related to 22 "Judgment Debtors" over a 14-year period and gives the non-party 33 days to produce said documents. Rule 45(d)(3) clearly requires a court to quash a subpoena that fails to give a party a reasonable time to comply. Consequently, on this basis alone, the Court should quash the subpoenas and issue protective orders.

### D. The Subpoena Should be Quashed Because it Calls for Private and Confidential Information to Which Universitas is not Entitled

Federal Rule of Civil Procedure 45(c)(3)(a) states that "[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it … (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies." "Ordinarily, a party does not have standing to quash a subpoena served on a third party, unless the party has a personal right or privilege with respect to the requested documents." Chamberlain v. Farmington Savings Bank, No. 3:06CV01437(CFD), 2007 WL 2786421, at *1 (D. Conn. Sept. 25, 2007) (emphasis provided).

In Griffith v. United States, No. M885(JFK), 2007 WL 1222586 (S.D.N.Y. Apr. 25, 2007), the court noted that the Second Circuit has routinely held that "'individuals, whose banking records are subpoenaed, have a privacy interest in their personal financial affairs that gives them standing to move to quash a subpoena served on a non-party financial institution.'" Id. at *1 (quoting Arias-Zeballos v. Tan, No. 06 Civ. 1268, 2007 U.S. Dist. LEXIS 5068, at *2-3 (S.D.N.Y. Jan. 24, 2007)); see also Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y. 1990) (defendants had standing to object to issuance of subpoenas served by plaintiff on third parties based on claim of personal privacy rights in records); Carey v. Berisford Metals Corp., No. 90 Civ. 1045, 1991 WL 44843 (S.D.N.Y. Mar. 28, 1991) (plaintiff had privacy interest in his bank records, allowing him to contest subpoena served on nonparty bank).

In the matter currently before the Court, Universitas is not just seeking documents related to "Judgment Debtors," it also seeks production of "Any and all Documents, including communications, concerning payment for counsel" from the Movant/non-party Daniel Carpenter.

"Generally, absent a claim of privilege, a party does not have standing to object to a subpoena served on a non-party. See Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126

(2d Cir. 1975). However, a party may have "a sufficient privacy interest in the confidentiality of records pertaining to their personal financial affairs so as to give them standing to challenge the subpoenas." Sierra Rutile Ltd. v. Katz, 1994 U.S. Dist. LEXIS 6188, No. 90 Civ. 4913, 1994 WL 185751, at *2 (S.D.N.Y. May 11, 1994); see Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y. 1990) (finding a party had standing to challenge a subpoena served on non-party financial institutions based on privacy grounds). Dunkin Donuts Franchised Restaurants LLC v. Grand Central Donuts, Inc. No. CV20074027(ENV)(MDG), 2009 WL 973363, at *2 (E.D.N.Y. April 9, 2009) (quoting Ellis v. City of New York, 243 F.R.D. 109, 111-12 (S.D.N.Y. 2007)). See also, e.g., In re Flagtelecomholdings, Ltd. Secs. Litig., 2006 U.S. Dist. LEXIS 69140 at *2 (S.D.N.Y. Sept. 13, 2006) (in addressing motion to quash subpoena directed to accounting firm, court held that party has sufficient privacy interest in confidentiality of records pertaining to their personal financial affairs so as to give them standing to challenge subpoena); and Arias-Zeballos v. Tan, 2007 U.S. Dist. LEXIS 5068 at *1 (S.D.N.Y. Jan. 25, 2007) (court quashed subpoena to bank seeking copies of defendant's personal financial records, including checks and documents relating to real estate purchase).

The Subpoena should be quashed because it seeks sensitive personal and commercial information which implicates the privacy interests of the Movant/non-party Daniel Carpenter and other parties to this action. The question of the status of the funds at issue can be discovered without the need for such overreaching and unduly burdensome discovery directed to third parties.

Therefore, because the Movant/non-party Daniel Carpenter has standing to challenge the Subpoena and because the information sought is highly confidential, and can be provided from less intrusive sources, the Subpoena must be quashed.

### E. The Subpoena Requires the production of hundreds of documents on the last day of the Discovery deadline set by this Court and are therefore untimely.

The discovery deadline in this matter was originally scheduled on January 25, 2021. It was then extended by the Court to March 26, 2021. On February 18, 2021, this Court entered an order that "discovery shall be completed by May 25, 2021." The Plaintiff Universitas now seeks to have the Movant/non-party Daniel Carpenter appear to testify at a deposition and produce hundreds of pages of documents on the last day of the discovery Deadline. This hundreds of pages of "Discovery Documents" would not be made the parties of this action for review until after the discovery deadline. On this basis alone the Subpoena is untimely and should therefore be quashed. See Kelly v. Wright Med. Tech., Inc., No. 00cv8808 (LAK), 2003 WL 40473, at *1 (S.D.N.Y. Jan. 3, 2003) (finding subpoenas untimely when they had been served on the final day of the discovery period, "thus ensuring that [responses] would be received, if at all, only after the conclusion of discovery"); see also Pasternak v. Dow Kim, No. 10cv5045 (LTS) (JLC), 2013 WL 1729564, at *1 (S.D.N.Y. Apr. 22, 2013) ("Rule 45 subpoenas have been held generally to constitute discovery, and, therefore, are subject to the same time constraints that apply to all of the other methods of formal discovery." (internal quotation marks and citation omitted)); Dodson v. CBS Broadcasting, Inc., No. 02cv9270 (KMW) (AJ), 2005 WL 3177723, at *1 (S.D.N.Y. Nov. 29, 2005) (noting that subpoenas "may not be used ... as means to engage in discovery after the discovery deadline has passed." (internal quotation marks and citation omitted)). Wood v. Mut. Redevelopment Houses, Inc., No. 14CV7535 (AT) (DF), 2019 WL 6174369, at *9 (S.D.N.Y. Nov. 19, 2019), objections overruled, No. 14CIV7535ATDCF, 2020 WL 4548079 (S.D.N.Y. Aug. 5, 2020)

## IV. CONCLUSION

For the foregoing reasons, Movant/non-party Daniel Carpenter, respectfully requests that the Court grant his motion to quash the Subpoena served upon him for deposition testimony and move for protective orders regarding the documents requested by the Subpoena.

WHEREFORE, Movant/non-party Daniel Carpenter respectfully moves this Court to quash the Subpoena and issue the requested Protective Order.

Respectfully Submitted<br>
MOVANT/NON-PARTY,


By: /s/ Daniel Carpenter<br>
Daniel Carpenter<br>
Petitioner pro se<br>
18 Pond Side Lane<br>
West Simsbury, CT 06092.

## CERTIFICATION

I hereby certify that on this 6th day of May, 2021, a copy of the foregoing was filed with this Court and served by mail to anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filings as indicated on the Notice of Electronic Filings. Parties may access this filing through the Court's CM/ECF System.

By: /s/ Daniel Carpenter
Daniel Carpenter
Petitioner pro se
18 Pond Side Lane
West Simsbury, CT 06092