# EXHIBIT ONE

Universitas April 22, 2021 Notice of Subpoena of Daniel Carpenter

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC | |
| Plaintiff, | CASE NO. 3:20-cv-00738-JAM |
| v. | **NOTICE OF SUBPOENA** |
| BENISTAR, ET AL. | |
| Defendants. | |

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30 and 45, plaintiff Universitas Education, LLC, intends to serve the attached subpoena of Daniel Carpenter, in the form attached hereto, on April 22, 2021 or as soon thereafter as service may be effectuated.

Dated: April 21, 2021

Respectfully submitted,

By Counsel

/s/ Joseph L. Manson III
Joseph L. Manson III
Law Offices of Joseph L. Manson III
600 Cameron Street
Alexandria, VA 22314
Telephone: 202-674-1450
Email: jmanson@jmansonlaw.com

*Counsel for Universitas Education, LLC*

# UNITED STATES DISTRICT COURT
for the

| | |
|---|---|
| Universitas Education, LLC | ) |
| _Plaintiff_ | ) |
| v. | )     Civil Action No.   3:20-cv-738-JAM |
| Benistar, et al | ) |
| _Defendant_ | ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:             Daniel Carpenter

_(Name of person to whom this subpoena is directed)_

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Deposition will take place remotely via LiveLitigation video chat system | Date and Time:<br>May 25, 2021 at 10:00am |
|---|---|

The deposition will be recorded by this method:    Stenographer

☑ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please see Exhibit A attached hereto

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   4/21/21

CLERK OF COURT

                  OR          /s/ Joseph L. Manson III

     _Signature of Clerk or Deputy Clerk_            _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_
Universitas Education, LLC
                                             who issues or requests this subpoena, are:
Joseph L. Manson III, Law Offices of Joseph L. Manson III, 600 Cameron St., Alexandria, VA 22314
Email: jmanson@jmansonlaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:20-cv-738-JAM

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

UNIVERSITAS EDUCATION, LLC

                    Plaintiff,

v.

BENISTAR, ET AL.

                    Defendants.

CASE NO. 3:20-cv-00738-JAM

**NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE that, pursuant to Conn. Practice Book § 13-27 and Federal Rules of Civil Procedure 30 and 45, plaintiff Universitas Education, LLC, will take the deposition upon oral examination of Daniel Carpenter, who upon information and belief resides at 18 Pond Side Lane, West Simsbury, CT 06092. This deposition will take place remotely via LiveLitigation video chat system, commencing at 10:00am on May 25, 2021. The deposition shall continue day-to-day until completed.

This deposition shall be recorded by stenographic means, and the deposition shall be taken under oath before an officer authorized to administer oaths. The deposition will be taken for discovery purposes in the above-captioned matter, and for any other purposes permitted under the Federal Rules of Civil Procedure. The deposition will concern the network of entities under Mr. Carpenter's control, the location of assets within such network, and related issues of collectability.

PLEASE TAKE FURTHER NOTICE that pursuant to Federal Rules of Civil Procedure 30 and 45, the deponent is to produce at the deposition the documents and categories of documents identified in Exhibit A attached to this notice.

                    Respectfully submitted,

                    By Counsel

                    /s/ Joseph L. Manson III
                    Joseph L. Manson III
                    Law Offices of Joseph L. Manson III
                    600 Cameron Street
                    Alexandria, VA 22314
                    Telephone: 202-674-1450
                    Email: jmanson@jmansonlaw.com

                    *Counsel for Universitas Education, LLC*

## EXHIBIT A

## Schedule of Documents to be Produced

**Definitions:**

1.    "You" or "your" refers to Daniel Carpenter, who upon information and belief resides at 18 Pond Side Lane, West Simsbury, CT 06092. "You" and "your" also includes any and all agents and persons acting on behalf of Daniel Carpenter.

2.    The term "Judgment Debtor" and/or "Judgment Debtors" means the entities identified by Hon. Judge Swain as "Judgment Debtors" in Exhibit B, as well as the entities identified by Hon. Judge Swain as "Entities Adjudicated as Alter Egos of a Judgment Debtor" in Exhibit B.

3.    "Affiliate" and/or "Affiliates" shall include you, Joseph Edward Waesche, Kenneth Landgaard, and all persons identified by Mr. Waesche as a member of the "Carpenter Family" in Exhibit C.

