# EXHIBIT TWO
March 14, 2013, Universitas Subpoena to JP Morgan Chase

# JPMorganChase

Nina Irish  
Telephone: (212) 552-0926  
Facsimile: (212) 552-5378  
nina.irish@jpmchase.com

New York Legal  
JPMorgan Chase  
1 Chase Manhattan Plaza  26th Floor  
New York, New York 10005

3/29/2013

Wayne Bursey  
22 High Hill Rd  
Bloomfield, CT 06002

**RE: Case Name: Universitas Education, LLC v. Nova Group, Inc. as trustee, sponsor and fiduciary of the Charter Oak Trust**
   **Case No.: 11-1590-LTS-HBP**
   **JPMC File No.: SB456878-F1**

Dear Wayne Bursey :

JPMorgan Chase Bank, N.A. was served with a subpoena with regard to the above-referenced case. A copy of the subpoena is enclosed for your review.

If you are represented by an attorney in this matter, please provide your attorney with a copy of this letter and the enclosed subpoena immediately.

JPMorgan Chase Bank, N.A. is obligated to respond to this subpoena and will provide the requested information to the requesting party unless JPMorgan Chase Bank, N.A. receives, within five days from the date of this letter (or sooner if required by the subpoena), a properly filed Motion to Quash the subpoena, or Court Order stating that JPMorgan Chase Bank, N.A. does not have to comply with the request for production of documents. Please note the due date on the face of the subpoena and the fact that JPMorgan Chase Bank, N.A. may need to transmit any responsive documents prior to that date so they are received in a timely fashion.

If you have questions, please call me directly at (212) 552-0926.

Sincerely,

Nina Irish  
Legal Specialist

Enc.

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

JPMC File No.
SB 394724-F1

Universitas Education, LLC (judgment creditor)
Plaintiff
v.
Nova Group, Inc. as trustee, sponsor and fiduciary of
the Charter Oak Trust (judgment debtor)
Defendant

Civil Action No. 11-1590-LTS-HBP

(If the action is pending in another district, state where:
                                             )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: JP Morgan Chase ATTN: Subpoena/Legal Department
~~270 Park Avenue, New York, NY 10017~~  1 Chase Manhattan Plaza, 26th Flr
                                          NY NY 10005

☒ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Please see Schedule A attached.

| Place: Reyhani Nemirovsky LLP | Date and Time: |
| 200 Park Avenue, 17th Floor | |
| New York, NY 10166 | 04/22/2013 9:00 am |

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so are attached.

Date: 03/14/2013

CLERK OF COURT

OR

_____          _____
Signature of Clerk or Deputy Clerk     Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing (name of party)
Universitas Education, LLC (judgment creditor), who issues or requests this subpoena, are:
Bryan Reyhani (BR-9147), Reyhani Nemirovsky LLP, 200 Park Avenue, 17th Floor, New York, NY 10166
Phone: 212-897-4022; E-mail: bryan@rnlawfirm.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 11-1590-LTS-HBP

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.0  .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                               *Server's signature*

                               _____
                               *Printed name and title*

                               _____
                               *Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A – JP MORGAN CHASE

## DOCUMENT REQUESTS

### Definitions and Instructions

A.   Each document request covers the time period of May 1, 2009 to the present.

B.   These document requests incorporate the Uniform Definitions set out in Local Civil Rule 26.3 of the United States District Court for the Southern District of New York.

C.   These requests apply to all documents within your possession, custody or control, regardless of whether such documents and/or information are held by you or your current or former predecessors in interest, successors in interest, affiliates, designees, officers, directors, members, agents, managers, advisers, employees, representatives, attorneys, custodians and/or nominees.

D.   "Daniel E. Carpenter" refers to an individual believed to have a date of birth of May 25, 1954 and reside at 18 Pondside Lane in West Simsbury, Connecticut.

E.   "Molly Carpenter" refers to an individual believed to have a date of birth of August 17, 1957 and reside at 18 Pondside Lane in West Simsbury, Connecticut.

