UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC<br><br>Plaintiff,<br><br>v.<br><br>BENISTAR, ET AL.<br><br>Defendants. | CASE NO. 3:20-cv-00738-JAM |

**PLAINTIFF'S REPLY MEMORANDUM IN RESPONSE TO BRIEF OPPOSING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND JOIN ADDITIONAL DEFENDANTS FILED BY GRIST MILL PARTNERS, LLC**

Universitas Education, LLC ("Universitas") files this memorandum of law in reply to the opposition brief filed by Grist Mill Partners, LLC ("GM Partners").

**I.      The Proposed Claims are not Time Barred.**

GM Partners relies entirely upon outdated caselaw to argue that the proposed unjust enrichment claims are untimely. [Dkt. #127 at 9-10]. The statute of limitations for unjust enrichment claims was recently decided by the Connecticut Supreme Court – unjust enrichment claims have no statute of limitations. *See Reclaimant Corp. v. Deutsch*, 332 Conn. 590, 611-15 (2019). The proposed alter ego claims are also within the statute of limitations. *See CHRO ex rel. Doe v. Travel & Tour Servs.*, No. CV-92-0519577, 1994 Conn. Super. LEXIS 1806, at *7 (Conn. Super. Ct. July 15, 1994) (providing that alter ego claims have a twenty-year statute of limitations).

**II.     The Amended Complaint has Facts Sufficient to Render the Proposed Claims Plausible.**

The Court already found that Universitas pleaded sufficient facts for a plausible alter ego claim against GM Partners.[1] [Dkt. #110 at 17-18]. The proposed unjust enrichment claim is likewise plausible. Contrary to GM Partners' claims, an unjust enrichment claim can be predicated upon fraudulent activity.[2] *See Dimuro v. Estee Lauder Cos.*, No. 3:12CV01789(AVC), 2013 U.S. Dist. LEXIS 195526, at *15-*16 (D. Conn. Nov. 19, 2013) (explaining that unjust enrichment claims predicated upon fraudulent acts are subject to heightened pleading standard of Fed. R. Civ. P. 9(b)); *Silverman Ptnrs., L.P. v. First Bank*, 687 F. Supp. 2d 269, 288 (E.D.N.Y. 2010) (same).

The proposed unjust enrichment claim concerns Daniel Carpenter providing GM Partners with legal title in the property located at 100 Grist Mill Road so as to defraud creditors. *See Cadle Co. v. Jones*, Nos. 3:00cv316(WWE), 3:00cv317(WWE), 2004 U.S. Dist. LEXIS 18300, at *25-*30 (D. Conn. Aug. 20, 2004) (finding that defendant was unjustly enriched to the detriment of creditor plaintiff when defendant held bare legal title to assets equitably owned by insolvent debtor as a result of coordinated effort to structure debtor's finances and property holdings so as to evade creditors). GM Partners attempts to mischaracterize the proposed unjust enrichment claim as a fraudulent conveyance claim by focusing on the transfer from Grist Mill Capital, LLC ("GMC") to GM Partners. [*See* Dkt. #127 at 9-11]. Although this transfer is part of the proposed unjust enrichment claim, the scope of the claim is beyond just this transfer. Universitas included

---

[1] The fact that GM Partners permitted Carpenter Financial Group to operate from 100 Grist Mill Road without paying rent is dispositive of alter ego liability. *See In re Heritage Org., LLC*, 413 B.R. 438, 513 (N.D. Tex. 2009) (providing that two entities with common ownership that did not follow legal formalities when contracting with each other are "indeed one in the same") (citations omitted).

[2] In support of this argument, GM Partners cites to the underlying proceedings for the precedent that "[r]endering a creditor unable to recover on a defaulted debt in New York through a fraudulent conveyance constitutes injury in New York that is reasonably foreseeable." [Dkt. #127 at 7-8]. This quote concerns the court's finding of personal jurisdiction over Daniel Carpenter and the corporate Judgment Debtors. It is unclear how the court's finding of personal jurisdiction could be construed as precedent that an unjust enrichment claim cannot be predicated upon fraud, and thus Universitas cannot respond to this analysis.

