## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC<br><br>                             Plaintiff,<br>v.<br><br>BENISTAR, ET AL.<br><br>                         Defendants. | CASE NO. 3:20-cv-00738-JAM<br><br>May 14, 2021 |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DANIEL CARPENTER'S MOTION TO QUASH SUBPOENA AND MOTION FOR PROTECTIVE ORDER

Plaintiff, Universitas Education, LLC ("Universitas"), respectfully submits this Memorandum of Law, along with the attached exhibit, in opposition to Daniel Carpenter's Motion to Quash Subpoena and Motion for Protective Order.

## INTRODUCTION

Mr. Carpenter, a non-party, acting *pro se*, objects to the subpoena served upon him on three primary grounds: (1) that the time for production of documents sought in the subpoena is unreasonably short, (2) that the subpoena seeks privileged information, and (3) that the subpoena was served solely for purposes of harassment. However, as demonstrated by his memorandum, there is no good faith basis for any of his objections. Mr. Carpenter has a protracted history of discovery misconduct,[1] and necessarily knows that his motions is improper as a result of prior denials of similar motions. Mr. Carpenter's motion is further evidence of his continued litigation

---

[1] *See e.g.*, *Universitas Educ., LLC v. Nova Grp., Inc.*, 2016 U.S. Dist. LEXIS 37988, at *16 (S.D.N.Y. Mar. 23, 2016) ("Carpenter vigorously opposed Universitas' discovery efforts to aid in execution of the judgment, requiring repeated judicial intervention and wasting scarce judicial resources."); *see also id.* at *13 ("Judge Swain has noted that during discovery, Carpenter 'resisted all discovery efforts to determine the whereabouts of the Insurance Proceeds after the transfers, and such secrecy further indicates a fraudulent intent.'").

strategy of filing frivolous motions solely to delay Universitas' collection efforts and increase Universitas' attorneys' fees so as to make its collection efforts cost prohibitive.[2]

## ARGUMENT

The documents requested in the subpoena are clearly relevant to this proceeding. This proceeding seeks to collect a substantial judgment against Mr. Carpenter from his alleged alter egos, and the document requests concern: (i) the location of assets potentially subject to collection, (ii) the structure and/or ownership of entities with assets potentially subject to execution, and/or (iii) the relationship between entities under Mr. Carpenter's control.[3] *See Ford Motor Credit Co. v. Meehan*, No. CV 05-4807 (DRH) (AKT), 2008 U.S. Dist. LEXIS 53192, at *12-*13 (E.D.N.Y. July 11, 2008) (explaining that relevance analysis is the same under Fed. R. Civ. P. 26 and Fed. R. Civ. P. 45 and that "'[r]elevance' under Rule 26 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case.'") (internal citations omitted).

Mr. Carpenter's attempt to quash the subpoena pursuant to Fed. R. Civ. P. 45 should be denied as Mr. Carpenter fails to establish any grounds to quash. *See Ford Motor Credit Co.*, 2008 U.S. Dist. LEXIS 53192 at *13 (explaining that movant bears the burden of establishing that a subpoena should be quashed). Mr. Carpenter's request for a protective order should also be denied

---

[2] *See Universitas Educ., LLC v. Nova Grp., Inc.*, 2013 U.S. Dist. LEXIS 142902 (S.D.N.Y. May 21, 2013); *Universitas Educ., LLC v. Nova Grp., Inc.*, 2013 U.S. Dist. LEXIS 142901 (S.D.N.Y. May 21, 2013).

[3] The request regarding payment for counsel concerns the inter-relatedness of Carpenter entities. Universitas has received certain documents concerning payment for counsel of Judgment Debtor entities, and these records uniformly indicate that Carpenter entity attorneys are paid by other Carpenter entities, and no Carpenter entity pays for its own counsel. The payment for attorneys of an allegedly distinct entity is highly probative of an alter ego relationship. *See NetJets Aviation, Inc. v. LHC Communs., LLC*, 537 F.3d 168, 176 (2d Cir. 2008) (identifying "a mingling of operations" as element of alter ego analysis) (internal citations omitted).

