# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNIVERSITAS EDUCATION, LLC,<br>  Petitioner,<br><br>v.<br><br>NOVA GROUP, INC,<br>  Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 11 CIVIL 1590 (LTS) (HPB)<br>11 CIVIL 8726 (LTS) (HPB) |

**LETTER MOTION FOR THE COURT TO TAKE JUDICIAL NOTICE**

TO THE HONORABLE JUDGE LAURA TAYLOR SWAIN, MAY IT PLEASE THE COURT:

  NOW COMES the Petitioner, Daniel Carpenter, to ask this Honorable Court to take judicial notice of a letter from Attorney Manson on behalf of Universitas threatening a motion to strike that was delivered on my family's doorstep on Christmas Eve. This is especially surprising because they only seem to know where I live now but not during crucial junctures in this case six years ago. In this most recent letter, not only do Attorneys Manson and Chernow cite cases that don't stand for what they say they do, Attorney Manson also mistakenly believes that my reply filing was late because it was due December 14, was over the 10 page limit, and that the Attorneys in Connecticut did not receive service. All of these statements are incorrect and demonstrably false. See letter from Attorney Manson attached as Exhibit One.

  First, as is evidenced from the Reply (Dkt. #672) on PACER, page 27 shows that the FedEx was sent December 11 and was received by the Court on December 14 and therefore was clearly timely filed. See FedEx attached as Exhibit Two. Also, as Your Honor's Clerks have been working remotely because of COVID, it doesn't really matter when the Reply was docketed as it was clearly received within the time limitations. Second, Your Honor's Clerks have been tremendously supportive of me in being a *pro se* defendant, and at no time have they ever criticized the length of any of my filings. Please see, for example, the opening brief for this case, which asked this

1

Court to review my June 19, 2014 113-page filing. At no time has anyone from Your Honor's office criticized the length of my briefs, which is greatly appreciated and should not be held against me. Please notice the case Attorneys Manson and Chernow cite to, *P&G Auditors & Consultants, LLC v. Mega Int'l Commer. Bank Co.*, 2019 U.S. Dist. LEXIS 169750 (S.D.N.Y. Sep. 30, 2019), where it says a court may decide to accept the brief even if it is untimely and over the page limit, which is what the court did in *P&G Auditors* at page 8. See Exhibit One pages 3-4. Attorney Manson does not even mention the fact that the Court in *P&G* upheld the filing in that case, despite the fact that it was untimely and over the page limit.

Third, there is no doubt that the Attorneys in Connecticut have received copies of the filings here as well as in front of Judge Meyer, because they have already responded to my petitions to have them disbarred and/or sanctioned, so it is very easy to review the filings in front of Judge Meyer that are based on Attorneys Manson and Chernow trying to circumvent the rulings of this Court based on *Peacock v. Thomas*, 516 U.S. 349 (1996). But, for the purposes of this motion, the only important thing to point out is that the Attorneys are incorrect because neither Caldwell nor Markus has filed an appearance in front of this Court, so there is no reason for me to copy them even though I have done so as a courtesy. They have not filed an appearance in this case, so they are not required to receive notice.

But, in the event that Attorney Manson and Chernow follow through with their frivolous and vexatious motion to strike, I will leave it up to Your Honor to decide whether to impose Rule 1927 sanctions against them. However, even if sanctions are appropriate, I do not wish to receive any of the money and would urge the Court to give the money to the ladies at Universitas because they are the ones being defrauded by the filing of these baseless and unwarranted motions that they continue to harass my family and friends with. Needless to say, Your Honor, I will not be honoring

Attorney Manson or Chernow with any phone calls, but would like the Court to issue an injunction so that they may never contact me or my family again. I have followed the rules of the Court, I have made a strong case with this Honorable Court that it lacked subject matter jurisdiction pursuant to *Peacock*, and certainly did not have personal jurisdiction over me in accordance with *Walden v. Fiore*, 571 U.S. 277 (2014).

That brings us to the most serious claim against Universitas and its Attorneys. In searching PACER, I happen to notice a case entitled *Universitas, individually and on behalf of the Charter Oak Trust v. TD Bank, N.A.*, 2015 WL 9304551 (S.D.N.Y. DEC. 21, 2015). I have included a copy of Judge Scheindlin's decision attached as Exhibit Three for the ease of this Court's perusal. In her decision, Judge Scheindlin makes an excellent case that any claim filed by Universitas after October 2012 would be time-barred by the Statute of Limitations that started to run in October 2009. Judge Scheindlin based her decision for the most part on an affidavit done by Sharon Seibert from March 2011 attached as Exhibit Four. The most important thing about Ms. Seibert's 2011 affidavit is that there is no mention of Daniel Carpenter or anyone "stealing" the Sash Spencer proceeds. To the contrary, Ms. Seibert gives a long description of all of the litigation and negotiations done by her Attorney Ivan Schinderman and Donna Vassar's insurance advisor Alex Sgoutas. That affidavit was submitted in this case originally, and was used by the Attorneys of TD Bank to make clear that action brought by Universitas on behalf of anyone was time-barred.

I just wanted this Court to take judicial notice of the fact that Universitas took it upon itself to bring an action against TD Bank, without notifying me because I was in prison or anyone else involved with the Charter Oak Trust, and they certainly did not give notice to Wayne Bursey who died in March 2015. Furthermore, they certainly did not have the permission of the Insurance Trustee of the Charter Oak Trust, Christiana Bank, who they were also suing in Connecticut.

3

Obviously there must have been a change in Ms. Seibert's point of view, because in 2011 she doesn't mention Mr. Carpenter being a thief and that it would be too costly to litigate in or travel to Connecticut. See Exhibit Four at paragraphs 14-15.

With this in mind, I respectfully ask this Court's permission to ignore discussing anything with Attorneys Manson or Chernow as they have been harassing my family for the past several years and I certainly have no desire to ever speak with them. Hopefully, since Your Honor said that you would be deciding this dispute over jurisdiction based on the papers, there will be no need for any further submissions in this case as Judge Scheindlin made a very cogent calculus as to why all of the Universitas claims have long since expired under the Statute of Limitations, and have no jurisdictional support. Therefore, since it is clear from Judge Scheindlin's decision that Universitas' claims are time-barred by the Statute of Limitations, and since they brought an action on the behalf of the Charter Oak Trust, that means the doctrines of *res judicata* and collateral estoppel certainly apply to the Clerk's Judgment. Therefore, any further filings or actions by Attorneys Manson and Chernow can only be to run up frivolous bills against their client Universitas. So, this Court should use its inherent authority to sanction them for their frivolous and vexatious actions and order any money left in their trust account to be turned over to the principals of Universitas immediately, in the interests of justice.

As for me, I would just like this Court to recognize that the initial action in 2014 was time-barred, lacked subject matter jurisdiction, and this Court certainly lacked personal jurisdiction over me as a defendant who had been dismissed from the underlying arbitration. That is all that this Petitioner is asking for, as well as any other relief this Court deems proper in the interests of justice.

4

Respectfully submitted,

/s/ Daniel E. Carpenter
Daniel E. Carpenter
Petitioner, *pro se*
18 Pond Side Lane
West Simsbury, CT 06092

## CERTIFICATION

I hereby certify that on this 28th day of December, 2020, a copy of the foregoing was served by FedEx to the Clerk of the Court. Notice of this filing was also sent by USPS to Attorneys Chernow and Manson.

By: /s/ Daniel E. Carpenter
Daniel E. Carpenter
Petitioner, *pro se*
