UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------x
:
UNIVERSITAS EDUCATION, LLC:         3:20 CV 738 (JAM)
*Plaintiff* :
:
v. :
:
BENISTAR, et al         :         JUNE 5, 2021
*Defendants* :
---------------------------------------------x

## RULING ON THE MOVANT'S MOTION TO QUASH SUBPOENA DUCES TECUM AND MOTION FOR PROTECTIVE ORDER (DOC. NO. 129)

I.     BACKGROUND

Before the Court is the movant, Daniel Carpenter's, Motion to Quash and Motion for Protective Order. The movant is not a named party to this case (*See* Doc. Nos. 101 and 103) but is an interested party to these proceedings insofar as he devised and executed a scheme to defraud the plaintiff, Universitas Education, LLC, out of $30 million in life insurance proceeds by way of fraudulent transfer through Nova Group, Inc. and other affiliate entities that he owned and controlled. *See Universitas Educ., LLC v. Nova Group, Inc.*, Nos. 11-cv-LTS-HBP, 11-cv-8726-LTS-HBP, 2015 WL 57097, at *1 (S.D.N.Y. January 5, 2015); *see also United States v. Carpenter*, 190 F. Supp. 3d 260 (D. Conn. 2016).[1] The United States District Court for the Southern District of New York confirmed an arbitration award of $30 million against Nova Group, Inc. and the other affiliate entities, which the plaintiff now seeks to enforce. *See Nova Group, Inc.*, 2015 WL 57097, at *1. In the present case, the plaintiff alleges that, over the course of post-judgment discovery, the

---

[1] In 2016, the movant was convicted of 57 counts of mail and wire fraud, conspiracy to commit mail and wire fraud, illegal monetary transactions, money laundering, conspiracy to commit money laundering, and aiding and abetting the foregoing substantive offenses stemming from his involvement in the fraudulent disbursal of monies owed to the plaintiff. *Carpenter*, 190 F. Supp. 3d at 264-65.

judgment debtor entities—at the direction of the movant and the defendants, Donald Trudeau and Molly Carpenter—made various fraudulent transfers to the defendant entities. (Doc. No. 1 at 11).

On April 22, 2021, the plaintiff, pursuant to Federal Rule of Civil Procedure 45, served upon the movant, Daniel Carpenter, a subpoena *duces tecum* ordering that he produce a number of documents in advance of his May 25, 2021 deposition. (Doc. No. 129-1 at 2). On May 7, 2021, the movant filed the subject Motion to Quash and a Motion for Protective Order on the grounds that the subpoena (1) fails to allow a reasonable time to comply; (2) requires the disclosure of privileged or other protective matters; and (3) subjects the movant to undue burden and harassment. (Doc. No. 129 at 2). On May 12, 2021, the Court (Meyer, J.) referred this case to the undersigned for a ruling on the movant's motion. (Doc. No. 131). On May 14, 2021, the plaintiff filed a memorandum in opposition to the movant's Motion to Quash. (Doc. No. 132). On May 28, 2021, the movant filed a reply to the plaintiff's memorandum in opposition in which he requested that the Court "issue an Order to Show Cause [as to] why Michael Caldwell should not be disbarred for lies and defamation before this Court."[2] (Doc. No. 141 at 1).

For the reasons set forth below, the movant's Motion to Quash and Motion for Protective Order (Doc. No. 129) is DENIED.

II. LEGAL STANDARD

Rule 26(c) provides that, upon a showing of good cause, the presiding court [may 'issue an order] to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense.' Fed R. Civ. P. 26(c). More pertinently, Rule 45[(d)(3)(A)(iv)] commands that a court ['must'] quash or modify a subpoena

---

[2] On October 21, 2020, the movant made a similar request, asking that the Court refer the plaintiff's counsel for disbarment proceedings due to what he described as the plaintiff's "frivolous and vexatious filings." (Doc. No. 101 at 6). The plaintiff's counsel characterized the movant's filing as a "repeated pattern of seeking to intimidate opposing counsel" and requested that the Court file an entry on the docket indicating that the movant's October 21 letter has no merit. (Doc. No. 102 at 1, 3). In response, the Court stated, "[b]ecause Mr. Carpenter is not a party to this case, the Court does not intend to take any action in response to the letter, and no party should feel any obligation to respond to the contents of this letter." (Doc. No. 103). Accordingly, the undersigned will not address the movant's May 28, 2021 filing in which he, similarly, asserts that the plaintiff's counsel defamed him and requests sanctions. (*See* Doc. No. 141).

> if the subpoena 'subjects a person to undue burden.' Fed. R. Civ. P. 45[(d)](3)(A)(iv). The burden of persuasion in a motion to quash a subpoena is borne by the movant.

*Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005) (citations omitted). "Although Rule 45[(d)] sets forth additional grounds on which a subpoena against a third party may be quashed, taking into consideration facts peculiar to their status as a non-party, those factors are co-extensive with the general rules governing all discovery that are set forth in Rule 26." *Cook v. Howard*, 484 F. App'x. 805, 812 (4th Cir. 2012) (per curium) (unpublished) (footnote omitted). "[T]he scope of discovery under Fed. R. Civ. P. 26(b) is very broad, encompass[ing] any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in this case." *Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.*, 964 F.2d 106, 114 (2d Cir. 1992) (citation and internal quotation marks omitted). "The Federal Rules afford courts wide discretion in resolving discovery disputes, which should be exercised by determining the relevance of discovery requests, assessing their oppressiveness, and weighing these factors in deciding whether discovery should be compelled." *Chamberlain v. Farmington Sav. Bank*, No. 3:06cv01437 (CFD), 2007 WL 27886421, at *2 (D. Conn. Sept. 25, 2007).

"[A] court may issue a protective order only after the moving party demonstrates that good cause exists for the protection of the material. . . . To establish good cause under Rule 26(c), courts require a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Jerolimo v. Physicians for Women, P.C.*, 238 F.R.D. 354, 356 (D. Conn. 2006) (citations and internal quotation marks omitted). "[G]ood cause is not necessarily established solely by showing that discovery may involve inconvenience and expense. . . . A burden or expense is not undue simply because it is burdensome or expensive. . . . [A] court should compare the hardship . . . with the probative value of the information to the other party." *In re PE*

*Corp. Sec. Litig.*, 221 F.R.D. 20, 26 (D. Conn. 2003) (citations and internal quotation marks omitted).

III. DISCUSSION

In its April 22, 2021 subpoena, the plaintiff instructed the movant to produce, among other things, all documents related to the receipt, purchase, sale, acquisition, and transfer of any property or assets to and from any judgment debtor, company, or affiliate. (Doc. No. 129-1 at 5-6). The movant maintains that the plaintiff's subpoena (1) fails to allow a reasonable time to comply; (2) requires the disclosure of privileged or other protective matters; and (3) subjects the movant to undue burden and harassment. (Doc. No. 129 at 2).

As to his first argument, the movant claims that the subpoena requires "production of every single document related to 22 'Judgment Debtors' over a 14-year period and gives the non-party 33 days to produce said documents." (Doc. No. 129 at 4). With regards to his second point, the movant asserts that he has a privacy interest over his banking records and, moreover, the communications he had regarding those records are sensitive, confidential, and "can be discovered without the need for such overreaching and unduly burdensome discovery directed to third parties." (Doc. No. 129 at 5-6). And lastly, the movant maintains that the plaintiff is "requesting documents or information it already has," and is doing so solely "to unreasonably annoy, embarrass, harass and oppress [the] Movant/Non-Party Carpenter[.]" (Doc. No. 129 at 4). The movant also adds that the plaintiff's subpoena is untimely because the plaintiff seeks to take his deposition on the last day of discovery. (Doc. No. 129 at 7).

The plaintiff responds that the movant has not established a good faith basis to quash the subpoena, particularly in light of the fact that (1) the movant "has a protracted history of discovery misconduct" and (2) the documents requested are of substantial importance because they concern

"(i) the location of assets potentially subject to collection, (ii) the structure and/or ownership of entities with assets potentially subject to execution, and/or (iii) the relationship between entities under [the movant's] control." (Doc. No. 132 at 1-2). Notably, the plaintiff has an outstanding judgment against the movant, which it asserts is the permissible basis for its investigation into his financial records. (Doc. No. 132 at 3-4). Additionally, the plaintiff asserts that the movant's motion should be denied as procedurally improper because he failed to comply with D. Conn. L. R. 37(a) and Fed. R. Civ. P. 26(c)(1). (Doc. No. 132 at 8-9).

### A. TIME TO REPLY

The movant's contention that the plaintiff's subpoena does not afford him with a reasonable amount of time to respond is unpersuasive. Although Fed. R. Civ. P. 45 does not define what a reasonable amount of time is for compliance, "courts in this circuit have found fourteen days to be 'presumptively reasonable,' whereas notice of a week or less has generally been considered unreasonable." *Angelo, Gordon & Co., L.P. v. MTE Holdings, LLC*, 20 Misc. 23, 2020 WL 4700910, at *2 (S.D.N.Y Aug. 13, 2020) (citing *Brown v. Hendler*, No. 09 Civ. 4486, 2011 WL 321139, at *2) (S.D.N.Y. Jan. 31, 2011). "[W]hat constitutes reasonable time depends on the circumstances of each case, but the court's general practice is to require at least ten (10) days['] notice for a deposition, plus three days' mailing time if service is by mail or facsimile." *Mem'l Hospice, Inc. v. Norris*, No. 2:08-cv-48-B-A, 2008 WL 4844758, at *1 (N.D. Miss. Nov. 5, 2008).

In light of the fact that the movant had 33 days to produce the documents outlined in the subpoena—more than twice the presumptively reasonable amount of time—the Court rejects his argument that he was not afforded a reasonable amount of time to comply.

