**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **UNIVERSITAS EDUCATION, LLC** )<br>)<br>        **Plaintiff** )<br>)<br>**vs.** )<br>)<br>**BENISTAR, et al** )<br>)<br>        **Defendants** )<br>) | **CIVIL ACTION NO.**<br>**3:20-cv-00738-JAM**<br><br><br>**JUNE 7, 2021** |

**Defendants Alliance Charitable Trust, Phoenix Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, and Carpenter Charitable Trusts Memoranda Pursuant to the Court's June 2, 2021 Order**

The Defendants, Alliance Charitable Trust, Phoenix Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, and Carpenter Charitable Trusts, (hereinafter known as "the Defendant Trusts") by and through its undersigned counsel, and in accordance with the court's June 2, 2021, order submit this memorandum detailing the merits of the discovery disputes concerning document production and interrogatory responses. The Defendant Trust responses are attached to this memorandum as Exhibits A, B, C, D, & E. In addition to the arguments made below, the Defendants Trusts also maintain the objections raised in the attached discovery and production responses.

### I. Background

The Plaintiff initiated this action on May 25, 2020, against the Defendant Trusts in an attempt to enforce a money judgment it obtained nine years ago in the Southern District of New York against Nova Group, Inc. See *Universitas Educ., LLC v. Nova Grp., Inc.*, No 11 CIV. 1590-LTS-HBP, 2012 WL 204592 (S.D.N.Y. June 5, 2012). The Defendant Trusts were not parties to

that action, nor has any court determined the Defendant Trusts to be judgment debtors in the Universitas case.

The Plaintiff's first turnover petition was granted after a bench trial, in November 2013. See *Universitas Educ., LLC v. Nova Grp., Inc.*, 2013 U.S. Dist. LEXIS 165803 (S.D.N.Y. 2013). As a result of the litigation in that case, The Plaintiff was able to obtain information about the Defendant Trusts and associated bank accounts. *See Exhibits, F & G Attached*

The Plaintiff's second turnover petition sought the turnover of assets by Daniel Carpenter and seven affiliated entities, including Carpenter Financial Group, but did not include the Defendant Trusts. *Universitas Educ., LLC v. Nova Group, Inc.*, 2014 U.S. Dist. LEXIS 109077 (S.D.N.Y. 2014). Judge Swain entered judgment against each of the turnover respondents, including a $30.6 million judgment against Daniel Carpenter and an $11.14 million judgment against Carpenter Financial Group. *Id.* at *38-*40.

In 2015, the Plaintiff filed a third turnover motion before Judge Swain seeking turnover of an insurance policy held by one of the judgment debtors, Grist Mill Trust ("GMT"). Judge Swain determined that the turnover motion and other proceedings related to GMT's insurance policies were "well beyond the scope of the [court's] ancillary jurisdiction" because they were "premised on the assertion of rights based on trust agreements, insurance policies, and other contracts that were not involved in the underlying arbitration and original judgment enforcement proceedings, nor implicated in the subsequent fraudulence conveyance proceedings." *Universitas Educ., LLC v. Nova Grp., Inc.*, 2015 U.S. Dist. LEXIS 435, at *13, *14 (S.D.N.Y. 2015).

The Plaintiff essentially raised three claims against the Defendant Trusts its complaint filed May 28, 2020: (1) alter ego liability; (2) attorney's fees; (3) construct trusts. The Court dismissed Counts (2) and (3). *See ECF No. 110*.

The Plaintiff has moved to amend its complaint to allege an unjust enrichment claim against the Defendant Trusts, specifically alleging that certain funds were *moved* into the Defendant Trusts Accounts at various times in November 2009. *See ECF No. 118.* The Defendant Trusts have objected to the Amended Complaint. *See ECF No. 121.* The Defendant Trusts also maintain that Plaintiff's alter ego liability claims (which are essentially reverse veil piercing) are also time barred as the alleged conduct that forms the basis of the Plaintiff's claims occurred in 2009.

The Plaintiff served a set of identical interrogatories and requests for production on each of the five Defendant Trusts on February 18, 2021. The Defendant Trust responses are attached to this memorandum as Exhibits A, B, C, D, & E.

## II.  Discovery Dispute

"Rule 26(b)(1) of the Federal Rules of Civil Procedure states in relevant part [that] Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The Court, however, whether by motion or on its own, must limit the extent of discovery if it determines that the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i)." *Granger v. Santiago*, 2021 U.S. Dist. LEXIS 25124, at *3 (D. Conn. Feb 9, 2021).

The Defendant Trusts object to the scope of the Plaintiff's discovery requests, as the rules of discovery do not give "a judgment creditor any right to subject to the judgment the property of persons other than the judgment debtor, nor to require the disclosure of assets of persons other than the judgment debtor." Defendant Trusts are "not a named party defendant in the action in which Plaintiff recovered the judgment here sought to be enforced, and it cannot be required, by the Rules of Civil Procedure referred to, to make disclosure of their individual assets." *Burak v. Scott*, 29 F. Supp. 775 (1939).

Further, all of the conduct that is alleged by the Plaintiff occurred prior to the judgment that was obtained in 2012. From 2012 until the filing of this case, the Plaintiff made no effort to take discovery or file claims against the Defendant Trusts. This is despite having information about the Defendant Trusts and their bank accounts since 2013. *See Exhibit F Attached*. Now, the Plaintiff wants the Defendant Trusts to provide documentation, it already had access to and failed to act on for over 7 years. Such a request is neither proportional, convenient, or reasonable.

In conclusion, the Defendant Trusts request the Court sustain its objections to the Plaintiff's disputed requested interrogatories and requests for production.

Respectfully Submitted
THE DEFENDANTS,

By: */s/ Grayson Colt Holmes*
Grayson Colt Holmes
Federal Bar No.: ct30111
Ouellette, Deganis, Gallagher & Grippe LLC
143 Main Street, Cheshire, CT 06410
Phone: (203) 272-1157
Fax: (203) 250-1835
Email: gholmes@odglaw.com

## **CERTIFICATION**

I hereby certify that on this 7th day of June, 2021, a copy of the foregoing was filed electronically and served by mail to anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filings as indicated on the Notice of Electronic Filings. Parties may access this filing through the Court's CM/ECF System.

By: */s/ Grayson Colt Holmes*
Grayson Colt Holmes
Federal Bar No.: ct03111