UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC<br><br>Plaintiff.<br>v.<br><br>BENISTAR, ET.AL.<br><br>Defendants. | CASE NO. 3:20-cv-00738-JAM<br><br>JUNE 9, 2021<br><br>JUN 10 2021 PM 12:40<br>FILED-USDC-CT-NEW HAVEN |

## PETITIONER DANIEL CARPENTER'S OBJECTION
## IN SUPPORT OF HIS MOTION TO QUASH

TO THE HONORABLE JEFFREY A. MEYER, MAY IT PLEASE THE COURT:

NOW COMES Daniel Carpenter, the *pro se* Petitioner Non-Party Movant in this case to respectfully object to Magistrate Spector's denial of Petitioner's Motion to Quash. The Magistrate failed to acknowledge Judge Swain's March 2020 Order that this Court lacks jurisdiction as a matter of law. He failed to follow Judge Scheindlin's December 2015 Order that any claim brought by Universitas against anyone after October 2012 was time-barred by the Statute of Limitations. Nor did he cite Judge Swain's Order from January 2015 stating that "alter-ego" claims like this action are barred in the Second Circuit, which is the case this Court largely relied upon in its Order earlier this year, dismissing many of the Universitas claims as barred by the Doctrine of the Res Judicata.

Instead of relying on any of these clear precedents, the Magistrate takes a wrong turn by citing Judge Chatigny's clearly erroneous opinion that Petitioner somehow managed to acquire the Sash Spencer proceeds, and that is what justifies Petitioner being deposed once more, 12 years after the alleged theft of the Sash Spencer proceeds occurred in 2009.

In an attempt to give the Magistrate the benefit of the doubt, Petitioner reported to prison in June of 2014 and just came off Home Confinement May 7, 2021. The very next week Petitioner read the Grand Jury Minutes of his Indictment for the very first time. In there, Agent Lynn Allen explains that Sash Spencer's right-hand man, Patrick Donaghy, told her that the only reason that Sash Spencer took out the two life insurance policies was to sell them to someone (Don Trudeau) for a "couple of million" ($1,800,000) dollars. While Petitioner explained this very same transaction to Judge Swain, she found it to be "incredible" in the same decision that this Court cites to several times.

Petitioner has not filed his 2255 Petition yet, but has instead focused on the egregious prosecutorial misconduct in this case, and in fact cites the "Big Lie" told by Universitas as the major reason for needing access to the Grand Jury Minutes. Also the challenges to both Search Warrants are pending in front of Chief Judge Underhill.

The fact that Magistrate Spector ignores the clear obvious truth that Universitas was a fake charity run by Sash Spencer's mistress and had nothing to do with providing Scholarships to "inner city" scholars as Wayne Bursey was told, but accepts the "Big Lie" that somehow Petitioner "stole" the Sash Spencer proceeds to buy the "Beach House" in Rhode Island, is frankly the bane of Petitioner's existence. Clearly the Magistrate could take one look at the Exhibits attached to the various filings and see that the counsel for Universitas has had this banking information from all of these entities since 2012 — and certainly since 2014 from the JPMorgan Chase response.

Furthermore, in suing Attorney Jack Robinson's estate (Jack Robinson who died in 2017 was the attorney that denied the Universitas claim in 2009 that led to the Arbitration of 2010), Sharon Siebert in a September 2019 Affidavit stated that they knew that Section 6.01 of the

Charter Oak Trust was amended in January 2007 — but Sash Spencer's application with Lincoln was approved in 2006 — fully 15 years ago — and it is indisputable that Petitioner did not fill out, sign, or send in either of the Sash Spencer Applications that are at the center of this case.

Therefore, this Court can either choose to believe the "Big Lie" that counsel for Universitas keeps repeating in order to bankrupt the two ladies behind Universitas, or listen to Petitioner that Counsel for Universitas has received over $22,000,000 — very little of which has been recovered by the two ladies. It appears also that they are being sued in Texas and Massachusetts and soon they will be sued in Connecticut and that case will probably be assigned to this Court as a related case. Perhaps it would be better to end this madness, grant Petitioner's Motion to Quash, sanction the counsel for Universitas, and follow Judge Scheindlin's lead that all the claims brought after October of 2012 are time-barred or Judge Swain's lead that his Court lacks Subject Matter Jurisdiction. Either way, there is no reason for Petitioner and his family and friends to be continually harassed over closed accounts at dead companies.

Respectfully submitted,
/ s / Daniel E. Carpenter
Daniel E. Carpenter
Movant/Non-Party
Petitioner, pro se
18 Pond Side Lane
West Simsbury, CT. 06092
