# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC<br><br>*Plaintiff,*<br><br>v.<br><br>BENISTAR, ET AL.<br><br>*Defendants.* | CASE NO. 3:20-cv-00738-JAM<br><br><br><br>JUNE 23, 2021 |

### PLAINTIFF UNIVERSITAS EDUCATION, LLC'S OPPOSITION TO NON-PARTY DANIEL CARPENTER'S OBJECTION TO MAGISTRATE JUDGE'S ORDER DENYING MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER

COMES NOW, Plaintiff Universitas Education, LLC ("Universitas") through counsel and files its Opposition to Daniel Carpenter's Objection to Magistrate Judge Spector's Order Denying Motion to Quash and Motion for a Protective Order.

### STATEMENT OF FACTS

Judgment was entered in favor of Universitas and against Mr. Carpenter in August of 2014 as a result of Mr. Carpenter's use of shell companies to defalcate $30 million in life insurance proceeds that rightfully belonged to Universitas. *See Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11CV1590-LTS-HBP, 2014 U.S. Dist. LEXIS 109077 (S.D.N.Y. Aug. 7, 2014). Mr. Carpenter was subsequently convicted for, *inter alia*, operating a criminal conspiracy to steal and launder these same insurance proceeds. *See United States v. Carpenter*, 190 F. Supp. 3d 260 (D. Conn. 2016), *aff'd sub nom. United States v. Bursey*, 801 F. App'x 1 (2d Cir. 2020). Universitas alleges that the Defendants in this proceeding are alter egos of Mr. Carpenter and therefore liable for the judgment against Mr. Carpenter.

Universitas served Mr. Carpenter a subpoena *duces tecum* on April 22, 2021. On May 7, 2021 Mr. Carpenter moved to quash the subpoena and moved for a protective order. (Dkt. #129.) Mr. Carpenter objected to the Subpoena served upon him on the grounds (1) that the time for production of documents sought in the subpoena was insufficient, (2) the subpoena sought privileged information, and (3) the subpoena was served solely for the purpose of harassment and provided undue burden. (Dkt. #129.) Hon. Judge Spector rightfully denied Mr. Carpenter's motion in its entirety. (Dkt. #143.) Mr. Carpenter then filed an Objection to Magistrate Judge Spector's denial of his motion. (Dkt. #149.) Mr. Carpenter objects to Judge Spector's findings on numerous grounds, all of which are predicated upon demonstrably false facts and/or inaccurate representations of law.[1]

## LEGAL STANDARD

District Courts review a Magistrate Judge's Final Order under Fed. R. Civ. P. 72, which provides that magistrate judges' orders may be modified and/or vacated when they are "clearly erroneous or … contrary to law." *See* FED. R. CIV. P. 72(a). Established Second Circuit case law makes clear that "[a]n order is clearly erroneous when the entire evidence leaves the District Court with the definite and firm conviction that a mistake has been committed. An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *See Nike, Inc. v. Wu*, 349 F. Supp. 3d 346, 353 (S.D.N.Y. 2018) (internal citations omitted); *In re Kidd*, No. 3:20-cv-00800 (KAD), 2020 U.S. Dist. LEXIS 171263, at *3-*4 (D. Conn. Sep. 18, 2020) (internal citations omitted).

---

[1] In the spirit of brevity, Universitas is not providing further information concerning the demonstrably false facts in Mr. Carpenter's filing. Should the Court desire such information Universitas will file a supplemental brief concerning the inaccuracies in Mr. Carpenter's objection.

The relevant standards for quashing the subpoena and/or issuing a protective order were articulated by Hon. Judge Spector in his well-reasoned order:

> Rule 26(c) provides that, upon showing of good cause, the presiding court may 'issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense.' More pertinently, Rule 45(d)(3)(A)(iv) commands that a court 'must' quash or modify a subpoena if the subpoena 'subjects a person to undue burden.' The burden of persuasion in a motion to quash a subpoena is borne by the movant.

(Dkt. #143 at 2-3 (internal citations omitted).)

## ARGUMENT

Mr. Carpenter's objection to Hon. Judge Spector's Order does not provide any grounds for vacating and/or modifying the Order. Mr. Carpenter does not allege that Judge Spector misapplied any pertinent legal authority concerning the necessary time for producing documents, privilege, and/or harassment and undue burden. (Dkt. #149.) Thus, Mr. Carpenter largely concedes that Judge Spector correctly denied his motion.

