# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNIVERSITAS EDUCATION, LLC | : | CIVIL ACTION NO. |
| | : | |
| Plaintiff | : | 3:20-cv-00738-JAM |
| | : | |
| v. | : | |
| | : | |
| BENISTAR, et al. | : | |
| | : | |
| Defendants | : | JUNE 25, 2021 |

### GRIST MILL PARTNERS, LLC's OBJECTION TO, AND RESERVATION OF RIGHTS CONCERNING PROPOSED DISCOVERY ORDER

Defendant Grist Mill Partners, LLC (the "Defendant" or "GMP"), hereby objects to the entry of the proposed discovery order submitted by the plaintiff, Universitas Education, LLC (the "Plaintiff") pursuant to the Order of the Court (Spector, USMJ), dated June 18, 2021 (ECF No. 151). Instead, the Court should enter the proposed discovery order attached hereto as Exhibit A and, in support thereof, GMP states as follows:

**I.      INTRODUCTION**

Despite conceding that GMP never received any money related to the insurance policies purchased on the life of Sash A. Spencer (the "Spencer Life Insurance Proceeds"), Plaintiff still seeks broad discovery in an effort to cast GMP as an "alter ego" of Daniel Carpenter, solely because GMP is owned by Carpenter Financial Group ("CFG"), a business controlled by Mr. Carpenter. Plaintiff claims this despite the fact that there are no allegations in the Amended Complaint that GMP acted improperly. Accordingly, to the extent the Court allows discovery, it should be limited to factual allegations in the Amended Complaint. Thus, before entering any Order concerning discovery, this Court should limit such discovery to allegations of specific

{00224910.2 }

misconduct on the part of GMP in the Amended Complaint. Failing that, there is no way to ensure that discovery is proportional to matters actually at issue in this case.

Here, Plaintiff, in a reverse veil piercing claim, does not allege GMP did anything wrong, only that Mr. Carpenter was in control of it. It appears that Plaintiff wishes to conduct discovery *before* actually alleging what GMP did. *Case Financial* v. *Alden*, Civil Action No. 1184-VCP, 2009 Del. Ch. LEXIS 153, at *13-14 (Ch. Aug. 21, 2009) ("Determining whether to do so requires a fact intensive inquiry… There also must be an element of fraud to justify piercing the corporate veil."). In other words, Plaintiff should be required to allege or explain what it believes GMP did wrong, as discovery would flow from those allegations.

## II. OBJECTION TO PROPOSED DISCOVERY ORDER

As a threshold matter, the Court should order Plaintiff to confirm that it has not previously obtained any of the discovery it seeks now, in one of the many other cases it brought related to the Spencer Life Insurance Proceeds. If Plaintiff previously received information it seeks through discovery in this case, it should not be requesting it again now. Further, the Court should order discovery that is proportional to and tied to the allegations of the Amended Complaint. The Plaintiff's proposed discovery order requests the production of documents that are not within GMP's possession; are unrelated to allegations in the Amended Complaint, and are vague or incomprehensible.

First, GMP does not have in its possession "bank signature cards." Such documents would be kept at the bank.

Second, Plaintiff requests the production of "[c]ontracts and/or other documents concerning any transfer of property," but GMP objected to the definition proposed by Plaintiff because it is not clear. If "property" was intended to mean real estate owned by GMP, any such

{00224910.2 }

transfer would be a matter of public record. If property means "personal property," GMP has no material personal property; it is a single asset real estate company. Thus, the answer would be: "none." If "property" means "cash in the bank," disbursement ledgers and bank statements would show this.

In addition, GMP submits that any order should be limited to transfers in excess of $25,000.00 or that are outside the ordinary course of business of GMP *and* Plaintiff should be required to identify some related factual allegation in the proposed Amended Complaint in order to demonstrate both proportionality and relevancy. GMP should not have to provide documents that have no relationship to the case.

Third, GMP should not be required to produce "[a]ll tax documents" and this request should be limited to the partnership tax return (Form 1065) that GMP files. For example, a 1099 sent to vendor who provided more than $600 worth of goods or services would simply be duplicative of information contained in a disbursements ledger or bank statement. Further, producing such information would be disproportionate to the needs of this case.

Fourth, GMP should not be required to produce "[a]ll financial statements concerning cash position, balance sheet position, and/or profits and losses." All of this information would be duplicative of information contained in cash disbursements/receipts journals and tax returns. GMP should only be required to produce balances sheets and profit and loss statements that it has in its possession.

Fifth, Plaintiff seeks "[e]mails concerning GM Partners and/or the property located at 100 Grist Mill Road." This request should be denied. The term "property" is not sufficiently defined. GMP cannot search for emails in a vacuum. Further, Plaintiff should be required to identify records custodians and search terms so that GMP can attempt to search for relevant emails.

Without such limitations, Plaintiff could argue any email ever sent or received by GMP concerns "property," given GMP is a single asset real estate company and only owns one piece of "property."

In sum, the Court should limit discovery to allegations of the Amended Complaint and not permit a limitless fishing expedition. Further, the Court should make clear that GMP does not have to specially create documents that do not exist to satisfy the document requests. Therefore, the Court should *not* enter Plaintiff's Proposed Order, but rather the order attached hereto as Exhibit A.

### III. CONCLUSION

For the reasons set forth above, the Court should enter the proposed order set forth as Exhibit A and grant further relief as set forth herein.

        THE DEFENDANT
        GRIST MILL PARTNERS, LLC

By: /s/ Jeffrey M. Sklarz
     Lawrence S. Grossman (ct15790)
     Jeffrey M. Sklarz (ct20938)
     Green & Sklarz LLC
     One Audubon Street, Third Floor
     New Haven, CT 06511
     (203) 285-8545
     Fax: (203) 823-4546
     lgrossman@gs-lawfirm.com
     jsklarz@gs-lawfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below a copy of the foregoing was served by electronic mail on the parties set forth below.

Dan E. LaBelle
labelle@halloran-sage.com

Michael R. McPherson
mcpherson@halloransage.com

Ilan Markus
imarkus@barclaydamon.com

Michael G. Caldwell
mcaldwell@barclaydamon.com,

Joseph L Manson, III
jlm0505@hotmail.com

Date: June 25, 2021                                                  /s/ Jeffrey M. Sklarz

{00224910.2 }