## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNIVERSITAS EDUCATION, LLC | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:20-cv-00738-JAM |
| v. | : | |
| BENISTAR, et al. | : | |
| Defendants | : | JUNE 25, 2021 |

## DEFENDANT TRUSTS' OBJECTION TO, AND RESERVATION OF RIGHTS CONCERNING PROPOSED DISCOVERY ORDER

The Defendants, Alliance Charitable Trust, Phoenix Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, and Carpenter Charitable Trusts, (hereinafter known as "the Defendant Trusts"), hereby objects to the entry of the proposed discovery order submitted by the plaintiff, Universitas Education, LLC (the "Plaintiff") pursuant to the Order of the Court (Spector, USMJ), dated June 18, 2021 (ECF No. 151). Instead, the Court should enter the proposed discovery order attached hereto as Exhibit A and, in support thereof, the Defendant Trusts states as follows:

## I.  INTRODUCTION

The Plaintiff initiated this action on May 25, 2020, against the Defendant Trusts in an attempt to enforce a money judgment it obtained nine years ago in the Southern District of New York against Nova Group, Inc. See *Universitas Educ., LLC v. Nova Grp., Inc.*, No 11 CIV. 1590-LTS-HBP, 2012 WL 204592 (S.D.N.Y. June 5, 2012). The Defendant Trusts were not parties to that action, nor has any court determined the Defendant Trusts to be judgment debtors in the Universitas case.

As a result of the litigation in *Universitas Educ., LLC v. Nova Grp., Inc.*, 2013 U.S. Dist. LEXIS 165803 (S.D.N.Y. 2013) the Plaintiff obtained information about the Defendant Trusts and associated bank accounts. Despite having information about the Defendant Trusts and their bank accounts since 2013, the Plaintiff now seeks to compel the Defendant Trusts to provide documentation, it already had access to and failed to act on for over 7 years.

## II.     OBJECTION TO PROPOSED DISCOVERY ORDER

"Rule 26(b)(1) of the Federal Rules of Civil Procedure states in relevant part [that] Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The Court, however, whether by motion or on its own, must limit the extent of discovery if it determines that the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i)." *Granger v. Santiago*, 2021 U.S. Dist. LEXIS 25124, at *3 (D. Conn. Feb 9, 2021).

The Plaintiff seeks broad discovery dating 12 years in an effort to prove claims that it could have raised seven years ago but failed to do so. The Plaintiff seeks to compel the Defendant Trusts to obtain bank, tax, and other records concerning alleged events in 2009, well outside the six-year document retention period employed by financial institutions.[1]  Moreover, the Plaintiff's seek documents from the Defendant Trusts, knowing that Mr. Carpenter was

---

[1] A six-year document retention period employed by a bank is permitted under both Connecticut and Federal law. Conn. Gen. Stat. § 36a-40; 12 U.S.C.S. § 1829b(g).

2

incarcerated and/or under home confinement from June of 2014 until May of 2021 with no access to the Defendant Trusts records.

The Court should order Plaintiff to confirm that it has not previously obtained any of the discovery it seeks now in one of the many other cases it brought related to the Spencer Life Insurance Proceeds. If Plaintiff already has previously received some or all of that information and documents, it should not be requesting it again now. Further, the Court should order discovery that is proportional to and tied to the allegations of the Complaint. The Plaintiff's proposed discovery order requests the production of documents that are not within the Defendant Trust's possession; are unrelated to allegations in the Complaint, and are well outside any document-retention period.

In sum, the Court should limit discovery to allegations of the proposed Amended Complaint and not permit a limitless fishing expedition. Therefore, the Court should *not* enter Plaintiff's Proposed Order, but rather the order attached hereto as Exhibit A.

### III. CONCLUSION

For the reasons set forth above, the Court should enter the proposed order set forth as Exhibit A and grant further relief as set forth herein.

                                          Respectfully Submitted
                                          THE DEFENDANTS,

                                          By: */s/ Grayson Colt Holmes*
                                          Grayson Colt Holmes
                                          Federal Bar No.: ct30111
                                          Ouellette, Deganis, Gallagher & Grippe LLC
                                          143 Main Street, Cheshire, CT 06410
                                          Phone: (203) 272-1157
                                          Fax: (203) 250-1835
                                          Email: gholmes@odglaw.com

## **CERTIFICATION**

I hereby certify that on this 25th day of June, 2021, a copy of the foregoing was filed electronically and served by mail to anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filings as indicated on the Notice of Electronic Filings. Parties may access this filing through the Court's CM/ECF System.

By: */s/ Grayson Colt Holmes*
Grayson Colt Holmes
Federal Bar No.: ct03111