## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC<br><br>Plaintiff,<br><br>v.<br><br>BENISTAR, ET AL.<br><br>Defendants. | CASE NO. 3:20-cv-00738-JAM<br><br>June 25, 2021 |

### PROPOSED DISCOVERY ORDER

Whereas, the parties hereto have presented a discovery dispute to the Court (Spector, USMJ). *See* ECF Nos. 144, 145, 146;

Whereas, the Court issued a Memorandum of Discovery Conference (ECF No. 151) stating: "the Court has determined that the plaintiff's document requests may include financial records dating back to 2009, but should be limited to documents that are actually within the defendants' possession. As discussed during today's hearing, some of these records are as much as twelve years old and no longer within the defendants' possession. In its proposed order, the plaintiff should define the scope of the specific financial records it requests and whether the defendants have agreed to the scope of the request. To the extent that the defendants would like to set forth any objections for the Court's consideration, they may do so on or before June 25, 2021."

Whereas, Daniel Carpenter, the sole trustee of the Alliance Charitable Trust, Phoenix Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, and Carpenter Charitable Trust (collectively the "Defendant Trusts") was incarcerated and then under home confinement from June of 2014 until May of 2021.

NOW THEREFORE, THE COURT ORDERS THAT:

1. The Court also hereby orders the Defendant Trusts to produce the following documents by no later than July 26, 2021:

   - Bank account statements
   - Cash receipt and disbursement journals
   - All tax returns
   - All documents concerning any life insurance policies owned by the Charitable Trusts and/or designating the Charitable Trusts as a beneficiary

2. Nothing in this order shall require the Defendant Trusts to (a) create a document that does not exist or (b) obtain documents from third-parties (other than their accountants or attorneys).

3. The timeframe for such documents shall be January 1, 2009 to present.

4. If the Defendant Trusts do not have documents in its possession or they do not exist, it shall so state on a supplemental response to written discovery.

5. "Defendant Trusts" shall provide supplemental responses, if any, to the Plaintiff's Interrogatories consistent with this Court's order.