**Law Offices of Joseph L. Manson III**
Joseph L. Manson III, Esq.
600 Cameron St.
Alexandria, VA 22314

July 16, 2021

VIA EMAIL

John R. Williams
John R. Williams & Associates
51 Elm Street
New Haven, CT 06510

Re:   *Universitas Education, LLC v. Benistar*, Case No. 3:20-cv-738-JAM – Discovery Sanctions

Dear John,

We represent Universitas Education, LLC ("Universitas") in the above-captioned matter. As you know, the Court ordered Daniel Carpenter to **fully** comply with Universitas' subpoena on or before July 15, 2021. (*See* Dkt. #159.) We received Mr. Carpenter's response to Universitas' subpoena on July 14, 2021. Mr. Carpenter did not produce any documents. This is unacceptable. Mr. Carpenter's decision not to produce documents is particularly outrageous given that he moved to quash the subpoena by claiming that the scope of responsive documents was so large that the production of these documents was unreasonably burdensome. (*See* Dkt. # 129.) Universitas intends to move the Court for sanctions against Mr. Carpenter.

Daniel Carpenter is an obstructionist litigant with a protracted history of willful discovery misconduct. (*See e.g.*, PJR App., Ex. 2 [Dkt. #10] (explaining that numerous Carpenter alter egos did not produce basic document discovery);) *Universitas Educ., LLC v. Nova Grp., Inc.*, 2016 U.S. Dist. LEXIS 37988, at *16 (S.D.N.Y. Mar. 23, 2016) ("Carpenter vigorously opposed Universitas' discovery efforts to aid in execution of the judgment, requiring repeated judicial intervention and wasting scarce judicial resources."). Throughout this dispute Mr. Carpenter has, *inter alia*, fabricated evidence, threatened witnesses, testified falsely, and been held in contempt of court for noncompliance with discovery orders. *See United States v. Carpenter*, 190 F. Supp. 3d 260, 293-94 (D. Conn. 2016) (discussing fraudulent alterations to Charter Oak Trust Declaration of Trust); *Universitas Educ., LLC v. Nova Grp., Inc.*, 2012 U.S. Dist. LEXIS 166554, at *8-*9 (S.D.N.Y. Nov. 21, 2012) (recommending that Universitas consult with Federal Bureau of Investigation as to whether Daniel Carpenter's witness intimidation constituted obstruction of justice); *Universitas Educ., LLC v. Nova Grp., Inc.*, 2016 U.S. Dist. LEXIS 37988, at *14 (S.D.N.Y. Mar. 23, 2016) ("After Judge Swain's November 2013 finding that Carpenter had fabricated testimony regarding the location of the insurance proceeds, Carpenter testified again on these issues and Judge Swain again found that his testimony was not credible."); *Universitas Educ., LLC v. Nova Grp., Inc.*, 2013 U.S. Dist. LEXIS 99957 (S.D.N.Y. July 11, 2013) (finding Mr. Carpenter in contempt of court). Mr. Carpenter also forbade his attorneys from producing responsive documents

and fired attorneys that attempted to comply with discovery orders. (*See* PJR App., Ex. 12 [Dkt. #11] (Carpenter email forbidding attorneys from producing relevant documents); PJR App., Ex. 14 [Dkt. #11] (Carpenter firing attorneys attempting to produce court-ordered documents).) Moreover, all of Mr. Carpenter's behavior occurred within the broader context of his litigation strategy in this dispute: (1) delay Universitas' collection efforts through abuse of process, and (2) increase Universitas' attorneys' fees so as to render its collection efforts cost prohibitive. *See e.g.*, *Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11CV1590-LTS-HBP, 2013 U.S. Dist. LEXIS 142902 (S.D.N.Y. May 21, 2013) (discussing Carpenter's litigation strategy); *Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11CV1590-LTS-HBP, 2013 U.S. Dist. LEXIS 142901 (S.D.N.Y. May 21, 2013) (same).

Mr. Carpenter's litigation misconduct is ongoing. Mr. Carpenter continues to pursue his bad-faith litigation strategy as well as flaunt directives from the court. For instance, Mr. Carpenter's supervised release prohibits him, *inter alia*, from acting in a fiduciary capacity and/or exercising control over any for-profit entity. Mr. Carpenter candidly admits that he is violating the terms of his supervised release by exercising control over both Grist Mill Partners, LLC ("GMP") and the Charitable Trust Defendants in this proceeding. (*See e.g.*, Dkt. #120-1 at 4 ("Mr. Carpenter … agrees with Universitas that he has always been the sole trustee of the Five Charitable Trusts that are defendants in this case …. [and] he respectfully brings this Motion for Reconsideration ….").) Mr. Carpenter also continues to intentionally provide the Court with false information. (*See e.g.*, Dkt. #110 at 33 ("It is disturbing that the Defendant Trusts have tried to make a factual claim about Daniel Carpenter's citizenship that … is obviously untrue.").)

