UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNIVERSITAS EDUCATION, LLC | : | CIVIL ACTION NO. |
| | : | |
| Plaintiff | : | 3:20-cv-00738-JAM |
| | : | |
| v. | : | |
| | : | |
| BENISTAR, et al. | : | |
| | : | |
| Defendants | : | AUGUST 18, 2021 |

## DEFENDANT TRUSTS' MEMORANDUM IN SUPPORT OF ITS OBJECTION TO PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS

The Defendants, Alliance Charitable Trust, Phoenix Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, and Carpenter Charitable Trusts, (hereinafter known as "the Defendant Trusts"), hereby files this memorandum of law in support of its objection to the Plaintiff Universitas's motion for discovery sanctions.

**I.   INTRODUCTION**

The Plaintiff initiated this action on May 25, 2020, against the Defendant Trusts in an attempt to enforce a money judgment it obtained nine years ago in the Southern District of New York against Nova Group, Inc. See *Universitas Educ., LLC v. Nova Grp., Inc.*, No 11 CIV. 1590-LTS-HBP, 2012 WL 204592 (S.D.N.Y. June 5, 2012). The Defendant Trusts were not parties to that action, nor has any court determined the Defendant Trusts to be judgment debtors in the Universitas case.

The Plaintiff's initiated discovery requests against the Defendant Trusts on February 18, 2021. Prior to the service of these requests, Plaintiff's counsel reached out to undersigned counsel seeking a modification to the Court-ordered scheduling orders to extend the deadline for discovery so that Plaintiff could serve Defendant Trusts with the requests that are now at the dispute of this

1

motion. In good-faith, undersigned counsel consented to the Plaintiff's request, and the Plaintiff filed a "Joint Motion to Amend Scheduling Order" with the consent of undersigned counsel. *See* Dkt. #107.

Among the Plaintiff's numerous interrogatories and requests were instructions that specified ". . . the timeframe for these requests is January 1, 2007 to the present." The Plaintiff's requests instructed the Defendants that "[i]f any responsive document has been lost or destroyed, identify the document, state when such document was lost or destroyed, identify the person who lost or destroyed the document, the person who directed that the document be destroyed, if applicable, and any reasons why the document was lost or destroyed." See Dkt. #136-2, Exs. 1-5.

The Defendant Trusts objected to and responded to the Plaintiff's interrogatories and requests. When Plaintiff's counsel engaged undersigned counsel regarding the discovery disputes, undersigned counsel, in good faith, participated. As a result of those discussions, undersigned amended Defendant Trusts responses. See Dkt. #136-3, Exs. 13-14; Dkt. #136-4, Exs. 15-18.

Unsatisfied with the Defendant Trusts' discovery responses, the Plaintiff filed a motion to compel production from the Defendant Trusts and sought an award "for expenses incurred" in compelling the Defendant Trusts. *See* Dkt. #136. The Court denied the Plaintiff's motion. *See* Dkt. #138, and the Court referred the discovery dispute to Hon. Judge Spector. *See id*. The Plaintiff then contacted undersigned counsel seeking a modification to the Court-ordered scheduling orders to extend the deadline for discovery for the purpose of conducting discovery depositions. In good faith, undersigned counsel did not oppose the Plaintiff's motion, and the Plaintiff filed its requests. *See* Dkt. #139.

This Court held two discovery hearings and ordered the parties to confer to resolve the discovery dispute. The parties could not reach a resolution, and the Court instructed the parties to

submit memorandum detailing the merits of the discovery dispute as well as proposed discovery orders. Though the Plaintiff offered to change its "timeframe from 2007 to 2009," (*See* Dkt. #171-1 pg 13) it did not offer to narrow its request for documents in anyway. The Court ordered the Defendant Trusts to produce documents "for the time period of January 1, 2009 to the present" and ordered that "[n]othing in this order shall require GMP or the Defendant Trusts to (a) create a document that does not exist or (b) obtain documents from third parties (other than their accountants or attorneys). *See* Dkt. #163.

The Defendant Trusts responses are due August 18, 2021. The Plaintiff files this motion before that time seeking and order: (1) awarding Universitas attorneys' fees, (2) imposing punitive sanctions upon the Defendant Trusts, and (3) holding the Defendant Trusts' counsel joint and severally liable for all sanctions entered against the Defendant Trusts.

