**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC<br><br>        *Plaintiff,*<br><br>v.<br><br>BENISTAR, ET AL.<br><br>        *Defendant*s. | CASE NO. 3:20-cv-00738-JAM |

**JOINT STATUS REPORT**

Universitas Education, LLC ("Universitas") and Avon Charitable Trust, Atlantic Charitable Trust, Alliance Charitable Trust, Carpenter Charitable Trust, and Phoenix Charitable Trust (collectively the "Defendant Trusts") hereby submit the following Joint Status Report in accordance with the Order of this Court entered on September 15, 2021. *See* Dkt. No. 186.

**PROCEDURAL BACKGROUND**

1. On February 18, 2021, Universitas served its first set of interrogatories and requests for production on the Defendant Trusts. *See* Dkt. #114.

2. On March 17, 2021, the Defendant Trusts moved for an extension for responding to the interrogatories and requests for production. *See* Dkt. #114.

3. On March 18, 2021, the Court granted the Defendant Trusts' motion and extended the deadline for responding to Universitas' discovery requests to April 19, 2021. *See* Dkt. #116.

4. On April 12, 2021, the Defendant Trusts provided Universitas with their responses to Universitas' discovery requests.

5. On April 30, 2021, the Defendant Trusts provided Universitas with amended responses to Universitas' discovery requests.

6. On May 14, 2021, the Charitable Trusts provided Universitas with their second amended responses to Universitas' discovery requests.

7. On May 27, 2021, the parties called Chambers regarding the discovery dispute. *See* Dkt. #140.

8. On June 2, 2021, the Court ordered the parties to submit memoranda "detailing the merits of the discovery disputes concerning document production and interrogatory responses." *See* Dkt. #142.

9. On June 6, 2021, the parties submitted memoranda in accordance with the Court's instructions. *See* Dkt. #144 and #146.

10. On June 10, 2021, the Court held a Discovery Hearing wherein it instructed the parties to confer and attempt to narrow the scope of the discovery dispute. *See* Dkt. #147.

11. On June 18, 2021, the Court held a Discovery Hearing wherein it instructed Universitas to file a proposed order and permitted the Defendant Trusts to object to said proposed order. *See* Dkt. #151.

12. On June 25, 2021, the parties each filed proposed orders and objections thereto. *See* Dkt. #154 and # 156.

13. On July 19, 2021, the Court entered a Discovery Order requiring the Defendant Trusts to produce eleven (11) types of documents and provide supplemental responses to Universitas' interrogatories. *See* Dkt. #163.

14. On August 18, 2021, the Defendant Trusts provided Universitas with their supplemental interrogatory responses and tax returns.

15. On August 19, 2021, the Court held a Discovery Hearing wherein it instructed the parties to "meet and confer to ensure compliance with the Court's July 19, 2021 order." *See* Dkt. #179.

16. On August 20, 2021 the Defendant Trusts produced bank records for an account at JPMorgan Chase for the period of December 11, 2012 through January 9, 2013.

17. On September 9, 2021, the Defendant Trusts produced three Declarations of Trust.

18. On September 15, 2021, the Court held a Discovery Conference wherein the Court instructed the parties to "review the Court's July 19, 2021 order again with plaintiff's counsel to identify what responsive documents exist as to each item listed on the Order… and to list specifically any items that they do not have in their possession." *See* Dkt. #186.

19. On September 21, 2021, Universitas sent the Defendant Trusts a letter concerning this discovery dispute.

20. On October 1, 2021, the parties conferred and discussed documents within the scope of the Court's instructions, and the Defendant Trusts' counsel indicated to Universitas that he would make his best efforts to locate and produce these documents to Universitas.

