# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC<br><br>*Plaintiff,*<br><br>v.<br><br>BENISTAR, ET AL.<br><br>*Defendant*s. | CASE NO. 3:20-cv-00738-JAM |

## JOINT STATUS REPORT

Universitas Education, LLC ("Universitas") and Daniel Carpenter ("Carpenter") hereby submit the following Joint Status Report in accordance with the Order of this Court entered on September 15, 2021. *See* Dkt. No. 186.

## PROCEDURAL BACKGROUND

1. On or about April 22, 2021, Carpenter was served with a subpoena from Universitas.

2. On May 7, 2021, Carpenter moved to quash the subpoena and for a protective order. *See* Dkt. #129.

3. On June 5, 2021, Hon. Judge Spector denied Carpenter's motion to quash the subpoena and for a protective order. *See* Dkt. #143.

4. On June 10, 2021, Carpenter objected to Hon. Judge Spector's findings. *See* Dkt. #143.

5. On June 24, 2021, Hon. Judge Meyer overruled Carpenter's objection to the denial of his motion to quash the subpoena and for a protective order and ordered Carpenter to comply with Universitas' subpoena by July 15, 2021. *See* Dkt. #159.

6. On July 15, 2021, Carpenter responded to Universitas' subpoena by claiming that there were no responsive documents within his possession, custody, and/or control. *See* Dkt. #167-7.

7. On July 16, 2021, Universitas sent Carpenter a letter explaining that his response was demonstrably false, and informing Carpenter that Universitas would move to find Carpenter in contempt of court if he did not cure his response within seven (7) days. *See* Dkt. #167-8.

8. On August 2, 2021, Universitas moved the Court to hold Carpenter in contempt of court. *See* Dkt. #167.

9. On August 19, 2021, the Court held a Discovery Hearing wherein it found that "Mr. Carpenter has not complied with the subpoena or the Court's order" and extended the deadline for Carpenter to comply with the subpoena to September 9, 2021. *See* Dkt. #179.

10. On or about September 9, 2021, Carpenter to Universitas produced twenty-six (26) digital folders of files that Carpenter claimed were responsive. *See* Dkt. #182.

11. On September 13, 2021, Universitas sent Carpenter a letter characterizing the discovery production as a "document dump" and informing Carpenter that numerous folders within the production could not be accessed. *See* Dkt. #183.

12. On September 15, 2021, the Court held a Discovery Hearing wherein it instructed the parties to "to meet and confer in an attempt to cure the deficiencies in the production and ensure both that the information disclosed by Mr. Carpenter is accessible to the plaintiff and is responsive to the subpoena." *See* Dkt. #186.

13. Carpenter subsequently provided Universitas with accessible copies of the previously inaccessible folders. *See* Dkt. #189-2.

14. Carpenter declined to reduce the scope of his document production, and thus maintains that all documents produced to Universitas are responsive to the subpoena.

## STATUS

### I. Universitas' Position

Carpenter remains in contempt of court. Carpenter insists that the files within the production are responsive, and thus he refuses to narrow the scope of documents within his production, including the pornographic content discussed in the last Discovery Hearing. Many of the files in the production are very clearly unresponsive and the production clearly remains a "document dump," which does not constitute compliance with the Court's order. Furthermore, Carpenter refuses to produce numerous documents that are both (1) clearly responsive to the subpoena, and (2) clearly within his possession, custody, and/or control.[1]

Universitas maintains that Carpenter's discovery misconduct is part of his bad-faith efforts to render Universitas' collection efforts cost prohibitive by increasing Universitas' attorneys' fees through frivolous and unnecessary litigation. Carpenter's bad-faith motivations were (again) confirmed earlier this week when the court (again) sanctioned Carpenter for filing motions with a "motiv[ation] … to cause unnecessary expense to Universitas and undue burden on the Court." *See Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11-CV-1590-LTS, 2021 U.S. Dist. LEXIS 186211, at *33-*38 (S.D.N.Y. Sep. 28, 2021). Moreover, Carpenter's contemptuous actions extend to his efforts to avoid sanctions from his continued discovery misconduct. For instance, the Court specifically ordered the parties to file a joint status report regarding this discovery "dispute." *See* Dkt. #186. Accordingly, Universitas insisted that Carpenter not file any status report until

---

[1] Universitas did not previously raise this issue because it could not access all of the folders within the production, and thus was could not allege that documents were missing from the production.

