UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC <br><br> *Plaintiff,* <br><br> v. <br><br> BENISTAR, ET AL. <br><br> *Defendant*s. | CASE NO. 3:20-cv-00738-JAM |

## JOINT STATUS REPORT

Universitas Education, LLC ("Universitas") and Grist Mill Partners, LLC ("GMP") hereby submit the following Joint Status Report in accordance with the Order of this Court entered on September 15, 2021. *See* Dkt. No. 186.

## PROCEDURAL BACKGROUND

1. On February 18, 2021, Universitas served its first set of interrogatories and requests for production on GMP. *See* Dkt. #113.

2. On March 16, 2021, GMP moved for an extension to respond to the interrogatories and requests for production. *See* Dkt. #113.

3. On March 17, 2021, the Court granted GMP's motion and extended the deadline for responding to Universitas' discovery requests to April 19, 2021. *See* Dkt. #115.

4. On April 16, 2021, GMP provided Universitas with their responses to Universitas' discovery requests.

5. On May 27, 2021, the parties called Chambers regarding the discovery dispute. *See* Dkt. #140.

6. On June 2, 2021, the Court ordered the parties to submit memoranda "detailing the merits of the discovery disputes concerning document production and interrogatory responses." *See* Dkt. #142.

7. On June 6, 2021, the parties submitted memoranda in accordance with the Court's instructions. *See* Dkt. #144 and #145.

8. On June 10, 2021, the Court held a Discovery Hearing wherein it instructed the parties to confer and attempt to narrow the scope of the discovery dispute. *See* Dkt. #147.

9. On June 18, 2021, the Court held a Discovery Hearing wherein it instructed Universitas to file a proposed order and permitted GMP to object to said proposed order. *See* Dkt. #151.

10. On June 25, 2021, the parties each filed proposed orders and objections. *See* Dkt. #154 and # 155.

11. On July 19, 2021, the Court entered a Discovery Order requiring GMP to provide supplemental interrogatory responses and produce seven (7) types of documents, including email upon the condition that Universitas provide GMP with search terms and record custodians. *See* Dkt. #163. Nothing in the discovery order limited GMP's right to object to search terms or identity of record custodians.

12. On July 29, 2021, Universitas provided GMP with search terms and record custodians in accordance with the Court's directives.

13. On August 16, 2021, GMP provided Universitas with its supplemental interrogatory responses, supplemental document production other than emails, and objections to the search terms and records custodians identified by Universitas.

14. On August 18, 2021, GMP moved for an extension to produce emails responsive to Universitas' discovery requests. *See* Dkt. #175.

15. On August 18, 2021, the Court granted GMP's motion and extended the deadline for email production to August 23, 2021. *See* Dkt. #176.

16. On August 19, 2021, the Court held a Discovery Hearing wherein it instructed the parties to "meet and confer to ensure compliance with the Court's July 19, 2021 order." *See* Dkt. #179.

17. On August 23, 2021, GMP produced responsive emails to Universitas and inquired as to whether Universitas was insisting upon a privilege log.

18. On August 23, 2021, Universitas informed GMP that it was insisting upon the production of a privilege log.

19. On September 13, 2021, the parties spoke telephonically to discuss the production of GMP's privilege log and objections to record custodians identified by Universitas.

20. On September 14, 2021, the parties again spoke telephonically to discuss the production of GMP's privilege log and objections to record custodians identified by Universitas.

21. On September 15, 2021, the Court held a Discovery Conference wherein the Court instructed the parties to "review the Court's July 19, 2021 order again with plaintiff's counsel to identify what responsive documents exist as to each item listed on the Order, [and] to identify in a privilege log any material claimed to be privileged." *See* Dkt. #186.

22. On September 21, 2021, Universitas sent GMP a letter concerning its positions in this discovery dispute.

23. On September 28, 2021, by letter, GMP indicated that it would "produce a privilege log [that it] believe[s] addresses [Universitas'] non-objectionable document requests prior to the next hearing." GMP also set forth specific objections to Plaintiff's positions.

