**Law Offices of Joseph L. Manson III**
Joseph L. Manson III, Esq.
600 Cameron St.
Alexandria, VA 22314

September 13, 2021

<u>VIA EMAIL</u>

John R. Williams
John R. Williams & Associates
51 Elm Street
New Haven, CT 06510

Re:   *Universitas Education, LLC v. Benistar*, Case No. 3:20-cv-738-JAM – Discovery

Dear John,

We represent Universitas Education, LLC ("Universitas") in the above-captioned matter. As you know, the Court extended the deadline for Daniel Carpenter to comply with Universitas' subpoena to September 9, 2021. (*See* Dkt. #179.) Mr. Carpenter has not complied with the subpoena and thus remains in contempt of court.

Universitas received the document production from Mr. Carpenter on September 9, 2021. This production was a "document dump" of mostly unresponsive information. *See Swan Glob. Invs. v. Young*, Civil Action No. 18-cv-03124-CMA-NRN, 2020 U.S. Dist. LEXIS 161813, at *5 (D. Colo. June 5, 2020) (classifying "thousands of unorganized pages produced without any categorization" as a "document dump"). Mr. Carpenter's "document dump" does not constitute compliance with Universitas' subpoena and/or the discovery order entered by the Court. *See e.g.*, *Aristidou v. Aviation Port Servs., LLC*, No. 18-CV-4040 (MKB) (RER), 2020 U.S. Dist. LEXIS 31348, at *37-*39 (E.D.N.Y. Feb. 21, 2020) (finding "document dump" to be evidence of willful nature of noncompliance with discovery order); *see also Swan Glob. Invs.*, 2020 U.S. Dist. LEXIS 161813 (finding that "'document dump' of more than 50,000 pages of documents just prior to the close of discovery … without any identification of the documents" constitutes "willful misconduct").

Fed. R. Civ. P. 45(e) requires that documents be produced "as they are kept in the ordinary course of business or … organize and label them to correspond to the categories in the demand." *See* FED. R. CIV. P. 45(e). This provision "prohibits 'simply dumping large quantities of unrequested materials onto the discovering party along with the items actually sought'" and requires that documents be produced "in some kind of organized, indexed fashion rather than as a mass of undifferentiated, unlabeled documents." *See Excellent Home Care Servs. v. Fga, Inc.*, No. 13 CV 5390 (ILG) (CLP), 2017 U.S. Dist. LEXIS 228951, at *9-*10 (E.D.N.Y. June 5, 2017) (internal citations omitted); *see also See Swan Glob. Invs*, 2020 U.S. Dist. LEXIS 161813 at *13-*14 (collecting cases).

1

Mr. Carpenter did not comply with Fed. R. Civ. P. 45(e) – the document production at issue consists of twenty-six unorganized folders containing approximately 119.7GB of records which are not organized in any discernible manner. *See Swan Glob. Invs.*, 2020 U.S. Dist. LEXIS 161813 at *19 (finding that "'document dump' of thousands of unreviewed pages of material, without any categorization or indication as to how the documents relate to [the] requests for production … was inexcusable."). Moreover, Mr. Carpenter did not provide an amended subpoena response indicating what documents are responsive to each request. *See Excellent Home Care*, 2017 U.S. Dist. LEXIS 228951 at *10 and *20-*21 (finding that document production was insufficient because it "fail[ed] to indicate which documents were responsive to Document Requests 19 through 24 with sufficient specificity" and explaining that "where documents produced 'were not organized and labeled to correspond to the categories specified in' the document requests in response to which the documents were produced, courts have directed the producing party to re-produce the documents, Bates-stamped, with an 'itemized list which sets forth, by Bates-number, the documents responsive to each of the requests.'"); *Swan Glob. Invs.*, 2020 U.S. Dist. LEXIS 161813 (recommending sanctions in response to document production that, *inter alia*, "[does] not identif[y] what the documents pertain to, whether any such documents are responsive to Mr. Young's discovery requests ….").

The files within Mr. Carpenter's document production are massive. Multiple folders within the production cannot be accessed because they are so large that they cause Sharepoint to crash. Also, many of the files within the folders are corrupted and thus are inaccessible. To the extent the files can be accessed, they appear to be mostly erroneous and nonresponsive information.[1] The subpoena requested documents concerning the (1) location of Mr. Carpenter's assets/property, (2) ownership structure of his companies, (3) legal status of his companies, and (4) relationship between certain entities under his control. (*See* Dkt. #167-7.) The responsive documents in Mr. Carpenter's production are seemingly limited to a small handful of incorporation documents, an outdated certificate of good standing for SDM Holdings, LLC ("SDM"), limited tax returns and bank statements for SDM, and limited financial records for Benistar Admin. Services, Inc. and Grist Mill Partners, LLC.

Mr. Carpenter's production omits the vast majority of responsive business records in his possession, custody, and/or control, as well as his personal tax returns and/or the documents previously identified by Universitas as responsive, and contains nothing about his millions of dollars in life insurance and/or payment for his attorneys. Rather, the document production consists overwhelmingly of erroneous and unresponsive files such as:
- An audio file containing a speech regarding 419 plans
- Drafts of filings from the underlying litigation/arbitration
- The entire docket from numerous cases
- Filings in unrelated litigation
- Address stamps
- Empty letterhead
- Blank template forms

---

[1] Given the large scale of Mr. Carpenter's production, Universitas has conducted only a cursory preliminary review of the accessible files excluding all emails within the production.

- Documents concerning irrelevant trusts for erroneous persons (i.e. Yunker Management Trust and Yoon 2008 Insurance Trust)
- LFG's underwriting guidelines
- A Mother's Day card
- Photographs of BMW X6s

None of the files are in any way related to any requests within Universitas' subpoena. As such, the document production is clearly another instance of Mr. Carpenter's discovery abuse.[2] *See Stooksbury v. Ross*, 528 F. App'x 547, 553-54 (6th Cir. 2013) (explaining that "document dump" constitutes "discovery abuse"). Nonetheless, Universitas hopes that Mr. Carpenter will cure the deficiencies in his document production prior to the upcoming discovery conference. Should he do so, Universitas will agree to withdraw its motion for contempt as moot.

Please do not hesitate to contact me should you wish to discuss this letter further.

Sincerely,

/s/ Joseph L. Manson III
Joseph L. Manson III
Law Offices of Joseph L. Manson III
600 Cameron Street
Alexandria, VA 22314
Telephone: 202-674-1450
Email: jmanson@jmansonlaw.com
*Admitted Pro Hac Vice*

*Counsel for Universitas Education, LLC*

---

[2] We note that the document production came from Jeffrey Sandberg, despite the Court's prior admonition concerning your client producing documents without your involvement. (*See e.g.* Dkt. #179 ("Though his subpoena responses were prepared two weeks after his counsel filed an appearance in this case, those responses appear to have been prepared without the advice or consultation of his counsel.")). We believe that Mr. Sandberg's involvement in the document production, and the failure to provide an amended subpoena response, are part of a concerted effort to enable Mr. Carpenter's strategic discovery misconduct while avoiding repercussions for his counsel.