**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC | |
| *Plaintiff,* | CASE NO. 3:20-cv-00738-JAM |
| v. | |
| BENISTAR, ET AL. | |
| *Defendant*s. | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL GRIST**
**MILL PARTNERS, LLC**

## TABLE OF CONTENTS

**INTRODUCTION**............................................................................................................1

**FACTUAL BACKGROUND**........................................................................................3

    I.      Background on Daniel Carpenter......................................................................3

    II.    The Discovery Dispute.......................................................................................3

    III.   Background on GMP and Benistar....................................................................5

    IV.   Kathy Kehoe........................................................................................................6

**LEGAL STANDARD**....................................................................................................7

    I.      Record Custodians..............................................................................................7

    II.    Production of Discovery from Unaffiliated Parties.........................................7

**ARGUMENT**..................................................................................................................8

    I.      GMP Must Produce Responsive Documents Stored on BASI's Server....................8

        a.  BASI IS A RECORD CUSTODIAN FOR GMP............................................9

        b.  GMP HAS THE PRACTICAL ABILITY TO PRODUCE DOCUMENTS FROM THE BASI SERVER.......................................................................................9

    II.    GMP Must Produce Responsive Documents Kept by Kathy Kehoe........................10

        a.  MS. KEHOE IS A RECORD CUSTODIAN FOR BENISTAR AND THUS IS A RECORD CUSTODIAN FOR GMP....................................................10

        b.  GMP HAS THE PRACTICAL ABILITY TO PRODUCE MS. KEHOE'S EMAILS..........11

**CONCLUSION**............................................................................................................12

ii

# TABLE OF AUTHORITIES

**Cases:**

*Abu-Nassar v. Elders Futures*, No. 88 Civ. 7906 (PKL),
    1991 U.S. Dist. LEXIS 3794 (S.D.N.Y. Mar. 28, 1991).......................................................10

*Cahaly v. Benistar Prop. Exch. Trust Co.*, 68 Mass. App. Ct. 668 (2006).........................................5

*Healix Infusion Therapy, Inc. v. HHI Infusion Servs.*, No. 10 C 3772,
    2011 U.S. Dist. LEXIS 7856 (N.D. Ill. Jan. 27, 2011)...........................................................7

*Nat'l Jewish Health v. WebMD Health Servs. Grp.*, 305 F.R.D. 247 (D. Colo. 2014)...........7, 9, 11

*Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14-CV-04394 (AJN) (BCM),
    2016 U.S. Dist. LEXIS 133564 (S.D.N.Y. Sep. 27, 2016)............................................*passim*

*United States v. Carpenter*, 190 F. Supp. 3d 260 (D. Conn. 2016).............................................5, 11

*United States v. Carpenter*, No. 3:13-CR-226(RNC),
    2015 U.S. Dist. LEXIS 171646 (D. Conn. Dec. 24, 2015).....................................................8

*Universitas Educ., LLC v. Avon Capital, LLC*, No. 14-FJ-05-HE,
    2020 U.S. Dist. LEXIS 251679 (W.D. Okla. Oct. 20, 2020).....................................5, 6, 11

*Universitas Educ., LLC v. Nova Grp., Inc.*, 2013 U.S. Dist. LEXIS 1720 (S.D.N.Y. Jan. 4, 2013)...3

*Universitas Educ., LLC v. Nova Grp., Inc.*,
    2013 U.S. Dist. LEXIS 142481 (S.D.N.Y. Sep. 30, 2013).....................................................3

*Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11CV1590-LTS-HBP,
    2013 U.S. Dist. LEXIS 165803 (S.D.N.Y. Nov. 20, 2013)....................................................5

*Universitas Educ., LLC v. Nova Group, Inc.*, No. 11CV1590-LTS-HBP,
    2014 U.S. Dist. LEXIS 3983 (S.D.N.Y. Jan. 3, 2014)....................................................5, 11

*Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11CV1590-LTS-HBP,
    2016 U.S. Dist. LEXIS 37988 (S.D.N.Y. Mar. 23, 2016)....................................................10

*Universitas Educ., LLC v. Nova Grp., Inc.*,
    2016 U.S. Dist. LEXIS 72268 (S.D.N.Y. Mar. 31, 2016).....................................................3

*Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11-CV-1590-LTS,
    2021 U.S. Dist. LEXIS 186211 (S.D.N.Y. Sep. 28, 2021).....................................................3

**Federal Rules of Civil Procedure:**

FED. R. CIV. P. 34(a)(1)..............................................................................................................8

Universitas Education, LLC ("Universitas") files this memorandum of law, and the attached exhibits, in support of its motion to compel production from Grist Mill Partners, LLC ("GMP").[1]

## **INTRODUCTION**

GMP has obstructed discovery throughout this proceeding – it initially produced a single page of a ten-page document – a patently bad-faith action – and objected to any further document production. This forced Universitas to incur additional expenses seeking Court intervention. The Court repeatedly instructed the parties to confer and resolve the "dispute," and Universitas thus made numerous overtures intended to resolve and/or narrow the "disputes."[2] Unfortunately, the parties could not resolve the discovery dispute because GMP refused to deviate from their position that Universitas was not entitled to **any** discovery beyond one page of a ten page document, and the Court was thus required to resolve the discovery "dispute." The Court rejected every argument asserted by GMP,[3] and entered a discovery order granting broader discovery than what Universitas proposed during the parties' negotiations. The Discovery Order entered by the Court required the production of email.

The current discovery "dispute" concerns GMP's objections with regard to the production of email communications. GMP claims that numerous record custodians identified by Universitas

---

[1] There are also ongoing discovery "disputes" regarding GMP's email production and its privilege log. As such, this motion to compel will not necessarily resolve the issues surrounding GMP's discovery production. Universitas is currently attempting to resolve these disputes without court intervention.

[2] *See e.g.*, Dkt. #170-2.

[3] The Court subsequently indicated that the Discovery Order incorporated positions from both parties. Respectfully, this is incorrect. The Discovery Order differed from Universitas' discovery requests in two ways: (1) the timeframe was narrowed from 2007 to 2009, and (2) the list of documents that the Defendants were ordered to produce omitted documents that the Defendants claimed were not in their possession. *See* Dkt. #163. Universitas voluntarily offered to narrow the timeframe of discovery from 2007 to 2009. *See* Dkt. #170-2. The Defendants rejected this offer and insisted upon Court intervention on this issue. Moreover, non-possession of documents is not grounds for objection – parties merely respond that there are no responsive documents in their possession. *See e.g.,* Dkt. #167-7. Nor was this issue in dispute – Universitas agreed that the Defendants were not obligated to produce documents outside of their possession, custody and/or control. *See* Dkt. #154.

1

are not GMP record custodians, and thus refuses to produce their emails. One such party is Benistar Admin. Services, Inc. ("BASI") – BASI acknowledged to the court that it is a record custodian for GMP.[4] GMP nonetheless vociferously argues that BASI is not a GMP record custodian because it is a distinct entity. GMP's continued recalcitrance is not surprising given that its sole principal is Daniel Carpenter (who also controls BASI). Mr. Carpenter has repeatedly insisted upon litigation over false and self-serving representations that he made to the Court, both in his individual capacity and through the entities he controls.[5] Mr. Carpenter likewise insists that his attorneys lie to the Court so as to facilitate his falsehoods. For instance, Mr. Carpenter sought to conceal his location in order to dodge service of process in this proceeding, and thus instructed GMP's counsel on June 11, 2020 as follows: "DO NOT let anyone know that I am out of prison."[6] GMP's counsel complied with Mr. Carpenter's wishes – in a subsequent telephonic status conference on July 13, 2020 GMP's counsel repeatedly told the Court that Daniel Carpenter was incarcerated and that Mr. Carpenter's incarceration made it difficult to communicate with the client.[7] Mr. Carpenter was back home in Simsbury, Connecticut at that time.[8]

GMP is insisting upon litigating false and self-serving representations from Mr. Carpenter. This "dispute" is part of Mr. Carpenter's known litigation strategy: delay Universitas' collection efforts and increase Universitas' attorneys' fees so as to render its collection efforts cost prohibitive.

