# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNIVERSITAS EDUCATION, LLC, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. 14-FJ-0005-HE |
| | ) | |
| AVON CAPITAL, LLC, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

The court held a hearing on September 20, 2021, on several of the pending motions in this case: (1) petitioner's motion for application of property [Doc. #287], (2) petitioner's motion for appointment of receiver [Doc. #289], and (3) respondent Avon Capital's motion to stay [Doc. #302]. For the reasons stated below, the court concludes the motion to apply should be denied, the motion for receiver granted, and the motion to stay conditionally granted.

## Background

This case involves the post-judgment collection efforts of petitioner Universitas Education LLC to collect a judgment entered against Avon Capital LLC and others in the U.S. District Court for the Southern District of New York. The judgment against Avon Capital (which was a portion of the overall $30,600,000 judgment) was in the amount of $6,710,065.92. The judgment was later registered in this district and petitioner's efforts here have been directed at the amounts owed by Avon Capital.

The background of this dispute is long and involved. It arises out of the activities of Daniel Carpenter and other persons and entities owned or controlled by him. Mr. Carpenter has multiple criminal convictions, including a 2016 conviction for mail and wire fraud, money laundering, and similar offenses. United States v. Carpenter, 190 F.Supp.3d 260 (D. Conn. 2016), aff'd. 801 Fed. Appx. 1 (2nd Cir. 2020), cert. den. 141 S.Ct. 820 (2020). Certain of the counts of conviction were based on the same insurance policies which are the basis for the Universitas judgment sought to be enforced here. The nature of Mr. Carpenter's scheme and the use of various entities to advance it are described in Carpenter. Universitas ultimately recovered the civil judgment involved in this case. The subsequent litigation arising out of Mr. Carpenter's efforts to divert the insurance proceeds are fully described in the Report and Recommendation previously generated by Judge Mitchell [Doc. #218] and in the various court decisions referenced in the Report.

The court previously adopted the Report and Recommendation, concluding among other things that the LLC formed under Wyoming law as "Avon Capital LLC" is the alter ego of the "Avon Capital LLC" entities formed under the laws of Connecticut and Nevada and hence subject to the judgment sought to be collected by Universitas. Order of February 11, 2021 [Doc. #228]. It is undisputed that SDM Holdings, LLC, an Oklahoma limited liability company whose holdings are the subject of these motions, is wholly owned by Avon Capital. In the February 11 order, the court enjoined Avon from transferring or encumbering its assets. Respondents have appealed the court's February 11 order to the Tenth Circuit Court of Appeals.

The parties' submissions indicate that SDM holds the beneficial interest in several life insurance policies having an estimated value of $4.2 million.[1] Universitas seeks to realize on those policies for application to its judgment.

## Discussion

The two motions now advanced by Universitas seek to realize on the value in the policies held by SDM in two ways — by applying them directly based on the imposition of a constructive trust in its favor and by protecting them from diversion via the appointment of a receiver for Avon Capital.

a. *Constructive trust.* Universitas seeks to have the court order the application of the policies to its judgment on the basis that SDM and/or the policies it held were acquired with funds wrongfully diverted from entities subject to the judgment. Respondents object to that on the basis that SDM holds the policies and that SDM is not a judgment debtor. That is true, but also beside the point for purposes of the constructive trust theory. "A constructive trust is a legal fiction, an equitable remedy devised to prevent unjust enrichment and compel restitution of property that in equity and good conscience does not belong to the Defendant." United States v. Andrews, 530 F.3d 1232 (1237 (10th Cir. 2008) (quotations and citation omitted). So Universitas is seeking application of the policies not because SDM is a judgment debtor, but because SDM is nominally holding ownership of policies that are, in substance, owned by entities which are subject to the judgment.

