UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------x
                       :

UNIVERSITAS EDUCATION, LLC      :         3: 20 CV 738 (JAM)
                       :

v.                         :
                       :

BENISTAR ET AL.             :         DATE: DECEMBER 22, 2021
                       :
------------------------------------------------------x

RECOMMENDED RULING ON PLAINTIFF'S
MOTION FOR CIVIL CONTEMPT (DOC. NO. 167)

Plaintiff Universitas Education, LLC ("Universitas") brought this action against Defendants Benistar; Benistar Admin Services, Inc. ("BASI"); TPG Group, Inc.; Grist Mill Partners, LLC; Moonstone Partners, LLC; Alliance Charitable Trust; Phoenix Charitable Trust; Atlantic Charitable Trust; Avon Charitable Trust; Carpenter Charitable Trust ("Defendant Trusts"); Donald Trudeau; Molly Carpenter; Jane Doe Entities Under Control Of Molly Carpenter and/or Donald Trudeau; and Jane Doe Entities Under Control of Judgment Debtors, to enforce a judgment entered in the United States District Court for the Southern District of New York related to Daniel Carpenter's alleged theft of $30 million from Universitas.

Presently before this Court is the plaintiff's motion for contempt sanctions against Mr. Daniel Carpenter. (Doc. No. 167). In brief, the motion seeks to hold Mr. Carpenter in contempt for his non-compliance with the Court Order issued June 24, 2021 (Meyer, J.) that directed Mr. Carpenter to produce documents responsive to the plaintiff's subpoena by July 17, 2021. The plaintiff argues both that Mr. Carpenter failed to produce any documents following the June 24, 2021 order and that Mr. Carpenter's ultimate production in September 2021 was non-responsive and disorganized. (Doc. No. 197). This matter was referred to the undersigned for a report and recommendation. (Doc. No. 169).

For the following reasons, this Court respectfully recommends that the plaintiff's Motion for Civil Contempt (Doc. No. 167) be **GRANTED IN PART and DENIED IN PART**.

# I.   <u>CERTIFICATION OF FACTS</u>

"While district courts have wide discretion in imposing sanctions for failure to comply with discovery orders, United States magistrate judges have limited civil contempt authority." *Funnekotter v. Republic of Zimbabwe*, No. 09 Civ. 08168 (CM)(THK), 2011 WL 5517860, at \*2 (S.D.N.Y. Nov. 10, 2011) (citation omitted). "The jurisdictional limitations placed upon United States magistrate judges, when addressing a motion for civil contempt, are informed by the provisions of 28 U.S.C. § 636(e)."[1] *NXIVM Corp. v. Bouchey*, No. 1:11–MC–0058(GLS/DEP), 2011 WL 5080322, at \*3 (N.D.N.Y. Oct. 24, 2011). "Under [28 U.S.C. § 636(e)] in a case other than one over which the magistrate judge presides with the consent of the parties under 28 U.S.C. § 636(c), a magistrate judge is not authorized to issue a final contempt order. Instead, the magistrate judge's function in a 'non-consent' case is to certify facts relevant to the issue of civil contempt to the district court." *Telebrands Corp v. Marc Glassman, Inc.*, No. 3:09 CV 734 (RNC)(DFM), 2012 WL 1050018, at \*1 (D. Conn. Mar. 28, 2012) (internal citations and quotation marks omitted).

"In certifying the facts under Section 636(e), the magistrate judge's role is to determine whether the moving party can adduce sufficient evidence to establish a *prima facie* case of contempt." *Toxey v. United States*, No. 10 CIV. 3339 (RJH)(KNF), 2011 WL 4057665, at \*2

---

[1] Section 636(e)(6)(B)(iii) provides that in civil, non-consent cases, where an act constitutes a civil contempt,

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such persons in the same manner and to that same extent as for a contempt committed before a district judge.

(S.D.N.Y. Aug. 25, 2011) (internal citation and quotation marks omitted); *Servaas Inc. v. Republic of Iraq*, No. 09 CIV. 1862(RMB), 2013 WL 5913363, at *2 (S.D.N.Y. Nov. 4, 2013); *see also Trustees of Empire State Carpenters Annuity v. Duncan & Son Carpentry, Inc.*, No. 14 CV 2894 (SJF)(SIL), 2015 WL 3935760, at *3 (E.D.N.Y. June 26, 2015) ("[T]he magistrate judge functions only to certify the facts and not to issue an order of contempt.") (internal citation and quotation marks omitted).

When a magistrate judge has certified facts to the district court, "the district court must 'make an independent determination of the facts certified and consider any additional evidence.'" *Sistem Muhendislik Insaat Sanayi Ve Ticaret, A.S. v. Kyrgyz Republic*, No. 12-CV-4502 (ALC), 2018 WL 5629900, at *1 (S.D.N.Y. Oct. 31, 2018) (quoting 28 U.S.C. § 636(e)(6) (additional citation omitted)). Thus, as this Court has acknowledged, "'[t]he district court, upon certification of the facts supporting a finding of contempt, is then required to conduct a *de novo* hearing at which issues of fact and credibility determinations are to be made.'" *Frazier v. APM Fin. Sols., LLC*, No. 3:11CV1762(AWT), 2015 WL 8483237, at *2 (D. Conn. Dec. 9, 2015) (quoting *Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 71 (E.D.N.Y. 2008) (citing *NXIVM Corp.*, 2011 WL 5080322, at *4 (same)); *see also Servaas Inc. v. Mills*, 661 F. App'x. 7, 9 (2d Cir. 2016) (summary order) ("Individuals charged with civil contempt are 'entitled to notice of the allegations, the right to counsel, and a hearing at which the plaintiff bears the burden of proof and the defendant has an opportunity to present a defense.'" (quoting *Schoenberg v. Shapolsky Publishers, Inc.*, 971 F.2d 926, 934–35 (2d Cir. 1992), *abrogated on other grounds by Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343 (2d Cir.2000)). "'Whether the conduct of a party constitutes contempt and any sanctions therefor are committed to the discretion of the district court.'" *Frazier*, 2015 WL 8483237, at *2 (quoting *Church v. Steller*, 35 F. Supp. 2d 215, 217 (N.D.N.Y. 1999)).

