**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

UNIVERSITAS EDUCATION, LLC,                No. 3:20-CV-00738 (JAM)

v.

BENISTAR, ET AL.                MARCH 4, 2022

### Motion to Vacate/Dissolve Prejudgment Attachment

Pursuant to Fed. R. Civ. P. 64 and Conn. Gen. Stat. § 52-278k, the defendant,

**Moonstone Partners, LLC** ("Moonstone"), hereby moves this Court to vacate its

stipulated order [#66] granting a prejudgment attachment on real property owned by

Moonstone located at 392B Cards Pond Road, South Kingstown, Rhode Island.

Under Connecticut law, probable cause no longer exists to maintain this prejudgment

attachment because: (a) the Court granted Moonstone's motion to dismiss the

plaintiff's claims against it (Order #110]); and (b) the plaintiff has abandoned its

claims against Moonstone.

### Background

Universitas filed this action to enforce money judgments it obtained in the

Southern District of New York against Nova Group, Inc. and Daniel Carpenter. *See*

*Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11 CIV. 1590-LTS-HBP, 2012 WL

2045942 (S.D.N.Y. June 5, 2012), *aff'd*, 513 F. App'x 62 (2d Cir. 2013); *Universitas*

*Educ., LLC v. Nova Grp., Inc.*, No. 11CV1590-LTS-HBP, 2014 WL 3883371

(S.D.N.Y. Aug. 7, 2014). The undersigned defendants are Molly Carpenter; Donald

Trudeau; Benistar Admin Services, Inc. ("BASI"); TPG Group, Inc.; and Moonstone

Partners, LLC. Universitas asserted the following claims: (1) "alter ego" liability

against all defendants; (2) liability for attorney's fees; (3) a constructive trust against

Moonstone and Molly Carpenter; and (4) a constructive trust against Moonstone.

(Compl. [#1], Counts 1, 2, 3, 6.)

On June 1, 2020, pursuant to Fed. R. Civ. P. 64 and Conn. Gen. Stat.

§ 52-278e, Universitas filed a motion for prejudgment remedy [#9]. Thereafter, on

July 17, 2020, the parties reached an agreement resolving Universitas' motion and, to

that end, filed a Stipulation for Prejudgment Attachment of Real Estate [#65].

Among other things, the parties stipulated that the Court could issue an Order of

Attachment allowing Universitas to attach certain real property owned by Moonstone

Partners, LLC located at 392B Cards Pond Road, South Kingstown, Rhode Island.

(*See* Proposed Order of Attachment [#65-1] at 2 ¶ 3.)[1] The attachment was in the

amount of $1,060,000. (*Id*.) The Court (Spector, Mag. J.) entered that Order of

Attachment on July 20, 2020 (Order [#66]) and, thereafter, Universitas recorded its

attachment on the South Kingstown land records. (*See* **Ex. A**.)

On March 15, 2021, the Court granted the defendants' motion to dismiss all

claims against them. (Order [#110]). Universitas then filed a motion for partial

reconsideration [#117] of that order dismissing the alter ego claims against Molly

Carpenter, Don Trudeau, BASI, and TPG Group, Inc. Universitas does not seek

reconsideration of the order dismissing its claims against Moonstone. As it states in

its supporting memorandum of law:

> Universitas is not seeking reconsideration as to whether the alter ego
> claim against Moonstone Partners, LLC ('Moonstone') is barred by *res
> judicata* because Moonstone was a party to the underlying fraudulent
> conveyance action. Hereinafter, the phrase 'Benistar Defendants' shall
> have the same meaning as that attributed to it by the Court in its order,
> except that Moonstone is not included within the meaning of this
> phrase. (See Dkt. #110 at 8.)

(Pl.'s Mem. [#117-1] at 1 n.1.) Universitas also filed a motion to amend its

complaint [#118] where it removed its claims against Moonstone from its proposed

amended complaints ([#118-2] and [#118-4]). Thus, even if the Court were to grant

---

[1]     The proposed order also allowed Universitas to attach other real property owned by
the co-defendants, Molly Carpenter and Grist Mill Partners, LLC. This motion does not
apply to that part of the Court's order. Universitas still will be secured by those attachments.

reconsideration or allow Universitas to amend its complaint, the Court's order of dismissal as to Moonstone still stands.

## Standard

Federal Rule of Civil Procedure 64 authorizes the Court to enter a prejudgment remedy as may be permitted "under the law of the state where the court is located" in order "to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a). "Connecticut law in turn allows for entry of a prejudgment remedy if a party shows probable cause that a judgment will enter in the amount sought for a remedy." *Roberts v. Triplanet Partners LLC*, No. 3:12CV1222 JAM, 2014 WL 1831022, *2 (D. Conn. May 8, 2014)(Meyer, J.)(citing Conn. Gen. Stat. § 52–278d(a)). The prejudgment remedy statute "further allows the Court, in its discretion, to modify or vacate a previously ordered prejudgment remedy upon presentation of evidence that would have justified a modification or denial of a prejudgment remedy at the initial hearing." *Id*. (citing Conn. Gen. Stat. § 52–278k). "A court is obligated to dissolve a prejudgment remedy such as an attachment upon realty if there is no probable cause to sustain the validity of the plaintiff's claim." *Good v. Paine Furniture Co*., 35 Conn. Supp. 24, 25 (Conn. Super. Ct. 1978).

## Argument

**A.     Because the Court dismissed all claims against Moonstone, *ipso facto*, there is no probable cause to sustain the validity of those claims.**

Under Connecticut law governing prejudgment remedies, "probable cause" is defined as:

> a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. Probable cause is a flexible common-sense standard. It does not demand that a belief be correct or more likely true than false.

*Baltas v. Frenis*, 2019 WL 1552915, *7 (D. Conn. Apr. 10, 2019)(Spector, Mag. J.) (citation omitted). The Court will "consider not only the validity of the plaintiff's claim but also the amount that is being sought." *Id*. at *6.

Here, the Court is not required to determine the likelihood that Universitas' claims against Moonstone will succeed; the Court has dismissed those claims and Universitas has abandoned them. Moonstone is no longer a defendant in this case and, thus, no probable cause *can* exist to sustain the validity of Universitas' claims against it. Moostone therefore asks the Court to vacate its order and dissolve the prejudgment attachment on its real property.

**Wherefore,** the defendants respectfully request that this Court grant this motion in accordance with the proposed order attached hereto **(Ex. B.)**

THE DEFENDANTS,
MOLLY CARPENTER, DONALD
TRUDEAU, BENISTAR ADMIN SERVICES,
INC., TPG GROUP, INC., AND
MOONSTONE PARTNERS, LLC.

By:   /s/ Michael R. McPherson
Dan E. LaBelle, Esq. (ct01984)
labelle@halloransage.com
HALLORAN SAGE, LLP
315 Post Road West
Westport, CT 06880
Tel: (203) 227-2855
Fax: (203) 227- 6992

Michael R. McPherson, Esq. (ct24082)
mcpherson@halloransage.com
HALLORAN SAGE, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06880
Tel: (860) 241-4079
Fax: (860) 548-0006

**Certification**

I hereby certify that on March 4, 2022 a copy of foregoing motion was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

<u>/s/ Michael R. McPherson (ct24082)</u>