UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC<br><br>        *Plaintiff,*<br><br>v.<br><br>BENISTAR, ET AL.<br><br>        *Defendants.* | CASE NO. 3:20-cv-00738-JAM |

**Joint Status Report**

  Universitas Education, LLC ("Universitas") and Defendants Alliance Charitable Trust, Carpenter Charitable Remainder Trust, Pheonix Charitable Remainder Trust, Atlantic Charitable Remainder Trust, and Avon Charitable Remainder Trust (collectively the "Trusts") hereby respectfully file their Joint Status Report regarding the status of discovery in the above-captioned case.

  1.  On February 11, 2022, this Court held a hearing regarding the Trusts' compliance with this Court's July 19, 2021 discovery order (Doc. No 162). The parties indicated that supplemental discovery had been produced, but that discovery remained incomplete.

  2.  This Court ordered the parties to meet and confer regarding compliance with each category of documents that the Court ordered to be produced in its July 19, 2021 Order.

  3.  Counsel for the parties met and conferred regarding compliance with the July 19, 2021 Order on Wednesday, February 23, 2022.

  4.  At the meet and confer, the parties discussed: (i) the documents that had been produced in each category to date; (ii) which documents were outside the Trusts' possession, custody, and control; and (iii) the information possessed by Universitas suggesting the existence of more relevant documents within the possession, custody, and control of the Trusts.

5.      At the meet and confer, the parties determined that the Trusts had produced bank records from Chase for the years of 2011 through 2014, and that earlier records were not included in the document production from Chase pursuant to the Trusts' subpoena. The Trusts further produced certain bank records before 2010 as a part of its supplemental production. The Trusts indicated that there existed no Bank of America bank records for those Trusts, and a letter from Bank of America to the Trusts indicated the same.

6.      The parties also discussed financial records, including cash disbursement and receipt journals, as well as balance statements. Universitas noted that there appeared to be Sage 50 Accounting Software for the Trusts, and pointed to certain other paper documents in the Trusts' production that suggested that balance sheets and general ledgers existed for the Trusts. After a further review, the Trusts indicated that there existed no cash receipt or disbursement journals, and that the limited general ledgers and balance sheets produced were the only ones in the Trusts' possession, custody, and control.

7.      Counsel for the Trusts represented that the Trusts do not own and are not the beneficiaries of any life insurance policies, and thus that there exist no responsive documents.

8.      The parties agreed that the Trusts had fulfilled their discovery obligations as to the declarations of trust and documents regarding registration with any secretary of state. The parties agreed that the Trusts had produced Tax returns from 2009 to 2019, and that the Trusts would fulfill their obligations with the production of tax records from 2020. The Trusts promptly produced these 2020 tax records.

9.      The parties discussed the existence of any contracts of documents supporting any real or personal property transfers. Counsel for the Trusts represented that no such contracts exist and that the bank records for the receipt and disbursement of funds had been produced.

10. The parties also discussed the documents concerning the distribution of Trust assets and the receipt of assets by the Trusts to/from various other parties. The Trusts subsequently produced emails that were responsive to the search terms agreed-upon by the parties. As stated above, the Trusts also produced bank records and limited financial statements that memorialize such transfers.

11. The parties confirmed the contents of the meet and confer in two emails dated February 24, 2022 and March 3, 2022.

12. After conferring, the parties agree that the Trusts have fulfilled their discovery obligations related to all the categories of documents required to be produced pursuant to this Court's July 19, 2021 Order (Doc. No. 162).

13. Currently, Universitas does not have further information suggesting that responsive documents were withheld by the Trusts.

14. The parties will coordinate regarding the need for supplemental discovery, if any, after full review of the production and/or if Universitas acquires any new information suggesting the existence of more documents in the possession, custody, or control of the Trusts.

15. Counsel for Universitas sent a copy of the foregoing Joint Status Report to Counsel for the Trusts for approval. On Mach 10, 2022, Counsel for the Trusts indicated that they approved the statements made herein and that Universitas had its approval to file the foregoing as a Joint Status Report.

Dated: March 10, 2022

/S/ *Joseph L. Manson III*
JOSEPH L. MANSON, III
(*Admitted Pro Hac Vice*)
jmanson@jmansonlaw.com
LAW OFFICES OF JOSEPH L. MANSON III
600 Cameron St,
Alexandria, VA 22314
Telephone: (703) 340-1693


ATTORNEYS FOR PETITIONER
UNIVERSITAS EDUCATION, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of March, 2021, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and to all counsel of record.

/s/ Joseph L. Manson III