# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

UNIVERSITAS EDUCATION, LLC,
    *Plaintiff*,

    v.                            No. 3:20-cv-738 (JAM)

BENISTAR *et al.*,
    *Defendants*.

## RULING ON PENDING MOTIONS

After Daniel Carpenter stole millions of dollars from plaintiff Universitas Education, Universitas filed this lawsuit to recover some of that money from Carpenter's alleged alter egos. Last year, however, I dismissed many of Universitas's claims. I reasoned that because the company should have included those claims in its earlier New York lawsuit against Carpenter, the claims were now barred by the doctrine of *res judicata*.

In response to that ruling, the parties have filed three motions. Universitas asks me to reconsider parts of my ruling. Some defendants ask me to reconsider other parts. And Universitas moves for leave to file an amended complaint. I will deny the motions to reconsider but partly grant Universitas's motion to file an amended complaint to add new claims and defendants. In doing so, I reaffirm my core holding that some of Universitas's claims are barred by *res judicata*.

### BACKGROUND

Universitas took out life insurance policies on Sash Spencer, a benefactor. The policies were managed by the Nova Group. But when Spencer died in 2008, Nova and its owner Daniel Carpenter stole the life insurance payments. Carpenter was later convicted of wire fraud, and in 2011, Universitas was awarded a $26.5 million arbitration judgment against Nova. *See Universitas Educ., LLC v. Benistar*, 2021 WL 965794, at *1–2 (D. Conn. 2021); *United States v.*

*Carpenter*, 190 F. Supp. 3d 260, 292–96 (D. Conn. 2016), *aff'd sub nom. United States v. Bursey*, 801 F. App'x 1 (2d Cir. 2020).

Ever since, Universitas has struggled to collect the judgment. According to the company, this is because Carpenter has hidden his and Nova's assets in dozens of shell companies. After it won the arbitration, Universitas filed three turnover motions in a New York federal court. Carpenter, some of his alleged shell companies, and his wife Molly appeared in the proceeding. The court found that Carpenter had fraudulently transferred the insurance money to some of the shell companies, and thus that he and the companies were liable for the arbitration award. *Ibid.*

Even still, Universitas has failed to recover the money. So it has filed more lawsuits against Carpenter's affiliates. In this case, it sued four of Carpenter's companies (Benistar Admin Services Inc., TPG Group, Inc., Grist Mill Partners, LLC, and Moonstone Partners, LLC); five of his charitable trusts (Alliance Charitable Trust, Phoenix Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, and Carpenter Charitable Trust); an executive at some of those companies, Donald Trudeau; and Molly Carpenter.[1]

Universitas brought three sets of claims. First, it alleged that the defendants all had "such a unity of interest" with Carpenter that they all should be liable for the arbitration judgment as his alter egos.[2] Second, Universitas sued each defendant for attorneys' fees.[3] And third, it asked for a "constructive trust" against some of the defendants.[4]

Last year, however, I dismissed most of those claims. To start, I ruled that the attorneys' fees and constructive trust claims were not valid causes of action. *Id.* at *5–6. I also dismissed the alter ego claims against some of the defendants.

---

[1] Doc. #1.
[2] *Id.* at 30–31 (¶¶ 172–80).
[3] *Id.* at 31–32 (¶¶ 181–86).
[4] *Id.* at 32–35 (¶¶ 187–206).

2

I dismissed the alter ego claims because of *res judicata*, a doctrine meant to deter piecemeal litigation. *Id.* at *16. I concluded that under New York law—which I found applies here—*res judicata* "bars successive litigation based upon the same transaction or series of connected transactions if (i) there [wa]s a judgment on the merits rendered by a [previous court] and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was." *Id.* at *11. I also explained that *res judicata* "applies not only to claims actually litigated but also to claims that could have been." *Ibid*.

I found that *res judicata* barred the alter ego claims against five defendants whom I referred to collectively as the "Benistar Defendants": Molly Carpenter, Trudeau, Benistar, TPG, and Moonstone. First, I found that the claims were based on the "same transaction or series of transactions" as the New York case, because both cases were attempts to hold Nova's affiliates liable for the arbitration judgment against it. *Id.* at *14–15. I also found that Universitas knew enough that it "could have asserted" its new alter ego claims in the New York case. *Id.* at *11, 13–15. And finally, I observed that the defendants here were allegedly in privity with the defendants in the New York case, and that the New York case reached a final decision. *Id.* at *12. Finding all the elements of *res judicata* met, I dismissed the alter ego claims against the Benistar Defendants.

I did not, however, dismiss the alter ego claims against Grist Mill and the Trusts, because those defendants had not properly asked me to. Yet I noted that the "*res judicata* defense could arguably apply to each of the defendants in this action." *Id.* at 16 n.6.

