UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNIVERSITAS EDUCATION, LLC,
    *Plaintiff*,

v.

BENISTAR *et al.*,
    *Defendants*.

No. 3:20-cv-738 (JAM)

## RULING ON MOTION FOR CONTEMPT SANCTIONS

Plaintiff Universitas Education, LLC seeks to hold Daniel Carpenter in contempt for violating a discovery order I issued last June. I agree with Universitas that Carpenter violated my order, but I am not sure whether he continues to violate it. I therefore find Carpenter in contempt, award Universitas sanctions, and instruct Carpenter to sit for a deposition concerning his compliance.

### BACKGROUND

Universitas alleges that Carpenter stole about $26.5 million from it and is hiding the money in shell companies. Universitas won an arbitration against Carpenter in 2011, and it has been trying for over a decade to collect on the judgment. Its efforts include this lawsuit against some of the alleged shell companies. *See Universitas Educ., LLC v. Benistar*, 2021 WL 965794, at *1 (D. Conn. 2021).[1]

Carpenter is not a party to this case. Even so, Universitas has sought third-party discovery from him. In April 2021, it served Carpenter with a subpoena to turn over relevant documents.[2] Carpenter moved to quash the subpoena, arguing that the subpoena was burdensome and called

---

[1] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.
[2] Doc. #129-1.

1

for privileged information.³ But in June, I denied the motion and ordered Carpenter to comply with the subpoena by July 15, 2021.⁴

July 15 came and went. Yet Carpenter still had not produced any documents. So in August, Universitas moved to hold Carpenter in contempt.⁵ I referred the motion to Magistrate Judge Spector.⁶ Judge Spector then gave Carpenter an extension until September 9 to comply with the subpoena.⁷

Finally, in September, Carpenter had his longtime lawyer Jeffrey Sandberg send documents to Universitas.⁸ Sandberg sent Universitas what appears to be the full contents of certain file directories that he thought were responsive to the subpoena.⁹ Carpenter claimed that this had fulfilled his discovery obligations.¹⁰

Universitas disagreed. On the one hand, it thought, Carpenter had sent too *much*, because by copying entire directories, Sandberg had buried any relevant documents in mounds of irrelevant files. But in another way, it thought, Carpenter had sent too *little*, because he had omitted many responsive documents. So Universitas renewed its motion for sanctions.¹¹

Judge Spector recommended that I grant the motion in part. He agreed with Universitas that Carpenter was originally in contempt of my discovery order. But he believed that Carpenter cured the violation once Sandberg turned over the documents in September.¹² He recommended

---

³ Doc. #129.
⁴ Doc. #159.
⁵ Doc. #167.
⁶ Doc. #169.
⁷ Doc. #179.
⁸ Doc. #203-1 at 3 (¶¶ 5–6).
⁹ Doc. #183 at 6–30.
¹⁰ *Id.* at 1.
¹¹ Doc. #197.
¹² Doc. #218 at 9–13.

that I award Universitas "the attorneys' fees [it] incurred between July 15, 2021, and September 6, 2021 in connection with its efforts to secure compliance with the subpoena."[13]

Both Universitas and Carpenter have objected to Judge Spector's recommended ruling. Carpenter argues that he was never in contempt of my order; Universitas argues that he still is.[14]

## DISCUSSION

Upon receiving a party's objections to a Magistrate Judge's recommended ruling, I must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

Judge Spector found that Carpenter was in contempt of my order through September 6, 2021. Carpenter objects to this finding, but I agree with Judge Spector. A court "may hold in contempt a person who, having been served, fails without adequate excuse to obey [a] subpoena or an order related to it." Fed. R. Civ. P. 45(g). "To establish contempt for failure to obey a court order, the movant must show that (1) the order the alleged contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the alleged contemnor has not diligently attempted to comply in a reasonable manner." *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102, 111 (2d Cir. 2015).

Universitas has shown all three elements. First, Carpenter does not dispute that my order was clear.[15] Second, he violated the order. Although I ordered Carpenter to respond to the subpoena by July 15, he had turned over no documents by then. He now argues that he was not obligated to turn over any documents because they were not in his control.[16]

---

[13] *Id.* at 22.
[14] Docs. #220, 221.
[15] Doc. #218 at 10.
[16] Doc. #220 at 2.

3

I do not agree. Under the subpoena, Carpenter was required to turn over all documents in certain categories that were in his "possession, custody, or control."[17] *See* Fed. R. Civ. P. 45(a)(1)(A)(iii). "The concept of 'control' has been construed broadly. If the producing party has the legal right or the practical ability to obtain the documents, then [he] is deemed to have 'control,' even if the documents are actually in the possession of [someone else]." *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 236 F.R.D. 177, 180 & n.3 (S.D.N.Y. 2006).

Carpenter argues that he did not "possess" any responsive documents. But I find by clear and convincing evidence that, at a minimum, he had the "practical ability" to access responsive documents between July 15 and September 6. To start, after Judge Spector again ordered him to turn over the documents, he had no trouble doing so. He simply asked his lawyer Sandberg to send over the files, and Sandberg complied promptly. Carpenter plainly had the practical ability to get the documents to Universitas by September. And he offers no reason why he lacked that ability two months earlier. It appears that he simply had not yet bothered.

Plus, when Carpenter moved to quash the subpoena back in May, he argued that the requests were burdensome. But if Carpenter really lacked control over any responsive documents, he would have made the *opposite* objection. His change in tune suggests that his after-the-fact excuse is untrue.

Third, Carpenter did not attempt to comply with my order diligently. In fact, there is no evidence that he even tried to get the documents to Universitas before the July 15 deadline. I therefore find that Carpenter was in contempt of my order until at least September 6.

Judge Spector found that Carpenter cured the contempt when he handed over the documents in September. Universitas replies that Carpenter's September actions did not comply

---

[17] Doc. #129-1 at 9.

with my order. On *de novo* review, I am unsure whether Carpenter cured the contempt in terms of fully responding in good faith to the subpoena.

Someone served with a subpoena must "conduct a reasonable and diligent search for responsive documents." *Mintz Fraade Law Firm, P.C. v. Brady*, 2021 WL 621206, at *4 (S.D.N.Y. 2021) (Rule 34 case); *see New Falls Corp. v. Soni*, 2018 WL 3321429, at *5 (E.D.N.Y. 2018) (explaining that "the logic underpinning Rule 34 is helpful in determining the scope of [a] non-party['s] … obligations under a Rule 45 document subpoena"). A responding party is not diligent if he "simply dump[s] large quantities of unrequested materials onto the discovering party along with the items actually sought." *SEC v. Collins & Aikman Corp.*, 256 F.R.D. 403, 410 (S.D.N.Y. 2009).

Yet Carpenter did just that. He had Sandberg send entire file directories to Universitas, without making any effort to cull out unresponsive materials.[18] As a result, he ended up sending Universitas irrelevant business documents, reams of spam email, and information about vacation plans. This is "a classic example of a 'document dump,'" and it does not satisfy Carpenter's obligations under the subpoena or my order. *Novak v. Yale Univ.*, 2015 WL 7313855, at *3 (D. Conn. 2015). According to Universitas (and not disputed by Carpenter), the document production included more than 350,000 documents of which only about 1,500 documents were responsive to the subpoena.[19]

Carpenter may still be in contempt of my order for a second reason. It appears that he has attempted to get documents from only one source—Sandberg. He has apparently made no other effort to find responsive documents from any other lawyer or file system to which he has access. *See United States v. Carpenter*, 190 F. Supp. 3d 260, 273 (D. Conn. 2016) (finding, in the

---

[18] Doc. #183 at 6–30.
[19] Doc. #221 at 9.

5

criminal case against Carpenter, that he directly managed many "Benistar Entities," including some named in the subpoena). Thus, it is far from clear that he has fully complied with the subpoena.

Having found Carpenter in contempt at least as of September 6, I must decide whether to award sanctions. Courts have the "inherent power … to impose monetary sanctions" in order to "mak[e] [a] wronged party whole for expenses caused by his opponent's obstinacy." *Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, 991 F.3d 361, 367 (2d Cir. 2021). This may include awarding attorneys' fees. But before awarding fees, a court must conclude "that the sanctioned party … acted in bad faith." *Wilson v. Citigroup, N.A.*, 702 F.3d 720, 724 (2d Cir. 2012).

Carpenter ignored my order in bad faith. He did nothing to comply with the subpoena for over a month after my deadline, with no valid justification. Carpenter argues that the subpoena was unreasonably burdensome, but I rejected that argument when he moved to quash the subpoena. After that, whether or not Carpenter agreed with my decision, he was required to respond to the subpoena diligently. Instead, he did not lift a finger. This was in bad faith.

Universitas deserves compensation for the harm it suffered because of Carpenter's bad faith. I think that an appropriate sanction is to award the reasonable attorneys' fees and costs that Universitas spent between July 15 and September 6 to secure compliance with the subpoena. Universitas has filed a billing statement of its fees from July 15 to September 6, 2021.[20] If Carpenter has any objection to the billings, he may file any objection to the amounts by **March 30, 2022**.[21]

---

[20] Docs. #197-7 and #228-1.
[21] In light of the fact that both parties objected to Judge Spector's recommended ruling, I do not agree with Carpenter's claim raised at oral argument that Universitas should be precluded from an award of fees and costs for failure to have filed its billing records at an earlier time.

For its part, Universitas objects to Judge Spector's conclusion that Carpenter has fully cured the failure to produce documents that led to the finding of contempt. It is not clear to me from the parties' submissions and additional oral arguments of counsel that he has done so. As I discussed with counsel during the hearing on this motion, I will require Carpenter to sit for a deposition not to exceed four hours that is limited to questioning that relates to Carpenter's compliance with the subpoena. The questioning shall be limited to questions about the efforts that Carpenter undertook to comply with each of the requests in the subpoena, what knowledge Carpenter has about the existence and location of documents that are responsive to the subpoena, and what relationship Carpenter has to any third parties that may have documents within the scope of the subpoena.

The parties shall schedule the deposition to take place in the District of Connecticut at a time and date that is mutually agreeable on or before **April 22, 2022**. If they are unable to agree on a time and date, then they may each file letters not later than 7 days from today stating that they are unable to agree on a time and date and requesting that the Court set a time and date for the deposition to take place.

If following this deposition, Universitas continues to believe that Carpenter has not fully complied in good faith with the subpoena, then Universitas may file a motion to compel or a motion for contempt within 30 days of the deposition. Such motion must particularize by reference to each discovery request and all other evidence (including the deposition of Carpenter) the basis for any conclusion that Carpenter has failed in good faith to produce documents that are responsive to the subpoena.

**CONCLUSION**

The Court GRANTS IN PART and DENIES IN PART the motion for contempt (Doc. #167) and ADOPTS Judge Spector's recommended ruling (Doc. #218). To the extent that Judge Spector concluded that Carpenter was in contempt of my discovery order (Doc. #159) for the period from July 15 to September 6, 2021, I adopt his recommended ruling. I intend to award Universitas the reasonable attorneys' fees that it expended between July 15 and September 6, 2021 to secure compliance with my order. To the extent that Judge Spector concluded that Carpenter cured the contempt, I adopt the recommended ruling to the extent that it concludes that Universitas has yet to show that Carpenter continues to be in contempt. My ruling, however, is without prejudice to renewal of a motion to compel or a contempt motion after Carpenter is subject to a deposition concerning his compliance in accordance with the terms set forth in this ruling.

It is so ordered.

Dated at New Haven this 22nd day of March 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge