UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC ) <br> ) <br>         Plaintiff        ) <br> ) <br> vs.   ) <br> ) <br> BENISTAR, et al   ) <br> ) <br>         Defendants   ) <br> ) | CIVIL ACTION NO. <br> 3:20-cv-00738-JAM <br><br><br> MARCH 28, 2022 |

**Movant/Non-Party Daniel Carpenter's Memorandum in Support of Motion to Amend/Correct the Court's Order Denying Universitas's Motion to Reconsider**

TO THE HONORABLE JUDGE JEFFREY A. MEYER, MAY IT PLEASE THE COURT:

**NOW COMES THE MOVANT, DANIEL E CARPENTER** to respectfully ask this Court to alter and/or amend its order denying the motions to reconsider (Doc. 240), pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Because there are several statements that are made in the Court's order that are clearly erroneous and need to be corrected in the interest of justice, Mr. Carpenter moves as follows:

I.    **PRELIMINARY STATEMENT**

In its order denying Universitas's motion to reconsider, dated March 16, 2022, this Court stated "[a]fter Daniel Carpenter stole millions of dollars from plaintiff Universitas Education," ". . . when Spencer died in 2008, Nova and its owner Daniel Carpenter stole the life insurance payments…" See Court's Order, Doc. 240 at 1. Movant/non-party Daniel Carpenter files this motion pursuant to F.R.C.P. 59(e) on the grounds that there is a clear "need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

1

## II.     LAW AND ARGUMENT

### A. Legal Standard

Under Rule 59(e), a court may alter or amend a judgment when the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013); *Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255.

Rule 59(e) allows a party to move to "alter or amend a judgment" no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (cit. omitted); *see Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010); *Massie v. Notice U.S. Tr.*, No. 3:20-CV-00740 (VAB), 2022 WL 336594, at *2 (D. Conn. Feb. 4, 2022).

### B. The Court's Order Should Be Corrected

The principal errors that Movant Carpenter would respectfully ask this Court to correct is that: (1) the arbitration award and confirmation of the arbitration award in favor of Universitas were not against Mr. Carpenter; (2) Universitas did not make premium payments for the Sash Spencer policy; and (3) while Universitas was the named beneficiary of the Charter Oak Trust, Universitas was not the owner or beneficiary of the Lincoln policies, as the Sash Spencer Beneficiary Designation Form clearly states that Grist Mill Capital LLC was the beneficiary of the insurance policy at all times.

Grist Mill Capital ("GMC") is a Connecticut LLC. See Exh. 2 - Certificate of Existence for GMC. GMC was created by Attorney Robert Cox of Halloran and Sage in 2006 and its managers and members were Jack Robinson, who died in 2017, and Wayne Bursey, who died in 2015. Mr. Carpenter's name is mentioned nowhere on the GMC Articles of Organization. See Exh. 3 - GMC Articles of Organization.

Grist Mill Capital was a secured creditor in the Charter Oak Trust policies. See Exhibit Four, UCC Forms. Grist Mill Capital was also the owner and beneficiary of each policy through a Split-Dollar Collateral Assignment Agreement with Christiana Bank, which was the controlling Insurance Trustee of the Charter Oak Trust. See Exhibit Five - Split-Dollar Collateral Assignment Agreement; see also Judge Vanessa Bryant's detailed description of the control that Christiana Bank had over the Charter Oak Trust. *See Wilmington Savings Fund Society, et al v. Universitas Education, LLC, et al.*, 3:15-cv-911 (VLB). Christiana Bank and Judge Bryant did not claim that Mr. Carpenter "stole the money" or did anything improper. In fact, GMC was dismissed from the Arbitration by Universitas.

In total, Grist Mill Capital invested and advanced $107,000,000 into the policies of the Charter Oak Trust. See Exhibit Six, Summary of GMC Premium Expenditures.

Charter Oak Trust paid off some of its $100,000,000 debt to Grist Mill Capital rather than pay Universitas as described in the Settlement and Indemnification Agreement. See Exhibit Seven - Settlement and Indemnification Agreement. The Settlement and Indemnification Agreement came about because Wayne Bursey and Jack Robinson had a meeting with Mary Spencer's attorneys and they were threatened by Mary Spencer (Sash Spencer's wife) that if they "paid a dime to the two floozies" they would be sued by Mary Spencer. It was discovered that Universitas was a total fraud of a charity and was run by Sash Spencer's mistress.

Mary Spencer's attorney sent Wayne Bursey a copy of a Settlement Agreement between Mrs. Spencer/Holding Capital Group, Inc. and Universitas. See Exhibit 8, HC/Universitas Settlement Agreement. The HC/Universitas Settlement Agreement states that "[t]he Charter Oak Trust is the owner and beneficiary of [the Policies] on the life of Sash Spenser issued by Lincoln National Life. See Exhibit 8, HC/Universitas Settlement Agreement pg. Univ-000180, ¶¶ 1, 2. Universitas and HC agreed to the division of payments by the Charter Oak Trust. See Exhibit 8, HC/Universitas Settlement Agreement pg. Univ-000181, ¶ 1(a). This Settlement Agreement was drafted and signed in November 2008, approximately one year before Wayne Bursey had to sue Lincoln to get the proceeds. See Exhibit 8, HC/Universitas Settlement Agreement.

### IV.     CONCLUSION

For the foregoing reasons, Movant/non-party Daniel Carpenter, respectfully requests that the Court grant this motion to amend and/or correct its order.

WHEREFORE, Movant/non-party Daniel Carpenter respectfully moves this Court to grant this motion.

> By: /s/ Jeffrey R. Sandberg_____
> Palmer Lehman Sandberg, PLLC
> Campbell Centre I
> 8350 North Central Expressway
> Suite 1111
> Dallas, Texas 75206
> (214) 242-6454 Direct Line
> (214) 265-1950 Fax
> jsandberg@pamlaw.com
>
> *Admitted Pro Hac Vice*

## **CERTIFICATION**

      I hereby certify that on this 29th day of March, 2022, a copy of the foregoing was filed with this court and served by mail to anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filings as indicated on the Notice of Electronic Filings. Parties may access this filing through the Court's CM/ECF System.

                                By: */s/ Jeffrey R. Sandberg*_____
                                     Jeffrey R. Sandberg