## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

_____
                                                 )

**UNIVERSITAS EDUCATION, LLC**      )
                                                 )
               **Plaintiff**          )         **CIVIL ACTION NO.**
                                                  )         **3:20-cv-00738-JAM**
 **vs.**                                              )
                                                  )
**BENISTAR, et al**                      )
                                                  )         **MARCH 30, 2022**
               **Defendants**      )
_____ )

### Movant/Non-Party Daniel Carpenter's Objection to
### Paying Any Sanctions or Attorney's Fees to Universitas

TO THE HONORABLE JUDGE JEFFREY A. MEYER, MAY IT PLEASE THE COURT:

**NOW COMES THE MOVANT, DANIEL E CARPENTER** to respectfully object to this

Court's order that Sanctions are appropriate in this case.

### I.      PRELIMINARY STATEMENT

      In its order granting part of Universitas's motion for contempt, dated March 22, 2022, this

Court stated that it "intend[s] to award Universitas the *reasonable* attorneys' fees that it expended

between July 15 and September 6, 2021, to secure compliance with my order" See Court's Order,

Doc. 243 at 8. It is difficult for Mr. Carpenter to understand how he can be sanctioned for telling

the truth on July 14, 2021: that he has no documents in his possession, custody, and control, and

then when threatened with sanctions again, his Wife hires a computer firm to search the BASI

servers, hires attorneys at Halloran & Sage including Daniel Labelle and Michael McPherson to

work with Attorney Grayson Colt Holmes, and coordinated through Attorneys Sandberg and

Williams—and is effectively being punished because these attorneys did such an excellent job in

complying with Judge Spector's order. Mr. Carpenter stands by his filing on July 14, 2021, and respectfully suggests to the Court that Mr. Carpenter received an "extension" to September 9th.

Movant/non-party Daniel Carpenter files this objection to the award of billables claimed by Universitas Counsel pursuant to the Court's order on the grounds that: (1) this Court denied the majority of the sanctions requested by Universitas; (2) the claimed hourly rate and hours expended are not reasonable; (3) Universitas requests attorneys' fees prior to the July 15 date stated in the Order; , and Counsel's claim that he failed to file the Affidavit in support of his motion as ordered by the Court "[t]hrough the mistake of counsel" contradicts representations made at the motion hearing.

The Court should not award any attorneys' fees to Universitas. However, if the Court does, how long does it take to draft and argue a motion stating no responsive documents were received – 3 hours maximum to draft and half an hour to argue it? The remainder of Universitas's requested attorneys' fees are not "reasonable" and do not match up with the Court's rulings because the overwhelming majority of Universitas's asserted contempt findings have <u>not</u> been granted by the Court.

## II.     LAW AND ARGUMENT

### A.  Legal Standard

This Court did an excellent job in discussing the reasons why a non-party like Mr. Carpenter should not be hit with sanctions. See this Court's opinion disagreeing with Judge Spector's award of Sanctions against Sean Dunne in *Coan v. Dunne*, 602 B.R. 429, 436 (D. Conn. 2019), citing Fed. R. Civ. P. 45(g). In this case, Mr. Carpenter agrees with 90% of what Judge Spector decided whereas Attorney Manson disagreed with most of what Judge Spector had to say. Respectfully, Mr. Carpenter will stand by this Court's citation to *Marcel Fashions v. Lucky Brand*

*Dungarees Inc.*, 779 F.3d 102, 111 (2d Cir. 2015) and in *Coan v. Dunne*, and suggest Universitas has not satisfied any of the three elements it must prove for damages.

In 2008, the Second Circuit abandoned the use of the "lodestar" method in determining attorneys' fees and instructed District Courts to apply instead a "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008). Courts evaluating a request for attorneys' fees pursuant to Rule 37 must conduct a "lodestar analysis, which calculates reasonable attorneys' fees by multiplying the reasonable hours expended on the action by a reasonable hourly rate." *Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 108 (2d Cir. 2014). The resulting amount "is only presumptively reasonable; it is still within the court's discretion to adjust the amount upward or downward based on the case-specific factors." *Tyco Healthcare Grp. LP v. Ethicon Endo-Surgery, Inc.*, 2012 U.S. Dist. LEXIS 131982, 2012 WL 4092515, at *1 (D. Conn. 2012) (quotation marks and citation omitted).

"Hence, the process is really a four-step one, as the Court must: (1) determine the reasonable hourly rate; (2) determine the number of hours reasonably expended; (3) multiply the two to calculate the presumptively reasonable fee; and (4) make any appropriate adjustments to arrive at the final fee award." *Friedman v. SThree PLC., 2017 WL 4082677*, at *1 (D. Conn. 2017) (internal quotations omitted).

### B.  Universitas is not Entitled to any Legal Fees

We do not know why Universitas did not file its motion on a timely basis as recommended by Magistrate Judge Spector - whether Universitas was neglectful as stated in Attorney Manson's affidavit at paragraph 8 [Dkt 228-1] or if the reason is truly Attorney Manson's health as he represented during the hearing. Nonetheless, Universitas did not object to the denial of

Universitas's motion for leave regarding Universitas's late filing, so attorneys' fees should not be awarded. Additionally, the deadline for filing the affidavit was January 14, 2022 [Dkt 228 p. 2] and Universitas waited until January 24, 2022 to file the affidavit. [Dkt 228-1] Universitas should not be rewarded for its 10-day long lack of diligence

Next, Universitas is not entitled to any fees prior to July 15th, 2021 because this is the beginning of the timeperiod stated in Magistrate Spector's Report and Recommendation and also the Court's Order. [Dkt 243 p. 6]. The July 14, 2022 entries total $2,520.00. [Dkt 197-7 p. 2]

Further, Attorney Manson should not be compensated for anything that Judge Spector and this Court did not agree with – in other words, attorneys' fees sanctions should not be awarded for purported "grounds" that were not granted. Also, there was nothing to review—so the maximum fees should be 3 hours to prepare a motion for sanctions.

### C. Judge Chatigny's Supervised Release Order Prevents Mr. Carpenter from Working – "Practical Access" to Aged/Recent Documents Is Not Authorized.

Mr. Carpenter reported to prison June 20, 2014, and started Supervised release on May 7, 2021. He has not had an office or a job or even a filing cabinet since June 2014. He is not allowed access to the BASI Server and the Government refuses to return property stolen during the Raids of 2010 and 2011. *See e.g., Carpenter v. Lynn Allen*, 3:14-cv-741 (SRU). Further, Judge Chatigny's order prevents Mr. Carpenter from having access to documents.

### D.  Counsel for Universitas's Hourly Rates Are Unreasonable.

Universitas submits three attorneys performed work on the motion for sanctions: Attorney Joseph L. Manson, Attorney Benjamin Chernow, and Attorney Elizabeth K. Acee as local counsel. Without any explanation, Universitas submits that Manson's billable rate is $600.00 per hour and Attorneys Chernow and Acee's hourly rates are $400.00.

"According to the forum rule, courts should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *CSL Silicones, Inc. v. Midsun Grp. Inc.,* 2017 WL 1399630, at *4 (D. Conn. 2017) (quoting *Simmons v. New York City Transit Auth.,* 575 F.3d 170, 174 (2d Cir. 2009) (quotation marks and citations omitted). To overcome this presumption, "[t]he party seeking the award must make a particularized showing that the selection of counsel was based on experience and objective factors and that use of in-district counsel would produce a substantially inferior result." *Id.* (citations omitted). No such particularized showing has been made by plaintiff's counsel to claim an hourly rate much high than rates that have been accepted by this court.

Recently this court found that a rate of $300 per hour "reasonable in light of today's market" when it relied on *Bridgeport & Port Jefferson Steamboat Co. v. Bridgeport Port Auth.*, 2011 U.S. Dist. LEXIS 16995, 2011 WL 721582, at *5 (D. Conn. 2011) (finding $325 per hour a reasonable rate for a partner with eighteen years of experience, and $275 per hour reasonable for senior associates with more than eight years of experience). *Bruce Kirby v. Laserperformance Eur.*, 2020 U.S. Dist. LEXIS 19050 at 15* (D. Conn. 2020). This court also found that "[a]s to [a more junior associate's] hourly rate, I conclude that a rate of $200 is appropriate. *See, e.g., Perez v. Lasership, Inc.*, 2015 U.S. Dist. LEXIS 166758, 2015 WL 8750965, at *3 (D. Conn. 2015) (determining that a rate of $200 for a more junior attorney to be reasonable)."

As a result, the rates claimed by Plaintiff's counsel are far beyond the acceptable billing rates in this District and Universitas has failed to give this Court any reason to award such a high rate.

**E. Counsel for Universitas's claimed hours are not reasonable.**

Proffered hours are reasonable if "at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Perez*, 2015 U.S. Dist. LEXIS 166758, 2015 WL 8750965 at *1 (quoting *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)). "Fees should not be awarded for time entries when the corresponding description of work performed is vague and therefore not susceptible to a determination of whether the time [billed] was reasonably expended." *Perez*, 2015 U.S. Dist. LEXIS 166758, 2015 WL 8750965 at *7 (quoting *Conn. Hosp. Ass'n v. O'Neill*, 891 F. Supp. 687, 690 (D. Conn. 1994)). To address vague entries, "the Second Circuit has approved a percentage reduction method," *Id*. (quoting *Rand-Whitney*, 2006 U.S. Dist. LEXIS 75870, 2006 WL 2839236, at *16), and some courts have reduced hours for vagueness at a rate of 10% to 5%, see Perez, 2015 U.S. Dist. LEXIS 166758, 2015 WL 8750965, at *8.

Between July 15 to September 6, 2021, Counsel for Universitas is claiming 42.95 hours of billable time, the majority of which they claim they spent on creating a 34-page memorandum with exhibits, little of which was granted. In addition, Plaintiff's counsel fails to explain who J. MacNaughton is and why over 6 of those claimed hours are attributed to him. Further, the majority of the 34-page memorandum recites years of prior litigation and motions filed by other parties (Defendant Trusts and Grist Mill Capital), which are unrelated to Universitas's claim that Mr. Carpenter failed to comply with the Court's order. Mr. Carpenter respectfully submits to this Court that a reasonable attorney would spend no more than 3 hours on a motion stating "no responsive documents were provided" and this is generous. Instead, Plaintiff's counsel is trying to profit off his longwinded and unnecessarily long briefs.

## IV.    CONCLUSION

For the foregoing reasons, Movant/Non-party Daniel Carpenter, respectfully objects to the Court's order that sanctions are appropriate in this case.

WHEREFORE, Movant/Non-party Daniel Carpenter respectfully objects and requests this

Court deny the Plaintiff's award for billable hours and/or any sanctions at all in this case.


By: /s/ Jeffrey R. Sandberg_____
    Palmer Lehman Sandberg, PLLC
    Campbell Centre I
    8350 North Central Expressway
    Suite 1111
    Dallas, Texas 75206
    (214) 242-6454 Direct Line
    (214) 265-1950 Fax
    jsandberg@pamlaw.com

    *Admitted Pro Hac Vice*


## **CERTIFICATION**

I hereby certify that on this 30th day of March, 2022, a copy of the foregoing was filed with this court and served by mail to anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filings as indicated on the Notice of Electronic Filings. Parties may access this filing through the Court's CM/ECF System.


By: *ureifrey R. Sandberg*_____
    Jeffrey R. Sandberg