UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC<br><br>        *Plaintiff,*<br><br>v.<br><br>BENISTAR, ET AL.<br><br>        *Defendants.* | CASE NO. 3:20-cv-00738-JAM |

**PLAINTIFF UNIVERSITAS EDUCATION, LLC'S OPPOSITION TO DANIEL CARPENTER'S MOTION TO AMEND**

COMES NOW Plaintiff Universitas Education, LLC ("Universitas") and files its Opposition to Daniel Carpenter's ("Carpenter") Motion to Amend Order. In support thereof, Universitas states as follows:

**STATEMENT OF FACTS**

Before addressing the allegations and merits of Mr. Carpenter's Motion to Amend, Universitas notes that Mr. Carpenter is not a party to this case and therefore does not have standing to bring his Motion under Rule 59(e) of the Federal Rules of Civil Procedure. Moreover, all of Mr. Carpenter's claims are demonstrably false, irrelevant to this case, and barred by *collateral estoppel*.

This Court found Daniel Carpenter, a convicted felon and judgment debtor of Plaintiff Universitas, in contempt of this Court's Order for Mr. Carpenter's failure to comply with his discovery obligations in the above-captioned case. (Doc. No. 243.) This Court also granted in part and denied in part Universitas's Motion to Amend Complaint and denied its Motion for Reconsideration (the "Order"). (Doc. No. 240). In its Order, the Court correctly stated that Mr. Carpenter stole over $30 million in life insurance proceeds from Universitas. Specifically, Mr.

Carpenter, with the aid of associates within his criminal network, used disposable shell companies to defalcate over $30 million in insurance proceeds for which Universitas was the beneficiary. *Universitas Educ., LLC v. Nova Group, Inc.*, No. 11CV1590-LTS-HBP, 2014 U.S. Dist. LEXIS 109077, at *6-*17 (S.D.N.Y. Aug. 7, 2014).

Mr. Carpenter alleges that there are three errors in this Court's Order on Pending Motions, (Doc. No. 240), which must be corrected in Order to prevent a manifest injustice. The first of these statements is that Mr. Carpenter alleges that this Court improperly stated that the arbitration award of $26.5 million was against Mr. Carpenter. In its Order, this Court made clear that Universitas was awarded an "arbitration judgment against [Nova Group, Inc.]," and that Mr. Carpenter was later found to be liable for the award after Universitas filed and won a turnover motion. (Doc. No. 240 1-2.)

Mr. Carpenter then alleges that this Court improperly stated that Universitas made premium payments for the Sash Spencer policies. This language does not appear anywhere in this Court's Order. Nor is there any language in the Court's Order to suggest that Universitas paid any premiums for those policies, which it did not. Universitas does not contend otherwise.

Mr. Carpenter's finally alleges that while Universitas was the beneficiary of the Charter Oak Trust, it was not the beneficiary of the insurance policies themselves, which was Grist Mill Capital LLC. As an initial matter, the Court's Order makes no mention of the Charter Oak Trust or the Lincoln policies. It simply notes that Universitas was a beneficiary and that it won an arbitration award against Nova Group, and later received judgments against other turnover respondents, including Mr. Carpenter and Grist Mill Capital. More importantly, Mr. Carpenter's argument that Grist Mill Capital was the actual beneficiary of the policies is fraudulent and a blatant attempt to mislead this Court and re-argue an issue that has already been determined by

numerous Courts utilizing a different procedural vehicle.[1] First, the Sash Spencer Beneficiary form included as Exhibit 1 to Mr. Carpenter's Motion explicitly designates Universitas as the Irrevocable Beneficiary of any death benefits from the plans. Second, multiple Courts have found that Universitas was the sole, irrevocable beneficiary of any death benefits, and those Courts have explicitly rejected Mr. Carpenter and his shell companies' arguments to the contrary. *United States v. Carpenter*, 190 F. Supp. 3d 260 (D. Conn. 2016), *aff'd sub nom, United States v. Bursey*, 801 F. App'x 1 (2d Cir. 2020); *Universitas Educ.*, 2014 U.S. Dist. LEXIS 109077 at *6-*7.[2]

## ARGUMENT

I.    Legal Standard

Under Rule 59(e) of the Federal Rules of Civil Procedure, a party may move to file a motion to amend or alter a judgment within twenty-eight (28) days of the entry of that judgment, Fed R. Civ. P. 59(e). Rule 59(e) applies to any ruling or judgment. *Clare v. United States*, No. 17-cv-4484-ARR, 2018 U.S. Dist. LEXIS 44525, at *11 (E.D.N.Y. Mar. 19, 2018). The decision to grant or deny a motion under Rule 59(e) "is committed to the sound discretion of the [Court]." *Research Communs., Ltd. v. Meredith Corp.*, No. 3:00cv2179 (DFM), 2011 U.S. Dist. LEXIS 1316, at *6

---

[1] Courts have noted that in addition to discovery abuses, Mr. Carpenter's litigation strategy, which is intended to prevent Universitas from realizing its litigation victory, routinely includes the use of different procedural vehicles to re-litigate issues that Mr. Carpenter has already lost in an attempt to increase Universitas's costs and cause further delay. *See e.g.*, *Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11CV1590-LTS-HBP, 2016 U.S. Dist. LEXIS 72268, at *7-*18 (S.D.N.Y. Mar. 31, 2016) (explaining that Mr. Carpenter's actions in post-judgment litigation constituted "a pattern of … abusive tactics … intended to injure Universitas' rights to collect the judgment"), *adopted* 2016 U.S. Dist. LEXIS 64138 (S.D.N.Y. May 16, 2016); *Universitas Educ., LLC v. Nova Grp., Inc.* No. 11CV1590-LTS-HBP, 2013 U.S. Dist. LEXIS 142901, at *31-*32 (S.D.N.Y. May 21, 2013) (finding Carpenter's "attempt[s] to relitigate the same issues by invoking a different procedural vehicle" to be indicative of bad faith and intended solely to promote delay), *adopted by* 2013 U.S. Dist. LEXIS 142479 (S.D.N.Y. Sep. 30, 2013).

[2] This Court has already addressed Mr. Carpenter's attempts to interfere in this litigation when it directed parties to not respond to Mr. Carpenter's letters to the Court in this matter. (Doc. Nos. 101, 103, 104, 153.) This Motion is a clear attempt to continue that interference, under the guise of legitimacy provided by Mr. Carpenter's retention of counsel. Mr. Carpenter's instant Motion is meritless and sanctionable, and this Court should continue to not consider his further attempts to interfere with the prosecution of this case.

(D. Conn. Jan. 6, 2011) (quoting *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)). A Rule 59(e) motion is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking another bite at the apple." *Yelle v. Mount St. Mary Coll.*, No. 18-CV-10927 (PMH), 2021 U.S. Dist. LEXIS 17524, at *4 (S.D.N.Y. Jan. 29, 2021) (internal citations and quotations omitted); *Clare v. United States*, No. 17-cv-4484-ARR, 2018 U.S. Dist. LEXIS 44525, at *12 (E.D.N.Y. Mar. 19, 2018) ("Parties cannot use Rule 59(e) to relitigate arguments that they have already presented . . . .").

Courts have routinely held that non-parties lack standing to bring motions to reconsider under Rule 59(e). *E.g. Ross .v Marshall*, 426 F.3d 745, 752-53 (5th Cir. 2005) (noting that, generally, a non-party cannot file a Rule 59(e) motion); *Cadence Bank, N.A. v. Horry Props., LLC*, No. 4-10-cv-2717-RBH, 2012 U.S. Dist. LEXIS 98605, at *4-*5 (D. S.C. July 17, 2012) (finding that before it could consider a reconsideration motion, the Court would have to determine if the movant should be permitted to intervene as of right) (citing I*n re Lease Oil Antitrust Litig. (No. II)*, MDL No. 1206, 2008 U.S. Dist. LEXIS 7269, at *13-*15 (S.D. Tex. Jan. 30, 2008)).

II. <u>Argument</u>

    a. *This Court Should Deny Mr. Carpenter's Motion to Amend because he Lacks Standing to Bring a Rule 59(e) Motion.*

Mr. Carpenter is not a party to this proceeding. Indeed, Mr. Carpenter's own Motion to Amend makes clear in its title—"Movant/Non-Party Daniel Carpenter's Memorandum . . . ."— that Mr. Carpenter is not, and does not consider himself to be, a party to this case. Mr. Carpenter has not moved to intervene in this case. Because Mr. Carpenter is not a party, he lacks the standing to bring the instant Motion, and it must therefore be denied. *See, e.g.*, *Ross*, 426 F.3d at 752-53.

4

> b. *This Court Should Deny Mr. Carpenter's Motion to Amend because it Simply Seeks to Relitigate Claims that Multiple Courts have Already Rejected.*

Mr. Carpenter's Motion to Amend cites three "incorrect" statements that Mr. Carpenter believes should be corrected in order to prevent a manifest injustice. The first two "incorrect" statements Mr. Carpenter alleges the Court made—that the arbitration award and its confirmation were not against Mr. Carpenter and that Universitas paid premium payments for the Sash Spencer policies—are not actually present in this Court's Order. Thus, there exists no need to amend the Order, as Mr. Carpenter can point to no manifest injustice that would occur by not amending it. Moreover, there exists no factual dispute that Universitas did not pay premiums on the Sash Spencer policies and that the and that arbitration award was not against Mr. Carpenter. The third "incorrect" statement Mr. Carpenter points to—that Universitas was the beneficiary of the life insurance policies taken out on the life of Sash Spencer—is not an erroneous statement at all; it is a judicially determined fact that is supported by Mr. Carpenter's own exhibits to the Motion. All of the exhibits presented by Mr. Carpenter have already been considered by this and other Courts. Numerous Courts and an arbitrator have already determined that Universitas was the sole, irrevocable beneficiary of the Sash Spencer policies, and have found that the proceeds from those policies were owed to Universitas. The Courts have further found that Daniel Carpenter stole those policies using a network of disposable shell companies, and Mr. Carpenter was found guilty on over 50 felony counts by this Court in relation to the theft of those proceeds. *Carpenter*, 190 F. Supp. 3d at 301. The entirety of Mr. Carpenter's conviction was upheld on appeal. *Bursey*, 801 F. App'x at 5.

Thus, Mr. Carpenter's Motion to Amend is clearly nothing more than another bad-faith attempt to re-litigate the judgment underlying this case. Rule 59(e) motions are "not a vehicle for relitigating old issues," and Mr. Carpenter points to no intervening changes in law and no new

evidence that justifies re-opening these issues and modifying this Court's Order. Mr. Carpenter's inability to accept that he stole the insurance proceeds owed to Universitas and that was convicted of dozens of felony criminal counts in relation to that theft does not constitute a "manifest injustice" that this Court needs to correct. As such, his Motion to Amend must also be denied as an improper attempt to re-litigate closed issues.

## CONCLUSION

For all the aforementioned reasons, this Court should deny Mr. Carpenter's Motion to Amend this Court's Order on Pending Motions (Doc. No. 240).

Dated: April 19, 2022

                                         Respectfully submitted,

                                         /S/ Joseph L. Manson III
                                         JOSEPH L. MANSON, III
                                         (*Admitted Pro Hac Vice*)
                                         jmanson@jmansonlaw.com
                                         LAW OFFICES OF JOSEPH L. MANSON III
                                         600 Cameron St,
                                         Alexandria, VA 22314
                                         Telephone: (703) 340-1693

                                         ATTORNEYS FOR PLAINTIFF
                                         UNIVERSITAS EDUCATION, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of April, 2022, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and to all counsel of record.

/s/ Joseph L. Manson III