<div align="center">

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

</div>

UNIVERSITAS EDUCATION, LLC,                          NO. 3:20-CV-00738 (JAM)

v.

BENISTAR, ET AL.                                                JUNE 7, 2022

<div align="center">

**Motion to Vacate/Dissolve Prejudgment Attachment**

</div>

       Pursuant to Fed. R. Civ. P. 64 and Conn. Gen. Stat. § 52-278k, the defendant,

**Molly Carpenter**, hereby moves this Court to vacate its stipulated order [#66]

granting a prejudgment attachment on real property owned by Ms. Carpenter located

at 18 Pondside Lane, Simsbury, Connecticut. This property is Ms. Carpenter's

residence. Under Connecticut law, because the Court granted Ms. Carpenter's

motion to dismiss the plaintiff's claims against her (Order [#110]), and then denied

reconsideration of that order (Order [#240]), probable cause no longer exists to

maintain this attachment.

<div align="center">

**Background**

</div>

       Universitas filed this action to enforce money judgments it obtained in the

Southern District of New York against Nova Group, Inc. and Daniel Carpenter. *See*

*Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11 CIV. 1590-LTS-HBP, 2012 WL

2045942 (S.D.N.Y. June 5, 2012), *aff'd*, 513 F. App'x 62 (2d Cir. 2013); *Universitas*

*Educ., LLC v. Nova Grp., Inc.*, No. 11CV1590-LTS-HBP, 2014 WL 3883371

(S.D.N.Y. Aug. 7, 2014). The undersigned defendants are Molly Carpenter; Donald

Trudeau; Benistar Admin Services, Inc. ("BASI"); TPG Group, Inc.; and Moonstone

Partners, LLC. Universitas asserted the following claims: (1) "alter ego" liability

against all defendants; (2) liability for attorney's fees; (3) a constructive trust against

Moonstone and Molly Carpenter; and (4) a constructive trust against Moonstone.

(Compl. [#1], Counts 1, 2, 3, 6.)

<div align="center">

1

</div>

On June 1, 2020, pursuant to Fed. R. Civ. P. 64 and Conn. Gen. Stat. § 52-278e, Universitas filed a motion for prejudgment remedy [#9]. Thereafter, on July 17, 2020, the parties reached an agreement resolving Universitas' motion and, to that end, filed a Stipulation for Prejudgment Attachment of Real Estate [#65]. Among other things, the parties stipulated that the Court could issue an Order of Attachment allowing Universitas to attach certain real property owned by Molly Carpenter located at 18 Pondside Lane, Simsbury, Connecticut. (*See* Proposed Order of Attachment [#65-1] at 2 ¶ 2.)[1] The attachment was in the amount of $400,000. (*Id.*) The Court (Spector, Mag. J.) entered that Order of Attachment on July 20, 2020 (Order [#66]) and, thereafter, Universitas recorded its attachment on the Simsbury land records. (*See* **Ex. A**.)

On March 15, 2021, the Court granted the undersigned defendants' motion to dismiss all claims against them. (Order [#110]). Universitas then filed a motion for partial reconsideration [#117] of that order dismissing the alter ego claims against Molly Carpenter, Don Trudeau, BASI, and TPG Group, Inc. Universitas does not contest the Court's order dismissing: (1) its count for attorneys' fees; (2) all claims against Moonstone Partners, LLC; or (3) its constructive trust claim against Molly Carpenter. On March 16, 2022, the Court denied Universitas' motion for reconsideration of the dismissal order as to the undersigned defendants. (Order [#240]). The Court also denied Universitas' motion to amend its complaint to replace its constructive trust claim against Molly Carpenter with a claim for unjust enrichment. (*Id.* at 9.)

---

[1]      The proposed order also allowed Universitas to attach other real property owned by the co-defendant, Grist Mill Partners, LLC ("GMP"). This motion does not apply to that part of the Court's order, and the attachment against GMP's realty will still secure Universitas.

**Standard**

Federal Rule of Civil Procedure 64 authorizes the Court to enter a prejudgment remedy as may be permitted "under the law of the state where the court is located" in order "to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a). "Connecticut law in turn allows for entry of a prejudgment remedy if a party shows probable cause that a judgment will enter in the amount sought for a remedy." *Roberts v. Triplanet Partners LLC*, No. 3:12CV1222 JAM, 2014 WL 1831022, *2 (D. Conn. May 8, 2014)(Meyer, J.)(citing Conn. Gen. Stat. § 52–278d(a)). The prejudgment remedy statute "further allows the Court, in its discretion, to modify or vacate a previously ordered prejudgment remedy upon presentation of evidence that would have justified a modification or denial of a prejudgment remedy at the initial hearing." *Id*. (citing Conn. Gen. Stat. § 52–278k). "A court is obligated to dissolve a prejudgment remedy such as an attachment upon realty if there is no probable cause to sustain the validity of the plaintiff's claim." *Good v. Paine Furniture Co*., 35 Conn. Supp. 24, 25 (Conn. Super. Ct. 1978).

**Argument**

**A.     Because the Court dismissed all claims against Molly Carpenter, *ipso facto*, there is no probable cause to sustain the validity of those claims.**

For purposes of a prejudgment remedy, Connecticut law defines "probable cause" as:

> a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. Probable cause is a flexible common-sense standard. It does not demand that a belief be correct or more likely true than false.

*Baltas v. Frenis*, 2019 WL 1552915, *7 (D. Conn. Apr. 10, 2019)(Spector, Mag. J.) (citation omitted). The Court will "consider not only the validity of the plaintiff's claim but also the amount that is being sought." *Id*. at *6.

This Court need not determine the likelihood that Universitas' count for attorneys' fees and its claim for constructive trust against Ms. Carpenter will succeed; indeed, the Court has dismissed those claims and Universitas does not contest that order. And although Universitas has filed a Notice of Appeal [#251] challenging the dismissal of its alter ego claims, that appeal does not affect the lack of probable cause. General Statutes § 52-278k allows a court to vacate a prejudgment remedy "at any time"—including while an appeal is pending—"upon the presentation of evidence which would have justified such court in modifying or denying such prejudgment remedy under the standards applicable at an initial hearing." Conn. Gen. Stat. § 52-278k. *See Connecticut Nat. Bank v. Giacomi*, 1994 WL 131199, *3 (Conn. Super. Ct. Apr. 7, 1994)(vacating prejudgment attachment for lack of probable cause where defendant had prevailed at trial court and appeal of that judgment was pending); *Radziunas v. Mitchell*, 2015 WL 9684520, *3 (Conn. Super. Ct. Dec. 7, 2015)(same).

This Court has already determined that, *as a matter of law*, the doctrine of *res judicata* bars Universitas' alter ego claims. (Order [#110]; Order [#240]). This same legal principle would have justified denying the prejudgment attachment under the standards applicable at an initial hearing. "In considering whether probable cause is present, the trial court must consider the evidence of both parties because a valid defense may defeat probable cause." *Roberts v. Caton*, 224 Conn. 483, 487 n.4, (1993). "[A]t a prejudgment remedy hearing a good defense … will be enough to show that there is no probable cause that judgment will be rendered in the matter in favor of the plaintiff.")(citation omitted)). For two years, Ms. Carpenter has endured a $400,000 attachment on her residence that has impaired, among other things, her ability to refinance. Because no probable cause exists to sustain Universitas' claims against her, the Court should dissolve that attachment.

**Wherefore,** the defendants respectfully request that this Court grant this motion in accordance with the proposed order attached hereto **(Ex. B.)**

<div style="margin-left:40%">

THE DEFENDANTS,
MOLLY CARPENTER, DONALD
TRUDEAU, BENISTAR ADMIN SERVICES,
INC., TPG GROUP, INC., AND
MOONSTONE PARTNERS, LLC.

By:    /s/ Michael R. McPherson
Dan E. LaBelle, Esq. (ct01984)
labelle@halloransage.com
HALLORAN SAGE, LLP
315 Post Road West
Westport, CT 06880
Tel: (203) 227-2855
Fax: (203) 227- 6992

Michael R. McPherson, Esq. (ct24082)
mcpherson@halloransage.com
HALLORAN SAGE, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06880
Tel: (860) 241-4079
Fax: (860) 548-0006

</div>

### Certification

I hereby certify that on June 7, 2022 a copy of foregoing motion was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

<div style="margin-left:40%">

/s/ Michael R. McPherson (ct24082)

</div>

7606908v.1

Exhibit A

Book: 961 Page: 840 Page: 1 of 5



Doc ID: 002577970005 Type: LAN
BK **961**   PG **840-844**

## CERTIFICATE OF ATTACHMENT OF REAL ESTATE

STATE OF CONNECTICUT:
                          : SS: WEST HARTFORD          July 29, 2020
COUNTY OF HARTFORD   :

      THIS may certify that I have this day, pursuant to a Court Order, and by direction of the Plaintiff's Attorney, Michael G. Caldwell, Commissioner of the Superior Court, and to me directed and delivered, returnable to the United States District Court for the District of Connecticut, Docket No: 3:20-cv-00738-JAM

In Favor of Plaintiff:          Universitas Education, LLC

And

Against Defendant(s):       Benistar, et al

      In which writ, FOUR HUNDRED THOUSAND DOLLARS AND ZERO CENTS ($400,000.00) damages and costs of this suit are claimed, made and attachment of all the rights, title and interest of said defendants Molly Carpenter.

      In and to a certain lot, tract or parcel of land with all buildings thereon, lying in the Town of Simsbury, County of Hartford, State of Connecticut, and bounded and described as follows to wit:

Address: 18 Pond Side Lane, Simsbury, CT
More particularly described in attached Exhibit A

ATTEST:                                    Return to:

ROBERT W. ARSENAULT                 Michael G. Caldwell, Esq.
CONNECTICUT STATE MARSHAL           Barclay Damon L.P.
HARTFORD COUNTY                     545 Long Wharf Drive
                                    New Haven, CT  06511-5960

**ROBERT W. ARSENAULT**
CONNECTICUT STATE MARSHAL
P.O. BOX 270479 • WEST HARTFORD, CONNECTICUT 06127-0479



**SCHEDULE A
DESCRIPTION**

A certain piece or parcel of land, situated in the Town of Simsbury, County of Hartford and State of Connecticut, known as 18 Pondside Lane and shown as Lot No. 11 on a map entitled: "Stratton Brook Acres Property of Paula Builders, Inc. Stratton Brook Road Simsbury, Connecticut Scale: 1"=100" May 10, 1971 Office of Sanderson & Washburn Simsbury, Connecticut R-40 Zone" on file in the Simsbury Town Clerk's Office and being more particularly bounded and described as follows:

NORTHERLY: by Lot No. 10 on said map, one hundred fifty and thirty-four one-hundredths (150.34) feet;

EASTERLY: by land now or formerly of Village Water Company, one hundred eighty-six and sixty-nine one-hundredths (186.69) feet;

SOUTHERLY: by Lot No. 17 on said map, two hundred seventy-four and ninety one-hundredths (274.90) feet;

WESTERLY: by Lot No. 12 on said map, two hundred fifteen and five one-hundredths (215.05) feet; and

NORTHWESTERLY: by the arc of the cul-de-sac of Pond Side Lane, one hundred and no one-hundredths (100.00) feet

## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BENISTAR, BENISTAR ADMIN SERVICES, INC., TPG GROUP, INC., GRIST MILL PARTNERS, LLC, MOONSTONE PARTNERS, LLC, ALLIANCE CHARITABLE TRUST, PHOENIX CHARITABLE TRUST, ATLANTIC CHARITABLE TRUST, AVON CHARITABLE TRUST, CARPENTER CHARITABLE TRUST, DONALD TRUDEAU, MOLLY CARPENTER, JANE DOE ENTITIES UNDER CONTROL OF MOLLY CARPENTER AND/OR DONALD TRUDEAU, AND JANE DOE ENTITIES UNDER CONTROL OF JUDGMENT DEBTORS, <br><br> Defendants. | CIVIL ACTION NO. 3:20-cv-00738 |

### WRIT FOR ATTACHMENT
### (MOLLY CARPENTER)

To Any Proper Officer:

By authority of the state of Connecticut, you are hereby commanded, in accordance with the accompanying Order of Attachment, to attach to the value of $400,000 the goods or estate of Molly Carpenter, specifically the real property described in Exhibit A hereto, in the Town of Simsbury, Connecticut.

Hereof fail not, but due service and return make.


Dated at New Haven, Connecticut on July 28, 2020.

<div align="right">

/s/ Michael G. Caldwell, juris no. 421880
Commissioner of the Superior Court

</div>

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 3:20-cv-00738 |
| BENISTAR, BENISTAR ADMIN SERVICES, INC., TPG GROUP, INC., GRIST MILL PARTNERS, LLC, MOONSTONE PARTNERS, LLC, ALLIANCE CHARITABLE TRUST, PHOENIX CHARITABLE TRUST, ATLANTIC CHARITABLE TRUST, AVON CHARITABLE TRUST, CARPENTER CHARITABLE TRUST, DONALD TRUDEAU, MOLLY CARPENTER, JANE DOE ENTITIES UNDER CONTROL OF MOLLY CARPENTER AND/OR DONALD TRUDEAU, AND JANE DOE ENTITIES UNDER CONTROL OF JUDGMENT DEBTORS | |
| | JULY 20, 2020 |
| Defendants. | |

## ORDER OF ATTACHMENT

WHEREAS, Plaintiff in the above-captioned action has made application for a prejudgment remedy to attach the real and personal property of the defendants, as more particularly described in the application;

WHEREAS, the parties to the above-captioned action have entered into a Stipulation for Prejudgment Attachment of Real Estate;

NOW THEREFORE, it is hereby ORDERED, in accordance with that Stipulation, that:

(1) Plaintiff may attach, to the value of seven hundred thousand Dollars ($700,000), certain real property belonging to defendant Grist Mill Partners, LLC, that is located at 100 Grist Mill Road, Simsbury, Connecticut and is described in Exhibit A hereto; and

(2)    Plaintiff may attach, to the value of four hundred thousand Dollars ($400,000), certain real property belonging to defendant Molly Carpenter that is located at 18 Pond Side Lane, Simsbury, Connecticut and described in Exhibit B hereto; and

(3)    Plaintiff may attach, to the value of one million and sixty thousand Dollars ($1,060,000), certain real property belonging to defendant Moonstone Partners, LLC that is located at 392B Cards Pond Road, South Kingstown, Rhode Island and is described in Exhibit C hereto.

Dated at New Haven, Connecticut this 20th day of July, 2020.

/s/ Robert M. Spector, USMJ
United States Magistrate Judge

Exhibit B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

UNIVERSITAS EDUCATION, LLC,                    NO. 3:20-CV-00738 (JAM)

V.

BENISTAR, ET AL.                                ____2022

### [Proposed] Order Dissolving Attachment on 18 Pondside Lane

WHEREAS the plaintiff in the above-captioned action filed an application for a prejudgment remedy to attach real and personal property of the defendants, as more particularly described in the application.

WHEREAS the parties agreed to resolve the plaintiff's application by entering into a Stipulation for Prejudgment Attachment of Real Estate.

WHEREAS on July 20, 2020, in accordance with the parties' stipulation, the Court entered an order [#66] allowing the plaintiff to attach, in the amount of $400,000, certain real property owned by Molly Carpenter located at 18 Pondside Lane, Simsbury, Connecticut.

WHEREAS on July 29, 2020, a Certificate of Attachment of Real Estate, Writ for Attachment, and the Court's Order of Attachment were recorded on the land records of the Town of Simsbury, Connecticut in Book 961 at Pages 840 to 844.

WHEREAS the Court has since dismissed the plaintiff's claims against Molly Carpenter and, therefore, probable cause no longer exists to sustain the validity of those claims or the prejudgment attachment.

1

NOW THEREFORE, it is hereby ORDERED that: (1) the Order of Attachment pertaining to Molly Carpenter is hereby vacated; (2) the plaintiff's attachment of the real property located at 18 Pondside Lane, Simsbury, Connecticut is hereby dissolved; and (3) the Order of July 20, 2020 otherwise remains in full effect.

Dated at New Haven, Connecticut this ___ day of _____ 2022.

_____

7607365v.1

2