**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC<br><br>*Plaintiff,*<br><br>v.<br><br>BENISTAR, ET AL.<br><br>*Defendant*s. | CASE NO. 3:20-cv-00738-JAM |

## PLAINTIFF UNIVERSITAS EDUCATION, LLC'S REPLY IN FURTHER SUPPORT OF MOTION

Plaintiff Universitas Education, LLC ("Universitas") hereby files this Reply in Further Support of its Motion to Extend the Deadline for Filing its Renewed Motion for Contempt *Nunc Pro Tunc* (the "Motion"). In support thereof, Universitas states as follows:

### STATEMENT OF FACTS

Mr. Carpenter's Opposition to Universitas's Motion to extend is rife with factual and legal misstatements. First, Mr. Carpenter's claims that the appeal filed by Universitas was meritless is unsupported. Universitas filed its appeal in good faith, and after coordinating with other counsel in this case, came to the conclusion that the appeal was filed prematurely. The parties then stipulated to a withdrawal of the appeal (Doc. No. 278), with Universitas retaining the right to re-file when the appeal becomes ripe.

Mr. Carpenter then suggests that he has been cooperative with the discovery efforts in this case. While Universitas believes that it is not appropriate to address those claims until this Court determines whether it may file its renewed Motion for Contempt against Mr. Carpenter, Universitas does note that this Court has already found that Mr. Carpenter failed to meet his discovery obligations in bad faith and has ordered sanctions against him. (Doc. No. 243.) The

1

factual allegations in the Proposed Renewed Motion for Contempt, which was attached to Universitas's initial Motion to Extend *Nunc Pro Tunc*, are all supported by documentary evidence and Mr. Carpenter's own sworn testimony. Thus, any suggestions by Mr. Carpenter that Universitas's motion if frivolous or vexatious is unsupported by the record.

Finally, Mr. Carpenter's Opposition suggests that counsel for Universitas should be sanctioned. His Opposition provides no basis for any sanctions, and as explained in the Motion (Doc. No. 269), Universitas is not filing the instant Motion to Extend or the associated Renewed Motion for Contempt for any improper purpose or in bad faith. It is simply attempting to ensure compliance with this Court's discovery orders and ensure that it receives the documents to which it was entitled under those orders. While its attempt to do so was past the deadline, despite its diligence in scheduling Mr. Carpenter's deposition, Universitas has not "callously" disregarded deadlines in this case. It has generally worked with the other parties cooperatively to reasonably push deadlines back with this Court's approval, and has worked with those same parties regarding discovery and other matters in this litigation.

## ARGUMENT

### I.      There is no Basis for Rule 11 Sanctions in this Case.

Mr. Carpenter suggests that Rule 11 sanctions be imposed on counsel for Universitas for its attempt to file the Renewed Motion for Sanctions and the instant Motion for Extension. Rule 11 of the Federal Rules of Civil Procedure requires that an attorney certifies, *inter alia*, that the documents he or she files on behalf of a client have factual and legal support and are not being presented for any improper purpose, such as harassment or delay. Fed. R. Civ. P. 11(b)(1-4). A Court may sanction an attorney for violations of this rule after that attorney is provided notice and a reasonable opportunity to respond. Fed. R. Civ. P. 11(c)(1). Rule 11 also mandates that a motion

2

for sanctions pursuant to its terms must be made separate from any other motion. Fed. R. Civ. P. 11(c)(2). These procedural requirements are intended to provide opportunities to cure and prevent unnecessary sanctions motions from being before the Court. *E.g. Piacentini v. Bimbo Foods Bakeries Distrib.*, LLC, 2018 U.S. Dist. LEXIS 31287, at *20 (D. Conn. Feb. 27, 2018).

Here, Mr. Carpenter made his "motion" for sanctions within his reply to Universitas's Motion for Extension, not separately, and also failed to provide reasonable notice to comply with this Court's 21-day safe harbor provision for curing a potential Rule 11 violation. Therefore, sanctions under Rule 11 are inappropriate. *See, e.g. id.* at *22 (finding sanctions improper where the procedural aspects of Rule 11 were not followed). Mr. Carpenter's suggestion that sanctions are warranted is also meritless in its own right. Universitas has provided ample legal and factual support for the allegations in its Proposed Renewed Motion for Contempt, and it is not filing that motion for any improper purpose. In fact, the Court directed it to do further factual investigation and to renew its contempt motions if that investigation made clear that Mr. Carpenter failed to comply with his discovery obligations. That is precisely what Universitas did, and should not be sanctioned for doing so.

## II.   The Case Law Cited by Mr. Carpenter does not Mandate that this Court Deny Universitas's Request for Extension to File its Renewed Motion for Contempt.

Under Federal Rule of Civil Procedure 6(b), the Court has the discretion to extend a deadline if that deadline was missed through excusable neglect. *Drayton v. new Britain Auto Sales, LLC*, 2008 U.S. Dist. LEXIS 130734, at *3 (D. Conn. Oct. 8, 2008)) adopted 2008 U.S. Dist. LEXIS 130735 (D. Conn. Oct. 28, 2008), (citing *Losacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995)) (finding that a one-day delay in filing a petition for attorneys was acceptable where there was a calendaring error). Factors to be considered in whether to grant a motion to extend time *nunc pro tunc* include "the length of the delay, whether there is any evidence of bad faith,

3

whether the opposing party has been prejudiced, and whether the movant's excuse has some merit." *Drayton*, 2008 U.S. Dist. LEXIS 130734 at *3 (internal citations omitted).

Furthermore, "[d]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases. "*Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016). Thus, a District Court has discretion to extend deadlines as necessary to effectively manage its cases. The case law cited by Mr. Carpenter does not mandate a denial of Universitas's Motion for Extension. Mr. Carpenter's citation to *Carlisle v. United States*, 517 U.S. 416, 424–28 (1996), is inapposite because it involves a Rule of Criminal Procedure that has a rigid and inflexible deadline. Similarly, *Rein v. McCarthy*, 803 F. App'x 477, 479–81 (2d Cir. 2020) involved failure to exhaust administrative remedies, which would then be subject to equitable tolling. This is not an issue in the instant case, as Universitas does not seek to equitably toll any deadlines. Mr. Carpenter's citation to *White v. Conway*, No. 9:07-CV-1175, 2011 WL 1315714, at *4 (N.D.N.Y. Jan. 18, 2011) fails for the same reason—it involves the failure to meet a deadline set by the statute of limitations and once again involved equitable tolling, which is inapplicable here. It is further inapplicable in light of the fact that there generally is no stated time limit in the Federal Rules of Civil Procedure to file a motion for contempt or to compel, with the caveat that good cause must generally be shown to file such a motion after the close of discovery. *See, e.g., Harnage v. Pillai*, 2018 U.S. Dist. LEXIS 91666, at *5 (D. Conn. June 1, 2018) ("Though Rule 37 does not establish time limits for [a motion to compel] . . . .").

Courts have discretion to extend deadlines, even after those deadlines have passed. Courts have done so, especially in circumstances where delay was limited, there were no allegations of bad faith, and there existed no prejudice to the non-movant. *See, e.g.*, *Bjerke v. Messerli & Kramer, P.A.*, 2017 U.S. Dist. LEXIS 118321, at *2-*4 (W.D. Wis. July 18, 2017) (finding that a party

could untimely file an answer to a complaint a week after it missed a deadline and after default was entered because there was "no allegation of bad faith, the error was limited in scope, defendant's counsel acted promptly to remediate the problem and the short resulting delay has not prejudiced plaintiff or had any significant impact on these proceedings"); *Pincay v. Andrews*, 389 F.3d 853, (9th Cir. 2004) (finding that the district court did not abuse its discretion in permitting a party to file a notice of appeal thirty days late after a calendaring error by a paralegal at the law firm representing that party).

Here, this Court should similarly grant an extension and permit Universitas to file out of time. As articulated in its motion, Universitas and its counsel did not miss the deadline in bad faith, worked promptly to rectify their error, and there exists no prejudice to Mr. Carpenter. As explained, *supra*, Mr. Carpenter's suggestions that Universitas is filing this motion to vex and harass him, are completely without merit, as are his claims that the conduct of Universitas's attorneys is sanctionable. Furthermore, Mr. Carpenter has pointed to no prejudice he would suffer as a result of Universitas filing its motion after the deadline. This is particularly true in light of the fact that such motions generally do not have a deadline, as long as they are filed while discovery is ongoing, which in this case it is. The lack of prejudice is particularly salient in light of Mr. Carpenter's continuing obligation to supplement his discovery responses under Rule 26 of the Federal Rules of Civil Procedure, which renders his obligations the same no matter when Universitas files a Motion to Compel. Filing the Renewed Motion for Contempt is particularly important in this case, as it is necessary to police compliance with this Court's Orders, which Mr. Carpenter has otherwise flaunted.

## **CONCLUSION**

Universitas and its counsel once again apologizes to the Court for its failure to timely file. However, in light of the lack of prejudice to Mr. Carpenter, Universitas's and its counsel's efforts to diligently correct the error, and the lack of any indicia of bad faith, and for all the reasons stated herein, this Court should grant the Motion and permit Universitas to file its renewed Motion for Contempt.

Dated: June 29, 2022

Respectfully submitted,

/S/ Joseph L. Manson III
JOSEPH L. MANSON, III
(*Admitted Pro Hac Vice*)
jmanson@jmansonlaw.com
LAW OFFICES OF JOSEPH L. MANSON III
600 Cameron St,
Alexandria, VA 22314
Telephone: (703) 340-1693

ATTORNEYS FOR PLAINTIFF
UNIVERSITAS EDUCATION, LLC

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 29th day of June, 2022, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and to all counsel of record.

/s/ Joseph L. Manson III