UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC<br><br>*Plaintiff,*<br><br>v.<br><br>BENISTAR, ET AL.<br><br>*Defendant*s. | CASE NO. 3:20-cv-00738-JAM |

**PLAINTIFF UNIVERSITAS EDUCATION, LLC'S
OBJECTION TO JUDGE SPECTOR'S ORDER DENYING
MOTION FOR EXTENSION OF TIME *NUNC PRO TUNC* (DOC. NO. 281)**

Plaintiff Universitas Education, LLC ("Universitas") hereby files this Objection to the Order Denying Universitas's Motion for Extension of Time *Nunc Pro Tunc*, (the "Order") (Doc. No. 281) issued by the Hon. Judge Spector on July 6, 2022. In support of its Objection, Universitas states as follows:

**STATEMENT OF FACTS**

Universitas re-alleges and incorporates its Statement of Facts from its Motion for Extension of Time *Nunc Pro Tunc* (Doc. No. 269). Universitas restates the most salient facts herein for the convenience of the Court.

At the outset Universitas highlights Mr. Carpenter's egregious conduct, explained in detail in its Proposed Renewed Motion for Sanctions. (Doc. No. 269-1.) In the deposition ordered by the Court, his continuing contempt for this Court's order was shocking and overwhelming. He told Universitas to tell the Court that would not give information about Carpenter Financial Group and that he did not care about the Court's orders. He revealed for the first time that he had a personal checking account, and evidence uncovered after the deposition revealed that he had surreptitiously

witnessed the sale of assets of one the new defendants in the case and failed to disclose that sale to Universitas or this Court. He disclosed he was "standing" on his prior testimony that he had produced all documents in his possession. The evidence of continuing contempt and the necessity for additional sanctions was astounding.

Universitas served Mr. Carpenter with a subpoena in early 2021, which Mr. Carpenter sought to quash. After significant briefing on the issue, Mr. Carpenter was ordered to produce responsive documents within his possession, custody, and control to Universitas by July 15, 2021. (Doc. No. 159.) After Mr. Carpenter failed to produce any documents by the deadline, stating that he possessed no such documents, which directly contradicted claims in his motion to quash, Universitas moved to hold Mr. Carpenter in contempt. (Doc. No. 167.) The Court gave Mr. Carpenter until September 9, 2021 to cure his contempt, and he produced certain documents on September 7, 2021.

Universitas filed a Supplemental Brief in Support of its Motion for Contempt, alleging that Mr. Carpenter's September 7, 2021 production was deficient. (Doc. No. 197.) After briefing the issues, Judge Spector issued a Report and Recommendation recommending that Mr. Carpenter be held in contempt between July 15, 2021 and September 6, 2021 but that his production cured his contempt. (Doc. No. 218.) After partial objections to the Report and Recommendation were made (Doc. Nos. 220, 221), this Court adopted in part the Report and Recommendation, confirming Mr. Carpenter's contempt until September 7, 2021. (Doc. No. 243.) This Court ordered the parties to conduct a limited deposition of Mr. Carpenter by April 22, 2022 and ordered Universitas to file any renewed motions to compel or for contempt within thirty (30) days of that deposition because the Court believed that Mr. Carpenter may still have been in contempt of its order. The parties coordinated and Mr. Carpenter was deposed on April 15, 2022. Through an inadvertent mistake of

counsel, which was not noticed until June 10, 2022 when counsel was completing this renewed motion, Universitas failed to file within the thirty-day window.

Universitas promptly moved for an extension *nunc pro tunc* that same day, apologizing for its delay and noting that its delay was not in bad faith and did not prejudice Mr. Carpenter, as it was only seeking to enforce obligations he already had under this Court's June of 2021 Order. (Doc. No. 269.) Universitas also noted that equitable considerations favored granting an extension, as failure to do so could effectively operate as a free pass to allow Mr. Carpenter to continue to flaunt this Court's orders. Because Mr. Carpenter opposed Universitas's extension for time, this Court referred the motion to the Hon. Judge Spector, (Doc. No. 271) and Judge Spector ordered briefing on the issue (Docs. No. 272, 275).

Mr. Carpenter responded to the Motion for Extension, suggesting that Rule 11 Sanctions were appropriate for the contents of Universitas's Renewed Motion for Contempt, which was attached as an exhibit to Universitas's Motion for Extension. (Doc. No. 269-1.) However, he did not send Universitas twenty-one (21) days' notice of this motion for sanctions, and it was fully incorporated into his opposition instead of presented as a separate motion. Mr. Carpenter further suggested that an extension was improper, pointing to caselaw in which courts had declined to extend deadlines. As Universitas noted in its Reply Brief in Further Support of its Motion for Extension of Time, (Doc. No. 280), the cases cited by Mr. Carpenter were inapposite, as they referred to inflexible deadlines set by the Federal Rules of Criminal Procedure and equitable tolling of statutory deadlines, neither of which were at issue in the present case. Mr. Carpenter did not challenge Universitas's contentions that it was not moving for an extension in bad faith or that such an extension would not cause Mr. Carpenter prejudice. (Doc. No. 274.)

On July 6, 2022, Judge Spector denied Universitas's Motion for Extension of Time *Nunc Pro Tunc*, finding that Universitas had failed to provide an adequate excuse for its failure to meet the deadline, and that this issue was dispositive. (Doc. No. 281.) Judge Spector did not find that Universitas had acted in bad faith or that Mr. Carpenter would be prejudiced in the Order. (*Id.*) Judge Spector also declined to exercise the Court's discretion to sanction Universitas. Judge Spector did not address Mr. Carpenter's intentional and substantial refusal to comply with the Court's orders.

Universitas now respectfully objects to the Order only to the extent that it denied Universitas's request for an extension, (Doc. No. 281), pursuant to Federal Rule of Civil Procedure 72(a) and District of Connecticut Local Rule 72.2, and respectfully request that this Court find that Judge Spector clearly erred in not extending the deadline and permitting Universitas to file its Renewed Motion for Sanctions.[1] The consequences of this decision would allow Mr. Carpenter to escape responsibility for deliberately and continuously violating this Court's order. If the Court deems that some action should be taken against Universitas as a result of the late filing by Universitas's counsel, it can fashion a remedy to achieve that result. But justice requires that Mr. Carpenter be held accountable for his continuing flagrant violation of this Court's order.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72, a party may object to a Magistrate Judge's ruling, order, or recommended ruling whether it is dispositive or non-dispositive, within fourteen (14) days of receiving a copy of the order. *See also* D. Conn. Local Rule 72.2. If a party timely objects to an order on a non-dispositive matter, then a district court may "modify or set aside" that

---

[1] Universitas believes that Judge Spector correctly denied Mr. Carpenter's motion for sanctions and therefore does not object to that finding.

4

part of the order if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *In re Kidd*, No. 3:20-cv-00800 (KAD), 2020 U.S. Dist. LEXIS 171263, at *3 (D. Conn. Sept. 18, 2020). "A ruling is clearly erroneous if the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *Ungar v City of New York*, 329 F.R.D. 8, 11 (E.D.N.Y. 2018) (internal quotations omitted). A ruling is contrary to law if it finds that "the magistrate failed to apply or misapplied relevant statutes, case law or rules of procedure." *Kidd*, 2020 U.S. Dist. LEXIS 171263, at *3 (quoting *Garcia v. Benjamin Grp. Enter. Inc.*, 800 F. Supp. 2d 399, 403 (E.D.N.Y. 2011). Generally, discovery disputes submitted to a Magistrate Judge are non-dispositive, *e.g. Rivera v. Hudson Valley Hosp. Grp., Inc.*, No. 17-CV-5636 (KMK), 2019 U.S. Dist. LEXIS 143086, at *7-*8 (S.D.N.Y. Aug 22, 2019), and a reversal of a Magistrate Judge's decision is appropriate if they have abused their discretion, *Kidd*, 2020 U.S. Dist. LEXIS 171263 at *3-*4 (internal citations omitted).

## ARGUMENT

### I. Legal Standard for Extension of Time

"District courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases. "*Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016). Thus, a District Court generally has discretion to extend deadlines as necessary to effectively manage its cases. Under Federal Rule of Civil Procedure 6(b), the Court has the direction to extend a deadline if that deadline was missed through excusable neglect. *Drayton v. New Britain Auto Sales, LLC*, 2008 U.S. Dist. LEXIS 130734, at *3 (D. Conn. Oct. 8, 2008)) adopted 2008 U.S. Dist. LEXIS 130735 (D. Conn. Oct. 28, 2008), (citing *Losacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995). Factors to be considered in whether to grant a motion to extend time *nunc pro tunc* include "the length of the delay, whether there is any evidence of bad

faith, whether the opposing party has been prejudiced, and whether the movant's excuse has some merit." *Drayton*, 2008 U.S. Dist. LEXIS 130734 at *3 (internal citations omitted). In determining whether to grant an extension of time, the Second Circuit has noted that excusable neglect is "an elastic concept" and that a determination of whether to grant an extension is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Silvanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 ( 2d Cir. 2003).

While Courts generally focus on the reason for the delay, *id.* at 366-67, that consideration is not necessarily dispositive. Courts have in fact extended deadlines after they had been missed despite the lack of a compelling excuse in cases where there were no allegations of bad faith and there existed no prejudice to the non-movant. *See, e.g.*, *Bjerke v. Messerli & Kramer, P.A.*, 2017 U.S. Dist. LEXIS 118321, at *2-*4 (W.D. Wis. July 18, 2017) (finding that a party could untimely file an answer to a complaint a week after it missed a deadline and after default was entered when there existed no bad faith or prejudice); *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (finding that the district court did not abuse its discretion in permitting a party to file a notice of appeal thirty days late after a calendaring error by a paralegal at the law firm representing that party).

Pursuant to the United States District Court for the District of Connecticut's Local Rule 7(b), all motions for extension of time must be accompanied by a showing of good cause. The Second Circuit had emphasized that "a finding of good cause depends on the diligence of the moving party." *Harnage v. Pillai*, 2018 U.S. Dist. LEXIS 91666, at * 17 (D. Conn. June 1, 2018) (quoting *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000)).

**II.     Universitas Respectfully Submits that Judge Spector's Order was Clearly Erroneous and Contrary to the Law and that this Court should Modify the Order to Permit Universitas to File its Renewed Motion for Contempt.**

In the present case, Plaintiff Universitas respectfully submits that Judge Spector's Order denying Universitas' Motion for an Extension of Time *Nunc Pro Tunc*, was clearly erroneous and contrary to the law because Judge Spector misapplied the relevant case law and committed a mistake that has the effect of allowing Mr. Carpenter to flagrantly continue to disobey this Court's discovery orders.

As articulated in its original Motion, Universitas did not miss this Court's deadline out of bad faith or any attempt to delay. Instead, it was an error by counsel in failing to properly calendar the deadline after Mr. Carpenter's deposition. The fact that Universitas coordinated with Mr. Carpenter and his counsel to schedule his deposition within the time set by the Court further indicates a lack of bad faith and an effort to comply with this Court's orders. Mr. Carpenter has not suggested that Universitas's failure was in bad faith, and Judge Spector's Order did not find that Universitas acted in bad faith. In fact, the record, which is rife with examples of Universitas coordinating with other parties in this matter to extend deadlines, does not support a finding of bad faith by Universitas in this litigation. Similarly, Universitas has articulated that Mr. Carpenter will not be prejudiced by this late filing as Universitas is only seeking to effectuate compliance with Mr. Carpenter's previously court-ordered obligations.[2] Mr. Carpenter did not contest this assertion, and Judge Spector's Order did not address it or make any findings that he would be prejudiced.

---

[2] This is particularly true as motions to compel or hold a party in contempt generally do not have a deadline for filing, and only require a showing of good cause if filed after the close of discovery, which is ongoing in the present case. *See, e.g., Harnage v. Pillai*, 2018 U.S. Dist. LEXIS 91666, at *5 (D. Conn. June 1, 2018) ("Though Rule 37 does not establish time limits for [a motion to compel] . . . .").

Universitas respectfully contends that Judge Spector clearly erred and misapplied the applicable law in denying Universitas's Motion by focusing solely on reason articulated for the delay. While Judge Spector correctly noted that the Second Circuit (and others) view this as a critical factor in determining whether to grant an extension, (Doc. No. 281 (citing *Silvanch*, 333 F.3d at 366-67)), it is not dispositive.³ Universitas has pointed to explicit caselaw indicating that even absent a particularly compelling excuse for missing a deadline, a court can, and has, extended that deadline and permitted a party to file out of time, particularly when there is no evidence of bad faith or prejudice. *E.g. Pincay* 389 F.3d 853; *Bjerke*, 2017 U.S. Dist. LEXIS 118321 at *2-*4. In fact, this Court done so, even when there was evidence of bad faith. In this very matter, the Court granted Mr. Carpenter an extension to cure his contempt from July 15, 2021 to September 9, 2021 after he failed to comply with this Court's order requiring him to produce discovery. In that case, Universitas was actually prejudiced and this Court found that Mr. Carpenter's actions, including his abrupt and inexplicable change in position from having too many documents to produce to none at all, was in bad faith. (Docs. No. 218 at 22; 243 at 6.) Notwithstanding the foregoing, this Court granted him an extension to cure his contemptuous actions, (Doc. No 179), noting a lack of objection from Universitas, making clear that this Court can certainly extend time for compliance even absent a compelling excuse for failure to meet a deadline. Thus, respectfully, Judge Spector's finding that the lack of a compelling excuse necessitated a denial of Universitas's motion was a clear mistake and a misapplication of the law.

---

³ The *Pincay* court noted, and Universitas suggests, that the approach of the *Silvanch* court, which effectively fashioned a "per se" rule that the excusable neglect could not be found if there was no compelling reason for missing a deadline was limited in its application for missing a deadline under Rule 4 of the Federal Rules of Appellate Procedure, which provides a far more rigid and inflexible deadline than the one at issue here, and is thus inapplicable here.

8

Moreover, the case upon which the Order primarily relied, *Silvanch*, specifically notes that at its core, the decision to extend a deadline is an "equitable one." 333 F.3d at 366. While the equities are generally analyzed through the lens of the four-part excusable neglect test, the case law does not suggest that the equitable inquiry is restricted to only analyzing those factors. Here, equitable considerations demand a different result. Federal courts have a strong interest in enforcing their own orders. *E.g. In re Special Proceedings*, 291 F. Supp. 2d 44, 56-57 (D. R.I. 2003) (citing *United States v. Gillock*, 445 U.S. 360, 373 (1980)). Universitas noted in its Motion that this Court should not allow Universitas's counsel's inadvertent mistake to "operate as an excusal of Mr. Carpenter to comply with this Court's Order and his discovery obligations under [June of 2021] Order and Universitas's subpoena." (Doc. No. 269.) The practical effect of Judge Spector's Order is that exact outcome. If Universitas is not allowed to file its renewed motion, then Mr. Carpenter will have evaded compliance with this Court's discovery orders.[4] This result is inequitable and unjust, especially because Universitas has a judgment in excess of $30 million against Mr. Carpenter, which he has not satisfied, and because of his judicially-determined history of resisting prior discovery efforts aimed at executing on that judgment. Respectfully, Judge Spector's failure to reconcile this unjust and inequitable result, which permits a continued violation of this Court's June of 2021 Order and causes significant harm to Universitas at the hands of Mr. Carpenter, whose bad faith necessitated this proceeding and discovery in the first place, was a clear error and a misapplication of the relevant caselaw.

---

[4] As Universitas noted, this result is particularly unjust in light of revelations in the deposition that Mr. Carpenter has a personal bank account, contrary to prior representations to Universitas, which would clearly be an asset against which Universitas could execute on its judgment, as well as revelations after the deposition occurred that Mr. Carpenter was witness to the sale of property by 1&3 Mill Pond Partners, LLC—a defendant and entity listed in the subpoena—that he concealed from Universitas and this Court.

9

Universitas understands, acknowledges, and apologizes for its own failure to comply with this Court's deadline. However, the sanction against Universitas, to the extent that this Court believes one is appropriate, should not be to deprive it of critical discovery that may lead to a resolution of this and related cases and that this Court has already ordered Mr. Carpenter to produce. Instead, Universitas suggests that a narrower sanction, to the extent one is warranted, be applied. For instance, this Court could permit Universitas to renew a motion to compel the production of the discovery Universitas has demonstrated exists and is in Mr. Carpenter's possession, custody, and control in its Proposed Renewed Motion for Contempt, (Doc. No. 269-1), but not permit Universitas to recover its attorneys' fees and costs for bringing that motion. This result, which is consistent with the Federal Rules of Civil Procedure,[5] would be in line with the equities and better serve the ends of justice.

## CONCLUSION

For all the aforementioned reasons, this Court should set aside Judge Spector's Order to the extent it does not extend the time for Universitas to file a renewed motion to compel or for contempt, and this Court should modify the Order permitting Universitas to file such a motion.

Dated: July 20, 2022

Respectfully submitted,

/S/ Joseph L. Manson III
JOSEPH L. MANSON, III
(*Admitted Pro Hac Vice*)
jmanson@jmansonlaw.com
LAW OFFICES OF JOSEPH L. MANSON III
600 Cameron St,
Alexandria, VA 22314
Telephone: (703) 340-1693
ATTORNEYS FOR PLAINTIFF
UNIVERSITAS EDUCATION, LLC

---

[5] *See* Fed. R. Civ. P 37(a)(5)(A)(iii) (authorizing an award of attorneys' fees for a successful motion to compel unless "other circumstances make an award of expenses unjust").

10

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of July, 2022, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and to all counsel of record.

/s/ Joseph L. Manson III