UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **UNIVERSITAS EDUCATION, LLC**<br><br>Plaintiff<br><br>vs.<br><br>**BENISTAR, et al**<br><br>Defendants | **CIVIL ACTION NO.**<br>**3:20-cv-00738-JAM**<br><br><br>**AUGUST 29, 2022** |

**BRIEF IN SUPPORT OF MOTION OF CARPENTER FINANCIAL GROUP, INC.
TO INTERVENE AS AN INTERESTED PARTY**

**PRELIMINARY STATEMENT**

Proposed Intervenor Carpenter Financial Group, Inc (hereinafter "CFG") respectively asks this Court for permission to intervene in this case because Attorney Joseph Manson and Universitas are continuing to commit a fraud on the Court and clearly wasting the Court's time.

As the Court is clearly aware, Universitas is suing Carrie and Steve Meckel and four innocent and uninvolved parties simply because they had some alleged tenuous monetary connection to CFG. In his filing in opposition to the Four LLC's Motions to Dismiss on August 24, 2022, Attorney Manson makes a number of misstatements.

For instance, Attorney Manson claims the Charter Oak Trust Welfare Benefit Plan was not an ERISA Plan. (See Manson Opp. at 3 fn. 1) But the Department of Labor raided the offices at 100 Grist Mill Road in May 2011 claiming that it had jurisdiction over the Charter Oak Trust because it was in fact an ERISA Plan. That case has been in continuous litigation for a decade with three trips to the Second Circuit, and the Government is currently appealing Judge Underhill's ruling in favor of Mr. Carpenter to destroy the documents still in the Government's possession. Attorney Manson continues to defame innocent parties and claim that Benistar is a criminal

1

organization despite the Second Circuit's clear mandate that court filings should not be used to defame any parties—much less the innocent parties in this case. *See Brown v. Maxwell*, 929 F.3d 41, 51 (2d Cir. 2019).

Clearly, CFG satisfies all four the requirements of Rule 24 for a permissive intervention in this case. CFG has a vested interest in this case because it owns 99% of the Defendant Grist Mill Partners, LLC, which will ask this Court to dismiss the lien Universitas put on the property at 100 Grist Mill Road, which is currently in foreclosure with TD Bank. The Defendant 1 & 3 Mill Pond already sold the property that was in foreclosure to pay off TD Bank before Universitas brought this patently frivolous and vexatious lawsuit. Similarly, Defendant Seir Hill Partners, LLC is only being sued because CFG allegedly advanced money to purchase the building in Norwalk, but Seir Hill Partners is owned 99% by Molly Carpenter (who was dismissed with prejudice in this case) and 1% by Caroline Financial Group, Inc., which has never been sued by Universitas despite Caroline being the Managing Member of several defendants in this case. Perhaps worst of all is the lawsuit against the Meckels because they bought a property from the Defendant Birch Hill Partners, LLC using a mortgage, but the money in Birch Hill Partners, LLC, that allegedly came from CFG in 2010, before Judge Swain's judgment against Nova Group, Inc. in 2012 or the Clerk's Judgment in August of 2014, which is currently under appeal at the Second Circuit.

But the reason that this Court should allow CFG to intervene is to aid the Court in sorting through all Attorney Manson's misstatements. Sharon Siebert of Universitas was Sash Spencer's Mistress and her neighbor Barbara Kniffen (Seibert's neighbor and alleged notary) never visited Sash Spencer while he was in intensive care dying in the hospital in May of 2008. Sash Spencer did not sign those forms and his widow Mary Spencer threatened Wayne Bursey and Jack Robinson with a lawsuit if they paid a dime to the two "floosies" (Mary Spencer's Attorney's words, not Mr. Carpenter's). In fact, no one ever threatened Mr. Carpenter because he had nothing

to do with filling out the application or denying the claim and to this very day, Mr. Carpenter has never met or even talked to Sash Spencer's broker, Bruce Mactas. Moreover, Mr. Carpenter has shown several times the Government's Exhibit used at his trial that he calculated Universitas paying $19,800,000 before the claim was denied by Wayne Bursey, the Trustee of the Charter Oak Trust, once the Sharon Seibert fraud was discovered. But not only has Universitas lied to this Court—Universitas lied to Judge Swain as well. *Please see, e.g*. Doc. 301-3 in the Meckel filing, showing that there is no "Inc." or "LLC" after Carpenter Financial Group" but there are THREE DIFFERENT TAX ID NUMBERS for CFG in the Judgment Restraining Notice submitted by Universitas.

Because Judge Swain just copied whatever Universitas put in its affidavits, and despite knowing that there were FOUR different CFG's—but did not know whether it was the Delaware entity or the Connecticut entity or an Inc. or an LLC—she left the company description blank. *See* Doc 301-3, Exhibit B, showing three different EINs for Carpenter Financial Group. In fact, PACER shows CFG, LLC was one of the Petitioner's in Judge Covello's Court protesting the IRS Raid of 2010. (*see Pettibone Tavern v. Commissioner*, 3:10-MC-00064-AVC (April 29, 2010); *see also*, 3:01-CV-01942-AVC (October, 15, 2001) where CFG, LLC as plaintiff sued Sovereign Bank in 2001).

Even worse, while Mr. Carpenter was in prison, Universitas filed a Charging Order with Judge Chatigny that he granted in October of 2015. The only activity in that case in seven years is CFG's filing of a Motion to Dissolve or Vacate the Charging Order pursuant to the "One Satisfaction Rule." Please see the Judge Chatigny Motion attached as Exhibit One. The law in New York—as well as Connecticut—is very clear, Universitas can only collect once. When Universitas collected $12,000,000 in Judge Vanessa Bryant's courtroom, the $11,140,000 allegedly owed by some Carpenter Financial Group was wiped out. If CFG does not owe money to Universitas, then

3

the Defendants in this case should all be dismissed. For the reasons set forth above, CFG has filed this motion and respectfully requests this Court's permission to allow it to intervene in this case, so at to present the truth to this Court and present relevant evidence showing that Universitas is owed nothing and should not benefit from its fraudulent conduct and instead it should be sanctioned for wasting the Court's valuable time and resources pursuant to 28 U.S.C 1927.

## LAW AND ARGUMENT

### A.   Legal Standard

Federal Rule of Civil Procedure 24 provides four distinct paths for parties to intervene in a pending case, two of which are applicable here. First, upon timely motion, Rule 24(a)(2) provides for intervention as of right to "anyone" who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2); *Berger v. N. Carolina State Conf. of the NAACP*, 142 S. Ct. 2191, 2200–01 (2022); *see also MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006).

Second, Rule 24(b)(1)(B) allows permissive intervention for a party that "has a claim or defense that shares with the main action a common question of law or fact." "Even if the court concluded that the movants had not made a showing that they may intervene as of right, it would permit the movants to intervene pursuant to Federal Rule of Civil Procedure 24(b). That provision allows the court to permit anyone to intervene who ... has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). *Connecticut Fine Wine &*

4

*Spirits, LLC v. Harris*, No. 16-CV-1434 (JCH), 2016 WL 9967919, at *8–9 (D. Conn. Nov. 8, 2016)

Under both Rule 24(a) and (b), "an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir.2014).

**B.      Law & Argument**

The Federal Rules of Civil Procedure provide for "intervention of right" under Rule 24(a) and "permissive intervention" under Rule 24(b). CFG satisfies both standards.

**1) Carpenter Financial Group, Inc. is entitled to intervene as of right.**

As the Supreme Court recently stated that "[o]ur starting point lies in Rule 24(a)(2) of the Federal Rules of Civil Procedure. As relevant here, the Rule provides that a "court must permit anyone to intervene" who, (1) "[o]n timely motion," (2) "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest," (3) "unless existing parties adequately represent that interest." *Berger v. N. Carolina State Conf. of the NAACP*, 142 S. Ct. 2191, 2200–01 (2022). CFG meets all four requirements.

**2) This motion is timely**

CFG's motion is "timely" because this Court has not yet ruled on motions to dismiss the First Amended Complaint. CFG moved expeditiously to file this motion after Attorney Manson's fraudulent filing of August 24, 2022 and after it filed its own motion to vacate the charging order in *Universitas v. Nova Group, Inc, et al.*, 14-mc-00125-RNC and permitting CFG to intervene will not prejudice any party. CFG's motion is timely. *See, e.g., Am. S.S. Owners Mut. Prot. and Indem. Ass'n., Inc. v. Alcoa S.S. Co.*, 2005 WL 427593, at *4 (S.D.N.Y. Feb. 22, 2005) ("There is no

5

dispute that the motion to intervene is timely, having been filed only a few months after the Club filed its complaint in this multi-party action.")

### 3) CFG has an interest in this action

A party has a right to intervene if it "claims an interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2). This interest is sufficient for intervention if it is "'direct, substantial, and legally protectable,'" as opposed to "remote from the subject matter of the proceeding, or … contingent upon the occurrence of a sequence of events before it becomes colorable." *Brennan v. N.Y. City Bd. of Educ.*, 260 F.3d 123, 129 (2d Cir. 2001) (*quoting Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990)).

CFG satisfies this requirement too as explained above in the preliminary statement. CFG is the subject of a charging order that has been pending in an action filed by Universitas since October 27, 2015. CFG seeks intervention as Universitas is owed nothing and should not benefit from its fraudulent conduct. CFG thus has a strong interest in remedying the harm that Universitas has caused to its members and other parties in this action. *See Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977) (associations can bring suits on behalf of their members); see, *e.g., Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.* (Harvard Corp.), 397 F. Supp. 3d 126, 132 (D. Mass. 2019).

### 4) CFG's interest will be impaired without intervention

A party has a right to intervene if it "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." Fed. R. Civ. P. 24(a). CFG satisfies this requirement because CFG's ability to protect its interests would be impaired or impeded by an adverse decision in this case. If Universitas prevails in this case, the decision could form precedent that could perpetuate Universitas's to continue its fraudulent conduct SFFA's in future lawsuits. This potential precedential effect is sufficient to warrant intervention as of right.

*See Sackman v. Liggett Grp., Inc.*, 167 F.R.D. 6, 21 (E.D.N.Y. 1996) ("[T]he stare decisis effect of a court's decision is sufficient to demonstrate the requisite impairment of an interest to support a motion to intervene."); *N.Y. Pub. Interest Research Grp., Inc. v. Regents of the Univ. of the State of N.Y.*, 516 F.2d 350, 352 (2d Cir. 2000) (same). At a minimum, "[t]he reality is that [SFFA] would at least find itself waging an uphill battle" to challenge an admissions process that had already been upheld as constitutional. *Hartford Fire Ins. Co. v. Mitlof*, 193 F.R.D. 154, 162 (S.D.N.Y. 2000). CFG's interest thus may be impaired without intervention

### 5) CFG's interest will not be adequately protected by the parties to the action

A party has a right to intervene if "existing parties" may not "adequately represent" the intervenor's interest. Fed. R. Civ. P. 24(a). CFG meets this requirement as well. CFG has a unique interest in the outcome, given its motion to vacate the charging order in *Universitas v. Nova Group, Inc*. Universitas has sued to collect money it claims that it is owed. CFG, by contrast, seeks to prove that Universitas is perpetuating a fraud before the Court and that it has already collected its claimed debt.. See, e.g., *Schaghticoke Tribal Nation v. Norton*, No. 3:06CV81 (PCD), 2006 WL 1752384, at *6 (D. Conn. June 14, 2006) ("[I]nadequate representation by the [f]ederal [government] is more likely to be found if the Movant[] assert[s] a personal interest that does not belong to the general public.") (cleaned up).

Moreover, unlike the other defendants, CFG is currently seeking to vacate a charging order that is subject to the same claims at issue in this action. This too supports intervention. *See, e.g., Schaghticoke Tribal Nation*, 2006 WL 1752384, at *7 (D. Conn. June 14, 2006) (government does not provide adequate representation if it has not "demonstrated sufficient motivation to … present all colorable contentions"); *Ctr. for Biological Diversity v. Zinke,* No. CV-18-00047-TUC-JGZ, 2018 WL 3497081, at *4 (D. Ariz. July 20, 2018) (government does not provide adequate representation if it will not "undoubtedly make all the intervenor's arguments," is not "capable and

7

willing to make such arguments," or "would neglect" elements raised by intervenor). Because the other defendants are not subject to the Charging Order that CFG is moving to vacate and not parties in *Universitas v. Nova Group, Inc.*, they do not have a complete "congruence of interests," there is inadequate representation. *Brennan*, 260 F.3d at 133

### 6) Alternatively, CFG should be allowed to permissively intervene.

Even assuming in the alternative that intervention as of right is improper, permissive intervention is still appropriate. This Court has made similar findings in *North River v O & G Industries*:

> Even if I were to conclude that the proposed intervenors were not entitled to intervention as of right, I would conclude that permissive intervention is appropriate. Rule 24(b) allows intervention by permission of the court when the intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). The proposed intervenors here raise counterclaims that clearly share common questions of law or fact. The existing action brought by North River claims that the process by which Keystone handled the initial claims settlement process in the aftermath of the explosion violated the terms of the insurance contract between North River and Keystone. Proposed intervenors' counterclaim similarly alleges violations—this time, on the part of North River—of the terms of the same contract. Specifically, the proposed intervenors claim that North River should have negotiated with Keystone and that the failure to do so was in bad faith, negligent, and additionally in violation of Massachusetts's unfair trade practices law. Additional considerations and the balance of equities also support permissive intervention. For claims of permissive intervention, the "elements of the rule must be read in balance ... A showing that a very strong interest exists may warrant intervention upon a lesser showing of impairment or inadequacy of representation." *United States v. Hooker Chemicals & Plastics Corp.*, 749 F.2d 968, 983 (2d Cir.1984). Moreover, a primary consideration must be "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir.1978); *see also Citizens Against Casino Gambling in Erie Cty. v. Hogen*, 417 Fed.Appx. 49, 51 (2d Cir.2011)

*N. River Ins. Co. v. O&G Indus., Inc.*, 315 F.R.D. 1, 7 (D. Conn. 2016).

Rule 24(b) provides that a Court has discretion to grant permissive intervention when the intervenor "has a claim or defense that shares with the main action a common question of law or

fact." Fed. R. Civ. P. 24(b). "Permissive intervention is appropriate in circumstances in which intervention would not unduly delay or prejudice the adjudication of the original parties' rights." *Mejia v. Time Warner Cable Inc.,* 2017 WL 3278926, at *17 (S.D.N.Y. August 1, 2017). "Additional relevant factors include: (1) the nature and extent of the intervenors' interests, (2) the degree to which those interests are adequately represented by other parties, and (3) whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Connecticut v. Pruitt,* No. 3:17CV796 (WWE), 2017 WL 11572824, at *2–3 (D. Conn. Sept. 1, 2017). The Court should also conclude that CFG is an "indispensable" party after the recent frivolous and vexatious filings.

CFG is also entitled to permissive intervention. Permissive intervention under Rule 24(b) is "discretionary with the trial court." *H.L. Hayden Co. of N.Y. v. Siemens Med. Sys., Inc*., 797 F.2d 85, 89 (2d Cir. 1986). A district court may grant a motion for permissive intervention if the application is timely and if the "'applicant's claim or defense and the main action have a question of law or fact in common.'" *In re Holocaust Victim Assets Litig*., 225 F.3d 191, 202 (2d Cir. 2000) (quoting Fed. R. Civ. P. 24(b)(2)). The court also must consider "whether granting permissive intervention 'will unduly delay or prejudice the adjudication of the rights of the existing parties.'" *Id*. (*quoting* Fed. R. Civ. P. 24(b)(2)). CFG clearly satisfies these requirements for permissive intervention.

First, as explained above, CFG's motion is timely. The parties are still litigating Motions to Dismiss. No reply briefs have been filed. Second, CFG's claims share with the main action common questions of law or fact. If CFG were to bring its own lawsuit, its lawsuit would implicate the precise facts at issue here. CFG's discovery would involve the same discovery that has already been conducted in this case.

Finally, granting permissive intervention to CFG will not "unduly delay or prejudice the adjudication of the original parties' rights." To the contrary, considerations of judicial economy weigh in favor of intervention. "The purpose of … intervention is to prevent a multiplicity of suits where common questions of law or fact are involved." *Wash. Elec. Co-op., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990); *see, e.g., United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 69 (2d Cir. 1994) ("Intervention … attempts to … efficiently administrat[e] legal disputes by resolving all related issues in one lawsuit."). If CFG is not granted intervention, it would be forced to file its own separate lawsuit against Universitas, creating additional litigation and burdens for all parties and this Court. Permissive intervention is designed to prevent this "multiplicity of suits." *Wash. Elec. Co-op., Inc.*, 922 F.2d at 97; see, e.g., *Golden Ins. Co. v. PCF State Restorations, Inc.*, No. 17-CV-5390 (BCM), 2018 WL 10593630, at *7 (S.D.N.Y. May 11, 2018) (intervention warranted in light of "overarching considerations of economy and efficiency that undergird … permissive intervention"); *Nu-Chem Labs., Inc. v. Dynamic Labs., Inc.,* No. 96-CV-5886 (JS), 1998 WL 35180780, at *4 (E.D.N.Y. May 19, 1998) (same). Thus, at a minimum, CFG should be granted permissive intervention in the interests of justice and preserving judicial resources and this Court's valuable time.

## CONCLUSION

Because of the aforesaid arguments, the Intervenor, Carpenter Financial Group, Inc., respectfully prays that this Honorable Court grants this motion and allows CFG to proceed as an intervening Interested Party in this matter.

        Respectfully Submitted
        CARPENTER FINANCIAL GROUP, INC.

        By:  /s/ Jonathan J. Einhorn
        JONATHAN J. EINHORN
        129 WHITNEY AVENUE

NEW HAVEN, CT 06510  
FEDERAL BAR NO. ct00163  
EINHORNLAWOFFICE@GMAIL.COM

## **CERTIFICATION**

      I hereby certify that on this 29th day of August, 2022, a copy of the foregoing was filed electronically and served by mail to anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filings as indicated on the Notice of Electronic Filings. Parties may access this filing through the Court's CM/ECF System.

      By: */s/ Jonathan J. Einhorn*  
          JONATHAN J. EINHORN