UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | ) | |
|---|---|---|
| **UNIVERSITAS EDUCATION, LLC** | ) | |
| Plaintiff | ) | **CIVIL ACTION NO.** |
| | ) | **3:20-cv-00738-JAM** |
| vs. | ) | |
| | ) | |
| **BENISTAR, et al** | ) | |
| Defendants | ) | **SEPTEMBER 6, 2022** |

**Reply Memorandum of Law in Support of Motion to Dismiss**

Pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure, the Defendant 1 & 3 Mill Pond Partners, LLC submits this reply memorandum of law in support of its motion to dismiss Count One (Alter Ego) and Count 8 (Unjust Enrichment) of Plaintiff's First Amended Complaint.

**SUMMARY**

Universitas did not respond to the Greyhound Partners, LLC Motion to Dismiss under Rule 12(b)(1) because this Court lacks diversity jurisdiction. Universitas has thus conceded the issue and the case should be dismissed for all Defendants.

The sole claims brought against 1 & 3 Mill Pond are for Alter Ego (Count 1) and unjust enrichment (Count 8). Universitas makes an admission that affirmatively proves that the unjust enrichment claim fails. On page 15 of the Response [Dkt 302], Universitas admits that "[t]here is no indication that Mill Pond ever received any of the Spencer Proceeds." As shown in Mill Pond's Motion to Dismiss, Universitas describes an April 2008 transfer of funds to Mill Pond and Mill Pond's purchase of real estate in May 2008 - <u>before</u> Mr. Spencer passed away in June 2008 and the Charter Oak Trust received the policy proceeds in May 2009. <u>First Amended Complaint, p. 6 ¶¶ 33, 35, 159-60 [Dkt 249]</u> As a result, there is no unjust enrichment here (although a tracing of the insurance policy proceeds would be a fraudulent transfer claim, not an unjust enrichment claim, anyway).

1

Next, on page 15 of the Response [Dkt 302], Universitas makes an admission that eviscerates Universitas's unjust enrichment claim:

> In April of 2013, Universitas filed a letter from Mr. Carpenter to the Washington Trust Company which noted that Grist Mill Partners purchased the 1 & 3 Mill Pond Road property. (Doc. No 293-2 at 1.) . . . The letter later states that "1 & 3 Mill Pond finances a $1,000,000 dollar mortgage, but receives over $20,000 a month in rent." (Doc. No 293-2 at 2.)

<u>Universitas Response [Dkt 302]</u> Universitas's admission affirmatively proves that Universitas had knowledge of facts that would be the basis for an alter ego claim - the letter is on Grist Mill Capital LLC letterhead, signed by Dan Carpenter and is regarding Moonstone Partners, LLC. <u>[Dkt 293-2, Grist Mill Partners, LLC June 19, 2009 letter to Washington Trust Company]</u>. Accordingly, and as argued by Mill Pond, Universitas failed to properly plead an unjust enrichment claim and clearly knew of Mill Pond before the Universitas self-imposed deadline of September 2014. [Dkt 302, Response pp. 13-14][1]

Next, Universitas makes another admission that affirmatively proves that the unjust enrichment claim fails. On page 15 of the Response [Dkt 302], Universitas admits that "[t]here is no indication that Mill Pond ever received any of the Spencer Proceeds." As a result, how was Mill Pond unjustly enriched – by owning and renting real estate that had nothing to do with the Charter Oak Trust Welfare Benefit Plan or the Spencer proceeds? Similarly, Universitas filed a charging order with Judge Chatigny in October 2015 involving Carpenter Financial Group, which is the 99% owner of Mill Pond. Three months later, in January 2016, Universitas created an affidavit for Ed Waesche to sign [Dkt 12, Exh. 22] where Mill Pond was listed as one of the many entities in the Carpenter-related "Family." January 2016 was certainly prior to other litigation by Universitas

---

[1] On October 17, 2013, Universitas also filed an affidavit of its counsel, Michael Barnett, and attached an organization chart that included 1 & 3 Mill Pond in the case before Judge Swain that is docketed as #212-2 Exh. 11 (Case 1:11-cv-08726-LTS-HBP).

2

against TD Bank (*Universitas Educ., LLC v. T.D. Bank, N.A.*, 2015 U.S. Dist. LEXIS 170264 (S.D. N. Y. Dec. 21, 2015)) and Christiana Bank, the insurance trustee of the Charter Oak Trust Welfare Benefit Plan. *Wilmington Sav. Fund Soc'y, FSB v. Universitas Educ.*, LLC, 164 F. Supp.3d 273, 277 (D. CT. 2016).

Next, Universitas's admissions establish the *res judicata* defense/ground. First, Universitas admits there is a final judgment on page 5 of the Response. Second, on page 27 of the Response [Dkt 302], Universitas admits "Universitas included all the named defendants together in the alter ego claim . . ." as argued by Defendant on page 12 of Defendant's Memorandum. [Dkt 293-1] Universitas also admits on page 11 that the "Defendants are in privity with the turnover respondents . . . which effectively render all the alter egos a single entity for purposes of *res judicata*." [Dkt 302] Third, Universitas admits filing and renewing the restraining notices in 2014 and 2015 on page 5-6 of the Response, and while Universitas contests the scope of its knowledge, Universitas admits on page 14 that the "restraining notices were issued and renewed because 'it appear[ed] that [they] owe[d] a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest.'" [Dkt 302] In addition to Universitas's admissions, the subsequent 2016 turnover proceeding and the 2015 and 2017 entry of orders extending the 2014 restraining notices are further evidence that satisfies the New York transactional approach to res judicata – the claim against the Defendant arises from the same "transaction or series of transactions," as those advanced in the 2014 Turnover proceedings, which would have formed a "convenient trial unit." In other words, and as stated on page 17 of Mill Pond's Memorandum, "'even when [claims] depend on different shadings of the facts, or would emphasize different elements of the facts,' they can be based on the same series of transactions as long as they are 'grounded on the same gravamen of the wrong.'" [Dkt 293-1] (cit. omitted)

3

**REPLY INTRODUCTION**

Once again, Universitas filed a response in this Court that begins by demonizing Mr. Carpenter for pages in an effort to distract the Court from the deficiencies in Universitas's First Amended Complaint [Dkt 249] and Universitas's Response. [Dkt 302] After finishing its rant against Mr. Carpenter, Universitas summarily concludes that Mill Pond's arguments fail without stating a single reason or argument in support of Universitas's statement.

**REPLY – FACTUAL BACKGROUND**

**A.  Universitas points to irrelevant proceedings in which Mill Pond and the rest of the defendants are not parties.**

Once again, Universitas unnecessarily recounts its version of largely irrelevant facts for multiple pages: 2-6. For example, Universitas states on page 3 of the Response that the "Benistar entities' (meaning Mill Pond and the other defendants in this case) egregious conduct and unjustifiable refusal to comply with court orders necessitated the post-judgment proceedings," but the defendants in this case were not parties elsewhere. Similarly, Universitas states on page 3 that its collection efforts were thwarted by the "Benistar entities," but the defendants here are not parties to the 2016 case cited by Universitas.

Universitas also complains on page 3 of the Response that an appeal was filed "frivolously" in the Second Circuit. Curiously, while Universitas asserts that arguments made in the appeal are contrary to the arguments in this case, Universitas does not describe the arguments in the appeal and does not explain why such unidentified arguments are contrary to the grounds for dismissal.

As another example, Universitas complains on page 4 of the Response that it is somehow improper to argue that a district court must have subject matter jurisdiction and that pursuant to *Peacock v. Thomas*, ancillary jurisdiction will generally not support efforts to collect a judgment by bringing claims against third-parties. [Dkt 302] So how exactly does one district court's ruling

that it has diversity jurisdiction somehow automatically establish diversity jurisdiction in a different case involving different parties, as argued by Universitas on page 4?

B.  **Universitas ignores the subsequent 2016 turnover proceeding and the 2017 Order extending the restraining notices.**

On pages 4-6, Universitas summarizes the first and second turnover proceedings in 2013 and 2014. Tellingly, Universitas ignores later orders entered by Judge Swain described on page 4 of Mill Pond's Memorandum - the 2016 Turnover Order and the 2017 Order extending the restraining notices – signed by Judge Swain. [Dkt 293-1; Dkt 293-6, 293-7] Universitas, of course, wants the Court to focus on the earlier proceedings and ignore the later proceedings – the 2016 Turnover Order and 2017 Order - when the Court considers the *res judicata* dismissal ground.

**REPLY – ARGUMENT**

A.  **Universitas Failed to Respond to Greyhound Partners, LLC's Rule 12(b)(1) Motion to Dismiss for Lack of Diversity Jurisdiction [Dkt 294-1, pp. 1, 18-19]**

"Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion . . .." U.S. DISTRICT COURT DISTRICT OF CONNECTICUT LOCAL RULE 7(a)(2). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). Greyhound Partners, LLC filed its Motion to Dismiss and argues, in part, that this Court lacks subject matter jurisdiction because there is no diversity jurisdiction. [Dkt 294-1, pp. 1, 18-19] Because Universitas concedes this issue, the Court must dismiss the case against all Defendants.

B.  **Res Judicata Bars the Unjust Enrichment Claim.**

Beginning on page 10 of the Response, Universitas finally begins its argument. Universitas admits: (1) *res judicata* is an appropriate Rule 12(b)(6) dismissal ground; and (2) under New York's transactional analysis, claims are barred if the claims arise out of the same facts and

circumstances as an earlier litigated claim, even where a claimant bases new claims on "different legal theories or seeks dissimilar or additional relief." [Dkt 302] (cit. omitted)

On page 10 of the Response, Universitas cites to *Waldman v. Vill. of Kiryas Joel*, 207 F.3d 105, 108 (2d Cir. 2000). *Waldman* supports Mill Pond not Universitas, as the *Waldman* opinion mandates a res judicata bar in this case.

> To the extent that it is premised on the scope of the legal claims asserted in the earlier suit, the contention is foreclosed by the well-established rule that *a plaintiff cannot avoid the effects of res judicata by "splitting" his claim* into various suits, based on different legal theories (with different evidence "necessary" to each suit). *See Woods v. Dunlop Tire Corp*., 972 F.2d 36, 39 (2d Cir.1992) ("It is this identity of facts surrounding the occurrence which constitutes the cause of action, not the legal theory upon which [plaintiff] chose to form her complaint."); 1B Moore's Federal Practice ¶ 0.410[2]. In other words, *res judicata still applies, regardless of whether in his prior suit Waldman chose to focus on the issue of discrimination and not, as now, on the alleged invalidity* of the Village itself.

*Waldman*, 207 F.4d at 110 (cit. omitted) (emphasis added). Similarly, the Second Circuit held a subsequent veil piercing suit was barred by res judicata based upon an earlier suit alleging a fraudulent transfer. *Ren-Cris Litho, Inc. v. Vantage Graphics*, 1997 U.S. App. LEXIS 3333 (2nd Cir. February 24, 1997) (listing cases where veil piercing claims were brought with other claims).

1. **Universitas admits the first and second elements of res judicata are met.**

On page 11 of the Response, Universitas makes additional admissions. First, Universitas admits that the turnover orders are "final judgments" for purposes of a res judicata analysis. In addition, because Universitas does not address the 2017 Order extending the restraining notices, Universitas concedes that the 2017 Order is a final judgment for purposes of applying res judicata. *See Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005) (failure to raise argument in district court results in waiver). Second, Universitas admits on page 11 that the Defendants are in privity with Mr. Carpenter and the other turnover respondents. Universitas also admits on page 11 that this in turn "render[s] all the alter egos a single entity for purposes of res judicata. [Dkt 302]

**2. Universitas admits it possessed knowledge at the time of turnover proceedings to plead claims against Mill Pond in good faith.**

On page 12 of the Response, Universitas contends that it lacked sufficient knowledge at the time of the *filing* of the Second Turnover Motion to plead a claim against Mill Pond "in good faith." First of all, the date of "*filing*" is not the relevant date – the relevant dates are the adjudications on the merits. The 2015 Order extending the restraining notices, the 2016 Turnover Order and the 2017 Order extending restraining notices are adjudications on the merits. See Dkt. 293-7, 2015 Order; Dkt. 293-5, 2016 Turnover Order; Dkt. 293-8, 2017 Order.

The restraining order issued by Universitas is dated September 14, 2014. [Dkt 365-13] This is well before the adjudications on the merits listed above – in fact, it is almost two years before the May 19, 2016 Turnover Order. [Dkt 293-5] The Grist Mill Trust, which Universitas asserts is one of the alter ego entities, is the party identified in the 2016 Turnover Order. [Dkt 293-5] The "final nail in the coffin" for Universitas is its admission that:

> In April of 2013, Universitas filed a letter from Mr. Carpenter to the Washington Trust Company which noted that Grist Mill Partners purchased the 1 & 3 Mill Pond Road property. (Doc. No 293-2 at 1.) . . . The letter later states that "1 & 3 Mill Pond finances a $1,000,000 dollar mortgage, but receives over $20,000 a month in rent." (Doc. No 293-2 at 2.)

Universitas Response [Dkt 302] Universitas's admission affirmatively proves that Universitas had knowledge of facts that would be the basis for an alter ego claim - the letter is on Grist Mill Capital LLC letterhead, signed by Dan Carpenter and is regarding Moonstone Partners, LLC. [Dkt 293-2] Again, "res judicata still applies, regardless of whether in [its] prior suit [Universitas] chose to focus on the [other claims] and not, as now, on the [claims against Mill Pond]." *See Waldman*, 207 F.4d at 110. In other words, Universitas's failure to bring claims against Mill Pond in New York does not prevent res judicata from barring Universitas's unjust enrichment claim here.

7

**3.      Universitas admits the Southern District of New York had diversity jurisdiction.**

On page 12 of the Response [Dkt 302], Universitas admits the defendants in this case could have been added to the turnover proceedings in New York, as, according to Universitas, the district court possessed diversity jurisdiction. Thus, Universitas does not contest this Court's statement that Judge Swain "in the prior turnover proceeding would have had personal jurisdiction over the Benistar Defendants for alter ego claims for substantially the same reasons it had personal jurisdiction over the related respondents in that prior proceeding. [Dkt 110, p 27]

**4.      Universitas interprets the "same transaction or series of transactions" too narrowly.**

On pages 15, Universitas argues that Mill Pond's ownership of real estate purchased with funds other than the Spencer Proceeds and the subsequent sale of the real property somehow supports an alter ego claim. While Mill Pond disputes that this is sufficient evidence, Universitas's knowledge in 2013 [Dkt 293-2] that Mill Pond owned the real estate establishes the final prong - "same transaction or series of transactions" - is present. Universitas misinterprets the legal standard, as shown by an opinion cited by Universitas in its Response and discussed above - *Waldman v. Vill. of Kiryas Joel*, 207 F.3d 105, 108 (2d Cir. 2000). As quoted above, "a plaintiff cannot avoid the effects of res judicata by "splitting" his claim into various suits, based on different legal theories (with different evidence "necessary" to each suit)." *Waldman*, 207 F.4d at 110. Further, res judicata is applicable when the underlying "facts derive ultimately from the same origin or motivation." *Waldman*, 207 F.4d at 112. Here, Universitas's claim arises ultimately from the same origin or motivation – the entry of the judgment confirming the arbitration award against the Charter Oak Trust, the entry of the 2014 turnover judgment, and Universitas's desire to collect the judgments against the original judgment defendant and the turnover judgment defendants which Universitas are all alter egos of each other and nonparties to this litigation. Universitas's

argument that the facts somehow do not constitute the same "transaction or series of transactions" is unsupportable.

Again, Universitas cannot avoid res judicata by splitting its claims/causes of action. Put simply, the facts admitted by Universitas and the May 19, 2016 Turnover Order [Dkt 293-5]: (1) there was a May 19, 2016 final turnover judgment; (2) Mill Pond is in privity with the turnover judgment defendant; and (3) Universitas admits in the Response [Dkt 302, p. 15] that Universitas believed (prior to the May 19, 2016 final turnover judgment) that when Universitas filed the 2009 letter in 2013, "it appears as though Mill Pond is a separate entity" and the 2009 letter is written on Grist Mill Capital, LLC letter head and signed by Dan Carpenter. [Dkt 293-2, 2009 Letter]

To the extent that Universitas has a cause of action against Mill Pond, Universitas was required to bring its claim long before this suit – at the latest, in the 2016 turnover proceedings, if not earlier, *because Universitas already knew the facts that are the basis for its claim in this suit*.

**5. This Court held the Southern District of New York would have entertained claims.**

On page 16 of the Response [Dkt 302], Universitas argues that Judge Swain would not have entertained a claim against Mill Pond and seeks to analogize to the third turnover proceeding in 2015. Universitas's argument ignores this Court's March 15, 2021 Order, which states: "Judge Swain ruled she did not have ancillary jurisdiction—and would decline to exercise it if she did— over disputes related to the rights that one judgment debtor, Grist Mill Trust, had in various insurance policies." [Dkt 110, Order p. 23] In conclusion, this Court wrote "Judge Swain's ruling did not state that she lacked jurisdiction over an alter ego or veil piercing claim against the five Benistar Defendants." [Dkt 110, Order p. 23] The same is true for Mill Pond.

**C. The Amended Complaint Must Be Dismissed Because It Is an Impermissible "Shotgun" Pleading.**

On page 26 of the Response, Universitas asserts that it did not file a "shotgun" pleading and relies upon this Court granting leave to file an amended pleading. Universitas's reliance is misplaced – the Court did not approve the First Amended Complaint; it instead granted leave.

**D. Plaintiff Failed to Properly Plead an Unjust Enrichment Claim – At Most It Pleaded a Fraudulent Transfer Claim That Is Barred by the Statute of Limitations.**

On page 24 of the Response, Universitas asserts that it properly pleaded an unjust enrichment claim and Universitas points to its allegation that Mill Pond owned real estate and collected rent. Universitas is arguing that all entities are unjustly enriched based upon their existence – this is a ridiculously overbroad view of what constitutes an unjust enrichment. Further, if Universitas is arguing that Mill Pond did receive Spencer proceeds, then at best this is a fraudulent transfer claim, and as a result is barred by the statute of limitations - the longest statute of limitations period regarding fraudulent transfer claims in Connecticut is four years. *See* Conn. Gen. Stat. § 52-552j. Further, "[u]njust enrichment is an equitable claim that is unavailable where an adequate remedy at law exists" so that "an unjust enrichment claim cannot survive where it simply duplicates, or replaces, a conventional contract or tort claim." *Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l N.V.*, 400 F. App'x 611, 613 (2d Cir. 2010) (cit. omitted). Because Universitas failed to plead any facts, much less the sufficient facts necessary in support of the elements of the "unjust enrichment" claim, and at best pleaded facts that duplicate a fraudulent transfer claim, the unjust enrichment claim must be dismissed.

## CONCLUSION

Defendant 1 & 3 Mill Pond Partners, LLC moves this Honorable Court to dismiss the Universitas Amended Complaint with prejudice.

Respectfully Submitted
DEFENDANT 1 & 3 MILL POND
PARTNERS, LLC

By: _/s/ Jonathan J. Einhorn_____
JONATHAN J. EINHORN
129 WHITNEY AVENUE
NEW HAVEN, CT 06510
FEDERAL BAR NO. ct00163
EINHORNLAWOFFICE@GMAIL.COM

## **CERTIFICATION**

I hereby certify that on this 6th day of September 2022, a copy of the foregoing was filed electronically and served by mail to anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filings as indicated on the Notice of Electronic Filings. Parties may access this filing through the Court's CM/ECF System.

By: */s/ Jonathan J. Einhorn*
JONATHAN J. EINHORN