UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNIVERSITAS EDUCATION, LLC ) | | |
|    Plaintiff ) | CIVIL ACTION NO. | |
| ) | 3:20-cv-00738-JAM | |
| vs. ) | | |
| ) | | |
| BENISTAR, et al ) | | |
|    Defendants ) | SEPTEMBER 6, 2022 | |

### Reply Memorandum of Law in Support of Motion to Dismiss

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, the Defendant Greyhound Partners, LLC submits this reply memorandum of law in support of its motion to dismiss Universitas's Amended Complaint, or in the alternative Count 4 (Unjust Enrichment) of Plaintiff's First Amended Complaint.

### SUMMARY

**A.  Universitas Ignored the Rule 12(b)(1) Motion to Dismiss for Lack of Diversity Jurisdiction.**

Universitas did not respond to the Greyhound Partners, LLC Motion to Dismiss under Rule 12(b)(1) because this Court lacks diversity jurisdiction. Universitas has thus conceded the issue and the case should be dismissed for all Defendants. In addition, as argued on page 19 of Greyhound's Memorandum [Dkt 294-1], Universitas's pleading of residency (instead of the required citizenship) fails to establish the required diversity jurisdiction. *See Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 102-03 (2d Cir. 1997) (it is "well-established that allegations of residency alone cannot establish citizenship"). Courts "have an independent obligation to ensure that federal subject-matter jurisdiction exists." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 274 (2nd Cir. 2005) (cit. omitted) (district court lacked jurisdiction).

Because: (1) Universitas failed to plead Universitas's citizenship; (2) Universitas failed to plead the citizenship of Constance Carpenter and John Carpenter, who are both members of Greyhound and citizens of New York; and (3) Universitas failed to plead the citizenship of the other members of Greyhound, this case must be dismissed. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."). Universitas, as the "party asserting diversity jurisdiction[,] bears the burden of establishing the parties' citizenships." *See Hertz Corp.*, 559 U.S. at 96. Because Universitas failed to meet its burden and Greyhound has moved for a dismissal due to the lack of diversity jurisdiction, dismissal is required. *See Arbaugh¸* 546 U.S. at 506.

**B.     Universitas's Admission That Greyhound Is Not Part of the "Chain" of Spencer Proceeds Disproves the Unjust Enrichment Claim.**

Further, the sole claim brought against Greyhound is for unjust enrichment (Count 4). First, on page 14 of the Response [Dkt 302], Universitas makes an admission that eviscerates Universitas's unjust enrichment claim:

> The Second turnover proceeding narrowly focused on the entities that were actual recipients of the stolen insurance proceeds, and the *path of fraudulent transfers that the proceeds* took through the entities in the Benistar criminal enterprise. Seir Hill, Birch Hill, and Greyhound were *not a part of that chain. Instead*, as explained, supra, *they all nominally hold title to property held for the beneficial interest of other Judgment Debtors*.

Universitas Response [Dkt 302] (emphasis added) Universitas's admission affirmatively disproves the first element of an unjust enrichment claim: "that the defendant was benefited by the plaintiff." Greyhound Memorandum p. 17 [Dkt 294-1] (cit. omitted). Accordingly, and as argued by Greyhound, Universitas failed to properly plead an unjust enrichment claim.

**C.     Res Judicata Bars Universitas's Unjust Enrichment Claim.**

Next, Universitas's admissions establish the *res judicata* defense/ground. First, Universitas admits there is a final judgment on page 5 of the Response. Second, on page 27 of the Response

2

[Dkt 302], Universitas admits "Universitas included all the named defendants together in the alter ego claim . . ." as argued by Defendant on pages 9 & 12 of Defendant's Memorandum. [Dkt 294-1] Universitas also admits on page 11 that the "Defendants are in privity with the turnover respondents . . . which effectively render all the alter egos a single entity for purposes of *res judicata*." [Dkt 302] Third, Universitas admits filing and renewing the restraining notices in 2014 and 2015 on page 5-6 of the Response, and while Universitas contests the scope of its knowledge, Universitas admits on page 14 that the "restraining notices were issued and renewed because 'it appear[ed] that [they] owe[d] a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest.'" [Dkt 302] In addition to Universitas's admissions, the subsequent 2016 turnover proceeding and the 2015 and 2017 entry of orders extending the 2014 restraining notices are further evidence that satisfies the New York transactional approach to res judicata – the claim against the Defendant arises from the same "transaction or series of transactions," as those advanced in the 2014 Turnover proceedings, which would have formed a "convenient trial unit." In other words, and as stated on page 13 of Greyhound's Memorandum, "'even when [claims] depend on different shadings of the facts, or would emphasize different elements of the facts,' they can be based on the same series of transactions as long as they are 'grounded on the same gravamen of the wrong.'" [Dkt 294-1] (cit. omitted)

## REPLY – FACTUAL BACKGROUND

**A.     Universitas points to irrelevant proceedings in which Greyhound and the rest of the Defendants are not parties.**

Once again, Universitas unnecessarily recounts its version of largely irrelevant facts for multiple pages: 2-6. For example, Universitas states on page 3 of the Response that the "Benistar entities' (meaning Greyhound and the other defendants in this case) egregious conduct and

unjustifiable refusal to comply with court orders necessitated the post-judgment proceedings," but the defendants in this case were not parties elsewhere. Similarly, Universitas states on page 3 that its collection efforts were thwarted by the "Benistar entities," but the defendants here are not parties to the 2016 case cited by Universitas.

Universitas also complains on page 3 of the Response that an appeal was filed "frivolously" in the Second Circuit. Curiously, while Universitas asserts that arguments made in the appeal are contrary to the arguments in this case, Universitas does not describe the arguments in the appeal and does not explain why such unidentified arguments are contrary to the grounds for dismissal.

As another example, Universitas complains on page 4 of the Response that it is somehow improper to argue that a district court must have subject matter jurisdiction and that pursuant to *Peacock v. Thomas*, ancillary jurisdiction will generally not support efforts to collect a judgment by bringing claims against third-parties. [Dkt 302] So how exactly does one district court's ruling that it has diversity jurisdiction somehow automatically establish diversity jurisdiction in a different case involving different parties, as argued by Universitas on page 4?

**B.     Universitas ignores the subsequent 2016 turnover proceeding and the 2017 Order extending the restraining notices.**

On pages 4-6, Universitas summarizes the first and second turnover proceedings in 2013 and 2014. Tellingly, Universitas ignores later orders entered by Judge Swain described on page 4 of Greyhound's Memorandum - the 2016 Turnover Order and the 2017 Order extending the restraining notices – signed by Judge Swain. [Dkt 294-1; Dkt 294-7, 294-8] Universitas, of course, wants the Court to focus on the earlier proceedings and ignore the later proceedings – the 2016 Turnover Order and 2017 Order - when the Court considers the *res judicata* dismissal ground.

4

# REPLY – ARGUMENT

A. **Universitas Failed to Respond to Greyhound Partners, LLC's Rule 12(b)(1) Motion to Dismiss for Lack of Diversity Jurisdiction [Dkt 294-1, pp. 1, 18-19]**

"Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion . . .." U.S. DISTRICT COURT DISTRICT OF CONNECTICUT LOCAL RULE 7(a)(2). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). Greyhound Partners, LLC filed its Motion to Dismiss and argues, in part, that this Court lacks subject matter jurisdiction because there is no diversity jurisdiction. [Dkt 294-1, pp. 1, 18-19] Because Universitas concedes this issue, the Court must dismiss the case against all Defendants.

B. **Res Judicata Bars the Unjust Enrichment Claim.**

Beginning on page 10 of the Response, Universitas finally begins its argument. Universitas admits: (1) *res judicata* is an appropriate Rule 12(b)(6) dismissal ground; and (2) under New York's transactional analysis, claims are barred if the claims arise out of the same facts and circumstances as an earlier litigated claim, even where a claimant bases new claims on "different legal theories or seeks dissimilar or additional relief." [Dkt 302] (cit. omitted)

On page 10 of the Response, Universitas cites to *Waldman v. Vill. of Kiryas Joel*, 207 F.3d 105, 108 (2d Cir. 2000). *Waldman* supports Greyhound not Universitas, as the *Waldman* opinion mandates a res judicata bar in this case.

> To the extent that it is premised on the scope of the legal claims asserted in the earlier suit, the contention is foreclosed by the well-established rule that *a plaintiff cannot avoid the effects of res judicata by "splitting" his claim* into various suits, based on different legal theories (with different evidence "necessary" to each suit). *See Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 39 (2d Cir.1992) ("It is this identity of facts surrounding the occurrence which constitutes the cause of action, not the legal theory upon which [plaintiff] chose to form her complaint."); 1B Moore's Federal Practice ¶ 0.410[2]. In other words, *res judicata still applies, regardless of whether in his prior suit Waldman chose to focus on the issue of discrimination and not, as now, on the alleged invalidity* of the Village itself.

*Waldman*, 207 F.4d at 110 (cit. omitted) (emphasis added). Similarly, the Second Circuit held a subsequent veil piercing suit was barred by res judicata based upon an earlier suit alleging a fraudulent transfer. *Ren-Cris Litho, Inc. v. Vantage Graphics*, 1997 U.S. App. LEXIS 3333 (2nd Cir. February 24, 1997) (listing cases where veil piercing claims were brought with other claims).

1. **Universitas admits the first and second elements of res judicata are met.**

On page 11 of the Response, Universitas makes additional admissions. First, Universitas admits that the turnover orders are "final judgments" for purposes of a res judicata analysis. In addition, because Universitas does not address the 2017 Order extending the restraining notices, Universitas concedes that the 2017 Order is a final judgment for purposes of applying res judicata. *See Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005) (failure to raise argument in district court results in waiver). Second, Universitas admits on page 11 that the Defendants are in privity with Mr. Carpenter and the other turnover respondents. Universitas also admits on page 11 that this in turn "render[s] all the alter egos a single entity for purposes of res judicata. [Dkt 302]

2. **Universitas admits it possessed knowledge at the time of turnover proceedings to plead claims against Greyhound in good faith.**

On page 12 of the Response, Universitas contends that it lacked sufficient knowledge at the time of the *filing* of the Second Turnover Motion to plead a claim against Greyhound "in good faith." First of all, the date of "*filing*" is not the relevant date – the relevant dates are the adjudications on the merits. The 2015 Order extending the restraining notices, the 2016 Turnover Order and the 2017 Order extending restraining notices are adjudications on the merits. <u>See Dkt. 294-4, 2015 Order; Dkt. 294-7, 2016 Turnover Order; Dkt. 294-8, 2017 Order.</u>

The "final nail in the coffin" for Universitas is its admission that "the restraining notices against Seir Hill, Birch Hill, and Greyhound were predicated on the fact that "it appear[ed] that [they] owe[d] a debt to one or more of the Judgment Debtors, or are in possession of property in

6

which one or more of the Judgment Debtors has an interest." [Dkt 302, Response p. 14 (citing "*E.g.* Doc. No. 291-2 at 2.")] This conclusively establishes that Universitas believed facts, at the latest when the restraining notice was issued on September 14, 2014, that would establish one or more claims or rights to recovery against Greyhound based upon Greyhound's purported debt to a judgment debtor or possession of a judgment debtor's property.

The restraining order issued by Universitas is dated September 14, 2014. [Dkt 365-13] This is well before the adjudications on the merits listed above – in fact, it is almost two years before the May 19, 2016 Turnover Order. [Dkt 294-7] The Grist Mill Trust Welfare Benefit Plan, which Universitas asserts is one of the alter ego entities, is the party identified in Universitas's 2016 Motion for Turnover Order [Dkt 294-6] and the 2016 Turnover Order. [Dkt 294-7]

Again, "res judicata still applies, regardless of whether in [its] prior suit [Universitas] chose to focus on the [other claims] and not, as now, on the [claims against Greyhound]." *See Waldman*, 207 F.4d at 110. In other words, Universitas's failure to bring claims against Greyhound in New York does not prevent res judicata from barring Universitas's unjust enrichment claim here.

**3.     Universitas admits the Southern District of New York had diversity jurisdiction.**

On page 12 of the Response [Dkt 302], Universitas admits the defendants in this case could have been added to the turnover proceedings in New York, as, according to Universitas, the district court possessed diversity jurisdiction. Thus, Universitas does not contest this Court's statement that Judge Swain "in the prior turnover proceeding would have had personal jurisdiction over the Benistar Defendants for alter ego claims for substantially the same reasons it had personal jurisdiction over the related respondents in that prior proceeding. [Dkt 110, p 27]

**4.     Universitas interprets the "same transaction or series of transactions" too narrowly.**

On pages 14 & 15 of the Response, Universitas argues that Greyhound's debt to a judgment debtor or Greyhound's possession of property in which a judgment debtor holds an interest is

somehow "distinct" from the insurance policy proceeds so that the "same transaction or series of transactions" is not present. Universitas misinterprets the legal standard, as shown by an opinion cited by Universitas in its Response and discussed above - *Waldman v. Vill. of Kiryas Joel*, 207 F.3d 105, 108 (2d Cir. 2000). As quoted above, "a plaintiff cannot avoid the effects of res judicata by "splitting" his claim into various suits, based on different legal theories (with different evidence "necessary" to each suit)." *Waldman*, 207 F.4d at 110. Further, res judicata is applicable when the underlying "facts derive ultimately from the same origin or motivation." *Waldman*, 207 F.4d at 112. Here, Universitas's claim arises ultimately from the same origin or motivation – the entry of the judgment confirming the arbitration award against the Charter Oak Trust, the entry of the 2014 turnover judgment, and Universitas's desire to collect the judgments against the original judgment defendant and the turnover judgment defendants which Universitas are all alter egos of each other and nonparties to this litigation. Universitas's argument that the facts somehow do not constitute the same "transaction or series of transactions" is unsupportable.

Again, Universitas cannot avoid res judicata by splitting its claims/causes of action. Put simply, the facts admitted by Universitas and the May 19, 2016 Turnover Order [Dkt 294-7]: (1) there was a May 19, 2016 final turnover judgment; (2) Greyhound is in privity with the turnover judgment defendant; and (3) Universitas admits in the Response [Dkt 302, p. 14] that Universitas believed (prior to the May 19, 2016 final turnover judgment) that Greyhound "owed a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest" as shown by the September 24, 2014 Restraining Notice issued to Greyhound [Dkt. 294-2], Supplemental Declaration by Universitas Counsel [Dkt 294-2], the November 12, 2015 Order following a hearing that same day [Dkt 294-4], and April 22, 2016 Memorandum citing to the 2014 Restraining Notice. [Dkt 294-5 p. 4] To the extent that Universitas has a cause of action against Greyhound based upon Greyhound owing a debt or possessing

property, Universitas was required to bring its claim long before this suit – at the latest, in the 2016 turnover proceedings, if not earlier in the proceedings to extend the restraining notices, *because Universitas already knew the facts that are the basis for its claim in this suit*.

**5.      This Court held the Southern District of New York would have entertained claims.**

On page 16 of the Response [Dkt 302], Universitas argues that Judge Swain would not have entertained a claim against Greyhound and seeks to analogize to the third turnover proceeding in 2015. Universitas's argument ignores this Court's March 15, 2021 Order, which states: "Judge Swain ruled she did not have ancillary jurisdiction—and would decline to exercise it if she did— over disputes related to the rights that one judgment debtor, Grist Mill Trust, had in various insurance policies." [Dkt 110, Order p. 23] In conclusion, this Court wrote "Judge Swain's ruling did not state that she lacked jurisdiction over an alter ego or veil piercing claim against the five Benistar Defendants." [Dkt 110, Order p. 23] The same is true for Greyhound.

Next, on page 18 Universitas points the Court to *Am. Federated Title Corp. v. GFI Mgmt. Servs.*, 39 F. Supp. 3d 516, 523-24 (S.D.N.Y. 2014), but this case involves different facts. The *Am. Federated* opinion involves a veil piercing suit against the owners after a judgment was obtained against the business entity. *Am. Federated Title Corp.*, 39 F.Supp.3d at 524. Unlike *Am. Federated*, in this case there were already multiple post-judgment collection proceedings brought by Universitas in New York.

**C.      The Amended Complaint Must Be Dismissed Because It Is an Impermissible "Shotgun" Pleading.**

On page 26 of the Response, Universitas asserts that it did not file a "shotgun" pleading and relies upon this Court granting leave to file an amended pleading. Universitas's reliance is misplaced – the Court did not approve the First Amended Complaint; it instead granted leave.

**D.     Plaintiff Failed to Properly Plead an Unjust Enrichment Claim – At Most It Pleaded a Fraudulent Transfer Claim That Is Barred by the Statute of Limitations.**

On page 23 of the Response, Universitas asserts that it properly pleaded an unjust enrichment claim and Universitas points to its allegation that Greyhound received funds from the "Carpenter Family Trust" in February of 2012, but Universitas does not allege that Greyhound received any part of the Spencer proceeds. [Dkt 302 pp. 23-24] Of course, Universitas's admission means that Universitas can't prove its unjust enrichment claim – how was Greyhound benefitted?

Further, Universitas's admission that it is relying upon a transfer of funds is fatal to Universitas's unjust enrichment claim. At best, and if the Court ignores the fact that the Carpenter Family Trust and Greyhound are not alleged to have received Spencer proceeds, this is a fraudulent transfer claim, and as a result is barred by the statute of limitations - the longest statute of limitations period regarding fraudulent transfer claims in Connecticut is four years. *See* Conn. Gen. Stat. § 52-552j.

Further, "[u]njust enrichment is an equitable claim that is unavailable where an adequate remedy at law exists" so that "an unjust enrichment claim cannot survive where it simply duplicates, or replaces, a conventional contract or tort claim." *Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l N.V.*, 400 F. App'x 611, 613 (2d Cir. 2010) (cit. omitted). Because Universitas failed to plead any facts, much less the sufficient facts necessary in support of the elements of the "unjust enrichment" claim, and at best pleaded facts that duplicate a fraudulent transfer claim, the unjust enrichment claim must be dismissed.

## CONCLUSION

Defendant Greyhound Partners, LLC moves this Honorable Court to dismiss the Universitas Amended Complaint with prejudice.

Respectfully Submitted
DEFENDANT GREYHOUND PARTNERS, LLC

By: */s/ Jonathan J. Einhorn*
JONATHAN J. EINHORN
129 WHITNEY AVENUE
NEW HAVEN, CT 06510
FEDERAL BAR NO. ct00163
EINHORNLAWOFFICE@GMAIL.COM

## **CERTIFICATION**

I hereby certify that on this 6th day of September 2022, a copy of the foregoing was filed electronically and served by mail to anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filings as indicated on the Notice of Electronic Filings. Parties may access this filing through the Court's CM/ECF System.

By: */s/ Jonathan J. Einhorn*
JONATHAN J. EINHORN