UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

UNIVERSITAS EDUCATION, LLC,                           NO. 3:20-CV-00738 (JAM)

V.

BENISTAR, ET AL.                                      SEPTEMBER 22, 2022

### Reply to Universitas' Objection to Motion to Dismiss

Pursuant to Local Rule 7(d), the defendants, **Caroline Meckel and Steven Meckel**, reply to Universitas' objection [#316] to their motion to dismiss [#301]. Universitas' arguments fail for the following reasons:

**A.   Universitas' cited authorities do not support its attempt to bring an unjust enrichment claim in lieu of a CUFTA claim.**

Universitas acknowledges the well-established principle in the Second Circuit that "[u]njust enrichment is an equitable claim that is unavailable where an adequate remedy at law exists." (Pl.'s Opp. at 8)(quoting *Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l N.V.*, 400 F. App'x 611, 613 (2d Cir. 2010)). This Court also follows this principle: "[B]efore equitable relief will be granted, plaintiffs must show that they have no adequate remedy at law." *Conn. Gen. Life Ins. Co. v. Ogbebor*, 2022 WL 4077988, *4 (D. Conn. Sept. 6, 2022)(Meyer, J.)(quoting *Brown v. Sandimo Materials*, 250 F.3d 120, 127 (2d Cir. 2001)). "A claim for equitable relief shall not be maintained in the courts of the United States in any case where a plain, adequate and complete remedy is available at law." *Pouliot v. Paul Arpin Van Lines, Inc.*, 2004 WL 97642, *2 (D. Conn. Jan. 14, 2004).

Universitas nevertheless argues that CUFTA claims and unjust enrichment claims "are not mutually exclusive and may be brought concurrently," citing *Horwitt v. Sarroff*, 2019 WL 13124295 (D. Conn. May 10, 2019) and *Geriatrics, Inc. v. McGee*, 332 Conn. 1 (2019). (Pl.'s Opp. at 8, 9–10.) This argument misses the mark. First, Universitas is not asserting a concurrent CUFTA claim; rather, it is attempting

1

to bring only an unjust enrichment claim based on alleged fraudulent transfers for which CUFTA provides the adequate legal remedy. Second, *Geriatrics, Inc.* and *Horwitt* are inapposite. The defendants in those cases never raised, and the courts never addressed, whether the plaintiffs could bring an unjust enrichment claim by itself where CUFTA provided the adequate remedy.[1]

The issues in *Geriatrics, Inc.* were whether: (1) the debtor could be liable under CUFTA for her agent's fraudulent transfers of her assets to himself; and (2) the evidence submitted at trial supported a finding that the agent had an interest in the funds to support an unjust enrichment claim against him. And in *Horwitt*, the defendant moved to dismiss the CUFTA and unjust enrichment claims because the allegations failed to satisfy the prima facie elements—not because the plaintiff had tried to bring an unjust enrichment claim in lieu of a CUFTA claim. Neither case saves Universitas' claim here. "Where … a statutory scheme exists for the recovery of a benefit that is also recoverable at common law, the common law right may be resorted to only where the statutory procedures are inadequate." *Nat'l CSS, Inc. v. City of Stamford*, 195 Conn. 587, 597 (1985).

**B.      CUFTA provided an adequate remedy that Universitas let pass.**

"An adequate remedy at law is one which is specific and adapted to securing the relief sought conveniently, effectively and completely." *Bianco v. Town of Darien*, 157 Conn. 548, 554–55 (1969). "It is not the plaintiff's preference for a particular remedy that determines whether the remedy is adequate." *Holt v. Town of Stonington*, 765 F.3d 127, 132 (2d Cir. 2014)(quoting *Hunt v. Prior*, 236 Conn. 421, 434 (1996)). Here, Universitas argues that CUFTA does not provide an adequate

---

[1] Neither court would have raised that argument *sua sponte*. See *Norton v. Michonski*, 368 F. Supp. 2d 175, 180 n.4 (D. Conn. 2005)(stating that court would not "raise arguments not raised by the parties themselves."); *Nat'l CSS, Inc. v. City of Stamford*, 195 Conn. 587, 592 n.6 (1985)(refusing to consider meritorious argument that the plaintiff and the trial court had proceeded under the wrong statute from the one stated in the complaint, because the defendant never raised the issue itself before the appeal).

remedy (Pl.'s Opp. at 8–9), even though it invokes CUFTA in its complaint and CUFTA provides the remedy it seeks: a constructive trust on the Meckels' property. Universitas argues that CUFTA is inadequate because, according to it, Birch Hill Partners, LLC and the Meckels were not "debtors" under CUFTA. (*Id*. at 9.) This argument lacks merit.

The Meckels do not have to concede or prove that both were "debtors" under CUFTA. For purposes of a motion to dismiss under Rule 12(b)(6), this Court must accept "all factual allegations in the complaint as true," even if they are not. *Soto v. Disney Severance Pay Plan*, 26 F.4th 114, 120 (2d Cir. 2022)(citation omitted).[2] CUFTA defines a "debtor" as "a person who is liable on a claim." Conn. Gen. Stat. § 52-552b(6). Likewise, a "creditor" means "a person who has a claim." Conn. Gen. Stat. § 52-552b(4). Contrary to Universitas' argument, a "claim" does not require a judgment. (*See* Pl.'s Opp. at 9)(arguing that Birch Hill's transfer of the property to the Meckels "was made absent the involvement of *any* judgment debtor in that specific transaction."). A "claim" under CUFTA means "a right to payment, *whether or not the right is reduced to judgment*, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." Conn. Gen. Stat. § 52-552b(3)(emphasis added).

Universitas' claim against the Meckels begins with an alleged fraudulent transfer of money from a "Judgment Debtor" to Birch Hill on September 30, 2010. (First Am. Compl. ¶¶ 167–168.) The "judgment debtors," identified elsewhere in the complaint, include Daniel Carpenter and seven corporate entities that Universitas

---

[2] Universitas contends that the Meckels "largely fail to dispute" or "do not contest" its allegations of Dan Carpenter's alleged fraud, and their knowledge of it, relative to their purchase of 41 Church Street. (Pl.'s Opp. at 3, 6.) This is not the tacit admission Universitas implies. The Meckels filed a motion to dismiss—not an answer or a motion for summary judgment—and, thus, they are not required to deny or disprove the allegations. Universitas' allegations, when accepted as true, fail as a matter of law on their own. The Meckels do not admit them, nor do they concede that Universitas would *prevail* on a CUFTA claim.

3

claims were "sham entities" that he controlled. (*Id*. ¶¶ 57–58, 61, 80.) Universitas alleges that Birch Hill also was a "sham entity" that Carpenter "created to shield property from Universitas and other creditors." (*Id*. ¶¶ 168–69.) Universitas claims that Carpenter "caused certain Judgment Debtors to fraudulently divest assets in order to … prevent lawful collection by Universitas. Such transfers *violated the Connecticut Uniform Fraudulent Transfer Act* …." (*Id*. ¶ 67)(emphasis added). Universitas also alleges that "Daniel Carpenter knew that Universitas was asserting its right to the Spencer insurance proceeds (and considering litigation) *by May of 2009*, and that he caused the Judgment Debtors to fraudulently transfer the Spencer insurance proceeds with knowledge of pending litigation concerning these funds." (*Id*. ¶ 68)(emphasis added).

     Universitas' allegations establish that it has been asserting "a right to payment" against Dan Carpenter and his alleged sham "judgment debtor entities" since at least May of 2009. That the Southern District of New York did not enter actual judgment against them until August 2014, *see Universitas Educ., LLC v. Nova Grp., Inc*., 2014 WL 3883371 (S.D.N.Y. Aug. 7, 2014), is not dispositive of whether Universitas had a "claim" against them for purposes of CUFTA in September 2010. Indeed, the court entered judgment against them because it found that Dan Carpenter had *fraudulently transferred* the Spencer insurance proceeds to those "Carpenter controlled" entities from May–December 2009. *Id*. at *3, *10. Thus, when this Court accepts Universitas' allegations as true, the "Carpenter controlled" entity that allegedly transferred Spencer insurance proceeds to Birch Hill in September 2010 was a "debtor" under CUFTA.

     Likewise, accepting Universitas' allegations as true, Birch Hill also was a "debtor" under CUFTA when it sold 41 Church Street to the Meckels on November 22, 2013 with an alleged "intent to hinder, delay, and/or defraud Universitas and

4

other creditors." (First Am. Compl. ¶¶ 185–86.)[3] Universitas alleges that Birch Hill was capitalized with Universitas' money when it was formed in 2010. (*Id*. ¶ 168.) Further, on October 9, 2013—over one month before Birch Hill transferred 41 Church Street to the Meckels—in support of its motion for injunction and turnover in the Southern District of New York, Universitas asserted that Birch Hill was one of the entities it had discovered "in its effort to discover what Mr. Carpenter did with Universitas' money after he arranged for it to be transferred out of the Charter Oak Trust." (Decl. of Attny. Michael Barnett ¶ 29 [Doc.# 204-2] in *Universitas Educ., LLC v. Nova Grp., Inc.*, Case No. 1:11-cv-08726-LTS-HBP (S.D.N.Y.)). If true, Universitas arguably had at least a fraudulent transfer "claim" against Birch Hill to recover its money.

Because Universitas' allegations establish that Birch Hill was a "debtor" under CUFTA when it transferred 41 Church Street, the Meckels do not have to be. "[A]voiding the transfer and impressing a constructive trust *on the transferee* is a remedy specifically provided for by [CUFTA]." *Chem. Bank v. Coan*, 2 F. App'x 180, 183 (2d Cir. 2001)(emphasis added); *see* Conn. Gen. Stat. § 52-552h. This is *exactly* what Universitas seeks but cannot couch as a CUFTA claim because it is too late. Universitas, of course, wants it both ways. It invokes CUFTA and relies on the language of fraudulent transfers with "intent to hinder, delay and/or defraud" Universitas as a "creditor." But then it wants the Court to ignore those allegations because, if credited, they establish that Universitas had and let pass an adequate legal remedy. The Court should not do so. Because CUFTA provided an adequate legal remedy, Universitas' unjust enrichment claim fails.

---

[3]    Contrary to Universitas' argument (Pl's Opp. at 9), the Meckels did not admit that Birch Hill was not a "debtor" under CUFTA. Rather, the Meckels noted the verifiable fact that Birch Hill was not one of the defendants against whom the Southern District of New York had entered *judgment* and, thus, Birch Hill was not one of the so-called "Judgment Debtors" alleged in the complaint.

5

### C. Daniel Carpenter's alleged wrongful conduct does not establish that the Meckels were unjustly enriched.

Despite Universitas' efforts to convince this Court otherwise, the Meckels are not guilty by association of Daniel Carpenter's alleged fraudulent misconduct or "bad faith litigation efforts." (Pl.'s Opp. at 1.) *See In re DDAVP Direct Purchaser Antitrust Litig.*, 585 F.3d 677, 695 (2d Cir. 2009)(stating that plaintiffs asserting fraud claims against multiple defendants "must plead circumstances providing a factual basis for scienter for each defendant; guilt by association is impermissible."). That Mr. Carpenter or the "other judgment debtors" may have refused to pay "the court-ordered judgments against them" (Pl.'s Opp. at 1); "hindered Universitas's collection efforts through discovery delays" (*id.* at 2); "increased Universitas's legal fees" (*id.*); or made "objectively unreasonable arguments" in this case or any other case (*id.*) is irrelevant to the issue of whether Universitas' unjust enrichment claim against *the Meckels* fails as a matter of law.

Universitas does not allege that the Meckels are judgment debtors. Nor does it allege that the Meckels were even parties in any of the cases before the Southern District of New York or anywhere else Universitas attempted to enforce its claim involving the Spencer insurance proceeds. Further, Universitas does not allege that the Meckels had any involvement with the payment, misappropriation, or transfer of that money. The Meckels did not steal or receive any of the Spencer insurance proceeds, and Universitas does not allege otherwise. Universitas also does not allege that the Meckels had any hand in transferring any of that money to Birch Hill—a company they did not own or control—or that they knew or should have known that Birch Hill had received those funds or used them to buy 41 Church Street, a property Universitas never owned in the first place.

Universitas instead relies on an "indirect benefit" theory of unjust enrichment; that is, *Birch Hill's* transfer of 41 Church Street to the Meckels. "Although unjust enrichment typically arises from a plaintiff's direct transfer of benefits to a defendant, it also may be indirect, involving, for example, a transfer of a benefit from a third party to a defendant when the plaintiff has a superior equitable entitlement to that benefit." *Geriatrics, Inc. v. McGee*, 332 Conn. 1, 25 (2019) (citation omitted). The standard for alleging a defendant's indirect benefit is "highly restrictive," and "the plaintiff must prove that it has 'a better legal or equitable right' to the disputed benefit than the defendant." *Id*. (citation omitted). It "refer[s] to a paramount interest of a kind recognized in law or equity—not to the personal merit or desert of the persons involved, or to considerations of fairness independent of preexisting entitlements." *Id*. "The plaintiff must prove that its right is both recognized, and accorded priority over the interest of the defendant, under the law of the jurisdiction." *Id*. (citation omitted).

Here, Universitas does not have *any* entitlement to 41 Church Street. Universitas asserts that Birch Hill used $165,000 of Spencer insurance proceeds to buy that property before it sold the property to the Meckels for $240,000. Universitas may have maintained some interest in the property if Birch Hill had transferred title to the Meckels for no value. The "benefit" then would have been the property itself. But the Meckels *paid* for that property, indeed, *more* than the $165,000 back to Birch Hill. Universitas' original res is money, *i.e.*, $165,000 of the sale proceeds, which remained with Birch Hill. "Legally as well as economically, money is fungible—if a debtor with $100,000 cash in its general coffers owes $10,000 to someone, there is no meaningful distinction among which of those dollars is actually paid to satisfy the debt." *Davis v. Connecticut Cmty. Bank, N.A.*, 937 F. Supp. 2d 217, 224–25 (D. Conn. 2013)(citation omitted).

Even if Universitas maintained a recognizable interest in 41 Church Street after its sale to the Meckels, that interest does not have priority over the Meckels' interest. *See Geriatrics, Inc*., 332 Conn. at 26 (affirming trial court's finding that, although plaintiff nursing home had a "recognized" interest in its resident's money, its interest did not have priority over the defendant's interest). For example, the defendant in *Geriatrics, Inc.* established that he used the disputed money from his elderly mother's account to compensate himself for the care he had provided to her, the management of her affairs and to reimburse himself for the money he had spent on her behalf. *Id*. This was enough to supersede the nursing home's interest in that money stemming from the mother's breach of the residency agreement, which had resulted in over $200,000 in unpaid bills to the nursing home. *Id*.

Likewise, the Meckels paid valuable consideration, *i.e*., $240,000, for 41 Church Street that exceeded the $165,000 Universitas claims Birch Hill owed it. Any recognized interest that Universitas may have in 41 Church Street, therefore, does not have priority over the Meckels' superior legal ownership. "[A] constructive trust … is imposed when, 'in the eyes of equity, a plaintiff is 'the true owner' of funds or property, and the 'money or property identified as belonging in good conscience to the plaintiff [can] clearly be traced back to particular funds or property in the defendant's possession." *Nechis v. Oxford Health Plans, Inc*., 421 F.3d 96, 103 (2d Cir. 2005)(citation omitted). Universitas is not now and never was the "true owner" of 41 Church Street. Moreover, because the Meckels paid $240,000 for the property, they were not *enriched*, which is a prerequisite for an unjust enrichment claim. *See Indyk v. Habib Bank Ltd*., 694 F.2d 54, 57 (2d Cir. 1982)("To offset on a theory of unjust enrichment, there must first be enrichment.")

For these reasons, even if Universitas could bring an unjust enrichment claim, which it cannot, its allegations fail to state a claim as a matter of law. Universitas' argument to the contrary is unavailing and should be rejected.

**D.     Even if Universitas' allegations were true, the Meckels do not have unclean hands precluding their laches defense.**

The Meckels do not, as Universitas argues (Pl.'s Opp. at 12), have unclean hands. "Unless the [party's] conduct is of such a character as to be condemned and pronounced wrongful by honest and fair-minded people, the doctrine of unclean hands does not apply." *Trustees of Iron Workers' Locs. 15 & 424 Pension Fund v. Liberty Mut. Ins. Co.*, 2020 WL 4926631, *16 (D. Conn. Aug. 21, 2020)(quoting *Bauer v. Waste Mgmt. of Connecticut, Inc.*, 239 Conn. 515, 525 (1996)). "More specifically, 'the party seeking to invoke the clean hands doctrine to bar equitable relief must show that his opponent engaged in wilful [sic] misconduct with regard to the matter in litigation.'" *Petroleum & Franchise Cap., LLC v. Tejany Petroleum Naperville, LLC*, 2016 WL 4099026, *6 (D. Conn. Aug. 2, 2016)(quoting *American Heritage Agency, Inc. v. Gelinas*, 62 Conn. App. 711, 722 (2001)). Under Connecticut law, "willful misconduct" means "intentional conduct designed to injure for which there is no just cause or excuse." *Dubay v. Irish*, 207 Conn. 518, 533 (1988). "Not only the action producing the injury but the resulting injury also must be intentional." *Id. Accord, Trustees of Iron Workers' Locs. 15 & 424 Pension Fund*, 2020 WL 4926631 at *16.

Universitas does not allege anything resembling willful misconduct on the part of the Meckels. *See Petroleum & Franchise Cap. LLC*, 2016 WL 4099026 at *7 (under Connecticut law "[t]he failure to allege intentional conduct with the design to harm renders the special defense [of unclean hands] subject to a motion to strike"). Universitas faults the Meckels because they "accepted" 41 Church Street—that is, they paid $240,000 for it—when, according to Universitas, they were aware of "Mr. Carpenter's legal proceedings and the fact that Universitas was seeking to recover from him and his related entities." (Pl.'s Opp. at 12–13.) Universitas makes much of the fact that the Meckels bought 41 Church Street on November 22, 2013,

9

two days after the Southern District of New York issued its ruling in the first turnover action involving Moonstone Partners, LLC and property in Rhode Island. (*Id*. at 3, 13.) Universitas does not allege that the Meckels knew about this ruling. Further, the ruling did not enter judgment against Dan Carpenter, nor did it involve Birch Hill, transfers to/from Birch Hill, or 41 Church Street. Rather, the court ordered Moonstone's insurer, USAA, to turn over to Universitas insurance proceeds arising from damage to the Rhode Island property. *Universitas Educ., LLC v. Nova Grp., Inc.*, 2013 WL 6123104, *13 (S.D.N.Y. Nov. 20, 2013).

General awareness in 2013 that Universitas was trying to enforce its 2012 judgment against Nova Group, Inc. does not establish willful misconduct by the Meckels *when they paid $240,000 for the property*. Universitas elides this fact and implies that the property is its res, and that it always had a right to collect on the property, instead of only the alleged $165,000 in Birch Hill's bank account. Because the Meckels replaced that money with their own, the specifics of when, why and how *Birch Hill* bought and sold 41 Church Street have no bearing on the Meckels' clean hands. The Meckels' laches defense therefore stands.

**Wherefore,** the defendants respectfully request that this Court grant their motion to dismiss Count Three of the plaintiff's First Amended Complaint.

                                                               THE DEFENDANTS,
                                                               CAROLINE MECKEL AND
                                                               STEVEN MECKEL,

By:    <u>/s/ Michael R. McPherson</u>
          Michael R. McPherson, Esq. (ct24082)
          mcpherson@halloransage.com
          HALLORAN SAGE, LLP
          One Goodwin Square
          225 Asylum Street
          Hartford, CT 06880
          Tel: (860) 241-4079
          Fax: (860) 548-0006

**Certification**

I hereby certify that on September 22, 2022 a copy of foregoing reply brief was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ Michael R. McPherson (ct24082)