4.    "Company" and/or "Companies" means any entity, whether a corporation, limited liability company, partnership, trust, or otherwise, owned and/or controlled in any capacity by any Judgment Debtor and/or Affiliate, and/or where any Judgment Debtor and/or Affiliate served as an officer, director, employee, and/or agent. "Company" and/or "Companies" shall include, but not be limited to, the entities identified by Mr. Waesche as a "Carpenter Plan" and/or "Carpenter Entity" in Exhibit C. "Company" and/or "Companies" shall further include, but not be limited to, the entities identified in Exhibit D, Exhibit E, Exhibit F, Exhibit G, Exhibit H, and Exhibit I. All entries in Exhibit I shall include entities with any of the following designations added to the end of the entry: LLC, Inc., Ltd., Co., Corp., Company, Corporation, Trust, and/or Partners. For example, Benefit Plan Advisors will be read as Benefit Plan Advisors, Benefit Plan

2

Advisors, LLC, Benefit Plan Advisors, Inc., Benefit Plan Advisors, Ltd., Benefit Plan Advisors, Co., Benefit Plan Advisors, Corp., Benefit Plan Advisors Company, Benefit Plan Advisors Corporation, Benefit Plan Advisors Trust, and/or Benefit Plan Advisors, Partners. The entities within Exhibit I shall also be read to contain and/or exclude commas between each word so that no entity will be excluded on the basis of a comma distinguishing between otherwise distinct entities. Entries within Exhibit I shall also be read to contain the word "the" prior to the first word in the entry if the word "the" would otherwise distinguish a company from an entry in Exhibit I. "Company" or "Companies" shall further include all parent companies, subsidiaries, and/or companies incorporated in other states under the same name.

5.      "Document" and/or "Documents" is defined to mean any item within the meaning of Rule 34 of the Federal Rule of Civil Procedure and denotes, without limitation, any original, written, printed, typed, recorded, transcribed, punched, taped, filmed, photographic or graphic matter of any kind or nature, however produced or reproduced, whether sent or received or neither, including electronically stored information. Said items shall include, but are not limited to the original and any copy, regardless of origin or location, of any book, pamphlet, communications in any medium, statements, reports, records (including bank records), financial statements (including bank statements), notes, memoranda, agreements, contracts, e-mails, letters, and computer generated and otherwise electronically stored information. "Document" and/or "Documents" also means each draft version of a document and any reproduction of a document bearing any marks or additional recordings (such as initials, comments, notations, notes, or stamped indices) from a similar document.

6.      "Property" is defined to mean any item within 11 U.S.C. §101, and further means any tangible object of any nature, including but not limited to, money, real estate, real property,

incidental property, cash, equity, securities, debt, bonds, notes, insurance policies, anything capable of being owned, used, acquired, enjoyed, transferred, apportioned, distributed, assigned, and/or disposed of, and/or any physical thing inhering property rights of any form. As used herein, "property" shall refer to ultimate ownership and shall include anything owned by a corporation, LLC, trust, and/or other entity, which in turn is owned by another entity, and is ultimately owned by you, under your control and/or a trust of which you are a beneficiary.

7. "Asset" and/or "Assets" shall mean anything of value, monetary or otherwise, and shall include nontangible things such as accounts receivable, claims at law, bank accounts, intellectual property, and/or anything capable of potentially generating future revenue and/or accruing interest.

8. The word "any" shall be construed to mean "all" and vice-versa, and neither of these words shall be interpreted to limit the scope of a document request.

9. As used herein, the terms "relating to", "relate to" and/or "concerning" shall mean pertinent, relevant, reflect, material to, evidencing, having a bearing on, affecting, discussing, dealing with, considering, refer to, and/or otherwise relating in any manner whatsoever to the subject matter of the inquiry.

10. As used herein, the term "and/or" means both "and" and "or," and shall not be interpreted to limit the scope of a document request.

## Instructions

1. The time period covered by each request is from January 1, 2007 to the present.

2. Please produce all responsive documents *in your possession, custody, or control* for each document request. This includes all documents stored in an electronic form.

3. You should preserve all relevant and potentially relevant information and

documents related to the above caption matter, even if they are not explicitly listed in the document requests contained herein.

4.     If you object to or otherwise withhold, in good faith, any responsive documents under a claim of privilege or on another basis, Plaintiff Universitas Education, LLC requests that you, consistent with the Requirements of Federal Rule of Civil Procedure 26(b), expressly make such claim and describe the nature of the document(s) withheld and do so in a manner that will enable other parties to assess the claim of privilege.

5.     Plaintiff requests that you produce responsive documents at the time and place of your deposition, which will occur remotely via LiveLitigation video chat system, commencing at 10:00 am on May 25, 2021.

6.     If after making your initial production you obtain or become aware of any further documents responsive to the following requests, you are required to produce such additional documents to Plaintiff's counsel in the above-captioned matter pursuant to Federal Rule of Civil Procedure 26(e).

**<u>Documents to be Produced for Inspection and Copying</u>**

1.     Any and all Documents, including communications, relating to any matter concerning the receipt, purchase, sale, acquisition, and/or transfer of Property and/or Assets by any Judgment Debtor, Company, and/or Affiliate.

2.     Any and all Documents concerning payments made to you, by any means, from any Judgment Debtor, Affiliate, and/or Company.

3.     Any and all Documents, including communications, relating to the ownership structure of any Judgment Debtor and/or Company.

4.     Any and all Documents relating to any bank accounts and/or accounts at any

financial institution concerning any Judgement Debtor, Affiliate, and/or Company.

5. Any and all Documents, including communications, relating to the Property and/or Assets, and/or any beneficial interests of any Property and/or Assets, belonging to any Judgment Debtor and/or Company.

6. Any and all Documents concerning the good standing, dissolution, and/or other status of any Judgment Debtor and/or Company.

7. Any and all Documents, including communications, concerning payment for counsel representing the Alliance Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, Carpenter Charitable Trust, and/or Phoenix Charitable Trust in the above-captioned matter.

# EXHIBIT
# B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

                 Judgment Creditor,     :

           -against-             :     Case Nos. 11 CV 1590-LTS-HBP and
                                   11-8726-LTS
NOVA GROUP, INC., as trustee, sponsor and  :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,         :

                 Judgment Debtor.
--------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-2-2017

## [PROPOSED] ORDER

     This matter having come before the Court on Universitas Education, LLC's
("Universitas") Motion, Pursuant to CPLR 5240, to Extend the Duration of the Restraining
Notices Issued to Third-Party Garnishees for the reasons stated below and on the record at the
Order to Show Cause hearing held on November 2, 2017, and pursuant to Fed. R. Civ. P.
69(1)(1) and N.Y. C.P.L.R. § 5240, it is hereby ORDERED that:

    1.    Effective immediately, all restraining notices previously issued by Universitas
        Education, LLC ("Universitas") to the following third-party garnishees are hereby
        EXTENDED and shall remain in full force and effect through and including
        **NOVEMBER 30, 2020:**

                AAA Life Solutions, AARP, AETNA, AIG, Allianz Life Insurance
                Company of North America, Allstate Life Insurance, American National,
                American United Life, Amica Life Insurance, Athene Annuity & Life
                Insurance Company of New York (Amerus/Aviva), Avon Capital
                Holdings, LLC, CIGNA, Columbia Universal, Columbus Life Insurance
                Company, Commonwealth Insurance Services, Inc., Connecticut General
                Life, Conseco, Country Life, Eerie Family Life, Fidelity Security Life,
                First UNUM, Fort Dearborn Life, Genworth Financial, Guardian Life,
                Hartford Life Insurance Co., ING (VOYA), Jackson National Life, Kansas
                City Life, Knights of Columbus, Lafayette Life, Lincoln Benefit Life
                Insurance Company, Lincoln Heritage, Madison National Life, Midland
                National, Minnesota Life, Mutual of Omaha, New York Life Insurance
                Company, Northwestern Mutual, Pacific Life Insurance Company, Penn
                Insurance and Annuity Co., Primerica, Principal Financial Group,
                Protective Life, Provident Life & Accident, RBC Insurance, Reassure
                America, ReliaStar Life Insurance Co. (VOYA), SBLI USA, State Farm,
                The North American Company for Life and Health Insurance of New
                York (Wilton Re), TIAA, United Commercial Travelers, United States
                Life Insurance Co., UNUM Provident, Washington National Insurance
                Company (CONSECO), Western & Southern Life and Workmen's
                Benefit.

2.    All restraining notices issued by Universitas to third-party garnishees shall be effective against and apply to any property or assets in which any Judgment Debtor has an interest. The Judgment Debtors are as follows:

**JUDGMENT DEBTORS:**

(1) Daniel E. Carpenter;

(2) Nova Group, Inc.;

(3) Grist Mill Trust Welfare Benefit Plan and any trustees and plan sponsors thereof insofar as they hold Grist Mill Trust assets ( "GMT");

(4) Grist Mill Capital, LLC;

(5) Grist Mill Holdings, LLC;

(6) Carpenter Financial Group;

(7) Avon Capital, LLC;

(8) Phoenix Capital Management, LLC; and

(9) Hanover Trust Company.

3.    All restraining notices issued by Universitas to third-party garnishees shall be effective against and apply to any property or assets in which an adjudicated alter ego of the Judgment Debtor has an interest. The adjudicated alter egos of the Judgment Debtors are as follows:

**ENTITIES ADJUDICATED AS ALTER EGOS OF A JUDGMENT DEBTOR:**

(1) Carpenter Financial Group, LLC;

(2) Benistar Admin Services, Inc.;

(3) Benistar 419 Plan Services, Inc.;

(4) Benistar Employer Services Trust Corporation;

(5) Benistar, Ltd.;

(6) Benistar Ltd.;

(7) Benistar Property Exchange Trust Company, Inc.;

(8) Benistar Property Exchange Trust Company;

(9) Boston Property Exchange Trust Company;

2

(10) Boston Property Exchange Transfer Company;

(11) Boston Property Exchange Transfer Company, Inc.;

(12) Step Plan Services, Inc.; and

(13) U.S. Property Exchange.

4.  Universitas (or its counsel) shall provide written notice to third-party garnishees to the extent additional entities (other than those set forth in paragraph 4 herein), have been or are, at a future date, adjudicated to be alter egos of any Judgment Debtor. Upon receipt of such written notice, the third-party garnishees shall add and include said entity to the list of alter ego entities enumerated above in paragraph 4 of this Order and any property or asset(s) of such alter ego entity shall be subject to the restraining notices.

5.  The Restraining Notices served on the following carriers by Universitas are hereby lifted only with regard to the processing of the changes of ownership listed below for the identified insureds and policies only:

| **Plan** | **Insured** | **Carrier/Policy #** | **Transaction** |
| --- | --- | --- | --- |
| SPT[1] | Robert G. | Lincoln *139 | Change of Ownership |
| B419[2] | Michael M. | AIG *538 | Change of Ownership |
| B419 | Michael D. | AIG *539 | Change of Ownership |
| GMT | Bruce M. | Mass Mutual *160 | Change of Ownership |
| GMT | David H. | F&G *407 | Change of Ownership |
| GMT | Laura H. | F&G *793 | Change of Ownership |
| GMT | James J. | John Hancock *001 | Change of Ownership |
| GMT | Ralph S. | AIG *221 | Change of Ownership |
| GMT | Ralph S. | AIG *222 | Change of Ownership |

---

[1] GMT Survivorship Plan and Trust

[2] Benistar 419 Plan and Trust

3

6. The Restraining Notices served on the following carriers by Universitas are hereby lifted only with regard to the processing of the full surrenders or partial surrenders/withdrawals listed below for the identified insureds and policies only:

| GMT | Thomas R. | Lincoln *777 | Full Surrender |
| GMT | Michael T. | Mass Mutual *855 | Full Surrender |
| GMT | Russell O. | Penn I&A *994 | Full Surrender |
| GMT | Amy&Mark M. | Hartford *198 | Partial Surrender |

Thereafter, upon receipt of funds from the carries for the partial or full surrenders of the listed policies, GMT shall pay such funds to Loeb & Loeb LLP for the benefit of Universitas. Thereafter, upon receipt of further written authorization from Universitas' counsel (Loeb & Loeb), Hartford is free to proceed with the processing of a change of ownership request with respect to the Amy & Mark M. policy without further order of the Court.

7. The Restraining Notices served on the following carriers by Universitas are hereby lifted only with regard to the processing of the partial surrenders/withdrawals listed below for the identified insureds and policies only:

| B419 | David R. | Lincoln*091 | Partial Surrender/Withdrawal |
| B419 | Thad M. | Mass Mutual *018 | Partial Surrender/Withdrawal |
| B419 | Kathleen B. | AIG *512L | Partial Surrender/Withdrawal |

If Lincoln, Mass Mutual and/or AIG receives a request for change of ownership of the David R., Thad M. or Kathleen B. polices, the carriers are free to process the change(s) of ownership without further order of the Court. B419 shall provide copies to Universitas' counsel of any change of ownership paperwork submitted to the carriers with respect to these three policies.

SO ORDERED.

Dated:     New York, New York
           November 2, 2017

_____
LAURA TAYLOR SWAIN
United States District Judge

5095669v 1

4

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                        :

THE PENN MUTUAL LIFE INSURANCE    :
COMPANY,
                        :   No. 15-CV-01111 (AJN)

        Plaintiff,        :

                        :

     -against-        :   **AFFIDAVIT OF J. EDWARD**

                        :   **WAESCHE**

KATHY KEHOE, as Trustee of the    :
SICKNESS ACCIDENT & DISABILITY
INDEMNITY TRUST 2005; KATHY    :
KEHOE, as Trustee of the GRIST MILL
TRUST DATED 10-1-03; and UNIVERSITAS :
EDUCATION LLC,
                        :

        Defendants.      :

                        :
------------------------------------------------------------X
                        :

LIFE INSURANCE COMPANY OF THE   :
SOUTHWEST,
                        :   No. 15-CV-04594 (AJN)

        Plaintiff,        :

     -against-        :

KATHY KEHOE, as Trustee of the GRIST :
MILL TRUST DATED OCTOBER 1, 2003;
and UNIVERSITAS EDUCATION LLC,   :

        Defendants.      :

                        :
------------------------------------------------------------X

     STATE OF CONNECTICUT  )

     COUNTY OF FAIRFIELD    )

     I, J. Edward Waesche, being duly sworn, state:

1. I have authorized my attorney, James Filan, to accept service of a subpoena on my behalf served by Third-Party Defendant Universitas Education, LLC ("Universitas") in these consolidated actions. The subpoena requires my attendance at a deposition in these matters.

2. I have reviewed the pleadings in these actions, including the complaints and the answers filed by all parties (collectively, the "Pleadings").

3. If called to testify in these actions, I would assert my Fifth Amendment right against self-incrimination in response to all substantive questions, including, without limitation, questions related to the following subjects:

- The allegations and/or denials made in the Pleadings;

- The formation, operation, solicitation of participants, and activities of: (i) the Grist Mill Trust Welfare Benefit Plan (the "Grist Mill Plan"); (ii) the Sickness, Accident & Disability Indemnity Trust (the "SADI Plan"); (iii) SADI 2005; (iv) the SADI Trust dtd 10-1-03; (v) the SADI 2007 Trust; (vi) the Grist Mill Survivorship TR dtd 10-1-04; (vii) the Charter Oak Trust Welfare Benefit Plan (the "Charter Oak Trust"); (viii) the Benistar 419 Plan & Trust; (ix) the GMT Living Benefits TR dtd 10-1-05; (x) the Nutmeg Trust dtd 10-1-03; (xi) the McAllen Healthcare Svcs Trust 10-01-08; (xii) the Long Term Care Trust dtd 10-1-03; (xiii) the Jefferson Trust dtd 10-1-10; (xiv) the Life One Plan & Trust dtd 9-30-04; (xv) the Life One Trust; (xvi) the Life Five Plan & Trust dtd 9-30-04; (xvii) the Life Five Trust; and (xviii) the Survivorship Plan & TR dtd 9-30-04 (collectively, the "Carpenter Plans"). As used herein, the term "Carpenter Plans" includes any amendments to the identified "Carpenter Plans," as well as any other employee welfare benefit plan involving Daniel E. Carpenter ("Carpenter");

- Commissions (or other monies and payments) received or paid with respect to any life insurance policy or annuity owned or secured by, or in connection with, any Carpenter Plan (and/or paid to any member of the Carpenter Family[1] or any Carpenter Entity[2]);

---

[1] The "Carpenter Family" refers to Carpenter; Molly Carpenter; Kathy Kehoe; Wayne Bursey (now deceased); Donald Trudeau; Charles J. Induddi Westcott; Jack E. Robinson; Donna Wayne; Caroline Carpenter Meckel; Ineke Murphy; Shawndrika Stevens-Gardner; Donna Dawson; Matthew Westcott; Joseph Castagno; Amanda Rossi; Robert Pacini; Stefan Cherneski; Andrew Varner; Paul E. Martin; and/or Guy Neumann.

[2] "Carpenter Entity" or "Carpenter Entities" refers to 1&3 Mill Pond Partners LLC; 41 Church Street Partners LLC; Alliance Charitable Remainder Trust; American Captive Services, Inc.; American Fiduciary Services, Inc.; Atlantic Charitable Remainder Trust; Audit Risk Indemnity Association LLC; ARIA, LLC, Avon Capital, LLC; Avon Charitable Remainder Trust; Avon Old Farm School; BASI; BCNY Litigation Group, LLC; Benefit Concepts Advisors, LLC; Benefit Concepts, Inc.; Benefit Concepts New York; Benefit Plan Advisors, LLC; Benistar; Benistar 419 Plan Services, Inc.; Benistar 419 Plan & Trust (the "Benistar Plan"); Benistar Client Services, Inc.; Benistar Corporation; Benistar Employer Services Trust Corporation; Benistar Financial Group; Benistar Financial Group LLC; Benistar Group Ltd.; Benistar Insurance Group, Inc.; Benistar Insurance Group Holdings, LLC;

- The activities of the Carpenter Family and the Carpenter Entities and my involvement with either;

- The formation, operation, and activities of Benefit Plan Advisors, LLC, Nova Benefit Plans, LLC, Nova Group, Inc. and/or Hanover Benefit Plans, LLC, or any other entity or person who served as a plan sponsor, named fiduciary, administrator, and/or trustee of a Carpenter Plan;

- Business relationships between and among me, and any and all members of the Carpenter Family;

- Other persons and/or entities who have been involved in or with the Carpenter Plans, the Carpenter Entities, and/or the Carpenter Family, and their respective roles in same;

- All transactions undertaken in connection with any Carpenter Plan, including all monies and/or assets assigned, sold, pledged, or otherwise transferred to/from any Carpenter Plan;

- All entities controlled by Carpenter, including the Carpenter Plans, that operated out of 100 Grist Mill Road, Simsbury, Connecticut; 10 Tower Lane, Avon, Connecticut; 300 Stamford Place, Stamford, Connecticut; and/or 2187 Atlantic Street, Stamford, Connecticut;

- The origination, transfer, assignment, pledge and/or sale of any life insurance policy or annuity owned by any Carpenter Plan, and any payments of premiums on any such policy or annuity, including, without limitation, the following: (i) Policy No. 008170968, issued by The Penn Mutual Life Insurance Company ("Penn Mutual") in 2005, insuring the life of Mr. Lawrence O. Fischer ("Mr. Fischer"); (ii) Policy No. 008199632, issued by Penn Mutual in 2007, insuring the life of Mr. Fischer; (iii) Policy No. LS0147497, issued by Life Insurance Company of The Southwest in 2007, insuring the life of Mr. Fischer; (iv) Policy No. 546103549, issued by Jefferson Pilot, insuring the life of Keith Kornovich; and (v) Policy No. 546103551, issued by Jefferson Pilot, insuring the life of Mark Kornovich; and

---

Benistar Ltd.; Benistar Media Group, Inc.; Benistar Property Exchange Trust Company; Benistar Property Exchange Trust Company, Inc.; Benistar Publishing, Inc.; Benistar Reinsurance Services Group, Inc.; Birch Hill Partners, LLC; BPETCO Litigation Group; Cambridge Trust; Essex Trust; Capital City Partners, LLC; Carpenter Charitable Remainder Trust (or any similar named trust); Carpenter Financial Group; Caroline Financial Group, Inc.; Charter Oak Trust; Charter Oak Trust 2009; Charter Oak Trust Welfare Benefit Plan ("Charter Oak Trust"); DSP Holdings, LLC; Greenwich Bay Management LLC; Grist Mill Capital, LLC; Grist Mill Holdings, LLC; Grist Mill Partners, LLC; Grist Mill Plan; Grist Mill Trust (GMT) Living Benefits Trust; Grist Mill Trust-Physicians; Grist Mill Trust (GMT) Survivorship Trust; Grist Mill Trust Welfare Benefit Plan (the "Grist Mill Plan"); Hanover Trust Company; Jefferson Trust; Life Five Welfare Benefit Trust; Life One Welfare Benefit Trust; Long Term Care Trust; McAllen Healthcare Services Trust; Mid Atlantic Trust; MidAtlantic Trust; Moonstone Partners, LLC; Natural Benefit Alliance LLC; NBPS, Inc.; Nova Benefit Plans, LLC; Nova Group Holdings, LLC; Nova Group, Inc.; Nova Living Benefits Trust; Nova Partners; Nutmeg Trust; Phoenix Capital Management, LLC; Phoenix Charitable Remainder Trust; Rex Insurance Services; SDM Holdings, LLC; Seir Hill Partners, LLC; Sickness, Accident & Disability Indemnity Trust; Sickness, Accident, Disability Indemnity Trust 2005 (the "SADI Plan"); Sickness, Accident, Disability Indemnity Trust 2007; Split Dollar Trust; Step Plan Services, Inc.; STEP Plan & Trust; Survivorship Welfare Benefit Trust; TPG Group, Inc.; USB Underwriter Services, Inc.; U.S. Benefits Group, Inc.; U.S. Property Exchange; Wilcox Street Partners LLC; Worthy Investments; and/or Zone Partners LLC.

    &#9702;   The disposition of the $30 million in life insurance death benefits paid by The Lincoln National Life Insurance Company to the Charter Oak Trust in May 2009, including all transfers made to entities formed, controlled or operated, directly or indirectly, by any member of the Carpenter Family, including Carpenter and/or Molly Carpenter, and the current whereabouts of such monies.

4.  I recognize that this Court may draw adverse inferences against members of the Carpenter Family, the Carpenter Entities, and the Carpenter Plans, including Third-Party Defendants Grist Mill Plan and SADI Plan, as a result of my assertion of my Fifth Amendment right against self-incrimination.

J. Edward Waesche

Sworn to before me this
14th day of January, 2016

Erin E. McGee
NOTARY PUBLIC Public
State of Connecticut
My Commission Expires Sept. 30, 2017

4

# EXHIBIT
# D

Government's Sentencing Memorandum

## EXHIBIT 1

### LIST OF COMPANIES[1]

Abigail Partners, LLC
Alaska Pacific Acquisition Group, Inc.
Alaska Pacific Corporation
Avon Capital LLC
Benefit Concepts, Inc.
Benefit Concepts New York, Inc.
Benefits Concepts Systems Inc.
BCNY, Inc.
BCNY Systems, Inc.
Benistar, Ltd.
Benistar Group, Ltd.
Benistar Corporation
Benistar Employer Services Trust Co., Inc.
Benistar Admin Services, Inc.
Benistar Insurance Group, Inc.
Benistar Capital, LLC
Benistar 419 Plan Services, Inc.
Benistar Step Plan Services, Inc.
Caroline Financial Group, Inc.
Cohen Family Charitable Foundation, Inc.
Florida Air, Inc.
Frace Carpenter & Co., Inc.
GIC Asset Management Corp.
Health Resource Organization, Inc.
National Telcom PCS, Inc.
National Telecom, Inc.
Nova Group Business Trust
The ESOP Group, Inc.
T.P.G. Group, Inc.
United Health Care Organization, Inc.
Voluntary Benefit Systems, Inc.

---

[1] Based on database searches conducted by the government to date, each of the above-listed entities appears to have been associated with Carpenter. It is unclear, at present, which of the entities remains active and what his current relationship with such entities might be.

JLM038862

# EXHIBIT E

April 7, 2011

Department of Treasury
Internal Revenue Service Center
Cincinnati, OH 45999-0045

To Internal Revenue Service Employee:

Please find in the enclosed package 2010 tax return extensions for the following entities:

| | |
|---|---|
| Antioch Partners, LLC | 26-3821783 |
| Benefit Concepts, Inc. | 06-1422529 |
| Birch Hill Partners, LLC | 27-2845861 |
| Caroline LTD LLC | 06-1448097 |
| Caroline Financial Group, Inc. | 20-0006208 |
| Clermont Capital Partners, LLC | 27-3017294 |
| Corsair Holdings Group, LLC. | 26-3821860 |
| Grist Mill Holdings, LLC | 20-0688307 |
| Hanover Benefit Plans LLG | 27-1967071 |
| Legacy Research Partners, LLC. | 26-3822114 |
| Lighthouse Point Mgmt Group, LLC | 26-3822501 |
| Mako Development Group, LLC. | 26-3822695 |
| Marlin Holdings Group, LLC | 26-3822829 |
| Marlin Mgmt Group, LLC | 26-3822873 |
| Marlin Partners, LLC. | 26-3822760 |
| Phoenix Alliance Investment Group Entities, LLC | 26-0029164 |
| Research & Development Group, LLC | 26-3822347 |
| Sunrise Holdings, LLC | 26-3822606 |
| Vanguard Royalty Group, LLC | 26-3822396 |
| Will Call LLC | 26-1624772 |

Matt Westcott

NovaDOL 02073

UNIV_AAA 00056320

# EXHIBIT F

April 7, 2011

Department of Treasury
Internal Revenue Service Center
Ogden, UT 84201-0045

To Internal Revenue Service Employee:

Please find in the enclosed package 2010 CRT extensions for the following entities:

| | |
|---|---|
| Alliance Trust | 06-1426096 |
| Atlantic Trust | 20-6209247 |
| Avon Charitable Trust | 20-0872368 |
| Carpenter Charitable Trust | 06-6649744 |
| Phoenix Trust | 06-6526774 |
| Aragon Charitable Remainder Trust | 26-6652604 |
| Ariel Charitable Remainder Trust | 26-6652591 |
| Augustus Charitable Remainder Trust | 26-6671135 |
| Avalon Charitable Remainder Trust | 26-6652596 |
| Eldora Charitable Remainder Trust | 26-6652585 |
| Herrera Charitable Remainder Trust | 26-6671113 |
| Morris Ashby Charitable Remainder Trust | 26-6671343 |
| Pequot Charitable Remainder Trust | 26-6671154 |
| Saint Barnabas Charitable Remainder Trust | 26-6671414 |
| Saint James Charitable Remainder Trust | 26-6671501 |
| Saint Luke Charitable Remainder Trust | 26-6671461 |
| Saint Paul Charitable Remainder Trust | 26-6671513 |

Matt Westcott

NovaDOL 02096

UNIV_AAA 00056343

# EXHIBIT
# G

April 8, 2011

Department of Revenue Services
State of Connecticut
PO Box 2967
Hartford, Ct 06104-2967

To Connecticut DRS Employee:

Please find in the enclosed package 2010 extensions for tax returns for the following entities:

| | |
|---|---|
| Avon Capital, LLC | 20-1196827 |
| Benistar Admin Services, Inc. | 06-1490687 |
| BESTCO Benefit Plans LLC | 06-1490685 |
| Birch Hill Partners, LLC | 27-2845861 |
| Caroline LTD LLC | 06-1448097 |
| Clermont Capital Partners, LLC. | 27-3017294 |
| Grist Mill Capital, LLC | 81-0607868 |
| Grist Mill Holdings, LLC | 20-0688307 |
| Hanover Benefit Plans LLC | 27-1967071 |
| Nova Benefit Plans , LLC | 20-0675542 |
| Nova Partners, LLC | 20-0688355 |

Matt Westcott

NovaDOL 02055

UNIV_AAA 00056303

# EXHIBIT H

March 15, 2011

Department of Treasury
Internal Revenue Service Center
Cincinnati, OH 45999-0045

To Internal Revenue Service Employee:

Please find in the enclosed package 2010 corporate extensions for the following entities:

| | |
|---|---|
| Frank Musseman, PC | 27-0845327 |
| Helen Mussemann, PC | 27-0845655 |
| Emily Boyd, PC | 27-0846804 |
| American Fiduciary Services, Inc. | 27-4201435 |
| PC Therapy, Inc. | 13-3671312 |
| Corsair Financial Group, Inc. | 26-3821042 |
| USB Group Inc | 27-3520756 |
| Pandora Financial Group, Inc. | 26-1760639 |

Matt Westcott



NovaDOL 02170

UNIV_AAA 00056417

# EXHIBIT
# I

1 & 3 Mill Pond Partners
Alaska Pacific
Alaska Pacific Group
Alliance Charitable Trust
Altcara
American Charitable Endowment
Ark Royal
Ark Royal Assurance
Ark Royal Holdings
Atlantic Charitable Trust
Avon Capital Holdings
Avon Holdings
Avon Insurance Welfare Benefit
Avon Trust
Benefit Concepts International
BPA
Britannia
Caledon Trust Company
Cambridge Welfare Benefit Plan
Caroline
Carpenter Charitable Remainder Unitrust
Carpenter Family Trust
Carpenter Financial Group Welfare Benefit Trust
Carpenter Group
Carpenter Trust
CBCA
CBCA Administrators
CBCA Pharmacy Benefits Management
CCP2
Claremont Capital Group
Claremont Capital Partners
Clermont Asset Management
Clermont Capital
Daniel E. Carpenter Charitable Remainder Trust
Daniel E. Carpenter Trust
Global Sports Underwriters
Graham-Bingham Irrevocable Trust
Greyhound Management
Greyhound Partners
Grist Mill Capital Advisors
Gryphon Publishing Group
Health Benefit Alliance
Health Claims Trust Organization

Health Resources Organization
Legal Defense Fund
Leo Group
LICA Admin Services
LICA Admin. Services
Life Insurance Co. of Alaska
Life Insurance Company of Alaska
Life Insurance Fund Elite
Loge Group
Lydia Capital
National Benefit Alliance
National Financial Services
NatTel
Nova Trust
NTS Properties
Perfect Rides
Pettibone Tavern
Phoenix Alliance Investment Group
Phoenix Capital
Phoenix Capital Management Group
Phoenix Charitable Trust
Roth Capital Partners
Step Acquisition Group
Thermionics
Thomas D. Philipsborn Insurance
Torrey Pines Services
US Benefits
US Benefits Group
USB Client Services
USB Services
USBGI
Video Galaxy
Westcott Financial Group
Yates Worldwide Holding
Yates Worldwide Holding Limited