F.   "Wayne H. Bursey" refers to an individual believed to have a date of birth of August 13, 1950 and reside at 22 High Hill Road in Bloomfield, Connecticut.

G.   "Amanda Rossi" refers to an individual believed to have a date of birth of November 17, 1980 and reside at 191 Parker Road in Somers, Connecticut.

### Document Requests

1.   Documentation of all transactions including, without limitation, all credits, debits, deposits, withdrawals and transfers, for all business, company, corporate, trust or non-personal accounts for which Daniel E. Carpenter, Molly Carpenter, Amanda Bursey and/or Wayne H. Bursey, individually or jointly with another, is or was a signatory.

2.   Copies of all account opening documents, statements, checks and wire transfers for any business, company, corporate, trust or non-personal accounts for which Daniel E. Carpenter, Molly Carpenter, Amanda Bursey and/or Wayne H. Bursey, individually or jointly with another, is or was a signatory.

3.   Documentation of all transactions including, without limitation, all credits, debits, deposits, withdrawals and transfers, for any bank, brokerage, trust or other accounts that stand in the name or exist for the benefit of a company, corporation, trust or other entity for which Daniel E. Carpenter, Molly Carpenter, Amanda Bursey and/or Wayne H. Bursey is or was an officer, director, manager, trustee, agent, signatory, representative and/or affiliate.

4. Copies of all account opening documents, statements, checks and wire transfer for any bank, brokerage, trust or other accounts that stand in the name or exist for the benefit of a company, corporation, trust or other entity for which Daniel E. Carpenter, Molly Carpenter, Amanda Bursey and/or Wayne H. Bursey is or was an officer, director, manager, trustee, agent, signatory, representative and/or affiliate.

5. Documentation of all transactions including, without limitation, all credits, debts, deposits, withdrawals and transfers, for any bank, brokerage, trust or other accounts that stand in the name or exist for the benefit of an entity located at 100 Grist Mill Road (or 100 Grist Mill Lane) in Simsbury, Connecticut, including but not limited to the following:

- Charter Oak Trust 2009
- Charter Oak Litigation Trust
- Grist Mill Capital, LLC
- Grist Mill Holdings, LLC
- Grist Mill Trust
- Grist Mill Partners, LLC
- Avon Capital, LLC
- Avon Insurance Trust
- Avon Insurance Welfare Benefit Plan
- Phoenix Capital Management, LLC
- SADI Trust
- TPG Group, Inc.
- Audit Risk Indemnity Association, LLC
- Moonstone Partners, LLC
- Benistar Client Services, LLC
- Hanover Benefit Plans, LLC
- USB Group, Inc.
- Alliance Charitable Remainder Trust
- Carpenter Charitable Remainder Trust
- Avon Charitable Remainder Trust
- Atlantic Charitable Remainder Trust
- Phoenix Charitable Remainder Trust

6. Copies of all account opening documents, statements, checks and wire transfers for any bank, brokerage, trust or other accounts that stand in the name or exist for the benefit of an entity located at 100 Grist Mill Road (or 100 Grist Mill Lane) in Simsbury, Connecticut, including but not limited to the following:

- Charter Oak Trust 2009
- Charter Oak Litigation Trust
- Grist Mill Capital, LLC
- Grist Mill Holdings, LLC
- Grist Mill Trust
- Grist Mill Partners, LLC

2

- Avon Capital, LLC
- Avon Insurance Trust
- Avon Insurance Welfare Benefit Plan
- Phoenix Capital Management, LLC
- SADI Trust
- TPG Group, Inc.
- Audit Risk Indemnity Association, LLC
- Moonstone Partners, LLC
- Benistar Client Services, LLC
- Hanover Benefit Plans, LLC
- USB Group, Inc.
- Alliance Charitable Remainder Trust
- Carpenter Charitable Remainder Trust
- Avon Charitable Remainder Trust
- Atlantic Charitable Remainder Trust
- Phoenix Charitable Remainder Trust