2

information about the transfer from GMC to GM Partners within the Amended Complaint largely to show the interrelatedness of the Judgment Debtors and the Defendants, and also to establish a pattern[3] – every property was purchased with funds transferred from a purportedly unrelated entity shortly before the acquisition of the property.[4] *See Universitas Educ., LLC v. Nova Group, Inc.*, Case Nos. 11-civ-1590 (LTS)(HBP) and 11-civ-8726 (LTS)(HBP), 2014 U.S. Dist. LEXIS 3983, at *13 (S.D.N.Y. Jan. 3, 2014) (explaining that Carpenter-controlled entities "frequently" engage in inter-company transfers for which documentation and/or any business justification "is more often than not nonexistent"). These transfers occurred within the context of Daniel Carpenter acknowledging that he has used the corporate form to defraud creditors since 2002, and that every property is owned by a distinct entity so as to prevent a creditor from recovering more than one asset from any entity. [*See* PJR App., Ex. 8 (Dkt. #10)].

Accordingly, this pattern of activity is a pattern of fraud, which is pertinent to the proposed claims. *See In re Butler*, No. UT-06-077, 2007 Bankr. LEXIS 797, at *21 (B.A.P. 10th Cir. Mar. 19, 2007) (analyzing "pattern of fraud" as part of finding that entity was "a sham entity designed for the purpose of concealing and hiding assets from creditors"); *Gen. Trading v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1500-01 (11th Cir. 1997) (finding that "pattern of fraud" raised a "substantial inference" of fraudulent intent); *UnitedHealthcare Servs. v. Next Health, LLC*, No. 3:17-CV-0243-S, 2018 U.S. Dist. LEXIS 121760, at *17-*18 (N.D. Tex. July 20, 2018) (finding Rule 9(b) satisfied with regard to specific transactions because such transactions occurred within overarching "pattern of fraud"); *In re Levitsky*, 401 B.R. 695, 705 n. 16 (Bankr. D. Md. 2008)

---

[3] Universitas also included the assertion regarding the deposit of a check payable to GM Partners into an account owned by Grist Mill Holdings, LLC to show the interrelatedness of the Judgment Debtors and Defendants. *See Sky Cable, LLC v. Coley*, Civil Action No. 5:11cv00048, 2016 U.S. Dist. LEXIS 93537, at *48-*49 (W.D. Va. July 18, 2016) (finding that depositing checks payable to specified entity into account owned by another party is abuse of corporate form).

[4] The sole exception is Greyhound Partners, LLC, which Universitas alleges did not provide any consideration in exchange for the acquisition of legal title.

(analyzing "pattern of fraud" as part of finding that defendant was concealing assets); *In re Zarling*, 70 B.R. 402, 405-06 (Bankr. E.D. Wis. 1987) (inferring fraudulent intent through "pattern of fraud"); *Somerville S Tr. v. USV Partners, LLC*, No. 19446-NC, 2002 Del. Ch. LEXIS 103, at *22-*23 (Del. Ch. Aug. 2, 2002) (finding that "pattern of fraud" involving single-purpose entities was evidence that other single-purpose entity was mismanaged).

      a. <u>The Amended Complaint has Facts Sufficient to Establish Unjustness.</u>

Contrary to GM Partners' allegations, Universitas did plead facts demonstrating that GM Partners' possession of legal title in the property located at 100 Grist Mill Road is unjust. Knowingly participating in an asset diversion scheme and/or possessing assets for the purpose of shielding such assets from creditors constitutes unjust conduct. *See Cadle Co. v. Zubretsky*, No. CV040832477S, 2008 Conn. Super. LEXIS 244, at *24 (Conn. Super. Ct. Jan. 28, 2008) (rejecting laches defense because the "counts are founded upon the defendants' inequitable conduct in hiding [debtor]'s income and assets from his creditors"). The Amended Complaint contains facts sufficient to plausibly allege that GM Partners holds title to 100 Grist Mill Road for the sole purpose of shielding this property from creditors:

- Daniel Carpenter testified that all of his personal assets are owned by trusts and shell companies in order to conceal his assets from creditors. [Dkt. #118-2 ¶ 449 and Dkt. #118-4 ¶ 382].
- Daniel Carpenter testified that he used trusts and shell companies to frustrate creditors that received a judgment against him in litigation concerning the Benistar property exchange. [Dkt. #118-2 ¶ 450 and Dkt. #118-4 ¶ 383].
- Judgment was entered against Mr. Carpenter in litigation concerning the Benistar property exchange in 2002. [Dkt. #118-2 ¶ 451 and Dkt. #118-4 ¶ 384].
- Mr. Carpenter … bragged to [the Benistar property exchange] victims that they could not enforce their judgment against him and the judgment debtor Benistar entities because he made them "completely judgment proof," and further boasted to these same victims that they "would never see a penny because all of his assets were safely protected in other people's names." [Dkt. #118-2 ¶ 109 and Dkt. #118-4 ¶ 107].
- GM Partners purchased the property located at 100 Grist Mill Road on or about August 30, 2007. [Dkt. #118-2 ¶ 174 and Dkt. #118-4 ¶ 127].

4

      b. <u>GM Partners' Arguments Concerning a Constructive Trust are Incorrect and are not Grounds for a Futility Finding.</u>

Connecticut does not require tracing in order to impose a constructive trust. *See IM Partners v. Debit Direct Ltd.*, 394 F. Supp. 2d 503, 520 (D. Conn. 2005) ("Connecticut courts do not seem to apply this 'tracing' requirement in their own treatment of constructive trusts.") (internal citations omitted). Even if there were such a tracing requirement, a constructive trust is a remedy rather than a cause of action. [Dkt. #110 at 11-12]. The unavailability of a particular remedy does not render a cause of action futile, and thus the availability of a constructive trust is unrelated to the viability of the proposed unjust enrichment claim.

**III.   The Proposed Claims are Not Barred by *Res Judicata*.**

GM Partners' claims concerning *res judicata* bolster Universitas' argument that *res judicata* does not apply to the proposed claims, and that, respectfully, the Court erred in applying *res judicata* to any alter ego claims in this proceeding. GM Partners readily admits that the claims against it are entirely unrelated to the Spencer insurance proceeds. [*See* Dkt. #127 at 10 ("There are no allegations that GMP improperly received any money for any other entity after August 2007.") and 12 ("In sum, there are no allegations that GMP received any Spencer Life Insurance Policy proceeds, ….")]. As such, the claims against GM Partners are clearly outside the scope of the underlying proceedings, which were limited to the fraudulent transfer of the Spencer insurance proceeds. [*See* Dkt #110 at 2-3]. Consequently, the proposed claims against GM Partners are distinct from the claims in the underlying proceedings and thus are not subject to *res judicata*. *See Am. Federated Title Corp. v. GFI Mgmt. Servs.*, 39 F. Supp. 3d 516, 523-24 (S.D.N.Y. 2014) (explaining that *res judicata* does not bar post-judgment alter ego claims when "[t]he issue of … liability was litigated in a proceeding in which Defendants here were not parties, and it involved issues distinct from whether Defendants are liable on a veil-piercing theory").

GM Partners cites to a Charging Order as support for its claim that Universitas was aware of its ability to pursue "claims" against GM Partners in 2014. [Dkt. #127 at 10]. This assertion is nonsensical – a charging order is a tool to enforce a pre-existing judgment and does not arise from a "claim." *See* Conn. Gen. Stat. § 34-171. Thus, the Charging Order became available only after judgment was entered in the second turnover proceeding. The same logic applies to the post-judgment alter ego claims – post-judgment alter ego claims are tools for enforcing a pre-existing judgment, and thus cannot be brought prior to the entry of judgment. *See Wm. Passalacqua Builders, Inc. v. Resnick Developers S., Inc.*, 611 F. Supp. 281, 284 n. 1 (S.D.N.Y. 1985) (explaining that alter ego issue concerns "the enforcement of the judgment"), *aff'd on appeal*, 933 F.2d 131.[5] Clearly Universitas could not have sought to enforce its judgment against Mr. Carpenter and the corporate Judgment Debtors prior to the entry of judgment against these parties, and thus claims seeking to enforce that judgment cannot be barred by *res judicata*.

Moreover, the fraudulent transactions at issue in the proposed claims were not fraudulent as to Universitas until judgment was entered in the second turnover proceeding. Universitas alleges that GM Partners is an artifice which Mr. Carpenter provided with legal title to the property located at 100 Grist Mill Road as part of his efforts to conceal assets from pre-existing creditors, and thus this transaction was undertaken with an "actual intent" to defraud creditors – any such transaction is fraudulent as to future creditors. *See Universitas Educ., LLC v. Nova Grp., Inc.*, 2013, U.S. Dist. LEXIS 165803, at *28 (S.D.N.Y. Nov. 20, 2013) ("A debtor's conveyance made with the 'actual intent, as distinguished from the intent presumed in law, to hinder, delay, or defraud present **or** future creditors, is fraudulent as to both present **and** future creditors.'") (emphasis added);

---

[5] This same sentiment was reiterated by the Appellate Court. *See Wm. Passalacqua Builders v. Resnick Developers S.*, 933 F.2d 131, 137 (2d Cir. 1991) ("Plaintiffs here seek enforcement of a money judgment obtained against Developers.").

*Rocklen, Inc. v. Radulesco*, 10 Conn. App. 271, 277-78 (1987) (same). Thus, the transfer from GMC to GM Partners, as well as GM Partners' acquisition of legal title, became fraudulent as to Universitas in 2014 when judgment was entered and Universitas became a creditor. Prior to the entry of judgment, Universitas was not a creditor and thus was not harmed by Mr. Carpenter's efforts to defraud creditors. As such, Universitas had no basis to allege that such transactions were fraudulent, and in turn could not have brought any claims related to Mr. Carpenter's asset diversion scheme. *See New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 833 F.2d 583, 586-87 (5th Cir. 1987) (explaining that claim is not ripe when it is hypothetical and/or requires future factual development). Thus, any claim brought by Universitas concerning Mr. Carpenter's efforts to conceal assets from creditors cannot be barred by *res judicata*. *See Katt v. Dykhouse*, 983 F.2d 690, 691-94 (6th Cir. 1992) (finding that *res judicata* does not bar claims that were not ripe during previous proceeding); *see also Drake v. FAA*, 291 F.3d 59, 66-67 (D.C. App. 2002) ("Res judicata does not preclude claims based on facts not yet in existence at the time of the original action. The doctrine does not bar a litigant from doing in the present what he had no opportunity to do in the past.").

GM Partners also confirms Universitas' allegations that the Court's ruling effectively precludes all post-judgment alter ego claims on the basis of *res judicata*. [*See* Dkt. # 127 at 5 ("Any amendment to Count One is futile and subject to dismissal because, as this Court has ruled, *res judicata* applies to bar all claims by Universitas as to alleged alter-egos of Mr. Carpenter.") and 13 ("In sum, having asserted that all the Defendants (and proposed additional defendants) are all alter-egos of Mr. Carpenter, *res judiciata* applies to bar all of the claims now made by Plaintiff.")]. Respectfully, a blanket application of *res judicata* to all post-judgment alter ego claims is an improper application of law. *See Am. Federated Title*, 39 F. Supp. 3d at 524 (explaining that *res*

7

*judicata* does not apply to all post-judgment alter ego claims simply because defendants are necessarily in privity with judgment debtors).

## CONCLUSION

Universitas seeks to amend the Complaint in order to better achieve justice and increase judicial economy. The proposed claims are not futile. Universitas respectfully requests that the Court grant Universitas leave to amend the Complaint and join additional defendants.

Dated: Alexandria, VA
      May 10, 2021

PLAINTIFF UNIVERSITAS EDUCATION, LLC,

By: /s/ Joseph L. Manson III          /
Joseph L. Manson III
Law Offices of Joseph L. Manson III
600 Cameron Street
Alexandria, VA 22314
Tel. 202-674-1450
Fax. 703-340-1642
Em. jmanson@jmansonlaw.com
*Admitted Pro Hac Vice*

*Its Attorney*

## CERTIFICATION

    I hereby certify that on May 10, 2021 a copy of foregoing memorandum was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ Joseph L. Manson III