because Mr. Carpenter fails to establish the "good cause" necessary for a protective order. *See New Falls Corp. v. Soni*, No. CV 16-6805 (ADS) (AKT), 2020 U.S. Dist. LEXIS 94747, at *6 (E.D.N.Y. May 29, 2020) ("The party seeking a protective order bears the burden of demonstrating that good cause exists for the issuance of that order. 'To show good cause, particular and specific facts must be established rather than conclusory assertions.'") (internal citations omitted); *see also Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 124-25 (D. Md. 2009) ("[T]he existence of good cause for a protective order is a factual matter to be determined from the nature and character of the information sought by deposition or interrogatory weighed in the balance of the factual issues involved in each action.") (quoting 8 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2035 (2d ed. 2009)). Mr. Carpenter's claims concerning Fed. R. Civ. P. 30 are improper as this rule concerns behavior during a deposition. *See* FED. R. CIV. P. 30(d)(3) ("At any time during a deposition, the deponent or a party may move to terminate or limit it ….") (emphasis added); *see also Scott-Iverson v. Indep. Health Ass'n*, No. 13-CV-451V(F), 2016 U.S. Dist. LEXIS 173716, at *15-*16, *18-*19 (W.D.N.Y. Dec. 15, 2016) (discussing both procedure and grounds for discovery order pursuant to Fed. R. Civ. P. 30(d)(3)). Mr. Carpenter's deposition has not commenced, and thus Fed. R. Civ. P. does not provide grounds for relief in relation to Mr. Carpenter's deposition.

## I.     Universitas Is Entitled to Discovery Regarding Carpenter's Finances.

Universitas has an outstanding judgment against Mr. Carpenter, and is accordingly permitted discovery into Mr. Carpenter's finances, as well as the finances of anyone that may possess assets potentially subject to collection by Universitas. *See Universitas Educ., LLC v. Nova Grp., Inc.*, 2013 U.S. Dist. LEXIS 94066, at *11-*13 (S.D.N.Y. July 2, 2013) (internal citations omitted); *see also Universitas Educ., LLC v. Nova Grp., Inc.*, 2013 U.S. Dist. LEXIS 1720, at *17-

*18 (S.D.N.Y. Jan. 4, 2013) (explaining that judgment debtor's privacy interest in personal finances is inapplicable within context of post-judgment discovery). Moreover, any document concerning any financial transactions and/or relating to Mr. Carpenter's control, or lack thereof, of any allegedly dominated entity is subject to discovery for the alter ego claims. *See Wells Fargo Bank, N.A. v. Konover*, No. 3:05CV1924(CFD)(WIG), 2009 U.S. Dist. LEXIS 19004, at *13-*14 (D. Conn. Mar. 4, 2009). Mr. Carpenter fails to provide any support for his novel argument that a judgment creditor should be prohibited from making discovery regarding a judgment debtor's assets, or the assets of the judgment debtor's alleged alter egos.

## II.      The Subpoena is Not Unduly Burdensome.

Mr. Carpenter fails to establish undue burden. *See Dominion Res. Servs. v. Alstom Power, Inc.*, No. 3:16CV00544(JCH), 2017 U.S. Dist. LEXIS 132212, at *19 (D. Conn. Aug. 18, 2017) (explaining that undue burden analysis weights the burden to the subpoenaed party against the value of the information to the serving party) (internal citations omitted). Mr. Carpenter's complaint that the subpoena seeks the production of a large number of documents does not establish undue burden. *See Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111, 114 (D. Conn. 2005) ("… the sheer volume of documents would be no reason, in and of itself, to quash the subpoenas …."). Nor do Mr. Carpenter's complaints of redundancy establish undue burden.[4] *See Kingsway Fin. Servs. v. Pricewaterhouse-Coopers LLP*, 2008 U.S. Dist. LEXIS 77018, at *17-*18 (S.D.N.Y. Oct. 2, 2008) (collecting cases). Moreover, Universitas has an outstanding judgment

---

[4] This is particularly true given that Mr. Carpenter and his associates withheld responsive documents from prior discovery requests. *See Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 110-11 (D.N.J. 2006) (explaining that parties may seek additional discovery and re-depose parties that withheld responsive documents from prior discovery requests). Universitas was unaware of the extent to which Mr. Carpenter and his affiliates withheld responsive documents until such documents were utilized by federal prosecutors in Mr. Carpenter's criminal prosecution.

against Mr. Carpenter and is thus entitled to discovery into Mr. Carpenter's current finances in order to locate assets capable of satisfying its judgment, and any such inquiry is not duplicative of discovery concerning Mr. Carpenter's prior financial status and/or ability to satisfy the judgment. *See ClearOne Communs., Inc. v. Chiang*, 276 F.R.D. 402, 403-05 (D. Mass. 2011).

The scope of the subpoena corresponds to Mr. Carpenter's efforts to conceal his assets from creditors and thus is not "unduly" burdensome. (*See* PJR App., Ex. 8 [Dkt. #10] (Carpenter testifying that he controls over two-hundred (200) bank accounts, none of which are in his name);) *see also Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11CV1590-LTS-HBP, 2014 U.S. Dist. LEXIS 109077, at *7-*8 (S.D.N.Y. Aug. 7, 2014) (explaining that Carpenter controls hundreds of companies including numerous shell companies that he uses to "hide assets" from creditors). As explained by the court in *Itochu Int'l, Inc. v. Devon Robotics, LLC*:

> [Movant] claims that the subpoena is overly broad. He argues that … compliance with [the subpoena] would require production of documents relating to 'hundreds of companies,' many of which 'are entirely unrelated to this litigation.' … We see nothing … that would make it overbroad to the point of creating an undue burden. The definition encompasses only those companies owned by [debtor] or acting on his behalf. Pursuant to the Federal Rules, [creditor] is given 'freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor.' Discovery of financial information relating to these companies is plainly relevant to this inquiry. Additionally, while the definition may ultimately encompass 'hundreds of companies,' this is not a result of [creditor]'s drafting, but rather of [debtor]'s proclivity for company creation. To disallow discovery regarding the finances of this multitude of companies based solely on their sheer number would be nonsensical.

*Itochu Int'l, Inc. v. Devon Robotics, LLC*, No. 09-cv-1819, 2014 U.S. Dist. LEXIS 192239, at *5-*7 & n. 2 (E.D. Pa. Nov. 5, 2014) (internal citations omitted). The same reasoning applies to the temporal scope of the subpoena – Mr. Carpenter has been openly defrauding his creditors since at least 2002. (*See* PJR App., Ex. 20 [Dkt. #11] (explaining that Mr. Carpenter bragged to creditors who obtained judgment against him in 2002 that they "would never see a penny because all of his

assets were safety protected in other people's names").) An inquiry by Mr. Carpenter's creditor

into such fraud is not unreasonably oppressive. *See Itochu Int'l*, 2014 U.S. Dist. LEXIS 192239 at

*5-*7 & n. 2 (finding broad nature of requests permissible when breadth was the result of relevant

conduct).

Establishing undue burden requires details of the burden imposed upon the movant. *See In*

*re Vale S.A.*, No. 20-mc-199 (JGK) (OTW), 2021 U.S. Dist. LEXIS 18657, at *4 (S.D.N.Y. Jan.

29, 2021) ("[T]o prevail [on a motion to quash 'on grounds of oppressiveness'] a party must set

forth 'the manner and extent of the burden and the probable negative consequences of insisting on

compliance.' 'General and conclusory objections as to relevance, overbreadth, or burden are

insufficient to exclude discovery of requested information.'") (internal citations omitted);

*Kirschner v. Klemons*, 2005 U.S. Dist. LEXIS 9803, at *6 (S.D.N.Y. May 18, 2005) ("Because the

burden is on the party seeking to quash a subpoena, that party cannot merely assert that compliance

with the subpoena would be burdensome without setting forth the manner and extent of the burden

and the probable negative consequences of insisting on compliance.") (internal citations omitted);

*In re Madison Williams & Co., LLC*, No. 11-15896, 2014 Bankr. LEXIS 50, at *13-*14 (Bankr.

S.D.N.Y. Jan. 7, 2014) (finding that movant failed to establish undue burden when "[t]hey have

identified no particular need or harm they face by complying with the Subpoenas and thus cannot

establish that an undue burden exists or that a protective order is necessary"). Moreover,

establishing undue burden requires evidence of oppressiveness. *See In re Cty. of Orange*, 208 B.R.

117, 121 (Bankr. S.D.N.Y. 1997) ("The mere assertion that a subpoena is burdensome, without

evidence to prove the claim, cannot form the basis for an 'undue burden' finding."); *Universitas*

*Educ., LLC v. Nova Grp., Inc.*, 2013 U.S. Dist. LEXIS 94066, at *22-*23 (S.D.N.Y. July 2, 2013)

("Notably, the Movants have failed to provide any affidavits to articulate the degree and scope of

the burden posed by additional production, and, accordingly, they have not demonstrated that the burden of responding to the subpoenas is so substantial that the subpoena should be quashed.") (internal citations omitted). Mr. Carpenter provided neither details nor evidence regarding his allegations of undue burden, and thus failed to establish undue burden.

### III.     The Subpoena Does Not Constitute Harassment.

Universitas has a judgment against Mr. Carpenter, and thus discovery related to his finances and/or assets in the possession of a third party is not harassing. *See ClearOne Communs.*, 276 F.R.D. at 404; *see also Chevron Corp. v. Donziger*, 325 F. Supp. 3d 371, 387-89 (S.D.N.Y. 2018) (explaining that judgment creditor discovery requests related to debtor's income and/or assets in possession of third party are appropriate and that "proper litigation activity does not usually warrant a protective order"). Moreover, Mr. Carpenter provides no evidence to support his allegations of harassment. *See Donziger*, 325 F. Supp. 3d at 387-91 (explaining that movant must provide competent evidence demonstrating harassment in order for court to grant protective order on such grounds); *see also Dominion Res. Servs.*, 2017 U.S. Dist. LEXIS 132212 at *20 (declining motion for protective order when motion "does not specifically address why … deposition would cause 'annoyance, embarrassment, oppression, or undue burden or expense'") (citing FED. R. CIV. P. 26(c)(1)).

### IV.     The Subpoena Provides Carpenter with Reasonable Time to Comply.

Courts have found fourteen days from the date of service to be a presumptively reasonable amount of time to produce documents. *See Brown v. Hendler*, 2011 U.S. Dist. LEXIS 9476, at *5 (S.D.N.Y. Jan. 31, 2011) (internal citations omitted); *see also Angelo, Gordon & Co., L.P. v. MTE Holdings, LLC*, 2020 U.S. Dist. LEXIS 145596, at *5 (S.D.N.Y. Aug. 13, 2020) ("[C]ourts in this circuit have found fourteen days to be 'presumptively reasonable,' whereas notice of a week or

less has generally been considered unreasonable.") (internal citations omitted). Mr. Carpenter was provided thirty-three days to produce documents outlined in the subpoena, more than twice the presumptively reasonable amount of time. (*See* Dkt. #129 at 4.) Mr. Carpenter provides no explanation as to why it would be unreasonable for him to comply with the subpoena. Nonetheless, Universitas is amenable to providing Mr. Carpenter with an extension, so long as there is a corresponding extension in the Court's discovery deadline.

### V. The Subpoena is Timely.

The Scheduling Order entered by the Court clearly permits the production of discovery on May 25, 2021. (Dkt. #108.) Mr. Carpenter concedes that any such production is timely. (*See* Dkt. #129 at 7 ("The Plaintiff Universitas now seeks to have the Movant/non-party Daniel Carpenter appear to testify at a deposition and produce hundreds of pages of documents on the last day of the discovery Deadline.").) Mr. Carpenter's claim that such discovery is after the deadline is meritless on its face. The deposition and production of documents is scheduled for completion *within* the discovery period, despite the fact that it is the last day of the discovery period. Mr. Carpenter's legal authority is inapplicable, as it concerns a subpoena served on the last day of discovery, which in turn required the production of documents after the discovery deadline. (*See* Dkt. #129 at 7.) The subpoena served upon Mr. Carpenter provides for discovery production within the time allotted by the Court, and thus is timely.

### VI. Carpenter's Motion Should be Denied as Procedurally Improper.

Daniel Carpenter sought judicial intervention in a discovery dispute prior to conferring with opposing counsel, and thereby violated multiple procedural requirements. Mr. Carpenter's noncompliance with these rules was not accidental – Mr. Carpenter explicitly stated in a letter to

Hon. Judge Swain that he will not discuss any aspect of this dispute with Universitas' counsel. (*See* Exhibit 1.) Mr. Carpenter's motion should accordingly be denied on procedural grounds.

        a.   <u>Carpenter Failed to Comply with Local Rule 37.</u>

D. Conn. Loc. R. 37(a) requires parties to consult with opposing counsel in regard to filing a motion pursuant to Fed. R. Civ. P. 26-37, and further requires that any such motion be accompanied by an affidavit certifying that the movant attempted to resolve the issues prior to seeking judicial intervention. *See* D. CONN. LOC. R. 37(a). Mr. Carpenter's motion requests relief pursuant to both Fed. R. Civ. P. 26 and Fed. R. Civ. P. 30. (*See* Dkt. #129). Mr. Carpenter made no effort to confer with Universitas prior to filing his motion, and Mr. Carpenter did not submit the necessary affidavit. (*See* Dkt. #129). The Court should accordingly deny Mr. Carpenter's. motion. *See Shakir v. Derby Police Dep't*, No. 3:11-CV-1940(AVC)(TPS), 2015 U.S. Dist. LEXIS 196961, at *5 (D. Conn. Mar. 31, 2015) (denying motion for noncompliance with Local Rule 37); *see also Hanna v. Am. Cruise Lines, Inc.*, Civil Action No. 3:19-cv-74 (CSH), 2019 U.S. Dist. LEXIS 214161, at *6-*7 (D. Conn. Dec. 12, 2019) (explaining that *pro se* parties must comply with Local Rule 37(a)).

        b.   <u>Noncompliance with Fed. R. Civ. P. 26.</u>

Fed. R. Civ. P. 26(c)(1) requires that all motions for a protective order be accompanied by a "certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." *See* FED. R. CIV. P. 26(c)(1). Mr. Carpenter made no attempt to confer with Universitas prior to seeking a protective order, and Mr. Carpenter did not provide the necessary certification. (*See* Dkt. #129). The Court should accordingly deny Mr. Carpenter's motion. *See In re Smith*, Nos. 14-21261 (JJT), 14-02046, 2017 Bankr. LEXIS 852, at *22-*23 (Bankr. D. Conn. Mar. 29, 2017) (explaining that failure to

comply with Fed. R. Civ. P. 26(c)(1) constitutes grounds for denial of a motion); *John Wiley & Sons, Inc. v. Doe*, 284 F.R.D. 185, 192 n. 9 (S.D.N.Y. 2012) (providing that motion for protective order filed without a Rule 26(c)(1) certification "does not meet the procedural prerequisites to obtain a protective order").

## <u>CONCLUSION</u>

The information sought by Universitas is clearly relevant to this proceeding, and well within the scope of permissible post-judgment discovery. The subpoena was timely, provides Mr. Carpenter with ample time to comply, and is not unduly burdensome upon Mr. Carpenter. Universitas accordingly requests that the Court deny Mr. Carpenter's Motion to Quash and Motion for Protective Order.

Dated:  New Haven, CT
       May 14, 2021

PLAINTIFF UNIVERSITAS EDUCATION, LLC,

By: /s/ Michael G. Caldwell          /
Ilan Markus, ct 26345
Michael G. Caldwell, ct 26561
Barclay Damon, L.P.
545 Long Wharf Drive
New Haven, CT 06511
Ph. (203) 672-2658
Fax (203) 654-3265
IMarkus@barclaydamon.com


Joseph L. Manson III
Law Offices of Joseph L. Manson III
600 Cameron Street
Alexandria, VA 22314
Tel. 202-674-1450
Em. jmanson@jmansonlaw.com
*Admitted Pro Hac Vice*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 14, 2021 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

  /s/   ct26561
Michael G. Caldwell

11