### B. PRIVILEGE

The movant's argument that the plaintiff's subpoena should be quashed because the financial records at issue are privileged is similarly unavailing. As stated previously, the plaintiff initiated this proceeding seeking to enforce the judgment rendered by the United States District Court for the Southern District of New York against the entities under the movant's control. Accordingly, the plaintiff is a judgment creditor looking to satisfy an outstanding judgment against judgment debtors and affiliated entities owned by the movant and the named defendants, which, therefore, entitles it to discovery regarding the movant's assets. *See Integrated Control Systems, Inc. v. Ellcon-Nat'l, Inc.*, No. 3:00cv1295 (PCD), 2002 WL 32506291, at *1 (D. Conn. Dec. 30, 2002) ("[P]ursuant to Fed. R. Civ. P. 69(a), a creditor is entitled to discover the identity and location of any of the judgment debtor's assets, wherever located. . . . [D]iscovery related to the assets of non-judgment debtors is permissible when there is a reasonable belief that they have received assets transferred from the judgment-debtor . . . or a third party is believed to be the alter ego of the judgment debtor." (citations and internal quotation marks omitted)); *see also ClearOne Commc'n, Inc. v. Chiang*, 276 F.R.D. 402, 404 (D. Mass. 2011) ("The presumption is in favor of full discovery of any matters arguably related to the creditor's efforts to trace the debtor's assets and otherwise to enforce its judgment . . . ." (citation and internal quotation marks omitted)).

The movant also seeks a protective order precluding his production of relevant bank records and correspondence requested in the plaintiff's subpoena. (Doc. No. 129 at 1, 4, 8). In order for the Court to issue a protective order, however, the movant would have to proffer evidence that the plaintiff's inquiry into his assets and his alleged alter egos was meritless. *See id.*, at *2 (concluding that even if defendant cannot prove alter ego theory, plaintiff moving for protective order must show that the theory is "sufficiently meritless to support issuance of" protective order). Instead, the movant makes conclusory statements that he is entitled to a protective order because

the subpoena is overly burdensome and implicates his privacy rights. (Doc. No. 129 at 5-6). Because the movant provides no factual or legal basis in support of his privacy claim, the Court must deny his motion. *See Penthouse Int'l., Ltd. v. Playboy Enter., Inc.*, 663 F.2d 371, 391 (2d Cir. 1981) ("A party is not entitled to any absolute privilege from disclosure of its relevant business records. . . . [T]he burden is upon the party seeking non-disclosure or a protective order to show good cause." (citations omitted)).

### C. UNDUE BURDEN

In support of his contention that the subpoena imposes an undue burden on him and constitutes harassment, the movant relies on the breadth of the records request, noting that the subpoena calls for the movant's production of "an extremely wide variety of documents regarding several different entities . . . over the course of a 14-year period." (Doc. No. 129 at 3). Although breadth is one factor that the court considers when assessing the parties' competing interests in a discovery request, the court must also evaluate the totality of the circumstances and weigh other pertinent factors such as the relevance of the documents, the need of the party for the documents, the time period covered by the request, and the particularity with which the documents are described. *Travelers Indem. Co.,* 228 F.R.D. at 113. Additionally, the movant is not a party to this litigation, which is a factor that weighs against permitting discovery when the expense of production may impose a burden on the non-party. *Id.*

Nevertheless, the movant offers no evidentiary basis for his contention that the subpoena will impose upon him an undue burden or expense. Simply stating that the subpoena covers "an extremely wide variety of documents . . . over the course of a 14-year period" is not sufficient to establish undue burden, nor is it a particularized enough representation to establish good cause for a protective order. *In re PE Corp. Sec. Litig.*, 221 F.R.D. at 26 ("A burden or expense is not 'undue'

simply because it is burdensome or expensive."). Conversely, the plaintiff proffers significant evidence in support of its position that information regarding the movant's assets is both relevant and highly necessary. Notably, the plaintiff cites to other proceedings and transcripts that highlight the broad scope of the movant's unscrupulous business dealings. (*See* Doc. No. 132 at 5). Although the movant is a non-party, the plaintiff's position as a judgment-creditor to the movant is compelling evidence in favor of discovery, which is further underscored by the weight of the plaintiff's evidence. *See Wells Fargo Bank, N.A. v. Konover*, No. 3:05cv1924 (CFD) (WIG), 2009 WL 585434, at *8 (D. Conn. Mar. 4, 2009) (reasoning that, in order for value of discovery sought from non-party to outweigh burden, required showing that plaintiff's claim was credible).

IV. CONCLUSION

Accordingly, this Court concludes that the movant's Motion to Quash and Motion for Protective Order (Doc. No. 129) should be DENIED.[3]

This is not a Recommended Ruling. This Ruling is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); and D. CONN. L. CIV. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon timely made objection.

Dated at New Haven, Connecticut, this 5th day of June, 2021.

                                             /s/ Robert M. Spector
                                             Robert M. Spector
                                             United States Magistrate Judge

---

[3] Having addressed and rejected each of the movant's arguments, the Court declines to address the plaintiff's argument that the defendant's motion was improper procedurally. (*See* Doc. No. 132 at 9-10).