Rather, Mr. Carpenter objects to Judge Spector's findings on grounds previously rejected by this Court as well as numerous other courts, and which Mr. Carpenter knows to be false and frivolous. (*See* Dkt. #110 at 33 (castigating Charitable Trusts' attorney for alleging "obviously untrue" facts);) *see also Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11CV1590-LTS-HBP, 2013 U.S. Dist. LEXIS 142902, at *35 (S.D.N.Y. May 21, 2013) (characterizing Carpenter's litigation strategy as a "strategy of promoting delay through the filing of meritless and frivolous motions"). The Court has already rejected Mr. Carpenter's false claim that Hon. Judge Swain found that this Court lacks jurisdiction over these proceedings and further found that it has subject matter jurisdiction over these proceedings. (*See* Dkt. #110 at 24 (explaining that Judge Swain's March 2020 order "did not hold that the court lacked jurisdiction over the claims") and at 32-33 (dismissing Charitable Trusts' argument that Court lacks subject matter jurisdiction over these

3

proceedings as "meritless").) Mr. Carpenter's summation of Judge Scheindlin's Order is a bad-faith and false misrepresentation of her findings – Judge Scheindlin merely held that certain claims against TD Bank were barred by the statute of limitations. *See Universitas Educ., LLC v. T.D. Bank, N.A.*, No. 15-cv-5643 (SAS), 2015 U.S. Dist. LEXIS 170264 (S.D.N.Y. Dec. 21, 2015). Mr. Carpenter's allegations concerning *res judicata* are likewise demonstrably false.

Mr. Carpenter also dismisses his criminal conviction as "clearly erroneous" and refers to his criminal conduct as a "Big Lie." (Dkt. #149 at 2-3.) This argument is completely meritless, as Judge Chatigny's thorough and well-reasoned opinion convicting Mr. Carpenter of dozens of felonies has not been overturned despite continued litigation from Mr. Carpenter. Mr. Carpenter's arguments are an egregious misrepresentation of facts and holdings that constitute a deliberate attempt to mislead the court and delay discovery so as to delay Universitas' collection efforts and increase Universitas' attorneys' fees so as to render its collection efforts cost prohibitive. *See e.g.*, *Universitas Educ.*, 2013 U.S. Dist. LEXIS 142902 (discussing Carpenter's litigation strategy); *Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11CV1590-LTS-HBP, 2013 U.S. Dist. LEXIS 142901 (S.D.N.Y. May 21, 2013) (same). None of the arguments propounded by Mr. Carpenter have any merit, and he fails to provide even a scintilla of evidence or legal analysis justifying the rejection of Magistrate Judge Spector's decision. Moreover, even if Mr. Carpenter were correct (which he is not), none of his arguments claim that Judge Spector misapplied Fed. R Civ. P. 26 and/or 45, and thus provide no grounds for modifying and/or vacating Judge Spector's Order. *See Nike*, 349 F. Supp. 3d at 353 (discussing standard for vacating and/or modifying Magistrate Judge's Order); *In re Kidd*, 2020 U.S. Dist. LEXIS 171263 at *3-*4 (same).

**CONCLUSION**

Daniel Carpenter's factual assertions are made in bad faith and are demonstrably false. The assertion of demonstrably false factual claims on behalf of Mr. Carpenter and his entities is a consistent pattern in this proceeding and numerous other proceedings involving Mr. Carpenter and his entities. Not only do Mr. Carpenter's arguments not concern the propriety of Judge Spector's findings, his entire brief is disconnected from reality. Mr. Carpenter is merely continuing his efforts to delay collection of the judgement against him through sheer bad faith and abuse of process. Universitas is nonetheless permitted to collect its judgment and is clearly entitled to both document production and testimony from Mr. Carpenter. Thus, for the aforementioned reasons and the reasons articulated by Judge Spector in his Order denying Mr. Carpenter's motion, Universitas respectfully requests that this Court deny Mr. Carpenter's Objection to the Magistrate Judge's Order.

PLAINTIFF UNIVERSITAS EDUCATION, LLC,

By: /s/ Michael G. Caldwell          /
Ilan Markus, ct 26345
Michael G. Caldwell, ct 26561
Barclay Damon, L.P.
545 Long Wharf Drive
New Haven, CT 06511
Ph. (203) 672-2658
Fax (203) 654-3265
IMarkus@barclaydamon.com

Joseph L. Manson III
Law Offices of Joseph L. Manson III
600 Cameron Street
Alexandria, VA 22314
Tel. 202-674-1450
Em. jmanson@jmansonlaw.com
*Admitted Pro Hac Vice*

5

## CERTIFICATE OF SERVICE

      I hereby certify that on June 23, 2021 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                    /s/   ct26561
                                    Michael G. Caldwell