Limiting Mr. Carpenter's answers to Judgment Debtors and/or refusing to answer any discovery requests as to any Company and/or Affiliate is a clear violation of the Court's Order that Mr. Carpenter "**fully** comply with the subpoena." (*See* Dkt. #159.) Moreover, all of Mr. Carpenter's responses are improper. Mr. Carpenter's response to Request No. 1 is demonstrably false and contradicted by documents in Mr. Carpenter's possession, custody, and/or control. Mr. Carpenter maintains control of all documents in his attorneys' possession. *See Markus v. Rozhkov*, 615 B.R. 679, 705-706 (S.D.N.Y. 2020) ("Documents in the possession of a party's attorney may be considered to be within the control of the party.") (internal citations omitted). Mr. Carpenter's attorneys are in possession, *inter alia*, of documents concerning the transfer and/or sale of property from Judgment Debtor Avon Capital, LLC. *See United States v. Carpenter*, No. CR-13-226-RNC, Doc. 207, at 20 (Government Exhibit List) (identifying transfer agreements, purchase agreement, and sales agreement between Avon Capital and Life Insurance Fund Elite).

Mr. Carpenter's response to Request No. 2 is also demonstrably false and is further contradicted by his response to Request No. 7. Request No. 2 seeks, *inter alia*, documents concerning "payments made to you, by any means, from any … Affiliate …." The subpoena defines "you" to include "any and all agents and persons acting on behalf of Daniel Carpenter" and defines "Affiliate" to include Molly Carpenter. Mr. Carpenter's response to Request No. 7 asserts that "… [his] wife has paid [his] legal bills since 2013." Mr. Carpenter's attorneys are his agents. *See Rai v. WB Imico Lexington Fee, LLC*, 802 F.3d 353, 360 (2d Cir. 2015) ("It is well established, moreover, that an attorney retained either for litigation or to represent a party in the course of a transaction is that party's agent."). As such, documents concerning payment from Molly Carpenter to Mr. Carpenter's attorneys are clearly within the scope of Request No. 2.

Mr. Carpenter's response to Request No. 3 states that he does not possess and/or control any documents concerning the ownership structure of any Judgment Debtor and/or Company. Documents concerning ownership structure clearly include, *inter alia*, incorporation documents and stock certificates. *See Evans v. Scribe One Ltd. LLC*, No. CV-19-04339-PHX-DLR, 2019 U.S. Dist. LEXIS 200373, at *17 (D. Ariz. Nov. 19, 2019) (inferring ownership from incorporation documents). Mr. Carpenter is required to produce documents in the possession and/or control of companies for which he is a principal. *See In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 236 F.R.D. 177, 180-82 (S.D.N.Y. 2006); *see also Tiffany (NJ) LLC v. Qi Andrew*, 276 F.R.D. 143, 147 (S.D.N.Y. 2011) ("Regardless of the witness' legal relationship to a document, for the purposes of a Rule 45 subpoena, a document is within a witness's 'possession, custody, or control' if the witness has the practical ability to obtain the document.") (internal citations omitted). Mr. Carpenter is a principal, *inter alia*, of GMP, 1&3 Mill Pond Partners, LLC, Birch Hill Partners, LLC, Greyhound Partners, LLC, Greyhound Management, Inc., Caroline Financial Group, Inc., and NatTel, LLC. As such, he is required to produce all documents concerning ownership structure within the possession and/or control of these companies, such as incorporation documents and/or share certificates. Mr. Carpenter's claim that he cannot produce any such documents equates to an assertion that his companies do not have any such documents. We request that you please confirm that none of the aforementioned entities have any incorporation documents and/or share certificates.

The same logic applies Request No. 6 – Mr. Carpenter must produce all documents concerning status and/or good standing within the possession and/or control of any entity for which Mr. Carpenter is a principal. *See In re Flag Telecom.*, 236 F.R.D. at 180-82; *Tiffany (NJ)*, 276 F.R.D. at 147. Accordingly, Mr. Carpenter's response equates to an assertion that none of his companies have filed any documents to maintain good standing and/or have not filed any dissolution paperwork. This includes entities such as, *inter alia*, Benistar Capital, LLC, Benistar Ltd., Step Plan Services, Inc., Benistar Property Exchange Company, LICA Admin Services, Inc., and U.S. Property Exchange. Again, we request that you confirm that such entities have not filed any documents to maintain good standing and/or filed for dissolution.

The same principle also applies to Request No. 4 – Mr. Carpenter must produce relevant bank records within the possession and/or control of any entity for which he is a principal. *See id.* As such, Mr. Carpenter's response indicates that none of his entities have had a bank account since 2009. This claim is demonstrably false and Mr. Carpenter unquestionably controls documents responsive to this request. Mr. Carpenter's attorney is in possession of responsive bank records that were never produced to Universitas, including, *inter alia*, banking records for TPG Group, Inc., banking records for Benefit Plan Advisors, records regarding Avon Capital's account with Bank of America, and records regarding Grist Mill Capital's account with Bank of America. *See United States v. Carpenter*, No. CR-13-226-RNC, Doc. 207 (Government Exhibit List). Moreover, Mr. Carpenter has access to the entire universe of documents seized by the federal government in both raids upon his offices. Universitas has received certain documents from the files seized in these raids, and thus knows that these records contain bank statements for Nova Group, Inc., Avon Capital, and Grist Mill Capital. The notion that these records do not contain any additional bank records is simply unbelievable.

Mr. Carpenter failed to properly respond to Request No. 5 by arbitrarily limiting his response to both communications and Judgment Debtors. Mr. Carpenter is in possession and/or control of documents concerning Property owned by, *inter alia*, GMP, Greyhound Partners, LLC, and Birch Hill Partners, LLC. Mr. Carpenter's refusal to produce such documents is a violation of the Court's order. (*See* Dkt. #159.)

Mr. Carpenter's response to Request No. 7 is deficient for numerous reasons. First, Mr. Carpenter's attempt to arbitrarily limit the timeframe to 2013 is improper and was already rejected by the Court. (*See* Dkt. #151 (holding that Universitas is entitled to financial records from 2009 to present).) Second, the fact that Mr. Carpenter's wife pays for the Charitable Trusts' attorneys does not absolve Mr. Carpenter of his obligation to produce these payment records. Mr. Carpenter is the sole trustee for the Charitable Trusts, and thus must produce records within the Charitable Trusts' possession, custody, and/or control. *See In re Flag Telecom.*, 236 F.R.D. at 180-82; *Tiffany (NJ)*, 276 F.R.D. at 147; *see also Commonwealth of the N. Mar. I. v. Millard*, 287 F.R.D. 204, 208-15 (S.D.N.Y. 2012) (explaining that "possession custody or control" is interpreted in practical terms). These payment records are clearly within the possession of the Charitable Trusts' counsel, and thus are in the Charitable Trusts' control. *See Markus*, 615 B.R. at 705-706 ("Documents in the possession of a party's attorney may be considered to be within the control of the party."). As such, Mr. Carpenter must produce these payment records. Moreover, Mr. Carpenter's claim that he has no access to documents concerning payment to the Charitable Trusts' counsel because **his** attorneys' fees are paid by his wife fails to distinguish Mr. Carpenter from the Charitable Trusts and treats these parties as a single entity. Such a statement cannot be reconciled with the Charitable Trusts' position that they are distinct from Mr. Carpenter and are not Daniel Carpenter alter egos. To the extent there is any documented agreement concerning indemnity for the Charitable Trusts or any agreement whereby Mrs. Carpenter volunteered to pay the Charitable Trusts' attorneys, that document must be produced.

Given Mr. Carpenter's history of, *inter alia*, willful discovery misconduct, false testimony, contempt of court, and bad faith litigation, the deficiencies in Mr. Carpenter's responses are clearly the result of willful noncompliance with the Court's discovery order. *See In re Men's Sportswear, Inc.*, 834 F.2d 1134, 1139 (2d Cir. 1987) (providing that "[t]he filing of a complaint in a new action does not erase a litigant's past abuse of the judicial system"). As such, severe sanctions against Mr. Carpenter are warranted. *See Daval Steel Prods., Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991) ("Severe sanctions are justified, however, when the failure to comply with a court order is due to willfullness or bad faith, or is otherwise culpable.") (internal citations omitted). Accordingly, Universitas intends to move for sanctions against Mr. Carpenter pursuant to Fed. R. Civ. P. 45(g) – Universitas will seek to have the Court hold Mr. Carpenter in contempt and award Universitas attorneys' fees. *See Dunne v. Coan (In re Dunne)*, No. 3:17-cv-1399 (MPS), 2018 U.S. Dist. LEXIS 166192, at *19 (D. Conn. Sep. 27, 2018) (providing elements for contempt) (internal citations omitted).

Universitas is willing to give Mr. Carpenter an additional seven days to comply with the subpoena and will not move for sanctions if Mr. Carpenter produces documents as ordered by the Court within seven days of receipt of this letter. Please note that Universitas is not required to provide advance notice of its motion for discovery sanctions or provide Mr. Carpenter an opportunity to cure the deficiencies in his responses. *See* D. CONN. LOC. R. 37(a) (requiring advance notice of

motions filed pursuant to Fed. R. Civ. P. 26-37). Universitas is nonetheless providing advance notice and an opportunity to cure out of a desire to informally resolve this issue and not involve the Court in additional unnecessary litigation regarding Mr. Carpenter's willful discovery misconduct.

Please do not hesitate to contact me should you wish to discuss this letter further.

                                          Sincerely,

                                          /s/ Joseph L. Manson III
                                          Joseph L. Manson III
                                          Law Offices of Joseph L. Manson III
                                          600 Cameron Street
                                          Alexandria, VA 22314
                                          Telephone: 202-674-1450
                                          Email: jmanson@jmansonlaw.com
                                          *Admitted Pro Hac Vice*

                                          *Counsel for Universitas Education, LLC*