I.   Standard

Fed. R. Civ. P. 37 "governs the district court's procedures for enforcing discovery orders and imposing sanctions for misconduct." *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 158 (2d Cir. 2012). Pursuant to Rule 37(a), a party may "move for an order compelling . . . discovery." Fed. R. Civ. P. 37(a)(1). The rule also dictates that if a motion for an order compelling disclosure or discovery is granted in part and denied in part, then the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses of the motion." Fed. R. Civ. P. 37(a)(5)(C).

II.   Argument

   a.   The Plaintiff is not entitled to Attorneys' Fees

Fed. R. Civ. P. 37 does not permit sanctions against the Defendant Trusts, as the Plaintiff's motion to compel was not granted. Rule 37 only allows for sanctions when a *motion to compel is*

*granted*. Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). As noted above, Plaintiff's motion to compel was denied by the Court and no subsequent motion has been filed or granted. This is an necessary element of the rule that the Plaintiff fails to account for in its motion.

Moreover, "neither [Rule 37 nor D. Conn. Loc. Civ. R. 37(a)(4)] makes the award of attorney's fees mandatory—both give the courts discretion to award other sanctions in lieu of an attorneys' fee or to make the determination that the failure was substantially justified or that other circumstances make an award of expenses unjust." *Berube v. A&P*, No. 3:06-cv-197 (PCD), 2006 U.S. Dist. LEXIS 87354, *19 (D. Conn. November 30, 2006).

Beyond unfounded, conclusory statements that "the Defendant Trusts can offer no reason why sanctions should not be imposed" and the "the Defendant Trusts arguments are meritless" the Plaintiff has provided no evidence to the Court that the Defendant Trusts' objections were "not warranted under existing law" or not "supported by good faith argument for extension, modification[,] or reversal of existing law." Therefore, there is insufficient justification for imposing sanctions and this Court should not grant the Plaintiff's motion.

In *Graf von Spee v. Graf von Spee*, 558 F. Supp. 2d 223 (D. Conn. 2008), the court refused to grant a Defendant's third motion for sanctions under Local Rule 37, despite granting a motion for protective order and dismissing the Plaintiff's claims. In that case, the Defendant moved for sanctions as a result of Plaintiffs' conduct during limited discovery on the Defendant's motion to dismiss. *Id.* At 226. Plaintiff's counsel filed several lengthy discovery responses (including two nearly 300-page opposition filings) and cancelling a deposition at the last minute after Defense counsel had already traveled to Germany for the deposition. *Id.* At 227. Finding the plaintiff's conduct to be "be irksome, particularly in filing repetitive motions and forcing the Court to intervene in disputes which should have been resolved between parties, and in doing so by way of

submissions, which were needlessly prolix and at times abstruse," the court still found "the record [did] not show this wasteful conduct to have been "not warranted under existing law" or not "supported by good faith argument for extension, modification[,] or reversal of existing law." *Id.*

The Plaintiff paints a picture that the Trusts objections to discovery requests, which include requests for financial documents, records, and information 14 years old are a part of a "pattern of discovery misconduct" and "bad-faith litigation strategy intended to harm" the Plaintiff. However, neither the Defendant Trusts nor undersigned counsel have been a party or involved in the Plaintiff's past litigation prior to filing an appearance in this matter. Assuming, *in arguendo*, the Plaintiff's claims of bad-faith are true, undersigned counsel's actions in consenting to their motions for extensions of time and participating in multiple discovery discussions are inconsistent with the Plaintiff's narrative.

Given the limited amount of discovery that has been conducted in this case, and that this if the first discovery dispute at issue, granting the Plaintiff's motion based on the conduct described by Plaintiff's counsel in this case would make an award of attorneys' fees unjust and is an insufficient justification for imposing sanctions. Further, the Plaintiff's motion cannot be granted because a motion to compel was not granted.

### III. CONCLUSION

For the reasons set forth above, the Court should deny the Plaintiff's motion for discovery sanctions.

## **CERTIFICATION**

      I hereby certify that on this 18th day of August, 2021, a copy of the foregoing was filed electronically and served by mail to anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filings as indicated on the Notice of Electronic Filings. Parties may access this filing through the Court's CM/ECF System.

                                          By: */s/ Grayson Colt Holmes*
                                                 Grayson Colt Holmes
                                                 Federal Bar No.: ct03111