## **STATUS**

### I. **Universitas' Position**

The Defendant Trusts previously claimed that they produced all responsive documents within their possession, custody, and/or control. However, the record demonstrates that the Defendant Trusts previously had responsive documents which have not been produced, including:

- Emails concerning the Defendant Trusts' receipt of assets. *See* PJR App., Ex. 11, Ex. 12, and Ex. 14 [Dkt. # 11].
- Email discussing the Defendant Trusts' bank records. *See* PJR App., Ex. 12 [Dkt. # 11].
- Bank records establishing that the Defendant Trusts had an account with TD Bank. *See* PJR App., Ex. 13 [Dkt. # 11].

Accordingly, the Defendant Trusts either (1) are refusing to produce responsive documents, or (2) no longer have possession, custody, and/or control over such documents, which necessarily means that these documents were destroyed at a time when the Defendant Trusts knew of pending litigation between them and Universitas.

Universitas maintains that this ongoing discovery "dispute" is willful misconduct undertaken by the Defendant Trusts' sole trustee Daniel Carpenter as part of his bad-faith efforts to render Universitas' collection efforts cost prohibitive by increasing Universitas' attorneys' fees through frivolous and unnecessary litigation. Mr. Carpenter's bad-faith motivations were (again) confirmed earlier this week when the court (again) sanctioned Mr. Carpenter for filing motions with a "motiv[ation] … to cause unnecessary expense to Universitas and undue burden on the Court." *See Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11-CV-1590-LTS, 2021 U.S. Dist. LEXIS 186211, at *33-*38 (S.D.N.Y. Sep. 28, 2021).

Should the Defendant Trusts claim that these documents are no longer within their possession, custody, and/or control, then Universitas will be forced to file a motion regarding sanctions for spoilation of evidence. Should the Defendant Trusts otherwise continue to not comply with the Discovery Order, then Universitas believes it has no choice but to move the Court to find Mr. Carpenter in contempt of court for the Defendant Trusts' noncompliance.[1]

## II.   Defendant Trusts' Position

The Trusts maintain that they are in compliance with the Court's order and worked in good faith with Plaintiff's counsel to produce the documents that are in their possession, custody, and control. The Trusts have made a number of disclosures, as noted above, in compliance with the

---

[1] This belief is predicated upon the Court's prior ruling that the only discovery sanctions it would impose against the Defendants would be for contempt of a discovery order. *See* Dkt. # 179.

4

Court's order. The Plaintiff points to exhibits it filed in its application for a prejudgment remedy that purport to show documents they seek were in the possession of the Trusts and their Trustee in 2013. The Plaintiff brings this action 7 years after and contends that the Trusts are willfully refusing to produce said documents or have destroyed them.

The Trusts firmly deny that the documents the Plaintiff seeks are within their possession, custody or control or within the possession, custody, and control of their attorney and accountants. The Trusts also deny that they have intentionally or negligently destroyed said documents when they knew or should have known of the pending litigation. There is ample evidence in the record that has been provided to Plaintiff's counsel that the Trustee of the Trusts was incarcerated for several years after 2013 and that there were multiple federal seizures of documents pursuant to a criminal investigation against the Trustee. Information has been provided to Plaintiff's counsel that, although the Trustee's criminal case has concluded, there is still post judgment litigation and the federal government maintains a protector order that remains in place to limit the access and prohibit the distribution of confiscated financial documents. Information has also been obtained that the Internal Revenue Service has destroyed documents it had in its possession pursuant to its action against the Trustee.

Respectfully Submitted,
The Defendant Trusts

By: /s/ Grayson Colt Holmes
Grayson Colt Holmes
Federal Bar No.: ct30111
Ouellette, Deganis, Gallagher & Grippe LLC
143 Main Street
Cheshire, CT 06410
Phone: (203) 272-1157
Fax: (203) 250-1835
Email: gholmes@odglaw.com

5

6

PLAINTIFF UNIVERSITAS EDUCATION, LLC

By: /s/ Joseph L. Manson III                     /
Joseph L. Manson III
Law Offices of Joseph L. Manson III
600 Cameron Street
Alexandria, VA 22314
Tel. 202-674-1450
Fax 703-340-1642
jmanson@jmansonlaw.com

*Admitted Pro Hac Vice*
*Attorney for Universitas Education, LLC*