Universitas had the opportunity to review and approve any such filing report. (*See* Exhibit 3.) In defiance of both the Court's Order and Universitas' request, Carpenter unilaterally filed a status report concerning this discovery dispute.

Universitas believes additional briefing is necessary concerning the documents that are (1) within Carpenter's possession, custody, and/or control, (2) responsive to the subpoena, and (3) absent from the discovery production. Universitas will also provide the Court with additional briefing concerning any other issues as directed by the Court.

## II. Carpenter's Position

Despite Universitas's complete lack of evidence, Universitas asks the court to conclude that Carpenter failed to comply with the Court's order to produce responsive documents in Mr. Carpenter's possession, custody or control. In summary, Universitas points to absolutely no assets Carpenter purchased, owned, sold or otherwise transferred. Further, Universitas points to no records responsive to the subpoena that were not produced.

First, the attorneys at Halloran and Sage made a request to the U.S. Dept. of Justice for a copy of its files. Asst. US Attorney Novick refused the request. See Exh. 1, Emails.

Second, a request was made to the IRS for it to produce its hard-copy and data files. The IRS confirmed that it has no hard-copy files and no data files. See Exh. 2 – IRS Notice of Compliance. The IRS admits that it destroyed the files in its possession. See Exh. 2 – IRS Notice of Compliance.

Third, while Dan Carpenter, individually, is not a client, counsel in Texas (Jeff Sandberg) was asked to provide, and did provide, non-privileged copies of his files, which included information regarding multiple business entities and individuals. [Dkt 189, 90, 191] Now Universitas complains that the files were somehow nonresponsive. This is unfathomable – for

example, the subpoena requests documents and communications regarding any "Judgment Debtor, Company and/or Affiliate." Due to the scope of this request, counsel in Texas produced 369,738 files in 8,872 folders (exactly as the files reside on counsel's network) that constitute 135 GB of data. [Dkt191] Folders contain files for Benefit Plan Advisors (Folder 1), Bill White and Rex (Folder 2), Benefit Plan Advisors, LLC (Folder 3), Charter Oak Trust (Folder 4), and so on.

Further, as stated above, and in addition to the definition of Judgment Debtors provided by the subpoena, the subpoena's definition number 4 states:

> "Company" and/or "Companies" means any entity, whether a corporation, limited liability company, partnership, trust, or otherwise, owned and/or controlled in any capacity by any Judgment Debtor and/or Affiliate, and/or where any Judgment Debtor and/or Affiliate served as an officer, director, employee, and/or agent. "Company" and/or "Companies" shall include, but not be limited to, the entities identified by Mr. Waesche as a "Carpenter Plan" and/or "Carpenter Entity" in Exhibit C.

In turn, the referenced "Exhibit C" identified the following as ""Carpenter Entity" or "Carpenter Entities" in footnote 2 to Exhibit C and it contains an extensive list of entities for which information is sought:

> "Carpenter Entity" or "Carpenter Entities" refers to 1 &3 Mill Pond Partners LLC; 41 Church Street Partners LLC; Alliance Charitable Remainder Trust; American Captive Services, Inc.; American Fiduciary Services, Inc.; Atlantic Charitable Remainder Trust; Audit Risk Indemnity Association LLC; ARJA, LLC, Avon Capital, LLC; Avon Chari table Remainder Trust; Avon Old Farm School; BASI; BCNY Litigation Group, LLC; Benefit Concepts Advisors, LLC; Benefit Concepts, Inc.; Benefit Concepts New York; Benefit Plan Advisors, LLC; Benistar; Benistar 419 Plan Services, Inc.; Benistar 4 I 9 Plan & Trust (the "Benistar Plan"); Benistar Client Services, Inc.; Benistar Corporation; Benistar Employer Services Trust Corporation; Benistar Financial Group; Benistar Financial Group LLC; Benistar Group Ltd.; Benistar Insurance Group, Inc.; Benistar Insurance Group Holdings, LLC; Benistar Ltd.; Benistar Media Group, Inc.; Benistar Property Exchange Trust Company; Benistar Property Exchange Trust Company, Inc.; Benistar Publishing, Inc.; Benistar Reinsurance Services Group, lnc.; Birch Hill Partners, LLC; BPETCO Litigation Group; Cambridge Trust; Essex Trust; Capital City Partners, LLC; Carpenter Charitable Remainder Trust (or any similar named trust); Carpenter Financial Group; Caroline Financial Group, Inc.; Charter Oak Trust; Charter Oak Trust 2009; Charter Oak Trust Welfare Benefit Plan ("Charter

5

Oak Trust"); DSP Holdings, LLC; Greenwich Bay Management LLC; Grist Mill Capital, LLC; Grist Mill Holdings, LLC; Grist Mill Partners, LLC; Grist Mill Plan; Grist Mill Trust (GMT) Living Benefits Trust; Grist Mill Trust-Physicians; Grist Mill Trust (GMT) Survivorship Trust; Grist Mill Trust Welfare Benefit Plan (the "Grist Mill Plan"); Hanover Trust Company; Jefferson Trust; Life Five Welfare Benefit Trust; Life One Welfare Benefit Trust; Long Term Care Trust; McAllen Healthcare Services Trust; Mid Atlantic Trust; MidAtlantic Trust; Moonstone Partners, LLC; Natural Benefit Alliance LLC; NBPS, Inc.; Nova Benefit Plans, LLC; Nova Group Holdings, LLC; Nova Group, Inc.; Nova Living Benefits Trust; Nova Partners; Nutmeg Trust; Phoenix Capital Management, LLC; Phoenix Charitable Remainder Trust; Rex Insurance Services; SDM Holdings, LLC; Seir Hill Partners, LLC; Sickness, Accident & Disability Indemnity Trust; Sickness, Accident, Disability Indemnity Trust 2005 (the "SADI Plan"); Sickness, Accident, Disability Indemnity Trust 2007; Split Dollar Trust; Step Plan Services, Inc.; STEP Plan & Trust; Survivorship Welfare Benefit Trust; TPG Group, Inc.; USB Underwriter Services, Inc.; U.S. Benefits Group, Inc.; U.S. Property Exchange; Wilcox Street Partners LLC; Worthy Investments; and/or Zone Partners LLC.

In conclusion, Dan Carpenter complied with the Court's order and provided a substantial amount of information to Universitas, despite the refusal by the Department of Justice to produce any information.

s/ Jeffrey R. Sandberg
Jeffrey R. Sandberg, Texas Bar No. 00790051 Palmer Lehman Sandberg, PLLC
8350 North Central Expressway, Suite 1111 Dallas, TX 75206
Telephone: (214) 242-6444
Facsimile: (214) 265-1950
E-mail: jsandberg@pamlaw.com


/s/ Joseph L. Manson III
Joseph L. Manson III
Law Offices of Joseph L. Manson III
600 Cameron Street
Alexandria, VA 22314
Telephone: 202-674-1450
Email: jmanson@jmansonlaw.com
*Admitted Pro Hac Vice*
*Counsel for Universitas Education, LLC*

From: "Dan E. LaBelle" <LABELLE@halloransage.com>
Date: 8/30/21 2:36 PM (GMT-05:00)
To: Dan Carpenter US <dcarpenter@usbgi.com>, "Donna W. Parrott" <parrott@halloransage.com>, "William J. McGrath, Jr." <McGrath@halloransage.com>
Subject: RE: NextPoint: Govt Computer Dump

I spoke with the U.S. Attorney's office. Their position is unchanged regarding Dan Carpenter, or anyone else for that matter, having access to the discovery material from the criminal case. In addition to some material obtained from the search of BASI premises and BASI computers, the material includes investigatory reports and information/documents obtained from third party sources. Although Dan C.'s criminal case is concluded, there is still post judgment litigation so the government's position is that the protective order remains in place and the limited access/no copying protocols should still be followed. I will so inform Universitas counsel.

Exhibit 1  Page Solo

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANIEL E. CARPENTER, and<br>GRIST MILL CAPITAL, LLC,<br><br>   Plaintiffs,<br><br>   v.<br><br>COMMISSIONER, INTERNAL REVENUE<br>SERVICE, JOHN KOSKINEN,<br>SHAUN SCHRADER, VICTOR SONG, and<br>AND JANE AND JOHN DOES 1 TO 72,<br><br>   Defendants. | )<br>)<br>) Case No. 3:13-CV-563-SRU<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**NOTICE OF COMPLIANCE**

Pursuant to the Court's direction, the United States certifies that the Internal Revenue Service has confirmed that no paper documents seized from the April 20, 2010 search of 100 Grist Mill Road, Simsbury, Connecticut remain in its possession, custody, or control. In addition, IRS-CI has destroyed all hardware that included scanned copies or images related to the search, which consisted of a hard drive containing scanned copies of all seized documents and hardware containing mirror images of 11 hard drives, one thumb drive, and one external hard drive.

            Respectfully Submitted,

            DAVID A. HUBBERT
            Acting Assistant Attorney General

            */s/ Jordan A. Konig*
            JORDAN A. KONIG (phv07255)
            Trial Attorney, Tax Division
            U.S. Department of Justice
            Post Office Box 55
            Washington, D.C.  20044
            Tel: (202) 305-7917; Fax: (202) 514-5238
            Email: Jordan.A.Konig@usdoj.gov

**Exhibit 2   Page 1 of 2**

**CERTIFICATE OF SERVICE**

      I certify that on October 1, 2021, I filed this *Notice of Compliance* with the Clerk of Court using the CM/ECF system, which will send notice of this filing to all parties registered to receive such notice.

                                                  */s/ Jordan A. Konig*
                                                  JORDAN A. KONIG
                                                  Trial Attorney, Tax Division
                                                  U.S. Department of Justice

Exhibit 2   Page 2 of 2

2

# EXHIBIT 3

# Re: Universitas v. Benistar - Discovery Issues

**Ben Chernow**
Fri 9/24/2021 10:06 AM

To: Jeff Sandberg <JSandberg@pamlaw.com>; John R Williams <jrw@johnrwilliams.com>
Cc: Joseph Manson

Jeff,

The court ordered us to submit a joint status report. As such, we insist that you not file any status report until we have reviewed and approved. The documents at issue are very clearly within the scope of the subpoena.

---

**From:** Jeff Sandberg <JSandberg@pamlaw.com>
**Sent:** Thursday, September 23, 2021 7:11 PM
**To:** Ben Chernow <bchernow@jmansonlaw.com>; John R Williams <jrw@johnrwilliams.com>
**Cc:** Joseph Manson <jmanson@jmansonlaw.com>
**Subject:** RE: Universitas v. Benistar - Discovery Issues

Good afternoon,
I know that I will need to submit a status report before the upcoming hearing. As a result, is there anything in addition to the attached subpoena I should be looking at?
In addition, are you saying that when I file the status report, it is your opinion that: (1) document request #1 sufficiently describes a request for payments to attorneys and documentation regarding life insurance policies; and (2) document request #5 sufficiently describes a request for life insurance policies and tax returns?
Thanks, Jeff

Jeffrey R. Sandberg, JD, MBA, CPA
Member of the Bar, Texas and Florida
Board Certified in Civil Appellate Law
By the Texas Board of Legal Specialization

Palmer Lehman Sandberg, PLLC
(formerly Palmer & Manuel, PLLC)
Campbell Centre I
8350 North Central Expressway
Suite 1111
Dallas, Texas 75206
(214) 242-6454 Direct Line
(214) 242-6444 - Main Line
(214) 265-1950 Fax
jsandberg@pamlaw.com



To learn more about our law firm see our website at www.pamlaw.com
CONFIDENTIALITY NOTICE: This e-mail may be confidential and subject to attorney/client and attorney work product privileges. It is intended only for the addressee. If you are not the intended recipient, please reply with a note informing us it