24. GMP further indicated that it was (1) maintaining its objection to the production of Kathy Kehoe's emails as she was not a record custodian for GMP and (2) was reviewing the issue of whether other objected to record custodians were GMP record custodians.

## STATUS

### I. Universitas' Position

Universitas has not yet received a privilege log from GMP. However, GMP indicated in the parties' most recent correspondence that it would produce a privilege log that it believed to be appropriate and that it was reviewing its objection to certain record custodians that it previously objected to. Universitas is awaiting further developments on both fronts, and currently has no position on these matters. Universitas will update the Court as to its position on these matters at the upcoming Discovery Conference. However, GMP is maintaining its objection to Kathy Kehoe as a record custodian. Universitas maintains that Ms. Kehoe is a record custodian, and thus believes briefing is necessary on the issue.

Universitas maintains that this ongoing discovery "dispute" is willful misconduct undertaken by GMP's sole principal Daniel Carpenter as part of his bad-faith efforts to render Universitas' collection efforts cost prohibitive by increasing Universitas' attorneys' fees through frivolous and unnecessary litigation. Mr. Carpenter's bad-faith motivations were (again) confirmed earlier this week when the court (again) sanctioned Mr. Carpenter for filing motions with a "motiv[ation] … to cause unnecessary expense to Universitas and undue burden on the

Court." *See Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11-CV-1590-LTS, 2021 U.S. Dist. LEXIS 186211, at *33-*38 (S.D.N.Y. Sep. 28, 2021).

Should this discovery "dispute" persist, Universitas believes it has no choice but to move the Court to find Mr. Carpenter in contempt of court for GMP's noncompliance.[1]

## II. GMP's Position

GMP has produced all of the documents requested by Plaintiff and ordered by the Court. What remains is a dispute to the scope of what is permissible discovery. For no rational reason, other than to create unnecessary work for GMP and its counsel, Plaintiff identified email search terms, which they refused to further refine, and returned hundreds of emails between and among lawyers, and more than 100 privileged emails. GMP anticipates the privilege log will be completed by October 4th or 5th.

Notwithstanding GMP agreeing to produce a privilege log that included emails returned by the overbroad search terms, Plaintiff continues to misrepresent GMP's positions. The Court should order Plaintiff to stop improperly maligning GMP and its counsel with false statements. Further, the Court should order Plaintiff to follow the requirements of Rule 26 and ensure that discovery is taken for legitimate purposes and not just to harass. For example, Plaintiff now claims BASI is a "record custodian" of GMP. Plaintiff can just request emails from BASI and get to the same place. But, instead of taking the path of least resistance, Plaintiff has manufactured a dispute for reasons that make no sense. Thus, there is no real discovery dispute; it has been created by Plaintiff for an ulterior motive as Plaintiff has already stated that it does

---

[1] This belief is predicated upon the Court's prior ruling that the only discovery sanctions it would impose against the Defendants would be for contempt of a discovery order. *See* Dkt. # 179.

not believe any emails are subject to attorney client privilege.   In sum, any indications of bad faith have been fabricated by Plaintiff to serve its own ends.  GMP has complied with the Court's discovery rulings and will continue to do so.

Respectfully submitted,

Universitas Education, LLC

s/ Joseph L. Manson III
Joseph L. Manson III
Law Offices of Joseph L. Manson III
600 Cameron Street
Alexandria, VA 22314
Telephone: 202-674-1450
Email: jmanson@jmansonlaw.com
*Admitted Pro Hac Vice*
*Counsel for Universitas Education, LLC*


Grist Mill Partners, LLC

By: /s/ Jeffrey M. Sklarz            /
Jeffrey M. Sklarz, ct 20938
Green & Sklarz LLC
One Audubon Street
3rd Floor
New Haven, CT 06511
203-285-8545
Email: jsklarz@gs-lawfirm.com
*Its Attorney*