---

[4] *See* Exhibit 5 ¶¶ 4, 9 (affidavit stating that GMP documents were seized during federal law enforcement raid on April 20, 2010); Exhibit 10 ¶¶ 5, 12, 15 (affidavit swearing that BASI is the "lawful custodian and/or owner of all the property" seized by federal law enforcement on April 20, 2010).

[5] *See e.g.,* Dkt. #167-7; Dkt #110 at 33 ("It is disturbing that the Defendant Trusts have tried to make a factual claim … that their counsel should know is obviously untrue.").

[6] *See* Exhibit 1.

[7] *See* Dkt. #83-1 ¶¶ 4-5.

[8] *See* Exhibit 19 (email from Mr. Carpenter's wife stating that she was "wait[ing] until he is home" to inform him of this proceeding).

**FACTUAL BACKGROUND**

This Court is familiar with the pertinent facts, and thus Universitas only provides a brief overview of the facts pertinent to this motion. The primary issue in this discovery dispute is whether BASI is a record custodian for GMP. BASI acknowledges that it is a record custodian for GMP. (*See* Exhibit 5 ¶¶ 4, 9 (affidavit stating that GMP documents were seized during federal law enforcement raid on April 20, 2010); Exhibit 10 ¶¶ 5, 12, 15 (affidavit swearing that BASI is the "lawful custodian and/or owner of all the property" seized by federal law enforcement on April 20, 2010).)

I.      Background on Daniel Carpenter

Daniel Carpenter controls GMP. *See* PJR App., Ex. 17 [Dkt. #11]. Meritless discovery disputes are a consistent theme in litigation involving Mr. Carpenter.[9] These meritless disputes are part of Mr. Carpenter's litigation strategy of, *inter alia*, increasing Universitas' attorneys' fees so as to render its collection efforts cost prohibitive.[10] As such, Mr. Carpenter triggers frivolous discovery disputes in order to burden Universitas with unnecessary legal costs.[11]

II.     The Discovery Dispute

The Court ordered GMP to produce emails "if and only if the plaintiff provides GMP with identities of records custodians and search terms." *See* Dkt. #163. Universitas provided Universitas

---

[9] *See e.g.*, *Universitas Educ., LLC v. Nova Grp., Inc.*, 2013 U.S. Dist. LEXIS 1720, at *3 (S.D.N.Y. Jan. 4, 2013) ("This case has been marked by [Carpenter]'s diversionary and dilatory motion and discovery practices, all of which are aimed at frustrating any efforts by Universitas to enforce the judgment.").

[10] *See Universitas Educ., LLC v. Nova Grp., Inc.*, 2013 U.S. Dist. LEXIS 142481 (S.D.N.Y. Sep. 30, 2013) (sanctioning Carpenter entity's attorney for advocating positions intended to "delay, harass, or needlessly increase the cost of litigation"); *Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11-CV-1590-LTS, 2021 U.S. Dist. LEXIS 186211, at *37 (S.D.N.Y. Sep. 28, 2021) ("Mr. Carpenter's motive appears to have been … to cause unnecessary expense on Universitas and an undue burden on the Court.").

[11] *See e.g.*, *Universitas Educ., LLC v. Nova Grp., Inc.*, 2016 U.S. Dist. LEXIS 72268, at *14-*16 (S.D.N.Y. Mar. 31, 2016) ("[Carpenter] engaged in 'dilatory conduct during the course of post- judgment discovery' in order to delay or hinder Universitas' discovery and enforcement efforts.… The persistence and baselessness of [Carpenter]'s abusive tactics suggest that [Carpenter] intended to injure Universitas' rights to collect the judgment…. [Carpenter] pursued this goal through various means, including … by resisting Universitas' efforts to obtain post-judgment discovery.").

with record custodians and search terms on July 29, 2021. (*See* Exhibit 2.) Universitas identified

BASI as a record custodian for the production of emails from Matthew Westcott, Jack Robinson,

and Wayne Bursey. All three persons were record custodians for GMP during the timeframe

provided by the Court,[12] and their emails continue to exist. However, these persons cannot serve

as record custodians because Messrs. Bursey and Robinson are deceased and Mr. Westcott was

terminated. (*See* Exhibit 2.)

GMP produced about ninety emails, but objected to Universitas' identification of BASI

and Kathy Kehoe as record custodians, and accordingly refused to produce emails from these

parties. (*See* Exhibit 3.) GMP's objection to Ms. Kehoe as a record custodian is predicated upon

Daniel Carpenter's representation that "Kathy Kehoe was not working for GMP." (*See* Exhibit 7.)

On August 30, 2021 Universitas sent GMP a letter outlining its position on this "dispute" and

attaching the affidavit wherein BASI acknowledges that it is a record custodian for GMP. (*See*

Exhibit 11.) GMP continued to oppose this claim and insisted upon court intervention. The Court

repeatedly instructed the parties to confer and resolve and/or narrow this dispute. Universitas did

so and made good-faith overtures to GMP. (*See e.g.*, Exhibit 4.) Unfortunately, as with every other

discovery "dispute," GMP refused to deviate from its position of outright refusal and insisted upon

further court intervention to resolve this "dispute."

---

[12] Matthew Westcott was a record custodian for GMP. *See* GMP PJR Opp., Ex. C [Dkt. #53] (GMP lease agreements executed by Mr. Westcott). Mr. Bursey was also a record custodian for GMP. (*See* Exhibit 5 ¶ 4 (Bursey affidavit claiming that GMP is "[his] company").) Mr. Robinson was also a GMP record custodian. (*See* Exhibit 6 (Robinson email demonstrating involvement in GMP affairs).) Universitas can provide supplemental briefing and/or documentation concerning these persons involvement with GMP upon instructions to do so from the Court.

III.     Background on GMP and Benistar

GMP is one of the hundreds of companies that Mr. Carpenter operated from his offices at 100 Grist Mill Road (hereinafter collectively "Benistar").[13] Benistar entities are operated as a common enterprise, not as individual concerns.[14] Benistar entities are highly intermingled. *See* Dkt. #110 at 17 ("Several courts have found Carpenter and his companies consistently disregard corporate formalities, such as sharing office space, management, computers, and employees.") The Massachusetts Court of Appeals provided the following summary of Benistar entities:

> [T]he corporations were commonly owned by the Carpenters, who had pervasive control over all of their activities; that the business activities, assets, and management of the organizations were intermingled; that the corporations were inadequately capitalized; that corporate formalities were not observed; that no corporate records existed; that no dividends were paid; that Benistar was insolvent; that no officers or directors of any of these corporations existed apart from the Carpenters … and that the corporations were used to promote fraud.

*Cahaly v. Benistar Prop. Exch. Trust Co.*, 68 Mass. App. Ct. 668, 677 n. 15 (2006).

BASI is "the hub of the various Benistar entities." (*See* Exhibit 8 at 1.) BASI is a third-party administrator – it provides other Benistar entities with administrative support and clerical services such as recordkeeping, benefit payments, transaction processing, and compliance services. *See id.* BASI is the only Benistar entity with employees – these employees are treated as a common pool of employees that service all Benistar entities. (*See* Exhibit 9;) *see also* PJR App., Ex. 5 [Dkt. #10]. BASI is also the only Benistar entity with office space and necessary resources,

---

[13] *See Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11CV1590-LTS-HBP, 2013 U.S. Dist. LEXIS 165803, at *9 (S.D.N.Y. Nov. 20, 2013) ("Daniel E. Carpenter has founded and controlled hundreds of companies out of his offices at 100 Grist Mill Road in Simsbury, Connecticut.").

[14] *See Universitas Educ., LLC v. Avon Capital, LLC*, No. 14-FJ-05-HE, 2020 U.S. Dist. LEXIS 251679, at *53-60 (W.D. Okla. Oct. 20, 2020) (explaining that multiple Benistar entities operated as a "singular integrated enterprise"), *adopted* 2021 U.S. Dist. LEXIS 26388; *United States v. Carpenter*, 190 F. Supp. 3d 260, 274 (D. Conn. 2016) ("[T]he formal corporate structure of the various Benistar Entities had little meaning for the people involved."); *Universitas Educ., LLC v. Nova Group, Inc.*, No. 11CV1590-LTS-HBP, 2014 U.S. Dist. LEXIS 3983, at *13 (S.D.N.Y. Jan. 3, 2014) ("The evidence received by this Court concerning the actions of Mr. Carpenter and his affiliates demonstrates an absence of respect for distinctions among his business entities ….").

5

such as computers, which BASI provides to Benistar entities.[15] (*See* Exhibit 10 ¶¶ 3-4 (affidavit

swearing that (1) "BASI leases the entire suite of offices at … 100 Grist Mill Road," and (2) "BASI

owns all of the computer hardware and software, as well as all internet and telecommunications

connections, at the office facility").) The result is that, with the exception of BASI, Benistar entities

have no employees, own no property at the office facility, and have no formal affiliation with BASI

and/or the persons operating the company. (*See* Exhibit 10 ¶ 14.) As such, Benistar operates as a

single fluid enterprise, but relies upon formalistic legal distinctions in litigation surrounding its

criminal/fraudulent activities.

GMP has no employees, no office space, no office supplies, no computers, and/or no assets

or resources other than title to the property located at 100 Grist Mill Road. GMP is operated by

BASI employees using BASI resources. (*See e.g.*, Exhibit 6 (demonstrating that GMP business

was conducted by BASI personnel using the BASI computer server and BASI email addresses).)

GMP does not pay BASI for any administrative services and/or the resources. (*See* Exhibit 14.)

GMP's relationship with BASI is exemplified by Amanda Rossi who testified that (1) she is

employed by BASI, (2) she does work for GMP when asked to do so by Daniel Carpenter, and (3)

GMP does not pay her for this work. (*See* Exhibit 12.)

IV.    Kathy Kehoe

Kathy Kehoe has been a manager at BASI since 2003.[16] In that capacity, Ms. Kehoe is

highly involved in Mr. Carpenter's asset diversion scheme and corporate shell games.[17] Ms. Kehoe

assumed Wayne Bursey's responsibilities upon his resignation from Benistar. (*See* Exhibit 13.)

---

[15] Benistar considers this property to be communal property shared by all Benistar entities. (*See* Exhibit 8 at 7 (representing that Benistar "already [has] the building, the space, the people, the computers, and the infrastructure ….").)

[16] *See Avon Capital*, 2020 U.S. Dist. LEXIS 251679 at *15 & n. 12.

[17] *See Avon Capital*, 2020 U.S. Dist. LEXIS 251679 (noting that Ms. Kehoe manages SDM Holdings, LLC ("SDM") and finding, *inter alia*, that (1) Mr. Carpenter fraudulently acquired SDM pursuant to a conspiracy to launder funds

**LEGAL STANDARD**

I.      Record Custodians

The purpose of a record custodian is to authenticate business records for purposes of the "regularly conducted activity" exception to hearsay. *See Healix Infusion Therapy, Inc. v. HHI Infusion Servs.*, No. 10 C 3772, 2011 U.S. Dist. LEXIS 7856, at *3-*5 (N.D. Ill. Jan. 27, 2011); *see also Nat'l Jewish Health v. WebMD Health Servs. Grp.*, 305 F.R.D. 247, 255 (D. Colo. 2014) ("The purpose of a records custodian is to ensure the records' 'credibility, reliability, accessibility and ultimate disposition or destruction.'") (internal citations omitted). As such, the record custodian of ESI is the party that receives and stores ESI in the ordinary course of business. *See Nat'l Jewish Health*, 305 F.R.D. at 254-55 (explaining that a company's IT department is considered the custodian of electronic files kept on company servers because that is where the company stores its ESI in the usual course of business).

II.     Production of Discovery from Unaffiliated Parties

Parties are required to produce documents that they have the "practical ability to obtain ... from a nonparty ...." *See Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14-CV-04394 (AJN) (BCM), 2016 U.S. Dist. LEXIS 133564, at *17-*18 (S.D.N.Y. Sep. 27, 2016) (internal citations omitted). Prior to claiming that they do not have the practical ability to produce documents from a non-party, parties are required, at a minimum, to ask the non-party to produce documents. *See id.* at *22-*23 and *28-*29 (explaining that asking an affiliate to produce documents within their possession is "the 'least' a corporation **must** do before asserting that it lacks the necessary practical ability to obtain documents from [an] affiliated non-party") (emphasis added).

---

stolen from Universitas, (2) SDM possesses assets belonging to a judgment debtor, and (3) SDM pays its operating expenses through fraudulent conveyances of stolen funds).

## ARGUMENT

This is yet another meritless discovery dispute intended solely to further Mr. Carpenter's strategy of making litigation cost prohibitive by forcing Universitas to incur unnecessary attorneys' fees to litigate frivolous "disputes." GMP's arguments are predicated upon theoretical distinctions that do not exist. The parties at issue are very clearly GMP record custodians and GMP has the practical ability to produce documents from these parties – GMP is thus obligated to produce documents from these parties, regardless of whether they are record custodians. *See id.* at *17-*18.

GMP's arguments to the contrary are meritless. GMP complains that Universitas could obtain the documents by subpoenaing BASI. *See* Dkt. #194. This is erroneous – GMP is obligated to produce the documents at issue. *See* Dkt. #163 (ordering GMP to produce emails); *see also* FED. R. CIV. P. 34(a)(1) (requiring parties to produce responsive documents within their possession, custody, and/or control). GMP also blames the entire discovery dispute on Universitas' alleged bad faith. *See* Dkt. #194. GMP's allegations of bad faith are both false and consistent with Mr. Carpenter's actions in other proceedings. *See e.g.*, *United States v. Carpenter*, No. 3:13-CR-226(RNC), 2015 U.S. Dist. LEXIS 171646, at *16 n. 5 (D. Conn. Dec. 24, 2015) ("[Carpenter]'s sweeping assertions of bad faith ... are not well-supported.").

I.      GMP Must Produce Responsive Documents Stored on BASI's Server.

The notion that GMP must produce responsive documents on BASI's server is entirely straightforward and incontrovertible. BASI is the appropriate record custodian for the emails at issue because (1) it owns and operates the server where GMP emails are stored in the ordinary course of business, and (2) it is possession, custody, and/or control of emails to/from Messrs.

8

Bursey, Robinson, and Westcott. *See Nat'l Jewish Health*, 305 F.R.D. at 254-55 (explaining that

ESI record custodian is the party that receives and stores ESI in the ordinary course of business).

          a.    BASI IS A RECORD CUSTODIAN FOR GMP.

GMP's claim that BASI is not a record custodian is undermined by BASI's admission that

it is a record custodian for GMP, as well as every other Benistar entity. (*See* Exhibit 10 ¶¶ 5, 12,

15 (affidavit swearing that (1) BASI is the "lawful custodian and/or owner of all the property"

seized by federal law enforcement on April 20, 2010, and (2) federal law enforcement took "every

working file in the building"); Exhibit 5 ¶¶ 4, 9 (affidavit stating that GMP documents were seized

during federal law enforcement raid on April 20, 2010).) Even without BASI's admission this issue

would be entirely straightforward – GMP's ESI is stored on the BASI server in the ordinary course

of business, and thus BASI is a record custodian for GMP's ESI. (*See* Exhibit 6;) *see also Nat'l*

*Jewish Health*, 305 F.R.D. at 254-55 (explaining that ESI record custodian is the party that receives

and stores ESI in the ordinary course of business).

          b.    GMP HAS THE PRACTICAL ABILITY TO PRODUCE DOCUMENTS FROM THE BASI
              SERVER.

GMP clearly has the practical ability to produce emails from the BASI server – it has

already done so. *See Royal Park*, 2016 U.S. Dist. LEXIS 133564 at *22-*23 (finding that

production of discovery from source indicates ability to produce documents from that source). The

financial statements produced by GMP were likewise (1) created with software owned and

operated by BASI, (2) created by BASI employees, and (3) produced from the BASI server.

Moreover, prior to claiming that it could not produce documents from the BASI server,

GMP was required, at a minimum, to ask BASI to produce the documents. *See id.* at *22-*23 and

*28-*29. GMP did the opposite – GMP (1) notified BASI that it was identified as a record

custodian, (2) stated that GMP has "no right" to ask BASI to produce documents, and (3) suggested that BASI object to Universitas' discovery requests. (*See* Exhibit 2.)

II.    GMP Must Produce Responsive Documents Kept by Kathy Kehoe.

GMP also must produce responsive emails from/to Kathy Kehoe, regardless of whether she is a record custodian.

     a.   MS. KEHOE IS A RECORD CUSTODIAN FOR BENISTAR AND THUS IS A RECORD CUSTODIAN FOR GMP.

GMP's claim that Ms. Kehoe is not a GMP record custodian is predicated on Mr. Carpenter's representations that "Kathy Kehoe was not working for GMP." (*See* Exhibit 7.) The Court should not give weight to this claim given Mr. Carpenter's protracted history of false and self-serving representations to both the courts and opposing litigants. *See e.g.*, *Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11CV1590-LTS-HBP, 2016 U.S. Dist. LEXIS 37988, at *14 (S.D.N.Y. Mar. 23, 2016) ("After … finding that Carpenter had fabricated testimony regarding the location of the insurance proceeds, Carpenter testified again on these issues and Judge Swain again found that his testimony was not credible."). Moreover, this claim is nonsensical – GMP has no employees and thus nobody "works" for GMP. Rather, GMP is operated by BASI employees who have no formal affiliation to GMP. (*See e.g.*, Exhibit 12.) Moreover, GMP is highly intermingled with BASI and other Benistar entities. *See e.g.*, Dkt. #110 at 17 ("Several courts have found Carpenter and his companies consistently disregard corporate formalities, such as sharing office space, management, computers, and employees.")

GMP's objection pre-supposes a distinction between GMP and other Benistar entities that does not exist – the fact that a specific Benistar operative is not formally affiliated with any particular Benistar entity is not relevant to discovery on an alter ego claim. *See Abu-Nassar v. Elders Futures*, No. 88 Civ. 7906 (PKL), 1991 U.S. Dist. LEXIS 3794, at *53-*57 (S.D.N.Y. Mar.

28, 1991) (explaining that "cases involving an attempt to pierce a corporate veil are complicated" and thus "relevance is broadly and liberally construed") (internal citations omitted). Ms. Kehoe is a BASI employee and a high-ranking member of the Benistar criminal enterprise with direct involvement in laundering the funds stolen from Universitas. *See Avon Capital*, 2020 U.S. Dist. LEXIS 251679. Ms. Kehoe also assumed Wayne Bursey's responsibilities in connection with Benistar. (*See* Exhibit 13.) Mr. Bursey was a record custodian for GMP. (*See* Exhibit 5.) Given the context within Benistar operates, this is sufficient to designate Ms. Kehoe as a record custodian for GMP and/or any other Benistar entity. *See Nat'l Jewish Health*, 305 F.R.D. at 254-55 (explaining that party that maintains ESI in the usual course of business is a record custodian).

b.   GMP HAS THE PRACTICAL ABILITY TO PRODUCE MS. KEHOE'S EMAILS.

GMP made no representation that Ms. Kehoe is unwilling to produce documents. *See Royal Park*, 2016 U.S. Dist. LEXIS 133564 at *22-*23 (explaining that, at a minimum, companies must ask an unaffiliated party to produce documents before claiming an inability to produce such documents). There is also no question that GMP has the practical ability to produce emails from Ms. Kehoe. *See id.* at *17-*18 (explaining that parties must produce documents that they have the practical ability to obtain from a nonparty).

There is no meaningful distinction between GMP and BASI. *See Avon Capital*, 2020 U.S. Dist. LEXIS 251679 at *53-60 (explaining that multiple Benistar entities operated as a "singular integrated enterprise"); *Carpenter*, 190 F. Supp. 3d at 274 ("[T]he formal corporate structure of the various Benistar Entities had little meaning for the people involved."); *Universitas Educ.*, 2014 U.S. Dist. LEXIS 3983 at *13 ("Mr. Carpenter and his affiliates demonstrate[] an absence of respect for distinctions among his business entities …."). Mr. Carpenter controls BASI and its employees. *See Carpenter*, 190 F. Supp. 3d at 273-74. Ms. Kehoe reports directly to Mr. Carpenter.

11

(*See e.g.*, Exhibits 15-16.) Since his release from prison, Mr. Carpenter has continued instructing

BASI employees, and had BASI employees work on personal matters for him. (*See e.g.*, Exhibits

17-18.[18]) GMP can clearly produce Ms. Kehoe's emails and thus must do so. *See Royal Park*, 2016

U.S. Dist. LEXIS 133564 at *17-*18 (explaining that parties must produce documents that they

have the practical ability to obtain from a nonparty).

## CONCLUSION

For the aforementioned reasons, Universitas respectfully requests that the Court grant its

motion to compel GMP in all respects, as well as any other relief the Court deems just and

equitable.

Dated: October 15, 2021
        Alexandria, VA


                                        PLAINTIFF UNIVERSITAS EDUCATION, LLC

                                        By: /s/ Joseph L. Manson III                    /
                                        Joseph L. Manson III
                                        Law Offices of Joseph L. Manson III
                                        600 Cameron Street
                                        Alexandria, VA 22314
                                        Tel. 202-674-1450
                                        Fax 703-340-1642
                                        jmanson@jmansonlaw.com

                                        *Admitted Pro Hac Vice*

                                        *Attorney for Universitas Education, LLC*

---

[18] Exhibit 17 is a proof of delivery filed in the United States District Court for the Southern District of New York. The delivery corresponds to a motion to vacate the judgment filed by Daniel Carpenter in a *pro se* capacity in the underlying proceeding. The return address for this proof of delivery indicates that the motion was sent to the court by BASI. *See* PJR App., Ex. 36 [Dkt. #13] (providing address and phone number for BASI and identifying Joseph Castagno as a BASI employee).
Exhibit 18 is email correspondence wherein Mr. Carpenter instructs Joseph Castagno to "'proof' and edit" a document draft. Mr. Castagno is a BASI employee. *See* PJR App., Ex. 36 [Dkt. #13]. The draft corresponds to a letter subsequently sent to the Court by Daniel Carpenter in his individual capacity. *See* Dkt. #153.

## CERTIFICATION

I hereby certify that on October 15, 2021 a copy of foregoing memorandum was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ Joseph L. Manson III

13