---

[1] *Various aspects of the Carpenter entities' involvement in life insurance policy initiation and financing are set forth in* Carpenter *supra.*

Respondents also argue that Universitas cannot reach the policies via a constructive trust because Oklahoma law makes a charging order against the LLC the sole means of realizing on the assets, relying on 18 Okla. Stat. §2034. However, that statute is directed to a judgment creditor's effort to realize on a judgment creditor's "membership and capital interest". Here, SDM is not a judgment debtor and petitioner is not seeking a realize on SDM's membership or capital interests as such. Rather, it is seeking to establish that SDM is not, in substance, the legitimate owner of the assets at issue.

While the court is persuaded that Universitas has made out the necessary trail of improper asset diversions to make imposition of a constructive trust plausible, it concludes the imposition of a trust is not presently warranted in the particular circumstances of this case. This court's alter ego determination making Avon Capital (the Wyoming entity) subject to the judgment being collected is on appeal. Therefore, the most pertinent concern now is protecting petitioner's ability to realize on those assets if, as expected, the alter ego determination is upheld either on appeal now or in further proceedings. As alternate and more appropriate means exist for protecting petitioner's interest in the subject assets pending that appeal, the court concludes it is unnecessary to ultimately resolve now whether imposition of a constructive trust is warranted. The motion for application of the insurance policies now will therefore be denied.

b. *Appointment of a receiver.* Universitas also seeks the appointment of a receiver for Avon Capital LLC (the Wyoming entity) to aid in the collection of its judgment against Avon Capital. Fed.R.Civ.P. 69 generally provides that execution and other

proceedings in aid of collection of a judgment shall be in accord with the procedures of the state where the court sits. Petitioner relies on 12 Okla. Stat. § 1151, which authorizes the appointment of a receiver in various circumstances, including where a judgment creditor seeks to dispose of property in satisfaction of the judgment or to preserve it during the pendency of an appeal. *See* § 1151(4). It argues a receiver is warranted here because Avon Capital, along with the other Carpenter-related entities, has failed and refused to pay any portion of the judgment, that they have engaged in a sustained pattern of fraudulent transfers to avoid paying the judgment, and that Avon is insolvent apart from the insurance policies (and maybe even with them). Respondents generally object on the basis that the court's prior alter ego and related determinations were incorrect and on the basis that there is no reason to believe the court's prior injunction orders restraining disposition of assets will not protect petitioner's claimed interest in the assets.

The court concludes appointment of a receiver is warranted. Avon appears to be insolvent based on its own records. Further, the somewhat exotic manner in which Avon has accounted for its finances leaves the court with little confidence in those records.[2] More importantly, the history of the Carpenter entities' efforts to avoid paying this judgment over the past six or seven years leaves the court with even less confidence that these assets will be maintained in place to satisfy the judgment if, at the conclusion of the process, Avon (Wyoming) is finally determined to be a judgment debtor. As other

---

[2] *SDM's most recent annual balance sheet shows no entry of the life insurance policies which are its principal assets, instead showing "goodwill" which it apparently amortizes over time. SDM's counsel, who indicates he is also a CPA, could not explain why it would have accounted for the transactions in that fashion. The showing of a liability to "affiliates" for the acquisition cost of SDM also makes little sense.*

courts have observed, Mr. Carpenter has used hundreds of shell entities to hide assets from his or their creditors. Further, he and his related/controlled entities have a long track record of improperly shifting assets from one entity to another for that purpose, as set out in considerable detail in Judge Mitchell's report.

Respondents contend that the injunctive orders previously entered by the court are sufficient protection for petitioner's claimed interest in the insurance policies. In other circumstances, the court might find that argument persuasive. But against the backdrop of sustained resistance to payment and improper conduct by Carpenter and his entities over several years, the court sees no reason to give respondents the benefit of the doubt on that issue. Further, the court is mindful of the practical limitations on its ability to enforce its order via contempt or otherwise. The orders are, at present, directed to entities rather than individuals and to entities which would otherwise be unable to respond to a judgment of contempt. In those circumstances, normal penalties for violation of a court order have less bite.

In any event, the court concludes the appointment of a receiver for Avon is warranted.

Insofar as the scope of the receivership is concerned, the receiver will be appointed only for Avon Capital LLC, the entity formed under Wyoming law. While the court's alter ego determination embraces the similarly named entities formed under Connecticut and Nevada law, it is only the Wyoming entity which owns SDM. Further, the receiver will be appointed as to <u>all</u> aspects of Avon Capital (Wyoming) LLC's property and activities. In other circumstances, such as where an out-of-state entity with

multiple properties and interests was involved, the court would normally impose appropriate limits on the scope of the receiver's authority tied to the properties or interests at issue. Here, however, it is undisputed not only that SDM is an asset of Avon Capital (Wyoming) but that it is substantially the <u>sole</u> asset of that entity. It is therefore appropriate that the receiver act as to Avon Capital (Wyoming) LLC's interests generally.

The receiver's authority shall extend to and include the right to exercise the membership rights of Avon Capital relative to SDM, including the right under the SDM operating agreement [Doc. #292-2] to replace the manager if the receiver concludes that is appropriate. Absent further order of the court, however, and in light of the pending appeal, the receiver's authority shall not extend to causing or directing the sale by SDM of the various insurance policies at issue. Should the receiver conclude that the sale of some or all of the policies is warranted, he must move for leave to do so and the court can then determine whether to permit the sale and what further steps should then be taken to protect the various interests of the parties.

The motion for appointment of a receiver will be granted. Universitas has proposed Ryan Leonard Esq. to be the receiver. Mr. Leonard has extensive experience acting as a court-appointed receiver (or counsel for the receiver), including receiverships for insurance companies, and Avon Capital and SDM indicated at the hearing they do not object to Mr. Leonard in the event the court concluded the appointment of a receiver to be appropriate.

c. *Motion to Stay*. Avon Capital has moved to stay all post-judgment proceedings pending the resolution of the appeal to the Tenth Circuit. Universitas objects,

contending Avon Capital is unlikely to prevail on appeal and that it would be harmed by a stay. It indicates it would not object to a stay if the insurance policies were held in some sort of escrow arrangement, but objects otherwise.

The court is unpersuaded that petitioner would be harmed by a stay assuming an appropriate supersedeas bond is posted. Further, as respondents have shown no interest in any sort of escrow arrangement as to the policies, the court concludes that a supersedeas bond is warranted and that it should be in the amount of the judgment sought to be collected plus interest and attorney fees.[3]

The motion to stay with therefore be granted, conditioned on the posting of a surety bond approved by the court.

## Conclusion

For the reasons stated above:

(1) petitioner's motion for application of property [Doc. #287] is **DENIED**;

(2) petitioner's motion for appointment of receiver [Doc. #289] is **GRANTED**. Ryan Leonard, Esq. is appointed as Receiver of Avon Capital LLC (Wyoming), *instanter*, as set forth more fully by separate order. The receiver will be required to post an appropriate receiver's bond in the amount of $10,000 within **seven (7) days**; and

---

[3] There was evidence at the hearing that SDM estimated the value of the insurance policies at approximately $4.2 million some time ago. However, the value can obviously fluctuate greatly based on the status of the persons covered by the policies. In light of the limited nature of the evidence as to the value of the policies and the potential for the death of an insured greatly increasing their value in the meantime, the court concludes the bond should be based on the full amount of the judgment.

(3)  respondent Avon's motion to stay [Doc. #295] is **GRANTED**, conditioned on and effective as of the approval by the court of a corporate surety bond in the amount of $11,100,000.00.[4]

**IT IS SO ORDERED**.

Dated this 22nd day of September, 2021.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[4] *This amount is based on the registered judgment amount of $6,710,065.92, plus approximate amounts estimating interest and attorney fees incurred since the registration of the judgment.*