3

The plaintiff's Motion for Contempt stems from a May 7, 2021 Motion to Quash Subpoena *duces tecum* and Motion for Protective Order filed by Mr. Carpenter. (Doc. No. 129). Initially, Mr. Carpenter claimed that the plaintiff's subpoena "(1) fail[ed] to allow a reasonable time to comply; (2) require[d] the disclosure of privileged or other protective matters; and (3) subject[ed] the movant to undue burden and harassment." (Doc. No. 129 at 2). This Court denied Mr. Carpenter's Motion to Quash and Motion for Protective Order on June 5, 2021, because: (1) he was given thirty-three days—or twice the presumptively reasonable amount of time—to produce the documents outlined in the subpoena; (2) the plaintiff's status as a judgment creditor looking to satisfy an outstanding judgment against judgment debtors and affiliated entities owned by Mr. Carpenter and the named defendants entitled the plaintiff to discovery regarding Mr. Carpenter's assets[2]; and (3) Mr. Carpenter failed to offer any evidentiary basis for his claims of undue burden and/or expense. (Doc. No. 143 at 5-7).

Mr. Carpenter objected on June 10, 2021, (Doc. No. 149), claiming that this Court failed acknowledge "clear precedents" from the Southern District of New York,[3] and instead took a "wrong turn" by relying on Judge Chatigny's "clearly erroneous opinion" to arrive at its decision. (Doc. No. 149 at 1). In this objection, Mr. Carpenter argued that this Court "ignore[d] the clear obvious truth that [the plaintiff] was a fake charity run" and "accept[ed] the 'Big Lie' that somehow [Mr. Carpenter] 'stole' [from the plaintiff] to buy the 'Beach House' in Rhode Island, is frankly the bane of [Mr. Carpenter's] existence." (*Id.* at 2). He maintained that "the Magistrate could take

---

[2] The protective order was denied for similar reasons. (*See* Doc. No. 143 at 6 ("In order for the Court to issue a protective order, however, the movant would have to proffer evidence that the plaintiff's inquiry into his assets and his alleged alter egos was meritless. Instead, the movant makes conclusory statements that he is entitled to a protective order because the subpoena is overly burdensome and implicates his privacy rights. Because the movant provides no factual or legal basis in support of his privacy claim, the Court must deny his motion." (citations omitted)).

[3] In particular, Mr. Carpenter cited: Judge Swain's March 2020 Order that this Court lacked jurisdiction as a matter of law; Judge Scheindlin's December 2015 Order that claims brought by the plaintiff after October 2012 were time-barred by the statute of limitations; and Judge Swain's January 2015 Order that "alter-ego" claims like this action were barred in the Second Circuit. (Doc. No. 149 at 1).

one look at the Exhibits attached to the various filings and see that the counsel for Universitas has had this banking information from all these entities since 2012—and certainly since 2014 from the JPMorgan Chase response." (*Id.*). On June 24, 2021, the Court (Meyer, J.) overruled Mr. Carpenter's objection, as he "ha[d] not established any clear error or legitimate reason to call into question the correctness of Judge Spector's ruling." (Doc. No. 159). The Court ordered Mr. Carpenter to comply with the subpoena by July 15, 2021. (*Id.*). When Mr. Carpenter did not produce documents by the July 15, 2021 deadline, the plaintiff filed this Motion for Contempt against him on August 2, 2021. (Doc. No. 167). According to the plaintiff, Mr. Carpenter claimed to have no responsive documents to the subpoena. (*See* Doc. No. 167-1 at 18). On August 3, 2021, the Court (Meyer J.) referred the Motion for Contempt to the undersigned. (Doc. No. 169).

On August 19, 2021, this Court took the Motion for Contempt under advisement. (Doc. No. 179). In that Order, the Court acknowledged that, although Mr. Carpenter's subpoena responses were prepared two weeks after his counsel filed an appearance in this case, those responses appeared to have prepared without the advice or consultation of his counsel. (*Id.*). The Court also noted that Mr. Carpenter's responses directly conflicted with statements he had made in his initial Motion to Quash. (*See* Doc. No. 129). Though the Court noted that Mr. Carpenter had yet to comply with the subpoena, it provided him until September 9, 2021 for full compliance and scheduled a Discovery Conference for September 15, 2021. (Doc. No. 179).

Mr. Carpenter claimed during the follow-up discovery conference on September 15, 2021 and in written filings on September 10, 2021 (Doc. No 182), and September 14, 2021 (Doc. No. 183), that he had fully complied with the subpoena. (Doc. No. 186). The plaintiff disagreed and argued that Mr. Carpenter had produced twenty-six digital folders containing approximately 370,000 documents that were either obviously irrelevant or inaccessible to the plaintiff on any

5

computer or electronic device. (*Id.*). The Court directed the plaintiff and Mr. Carpenter to meet and confer to "cure the deficiencies in the production and ensure both that the information disclosed by [Mr. Carpenter] is accessible to the plaintiff and is responsive to the subpoena," and to file a Joint Status report by October 3, 2021 to update the Court on their progress. (*Id.*).

The Court held another discovery conference on October 7, 2021. The plaintiff stated that it was now able to access Mr. Carpenter's production, but the produced documents were still irrelevant and clearly constituted a document dump. (Doc. No. 196). The Court requested supplemental briefing from the plaintiff on the issue of Mr. Carpenter's contempt by October 15, 2021, and a response from Mr. Carpenter by October 15, 2021. (Doc. No. 196).

The plaintiff filed its Supplemental Memorandum in Support for the Motion for Contempt and reaffirmed its position that Mr. Carpenter's production contained clearly irrelevant documents, going so far as to outline issues with each folder and enumerate examples of irrelevant or unnecessary documents. (*See* Doc. No 197 at 6-13). The plaintiff's additional briefing also reiterated that Mr. Carpenter's production did not include: "(1) Carpenter's tax returns, (2) documentation concerning Carpenter's life insurance, (3) business records for Carpenter's companies, (4) bank statements for Carpenter's companies, and (5) payment for counsel for companies under Carpenter's control." (*Id.* at 13). Alleging that Mr. Carpenter's production was "primarily nonresponsive" and "a textbook document dump," the plaintiff requested that Mr. Carpenter re-produce his documents with "only responsive documents" and "some form of an index that indicates what documents are responsive to what document requests." (*Id.* at 14-15).

The plaintiff requested the following remedies: (1) attorneys' fees compensating for fees incurred as a result of the instant discovery dispute; (2) imposition of an increasing daily monetary fine in the event Mr. Carpenter ignores court-imposed sanctions, given his history of doing so; and

(3) Mr. Carpenter's incarceration, should he fail to pay monetary sanctions within thirty days. (*Id.* at 17; *see also* Doc. No. 167-1 at 31-32). Alternatively, the plaintiff requested that Mr. Carpenter's counsel be held personally responsible for their client's discovery production and all sanctions entered against Mr. Carpenter. (Doc. No. 197 at 17-18).

In his response to the plaintiff's supplemental briefing, Mr. Carpenter once more stated that he is not a party to the instant litigation and that the subpoena was "beyond burdensome, beyond oppressive, beyond the capacity of any ordinary human being to comply with absent a small army of backup workers." (Doc. No. 203 at 1-2). Despite this, Mr. Carpenter claimed that his September 2021 production fully complied with the subpoena and that this Court had "abused its discretion because it ha[d] ordered the impossible"; as such, imposing penalties for compliance failures would be "a further abuse of discretion." (*Id.* at 4-5). More importantly, Mr. Carpenter attached to his submission two affidavits sworn by the same attorney who endeavored to produce documents on behalf of Mr. Carpenter in response to the subpoena at issue here. (*Id.* at Exs. 1 and 2.) Those affidavits detail the efforts made by this attorney to produce the requested documents in a format that could be accessed and understood by the plaintiff.

## II.    LEGAL STANDARD

Rule 45(g) of the Federal Rules of Civil Procedure provides that a court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Moreover, the Second Circuit has recognized that "a contempt order . . . is a 'potent weapon,' to which courts should not resort 'where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct." *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995) (citing *International Longshoremen's Ass'n v. Philadelphia Marine Trade Ass'n*, 389 U.S. 64, 76 (1967)), *called into question on other grounds by Weitzman*

7

*v. Stein*, 98 F.3d 717, 719 n.1 (2d Cir. 1996) *and N. Am. Oil Co., Inc. v. Star Brite Distrib., Inc.*, 14 F. App'x. 73, 75 (2d Cir. 2001); *accord Utica Coll. v. Gordon*, 389 F. App'x. 71, 72 (2d Cir. 2010); *Latino Officers Ass'n City of N.Y., Inc. v. City of New York*, 558 F.3d 159, 164 (2d Cir. 2009); *United States v. N.Y.C. Dist. Council of N.Y.C.*, 229 F. App'x. 14, 18 (2d Cir. 2007).

Contempt requires that "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) (internal quotation marks omitted). "[S]anctions for civil contempt can be imposed without a finding of willfulness," provided that the violations were "substantial" and the contemnor has "fail[ed] to energetically police compliance." *Lavatec Laundry Tech. GMBH v. Voss Laundry Solutions*, No. 3:13-cv-00056 (SRU), 2018 WL 2426655, at *10 (D. Conn. Jan. 9, 2018) (quoting *Manhattan Indus. v. Sweater Bee by Banff*, 885 F.2d 1, 5 (2d Cir. 1989)).

III.   <u>DISCUSSION</u>

The plaintiff claims that Mr. Carpenter's production is contemptuous because it is a non-responsive document dump and is not organized in a way that makes it clear which files are responsive to which document requests. (Doc. No. 197 at 14). Mr. Carpenter counters that he is not a party to this litigation. (Doc. No. 203 at 1). He further argues that his broad production was a result of the Court's "abuse of discretion" because "it has ordered the impossible." (*Id.* at 3-4). Mr. Carpenter further alleges that the issue at hand is "not the sort of routine discovery dispute in which [an index organizing produced files based on document requests] might be commonplace," but rather that the subpoena was "being used not as a legitimate means of gathering information, but as a weapon to inflict injury upon a perceived enemy." (*Id.* at 4).

8

To address Mr. Carpenter's first argument, Mr. Carpenter's non-party status has no bearing on the issue of contempt, as non-parties are still required to comply with subpoenas, or otherwise be compelled to produce documents. *See* FED. R. CIV. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."); *see generally* FED. R. CIV. P. 45. Furthermore, there is substantial precedent within the Second Circuit for non-parties to be held in contempt where they fail to comply with subpoenas. *See e.g.*, *In re Dunne*, No. 3:17-CV-1399 (MPS), 2018 WL 4654698, at *5 (D. Conn. Sept. 27, 2018) (finding non-party in contempt of court for failing to comply with subpoena); *see also Leser v. U.S. Bank Nat. Ass'n*, No. 09-CV-2362 KAM ALC, 2011 WL 1004708, at *9 (E.D.N.Y. Mar. 18, 2011) (same); *Sprint Nextel Corp. v. Ace Wholesale*, No. 1:12-CV-2902-JEC, 2014 WL 4308355, at *1 (S.D.N.Y. Aug. 26, 2014) (same); *In re Corso*, 328 B.R. 375 (E.D.N.Y. 2005) (same); *Gesualdi v. Hardin Contracting Inc.*, No. 09-CV-0683(SJF)(AKT), 2016 WL 2654068, at *3 (E.D.N.Y. May 6, 2016) (same). Mr. Carpenter's non-party status is therefore of no issue with respect to his responsibility to comply with a subpoena.

Second, to the extent that Mr. Carpenter argues that the subpoena is "impossible" because it is "beyond burdensome" and "beyond oppressive" (Doc. No. 203 at 1-2), such arguments have already been addressed and foreclosed by the Court's June 24, 2021 Order (Doc. No. 159) overruling Mr. Carpenter's objection to the Order denying his Motion to Quash. (Doc. No 143). Mr. Carpenter cannot choose to disregard a subpoena because he disagrees with a Court order.

A.    THE SUBPOENA *DUCES TECUM* WAS CLEAR AND UNAMBIGUOUS

The first prong of the contempt analysis is satisfied where an individual violated a "clear and unambiguous order that left no doubt in the minds of those to whom it was addressed." *Trs. of the Conn. Pipe Trades Local 777 Health Fund v. Plumbing Creations, LLC*, No. 3:15-cv-00822

(MPS), 2019 WL 3051293, at *2 (D. Conn. July 11, 2019) (citing *Drywall Tapers & Pointers v. Local 530*, 889 F.2d 389, 395 (2d Cir. 1989)). "Clear and unambiguous" means an order is "specific and definite enough to apprise those within its scope of the conduct that is being proscribed. *Plumbing Creations*, 2019 WL 3051293, at *2 (citing *N.Y. State NOW v. Terry*, 886 F.2d 1339, 1352 (2d Cir. 1989)). Factors indicating specificity and definitiveness include, *inter alia*, the time, date, and place by which to produce documents and to appear for a deposition. *See Plumbing Creations, LLC*, 2019 WL 3051293, at *2 (finding subpoena clear and unambiguous where subpoena indicated time and place of deposition, during which defendant was to provide copies of requested documents); *see also Leser*, 2011 WL 1004708, at *9 (E.D.N.Y. Mar. 18, 2011) ("Further, this Court's November 12, 2010 Order clearly ordered [non-party witness] to comply with the Rule 45 subpoena served on him, and provided the time, date, and place by which to produce documents and appear for a deposition.").

Mr. Carpenter does not argue that the subpoena was unclear. To the extent that he has not waived that argument, it is unsupported by precedent. This District has previously found similarly worded subpoenas to be clear and unambiguous. *Compare Plumbing Creations*, 2019 WL 3051293, at *2 (requiring defendant to produce "[c]opies of . . . checking and savings bank account statements . . . tax returns . . . assets and liabilities . . . unpaid accounts receivables. . . outstanding retention owed to [defendant] . . . Documentation of any real property owned . . . all equipment and vehicles ow[n]ed by [defendant] . . . intangible assets . . . any other tangible assets not mentioned in the above-referenced requests . . .") *with* Doc. No. 129-1 (requiring Mr. Carpenter to produce "any and all documents related to . . . receipt, purchase, sale, acquisition, and/or transfer of Property and/or Assets . . . payments made to [Mr. Carpenter] . . . ownership structure . . . any bank accounts and/or accounts at any financial institution . . . Property and/or Assets, and/or any

10

beneficial interests of any Property and/or Assets . . . good standing, dissolution, and/or other status

. . . and payment for counsel representing the [Defendant Trusts] in the above-captioned matter.").

Moreover, on August 19, 2021, the Court held a hearing on the instant motion for civil contempt

and sanctions against Mr. Carpenter. (Doc. No. 162). During this hearing, the Court stated that

there was a clear order instructing Mr. Carpenter in reference to the subpoena *duces tecum*, but

still afforded him additional time to respond to the order in light of his deficient responses.

As such, the April 21, 2021 subpoena was clear and unambiguous, and the first prong of

the contempt analysis is satisfied.

B.   PROOF  OF  MR.  CARPENTER'S  NON-COMPLIANCE  IS  CLEAR  AND
      CONVINCING PRIOR TO HIS SEPTEMBER 2021 PRODUCTION

In its August 2, 2021 filing, the plaintiff alleged that Mr. Carpenter claimed to have no

responsive documents. (*See* Doc. No. 167-1 at 18). In its August 19, 2021 Order, this Court stated:

> As the Court explained during today's hearing, *it does not appear
> that Mr. Carpenter has complied with the subpoena.* Though his
> subpoena responses were prepared two weeks after his counsel filed
> an appearance in this case, those responses appear to have been
> prepared without the advice or consultation of his counsel. His
> responses to the subpoena also appear to conflict directly with
> statements he made in his initial Motion to Quash (See Doc. No.
> 129), which the Court denied on June 5, 2021. (Doc. No. 143). Mr.
> Carpenter objected to that ruling, and the Court overruled Mr.
> Carpenter's objection and set a deadline of July 15, 2021 for
> compliance with the subpoena. (Doc. No. 159). That deadline has
> passed, and *Mr. Carpenter has not complied with the subpoena or
> the Court's order*. At the request of Mr. Carpenter's counsel, and in
> the absence of an objection by the plaintiff, the Court will now
> extend the deadline to September 9, 2021 for full compliance with
> the subpoena.

(Doc. No. 179 (emphasis added)). This Court has already found that Mr. Carpenter failed to

comply with the subpoena and the Court's June 24, 2021 Order. (*Id.*). Moreover, as the Court

noted, Mr. Carpenter's representations that he did not possess any relevant documents directly

contradicted statements her made in his Motion to Quash, suggesting he had made no diligent efforts to reasonably comply with the subpoena. Therefore, there is clear and convincing evidence that Mr. Carpenter's failed to produce documents between July 24, 2021 and approximately September 6, 2021.

> C.     <u>MR. CARPENTER CURED HIS CONTEMPT THROUGH HIS SEPTEMBER 2021 PRODUCTION</u>

The question then remains as to whether Mr. Carpenter remains in contempt, despite his September 2021 production, which began on September 7, 2021 and continued for approximately one week, leading up to the September 15, 2021 hearing. (Doc. No. 203-1 at 3). It is well-established that sanctioning a non-party is appropriate only where a court order has been violated. *See e.g.*, *Amerisource Corp. v. RX USA Int'l Inc.*, No. 02-CV-2514 (JMA), 2010 WL 2730748, at *5 (E.D.N.Y. Jul. 6, 2010) (finding that a non-party is not ordinarily is not subject to sanctions absent violation of a specific court order) (citing *Cont'l Ins. Co. v. Atl. Cas. Ins. Co.*, No. 07-CV-3635, 2008 WL 3852046, at *2 (S.D.N.Y. Aug. 13, 2008), *aff'd sub nom. New York Credit & Fin. v. Parson Ctr.*, 432 F. App'x. 25 (2d Cir. Sept. 15, 2011); *PaineWebber Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. 2002) (holding non-party in contempt where non-party failed to comply with both subpoena and subsequent court order); *see also Cruz v. Meachum*, 159 F.R.D. 366, 368 (D. Conn. 1994) ("Before sanctions can be imposed under [FRCP] 45(e), there must be a court order compelling discovery.").

Here, the plaintiff argued that Mr. Carpenter's documents are "primarily nonresponsive" and "grouped into folders without any indication as to why any particular file is within any particular folder, or what files are responsive to which documents requests," or "a textbook document dump." (Doc. No. 197 at 14).

A responding party, however, is not "obligated under the Federal Rules to organize [its] records to suit [the plaintiff's] discovery demands"; the responding party simply must produce the documents "in the manner they usually keep the records or produce them in the categories sought; that rule does not require the responding party to alter their record keeping to meet the movant's discovery categories." *Sky Med. Supply Inc. v. SCS Support Claim Servs.*, No. CV 12-6383 (JFB) (AKT), 2016 WL 4703656, at *3 (E.D.N.Y. Sep. 7, 2016) (citing *Hill v. Stewart*, No. 10CV538S, 2011 WL 4439445, at *5 (W.D.N.Y. Sept. 23, 2011)).  And while a responding party may not "attempt to hide a needle in a haystack by mingling responsive documents with large numbers of nonresponsive documents," *Trusz v. UBS Realty Inv'rs LLC*, No. 3:09 CV 268 (JBA), 2010 WL 3583064, at *4 (D. Conn. Sep. 7, 2010) (internal citations omitted), a responding party's over-production of irrelevant information is not sanctionable conduct. *Oliphant v. Villano*, No. 3:07cv1435 (SRU), 2010 WL 909072, at *2 (D. Conn. Mar. 8, 2010) ("It is clear Oliphant disagrees with the defendants' production. In addition to arguing that they have not produced materials she wants, she complains that they have over-produced irrelevant information she does not need. The latter act is not sanctionable conduct."). The Court does not find the plaintiff's objections persuasive, particularly given that sanctions for contempt are subjected to the higher "clear and convincing" evidence standard. *See New York State Nat'l Org. For Women v. Terry*, 886 F.2d 1339, 1351 (2d Cir. 1989); *Hart Schaffner & Marx v. Alexander's Dep't Stores, Inc.*, 341 F.2d 101, 102 (2d Cir. 1965).

D.     THE PLAINTIFF ALLEGES ONGOING DEFICIENCIES

The plaintiff also claims ongoing deficiencies in the production and, in particular, that Mr. Carpenter has not produced specific documents identified in the subpoena.[4]

1.     REQUEST NO. 1

The plaintiff alleges that Mr. Carpenter did not produce documents related to "any matter concerning the receipt, purchase, sale, acquisition, and/or transfer of Property and/or Assets by any Judgment Debtor, Company, and/or Affiliate" because Mr. Carpenter allegedly fraudulently transferred assets from judgment debtors throughout the underlying litigation, (Doc. No. 167-1 at 14-15; *see also* Doc. No. 197 at 10). In this same argument, the plaintiff points to documents that are already on the docket. (Doc. No. 167-1 at 15 n.17 ("Documents concerning certain such transfers are on the docket. *See* PJR App., Ex. 19 [Dkt. #11], Exs. 26-27 and 29 [Dkt. #12], Ex. 34 [Dkt. #13].")). It is unclear what other documents the plaintiff is requesting, and moreover, the plaintiff has not presented any evidence substantiating its belief that additional responsive documents have been withheld. *See Alvarado v. GC Dealer Servs. Inc.*, No. 18-cv-2915, 2018 WL 6322188, at *2 (E.D.N.Y. Dec. 3, 2018) (denying motion to compel because, *inter alia*, "Plaintiff has repeatedly stated . . . that the Requested Documents do not exist"); *Carling v. Peters*, No. 10-cv-4573, 2011 WL 3678839, at *4 (S.D.N.Y. Aug. 19, 2011) ("Other than speculation ... [the defendant] offers no evidence that [the plaintiff'] possesses [the requested] documents"); *Madden v. Abate*, No. 09-cv-145, 2010 WL 11610365, at *2 (D. Vt. Dec. 22, 2010) (denying motion to compel because the plaintiff "insofar as she represents that she has already produced all responsive documents, should be taken at her word"); *Moll v. Telesector Res. Grp., Inc.*, No. 04-cv-805S,

---

[4] The plaintiff is no longer seeking documents seized in the federal raids related to the underlying criminal case against Mr. Carpenter, so the Court will not address arguments raised about documents in the government's possession. (Doc. No. 197 at 10 n.3).

2010 WL 4642931, at *3 (W.D.N.Y. Nov. 17, 2010), *vacated in part*, 760 F.3d 198 (2d Cir. 2014) (denying the plaintiff's motion to compel despite the argument that "there must have been" responsive documents, relying on the defendant's representation that a reasonable search found no responsive documents). Based on the affidavits submitted by Mr. Carpenter (Doc. Nos. 203-1 and 203-2), the plaintiff has not established that Mr. Carpenter has failed to comply with Request No. 1.

### 2.   REQUEST NO. 2

The plaintiff alleges that Mr. Carpenter did not produce documents related to "payments made by [Mr. Carpenter and/or those acting on his behalf], by any means, from any Judgment Debtor, Affiliate, and/or Company" because Mr. Carpenter did not produce documents concerning payment from Molly Carpenter to Mr. Carpenter's attorneys on his behalf. (Doc. No. 167-1 at 15; *see also* Doc. No. 197 at 10). Other than a reference to Mr. Carpenter's response to plaintiff's Request No. 7 that "[his] wife has paid [his] legal bills since 2013" (Doc. No. 167-1 at 22 (citing Doc. No. 167-6 at 2)), the plaintiff has not substantiated the claim that Mr. Carpenter indeed has documents related to Molly Carpenter's payments to Mr. Carpenter's attorneys. Conversely, Mr. Carpenter has submitted affidavits indicating that he has complied with the subpoena, and as such, the plaintiff does not have an argument for sanctions or a request for a Court order compelling production regarding Request No. 2.

### 3.   REQUEST NO. 3

The plaintiff alleges that Mr. Carpenter did not produce documents related to "the ownership structure of any Judgment Debtor and/or Company" because Mr. Carpenter's entities "*presumably* have responsive documents." (Doc. No. 167-1 at 16 (emphasis added); *see also* Doc. No. 197 at 10). As discussed above, Mr. Carpenter has submitted multiple affidavits regarding his

compliance with the subpoena that issued and, at this stage of the litigation, the plaintiff cannot rely on the argument that Mr. Carpenter "presumably" has responsive documents to support a claim for sanctions or a request for a Court order compelling production.

        4.      <u>REQUEST NO. 4</u>

The plaintiff alleges that Mr. Carpenter did not produce documents related to "any bank accounts and/or accounts at any financial institution concerning any Judgment Debtor, Affiliate, and/or Company" because (1) Mr. Carpenter's attorneys allegedly have bank records that were never produced to the plaintiff, and (2) Mr. Carpenter's response that he does not have any documents related to Request No. 4 "equates to a claim that none of his companies have had a bank account since 2009." (Doc. No. 167-1 at 16-17; *see also* Doc. No. 197 at 10).

The plaintiff cites to Exhibit 8 as evidence that banking records for TPG Group, Inc., BPA, and Bank of America records for Avon Capital and Grist Mill Capital exist. (Doc. No. 167-1 at 16). Exhibit 8 is a letter from plaintiff's counsel to Mr. Carpenter's counsel, outlining what documents are still allegedly missing from production. (*See generally* Doc. No. 167-8). These allegations and statements do not constitute evidence that responsive documents still exist. Moreover, in this letter, the plaintiff cites a Government Exhibit List from *United States v. Carpenter*, No. 3:13cr226(RNC), as evidence that Mr. Carpenter still possesses responsive documents. (Doc. No. 167-8 at 3). The plaintiff has already conceded that it "no longer alleges that the documents seized in the federal raids are subject to discovery in this proceeding." (Doc. No. 197 at 10 n.3). It is unclear, therefore, what evidentiary value to attribute to an exhibit list created in connection with the underlying 2013 criminal case.

        5.      <u>REQUEST NO. 5</u>

The plaintiff alleges that Mr. Carpenter did not produce documents related to "the good standing, dissolution, and/or other status of any Judgment Debtor and/or Company" because his reply that he did not possess any responsive documents "equates to a claim that none of his entities own any property or assets." (Doc. No 167-1 at 17; *see also* Doc. No. 197 at 10). In particular, the plaintiff cites the docket for exhibits that indicate "*inter alia*, Defendant Trusts own Grist Mill Holdings, LLC." (Doc. No. 167-1 at 24 (citing Doc. No. 136-4, Exs.19-23)).

While the permissible scope of discovery from a non-party is typically the same as that for a party, the burden of discovery sought must be balanced against the need for the requested information. *Tucker v. Am. Int'l Grp., Inc.*, 281 F.R.D. 85, 92 (D. Conn. 2012) (citing *Wells Fargo Bank, N.A. v. Konover*, No. 3:05CV1924 (CFD)(WIG), 2009 WL 585434, at *5 (D. Conn. Mar. 4, 2009) (applying balancing test of Rule 26(b)(2)(C) to deny in part plaintiff's Rule 45 motion to compel production of documents from non-party)). Courts have previously stated that a higher level of need must be shown in order to overcome the burden of discovery on a third or non-party who is not otherwise involved in the lawsuit. *See e.g.*, *id.* (citing *Medical Components, Inc. v. Classical Medical, Inc.*, 210 F.R.D. 175, 180 n. 9 (M.D.N.C.2002) ("The current generally prevailing view is that the Court may first consider whether information should be obtained by direct discovery from a party, as opposed to from a non-party, and that the court should give special weight to the unwanted burden thrust upon non-parties when evaluating the balance of competing needs."); *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed.Cir.1993) (court may require discovery from a party before burdening a non-party)).

Here, the plaintiff has based its argument on exhibits indicating that Defendant Trusts own Grist Mill Partners. To the extent that the plaintiff is requesting documents about Defendant Trusts, the plaintiff should request those documents directly from the appropriate parties, rather than

17

burden a non-party. Stated differently, the plaintiff cannot unduly burden a non-party for production of a party's documents, and then request sanctions or a Court order compelling production.

      6.    <u>REQUEST NO. 6</u>

The plaintiff alleges that Mr. Carpenter did not produce documents related to "the good standing, dissolution, and/or other status of any Judgment Debtor and/or Company" because his reply "equates to a claim that none of his companies filed any documents to maintain good standing and/or dissolution paperwork." (Doc. No. 167-1 at 17-18). Per the plaintiff, Mr. Carpenter's representation that he does not possess responsive documents to this request is contradictory to claims Mr. Carpenter made in others suits—namely, his statements that Benistar, Ltd. filed for dissolution in 1999. (*Id.* ; *see also* Doc. No. 197 at 10). The 1999 dissolution is beyond the scope of the subpoena (*see* Doc. No. 129-1 at 4 ("The time period covered by each request is from January 1, 2007 to the present.")), and therefore the plaintiff cannot rely on this statement alone as substantive evidence that Mr. Carpenter still possesses responsive documents. As such, the plaintiff has failed to establish that Mr. Carpenter's response to Request No. 6 was deficient.

      7.    <u>REQUEST NO. 7</u>

The plaintiff alleges that Mr. Carpenter did not produce documents related to "payment for counsel representing the [Defendant Trusts] in the above-captioned matter" because he did not produce payment records for said trusts. (Doc. No. 167-1 18; *see also* Doc. No. 197 at 10).

The plaintiff appears to be requesting documents from Mr. Carpenter (a non-party) about the Defendant Trusts (a party). As discussed above, rather than burden a non-party with motions for sanctions or a Court order compelling production, the plaintiff should request those documents directly from the appropriate parties to the suit.

8.   <u>REMAINING REQUESTS</u>

The plaintiff alleges that Mr. Carpenter did not produce two categories of documents: the first is related to Mr. Carpenter as an individual and include his tax returns and documentation concerning his life insurance; the second is related to Mr. Carpenter as a business owner and include business records for his companies, bank statements for his companies, payment for counsel for companies under his control, and letters from employees at BASI and that such documents should exist because BASI employees identified Mr. Carpenter as their boss. (Doc. No. 197 at 10).

The plaintiff relies on the argument that Mr. Carpenter "presumably" still has responsive documents, but has failed to substantiate this claim, at least to the extent necessary to support a request for sanctions. Moreover, the second category of requests appear to relate, at least in part, to parties to this law suit and, as such, should be directed to those parties rather than to a non-party. At this juncture, based on the information before the Court, the plaintiff has not satisfied the high burden of proof required to justify the imposition of sanctions for ongoing contempt.

D.   <u>MR. CARPENTER'S PERIOD OF NON-COMPLIANCE BETWEEN JULY 15, 2021 AND SEPTEMBER 6, 2021 WARRANTS SANCTIONS</u>

The plaintiff requests the following sanctions: (1) attorneys' fees (Doc. No. 167-1 at 31-32); (2) compounding fines for each day of continued contumacy (*id.*); (3) Mr. Carpenter's incarceration until compliance with the discovery order should he fail to pay any monetary sanctions within thirty days (*id.*); and/or (4) holding Mr. Carpenter's counsel personally responsible for their client's discovery production and holding them liable for all sanctions entered against their client. (Doc. No. 197 at 18).

Rule 45(g) is silent on what types of sanctions are available and instead relies on the Court's "inherent authority." *In re Dunne*, 2018 WL 4654698, at *8 (citing *Davis v. Speechworks Int'l,*

*Inc.*, No. 03-CV-533S(F), 2005 WL 1206894, at *5 (W.D.N.Y. May 20, 2005)). However, the Second Circuit has not resolved whether a magistrate judge may impose sanctions under the Court's inherent powers and/or Section 1927 or may only *recommend* the imposition of such sanctions. *Kiobel v. Millson*, 592 F.3d 78, 79-80 (2d Cir. 2010); *accord Houston v. Manheim-New York*, 475 F. App'x. 776, 779 (2d Cir. 2012) (summary order); *Gelicity UK Ltd. v. Jell-E-Bath, Inc.*, 10 CV 5677 (ILG)(RLM), 2014 WL 1330938 at *1 n.1 (E.D.N.Y. Apr. 1, 2014) (adopting Report & Recommendation); *but see Novelty Textile Mills, Inc. v. Stern*, 136 F.R.D. 63, 75 (S.D.N.Y. 1991) (Lee, M.J.) ("[P]ecuniary sanctions are not 'dispositive' orders and may therefore be entered by Magistrates, even in the absence of consent, pursuant to the power to 'hear and determine' conferred by § 636(b)(1)(A).").

As such, this Court will follow the trend of other courts in this Circuit and address the plaintiff's application for fees as a Report and Recommendation. *See e.g.*, *Fertitta v. Knoedler Gallery, LLC*, 2015 U.S. Dist. LEXIS 80689, at *8 (S.D.N.Y. May 21, 2015) (issuing Report and Recommendation where movant applied under court's inherent powers); *Gelicity UK Ltd.*, 2014 WL 1330938, at *1 n.1 ("Because the Second Circuit has not resolved the issue of a magistrate judge's authority to sanction under Rule 11, its inherent powers, or 28 U.S.C. § 1927, this Court, out of an abundance of caution, addresses [plaintiff's] motion in a report and recommendation."); *Diversified Control, Inc. v. Corning Cable Sys., LLC*, No. 05-CV-0277 (A)(M), 2010 WL 1371662, at *1 n.2 (W.D.N.Y. April 6, 2010) ("The discussion in *Kiobel* suggests that this uncertainty may now also extend to a Magistrate Judge's authority to impose non-dispositive sanctions under Rule 37.").

Traditionally, civil sanctions have been awarded to compensate the wronged party ("compensatory sanctions") and secure further compliance with a court order ("coercive

sanctions"). When selecting contempt sanctions, a court must use the "least power adequate to the end proposed." *Shillitani v. United States*, 384 U.S. 364, 371, (1966); *see also Cordius Trust v. Kummerfeld Assocs., Inc.*, 658 F. Supp. 2d 512, 524-25 (S.D.N.Y. 2009); *Leser*, 2011 WL 1004708, at *9. Notice must be provided before sanctions are imposed, *Schoenberg*, 971 F.2d at 936, and is satisfied by the filing of a motion for sanction. *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999) (citations omitted). Though the plaintiff has not filed a separate motion for sanctions against Mr. Carpenter, the requested relief in the plaintiff's Motion for Contempt against Mr. Carpenter detail his alleged sanctionable conduct and outline the requests for relief in the form of sanctions. (*See generally*, Doc. Nos. 167-1, 197). Therefore, the notice requirement is satisfied. *See e.g., Schlaifer Nance*, 194 F.3d at 334 (finding sufficient notice where motion was brought under Rule 11, but bases for sanctions were district court's inherent power and 28 U.S.C. § 1927 because motion provided appropriate standards for latter two bases for sanctions and detailed alleged sanctionable conduct).

### 1.   COMPENSATORY SANCTIONS ARE APPROPRIATE

The Second Circuit has required a finding of bad faith in order to award attorneys' fees. *See Wilson v. Citigroup, N.A.*, 702 F.3d 720, 724 (2d Cir. 2012) ("Our case law is clear that a district court may not impose attorney's fees as a sanction without first making an explicit finding that the sanctioned party, whether a party or a party's counsel, acted in bad faith in engaging in the sanctionable conduct.").

"Bad faith can be inferred when the actions taken are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose." *Schlaifer Nance*, 194 F.3d at 338 (internal quotations and citations omitted); *see also Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir.1986) ("[B]ad faith may be found, not only in the actions that led to

the lawsuit, but also in the conduct of the litigation."). "[T]he court's factual findings of bad faith must be characterized by a high degree of specificity." *Schlaifer Nance & Co.*, 194 F.3d at 338.

Here, Mr. Carpenter's initial statements to the plaintiff that he lacked any relevant, responsive documents directly contradicted the representations he made in his motion to quash and was clearly not objectively reasonable. (*See* Doc. No. 167-1 at 18). He clearly stated in his motion that the subpoena was overly broad and burdensome, intimating that it would require him to spend an enormous amount of time and resources gathering the responsive documents. Moreover, Mr. Carpenter's statements to the plaintiff came after the Court overruled his objection to the ruling denying his motion to quash. To move to quash a subpoena as overly broad and burdensome and then follow the denial of the motion to quash by claiming not to have *any* responsive documents is not reasonable. As such, the Court concludes that Mr. Carpenter acted in bad faith between July 15, 2021, which was the court-ordered due date for his subpoena compliance, and September 6, 2021, which was the day before he started producing documents to the plaintiff, making attorneys' fees an appropriate sanction against Mr. Carpenter.

The plaintiff has submitted a redacted supplement indicating various attorneys' fees expended in connection with the various motions filed as to Mr. Carpenter. (*See* Doc. No. 197-1). The Court directs the plaintiff to supplement its response with a sworn affidavit detailing the attorneys' fees incurred between July 15, 2021, and September 6, 2021 in connection with its efforts to secure compliance with the subpoena and prepare the August 2, 2021 motion for contempt. This affidavit must be filed on or before January 14, 2022.

### 2.   ALL OTHER SANCTIONS ARE INAPPROPRIATE

Fines that are imposed to secure future compliance with court orders, or "coercive sanctions," can be imposed at the "broad discretion" of the court to "design a remedy that will

bring about [such] compliance." *See Paramedics*, 369 F.3d at 657 (quoting *Perfect Fit Indus. v. Acme Quilting Co.*, 673 F.2d 53, 57 (2d Cir. 1982)) (internal quotations omitted). Sanctions against a party are awarded under Rule 37; sanctions against a non-party, however, are awarded under Rule 45. *See Markus v. Rozhkov*, 615 B.R. 679, 703 (S.D.N.Y. 2020) ("A plaintiff and a non-party Rule 45 subpoena recipient may "oppos[e] each other with respect to relief sought by one of them," but that dispute does not turn the non-party subpoena recipient into a "party" who is then sanctionable under Rule 37. If disobeying a Rule 45 subpoena made a non-party into a "party" sanctionable under Rule 37, then Rule 45(g)'s provision allowing courts to hold in contempt "person[s]" who fail to "obey the subpoena or an order related to it" would be mere surplusage.")); *see also Magee v. Paul Revere Life Ins. Co.*, 178 F.R.D. 33, 38 (E.D.N.Y. 1998) (stating that Rule 45 sets forth the "exclusive remedy for sanctioning [a non-party]" for failure to appear at depositions); *S.E.C. v. Kimmes*, No. 89 C 5942, 1996 WL 734892, at *8 (S.D.N.Y. Dec. 24, 1996) (stating that Rule 45(e) "authorizes the imposition of sanctions against a nonparty for failure to comply with a subpoena").

District courts are to consider several factors when imposing coercive sanctions: "(1) the character and magnitude of the harm threatened by the party's continued noncompliance; (2) the efficacy of the sanction in bringing about compliance; and (3) the contemnor's ability to pay." *See id.* at 658 (citing *Perfect Fit*, 673 F.2d. at 57). Because sanctions are meant to be only compensatory or coercive, and *not* punitive, a contemnor may assert the defense of inability to pay monetary sanctions. *See Paramedics*, 369 F.3d at 658; *see also Dell Inc. v. Compudirect, Inc.*, 316 F. App'x. 32, 34 (2d Cir. 2009) (citing *Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995)). The contemnor must raise this defense and establish his inability to pay "clearly, plainly, and unmistakably." *See Compudirect*, 316 F. App'x. at 34 (quoting *Huber*, 51 F.3d at 10) (internal

quotations omitted). Mr. Carpenter has not raised this defense, and so the Court will assume that the third prong of the analysis is met.

As discussed above, however, Mr. Carpenter complied substantially with the subpoena and Court order since his September 7, 2021 production, and he submitted two attorney affidavits detailing his good faith attempts at compliance. (*See* Doc. Nos. 203-1, 203-2). Mr. Carpenter therefore has cured his contempt by complying with the Court's August 19, 2021 Order to respond to the subpoena.[5] (*See* Doc. No. 179).

## IV.   CONCLUSION

For the reasons set forth above, this Magistrate Judge certifies the foregoing facts pursuant to 28 U.S.C. § 636(e)(6) regarding Mr. Carpenter's non-compliance with the Court's June 24, 2021 discovery order and recommends as follows: (1) that the Court find Mr. Carpenter in contempt for the time period of July 15, 2021 through September 6, 2021; (2) that the Court find that Mr. Carpenter cured his contempt with his production which began on September 7, 2021; (3) that the Court award the plaintiff attorneys' fees incurred between July 15, 2021 and September 6, 2021 as compensatory sanctions; and (4) that the Court deny the plaintiff's request for coercive sanctions because the underlying contempt has been cured.

This is a recommended ruling. *See* FED. R. CIV. P. 72(b)(1). Any objections to this recommended ruling must be filed with the Clerk of the Court within fourteen (14) days after filing of such order. *See* D. CONN. L. CIV. R. 72.2(a). Any party receiving notice or an order or recommended ruling from the Clerk by mail shall have five (5) additional days to file any

---

[5] While the Court is aware that Mr. Carpenter has previously been sanctioned by sister courts, *see e.g.*, *Universitas Educ., LLC v. Nova Grp., Inc.* No. 11 CV 1590-LTS-HBP, 2016 U.S. LEXIS 64138 (S.D.N.Y. May 16, 2016); *Universitas Educ., LLC*, 2014 U.S. Dist. LEXIS 143667, at *6 (S.D.N.Y. Oct. 8, 2014), the potential that Mr. Carpenter will not pay monetary sanctions is not enough, particularly when the underlying contempt has been cured. Moreover, awarding coercive sanctions at this time would go against the judicial policy of using the "least power adequate to the end proposed," *see supra, Shillitani*, 384 U.S. at 371.

objection.  *See* D. Conn. L. Civ. R. 72.2(a). Failure to file a timely objection will preclude appellate review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a) & 72; D. Conn. L. Civ. R. 72.2; *Impala v. United States Dept. of Justice*, 670 F. App'x 32 (2d Cir. 2016) (summary order) (failure to file timely objection to Magistrate Judge's recommended ruling will preclude further appeal to Second Circuit); *Small v. Secretary of H.H.S.*, 892 F.2d 15 (2d Cir. 1989) (per curiam).

A copy of this Order is being sent to counsel for the parties by electronic filing on the date below.

Dated this 22nd day of December, 2021 at New Haven, Connecticut.

/s/ *Robert M. Spector*, U.S.M.J.
Robert M. Spector
United States Magistrate Judge