In the wake of my decision, the parties have filed three more follow-on motions. Universitas asks me to reconsider my *res judicata* ruling.[5] Meanwhile, the five charitable trusts

---

[5] Doc. #117.

ask me to extend the ruling to the alter ego claims against them.[6] Finally, Universitas asks for leave to file an amended complaint.[7]

**DISCUSSION**

**_Universitas's motion to reconsider (Doc. #117)_**

Motions to reconsider are governed by Local Rule of Civil Procedure 7(c), which provides that they "will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order." This standard is strict: "A motion for reconsideration is justified only where the [movant] identifies an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." _Ayazi v. United Fed'n of Teachers Local 2_, 487 Fed. Appx. 680, 681 (2d Cir. 2012).

Universitas asks me to revive its alter ego claims against four defendants—Molly Carpenter, Trudeau, Benistar, and TPG—based on three arguments. First, it says that I overlooked a controlling point of New York law. It claims that in New York, "_res judicata_ does not bar post-judgment alter ego claims brought against parties that were not defendants in the prior action."[8]

Universitas is making this argument for the first time. That is reason enough to reject it, because "[a] motion for reconsideration is not an occasion for a losing party simply to re-litigate arguments … that it failed to raise or properly develop before." _Gorss Motels Inc. v. Sprint Commc'ns Co., L.P._, 2020 WL 1303175, at *1 (D. Conn. 2020); _see Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., Inc._, 265 F.3d 97, 115 (2d Cir. 2001).

---

[6] Doc. #120.
[7] Doc. #118.
[8] Doc. #117-1 at 17.

4

The argument is also mistaken. As I explained in my last decision, *res judicata* may be invoked not only by "a party to the previous action," but also by someone "in privity" to that party. *Universitas*, 2021 WL 965794, at \*11 (quoting *People ex rel. Spitzer v. Applied Card Sys., Inc.*, 11 N.Y.3d 105, 122 (2008)). Universitas cites no authority saying otherwise. It does cite some New York decisions that refused to apply *res judicata* to alter ego claims. In those cases, however, the court did so because the claims "var[ied] materially from the claims determined in [the earlier case]." *Cornwall Mgmt. Ltd. v. Kambolin*, 2015 WL 2090371, at \*11 (N.Y. Sup. Ct. 2015); *see also Am. Federated Title Corp. v. GFI Mgmt. Servs., Inc.*, 39 F. Supp. 3d 516, 523 (S.D.N.Y. 2014); *Abyssinian Development Corp. v. Bistricer*, 2018 WL 2386362, at \*3 (N.Y. Sup. Ct. 2018). None of those cases relied on a categorical rule that I overlooked, and they do not suggest that I made a clear error of law.

Next, Universitas says that I made a clear error of fact. In my last ruling, I found that the company knew enough about its alter ego claims to include them in its New York case. But Universitas disagrees and claims that it learned of its claims only later.

Again, I reject this argument simply because Universitas is improperly making it now for the first time. I also reject it on the merits. As I explained in my last ruling, Universitas's alter ego claims "rely heavily on factual allegations drawn from the [New York case] and from even earlier litigation involving Daniel Carpenter and his entities." *Universitas*, 2021 WL 965794, at \*14. For example, while the New York case was pending, Universitas knew about all the current defendants and thought that Carpenter was running "numerous companies, corporations and trusts … [to] perpetuat[e] … [a] long-running shell game."[9] That should have prompted it to sue

---

[9] Doc. #309 at 6, *Universitas Educ., LLC v. Nova Group, Inc.*, 11-cv-1590 (S.D.N.Y.); Doc. #117-1 at 14.

the defendants back then. In fact, Universitas has argued that it had "probable cause" for some of its new alter ego claims based on revelations from 2013 and 2003 court decisions.[10]

Universitas does not dispute any of this. Instead, it argues that after the New York case ended, it found even *more* evidence for its claims. But that does not undermine my ruling. *Res judicata* bars Universitas's claims, I have ruled, because the company knew *enough* to bring its claims earlier—not because it knew *everything*. (Once it knew enough to sue, it could have learned the rest during discovery.) To rebut my reasoning, Universitas needed to point to an element of its alter ego claims that it could not have plausibly alleged without its new evidence. Because Universitas has not done this, it has not shown grounds for reconsideration.

Anticipating that conclusion, Universitas has offered to file yet another brief or complaint elaborating on when it learned about the facts supporting its allegations. I decline the offer. Universitas has now had two chances to show that *res judicata* does not apply. It has failed twice, and I will not give it a third try. I also doubt that extra briefing would help. *Res judicata* applies, I have ruled, because of what Universitas indisputably *did* know during the New York case. No matter how much *more* Universitas learned later, my conclusion would not change.

Finally, Universitas argues that I should reconsider my decision because of a new development: in February 2021, an Oklahoma federal court found that some other Carpenter affiliates were liable to Universitas for the arbitration judgment.[11]

Given that I issued my decision in *March* 2021, I do not see how this development is new. Nor do I see how it is relevant. Universitas thinks that the Oklahoma decision and mine are in tension, because under my reasoning, the Oklahoma case was also barred by *res judicata*. But

---

[10] Doc. #9-1 at 14; *see also* Doc. #1 at 15, 19 (¶¶ 76, 97).
[11] Doc. #117-1 at 20 (citing *Universitas Educ., LLC v. Avon Cap., LLC*, Case No. 5:14-fj-5 (W.D. Okla.)); *Universitas Educ., LLC v. Avon Cap., LLC*, 2020 WL 8768520 (W.D. Okla. 2020), *report and rec. adopted*, 2021 WL 510625 (2021).

the Oklahoma defendant (Avon Capital, LLC) is neither a party here nor bound by my decision. At best, then, any tension is in reasoning, not result—and even then, only if the Oklahoma defendant made a *res judicata* argument. Universitas does not explain why a possible tension in reasoning between two district courts in different circuits would be a ground to reconsider my decision.

### Trusts' motion to reconsider (Doc. #120)

Although I dismissed the alter ego claims against some of the defendants, I declined to dismiss those same claims against the Charitable Trusts. But now, the Trusts ask me to dismiss the alter ego claims against them too. I will deny the motion.

To start, the motion is untimely. Under Local Rule of Civil Procedure 7(c), the defendants had seven days to ask me to reconsider my ruling. But without explaining why, they took a month. Plus, their argument is new: aside from an improper reference to it in a reply brief, they did not argue last time that any claims were barred by *res judicata*.

While those are reasons enough to deny the motion, I also disagree with the Trusts on the merits. Unlike some of the other defendants, they have not adequately shown that Universitas knew enough to bring the alter ego claims against them as early as the New York case. Their evidence is just one filing from that case that mentions only one of the five Trusts in passing. This is not enough for me to conclude that *res judicata* applies, let alone that I made a clear error. I will therefore deny the Trusts' motion, without prejudice to their renewing their *res judicata* argument if they find stronger evidence.

In reliance on *Universitas Educ., LLC v. T.D. Bank, N.A.*, 2015 WL 9304551 (S.D.N.Y. 2015), the Trusts also argue that the alter ego claims should be dismissed under a statute of limitations. Because the Trusts did not make this argument in either of their two prior motions to

7

dismiss (Docs. #74, #87) and have presented this argument for the first time in a single sentence of their three-week late motion to reconsider, I will not entertain it at this time.

### *Universitas's motion to amend (Doc. #118)*

Finally, Universitas moves to amend its complaint to add new claims and defendants. Courts "should freely give [the plaintiff] leave [to amend its complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). But a court may deny leave to amend if the new complaint would be prejudicial or futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

I will let Universitas bring some of the claims in its proposed complaint, but not all. Universitas may bring its proposed unjust enrichment claims against the Trusts, against Grist Mill Partners, LLC, and against six new defendants: Caroline and Steven Meckel (Carpenter's daughter and son-in-law); 1&3 Mill Pond Partners LLC; Birch Hill Partners, LLC; Seir Hill Partners, LLC; and Greyhound Partners, LLC.

These claims are not clearly futile. Some of the defendants argue that the claims are barred by a statute of limitations. But their arguments rely on outdated case law: in 2019, the Connecticut Supreme Court held that unjust enrichment claims are "not subject to a statute of limitations," regardless of where the claims arose. *Reclaimant Corp. v. Deutsch*, 332 Conn. 590, 613 (2019). Other defendants argue that the claims fail on the merits or are barred by *res judicata*. But because the parties have not yet fully briefed the issues and developed the record, I cannot now conclude the claims are futile.

Adding these parties and claims would not be unfair. Universitas moved to amend its complaint promptly after my order. Discovery was just beginning (and it remains ongoing). And no current defendant has explained why it would be prejudiced if I added these specific parties. The Trusts argue generally that adding new defendants and claims will "increase the amount of

discovery that will need to be conducted."[12] But "[a]n adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." *Mercer v. Schriro*, 2019 WL 4017309, at *6 (D. Conn. 2019). Because the Trusts and Grist Mill have failed to show any other prejudice, I will let Universitas add the six new defendants and the new claims against the Trusts and Grist Mill.

On the other hand, Universitas's proposed claim for unjust enrichment against Molly Carpenter is futile. Universitas alleges that for many years—even before he stole the insurance money—Daniel Carpenter gave his property to his wife to put it "outside the reach of creditors."[13] Therefore, Universitas reasons, Molly Carpenter was unjustly enriched while holding on to Daniel's property that should have been used to pay the arbitration judgment.

But just as I have previously ruled with respect to the alter ego claim against Molly Carpenter, an unjust enrichment claim against her is equally barred by *res judicata*. To start, it arises "out of the same transaction or series of transactions" as the claims in the New York case. This turns on "how the facts [behind the claims] are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Smith v. Russell Sage Coll.*, 54 N.Y.2d 185, 192–93 (1981).

Here, the new claim against Molly Carpenter and the New York claims are closely related. They share the same motivation: to recover on the arbitration judgment. (In fact, they are alternatives: if Universitas had fully recovered based on its theories in the New York case, it could no longer claim unjust enrichment.) The claims also rely on the same general theory—that Carpenter has tried to thwart his creditors by sending his property to associates and shell

---

[12] Doc. #121-1 at 5.
[13] Doc. #118-3 at 61 (¶ 454).

companies. And thus they also rely on similar evidence. Finally, the claims are logically related: Universitas's argument in the New York case—that Carpenter was liable for Nova's debt—is a key premise of its new attempts to hold Carpenter's affiliates liable for that debt.

To be sure, the claims are not identical. As Universitas points out, the New York case focused on whether Carpenter had fraudulently transferred the stolen life insurance payments, while the new claims focus on Carpenter's attempts to hide *all* his assets. But "even when [claims] depend on different shadings of the facts, or would emphasize different elements of the facts," they can be based on the same series of transactions as long as they are "grounded on the same gravamen of the wrong." *Smith*, 54 N.Y. 2d at 192. Just so here.

Aside from arguing that the new claims and the New York case are about different series of transactions, Universitas does not otherwise dispute that *res judicata* applies, except with its general arguments that I have already rejected. I therefore conclude that the unjust enrichment claim against Molly Carpenter is futile.

Finally, Universitas seeks to bring new alter ego claims against 1&3 Mill Pond, Birch Hill, Seir Hill, and Greyhound. It alleges that these companies are liable for the arbitration award because they have a "unity of interest" with Carpenter and his businesses that are already liable.[14] But by trying to hold Carpenter's companies liable for his debts, these claims are alleging a theory of "reverse" veil piercing. And under a 2019 Connecticut law, new lawsuits filed against Connecticut companies may not rely on reverse veil piercing. *See* Conn. Gen. Stat. § 33-673c; *McKay v. Longman*, 211 A.3d 20, 46 n.27 (2019). Birch Hill, Seir Hill, and Greyhound are Connecticut LLCs. And Universitas filed this lawsuit in 2020. So it may not bring reverse veil piercing claims against them.

---

[14] *Id.* at 42 (¶ 261).

But even if these companies are not liable for *Carpenter*'s debt, Universitas argues, they

may be held liable for the debt of their *corporate siblings* under a theory of "horizontal veil

piercing." I do not agree. As other state courts have explained, horizontal liability "in any tenable

form must run up from the debtor corporation to the common owner, and from there down to the

targeted sister corporation(s)." *Mortimer v. McCool*, 255 A.3d 261, 285 (Pa. 2021). Thus,

horizontal veil piercing is just normal veil piercing followed by reverse veil piercing. And

because reverse piercing is now banned in Connecticut, horizontal veil piercing must not be

allowed either. *Cf. id.* at 285 n.91 (noting that "among jurisdictions that recognize 'horizontal

piercing,' ... only [one] has not expressly adopted reverse-piercing"). Thus, whether I treat the

alter ego claims against the Connecticut LLCs as horizontal or reverse, they are futile.

But 1&3 Mill Pond is a Delaware LLC, and I have already ruled that Delaware law likely

permits reverse veil piercing. *See Universitas*, 2021 WL 965794, at *7. So that claim is not

necessarily futile, and Universitas may amend the complaint to bring it.

## CONCLUSION

The Court DENIES the motions to reconsider (Docs. #117, #120). The Court GRANTS

IN PART and DENIES IN PART Universitas's motion to file an amended complaint (Doc.

#118). Universitas may file its proposed amended complaint (Doc. #118-3), except for its alter

ego claims against Birch Hill, Seir Hill, and Greyhound and its unjust enrichment claim against

Molly Carpenter. The motion to amend is otherwise DENIED. The Court GRANTS the motion

for leave to file a sur-reply (Doc. #133).

It is so ordered. Dated at New Haven this 16th day of March 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge