# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

**UNIVERSITAS EDUCATION, LLC**                   Civil 3:20 cv 00738 (JAM)
      **Plaintiff**

VS.

**BENISTAR, et al**
               Defendants                              SEPTEMBER 23, 2022

## EMERGENCY MOTION TO VACATE/DISSOLVE PREJUDGMENT ATTACHMENT

Pursuant to Fed. R. Civ. P. 64 and Conn. Gen. Stat. § 52-278k, the defendant, Grist Mill Partners, LLC, ("GMP"), hereby moves this Court to vacate its stipulated order [#66] granting a prejudgment attachment on real property owned by GMP at 100 Grist Mill Road, Avon, Connecticut.

Probable cause does not exist to maintain this attachment and it should be vacated and dissolved. GMP has a proposed sale of the liened premises which cannot proceed without clean title and it requests an emergency hearing on this motion.

### Background

Universitas filed this action to enforce money judgments it obtained in the Southern District of New York against Nova Group, Inc. and Daniel Carpenter. See *Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11 CIV. 1590-LTS-HBP, 2012 WL 2045942 (S.D.N.Y. June 5,

1

2012), aff'd, 513 F. App'x 62 (2d Cir. 2013); *Universitas Educ., LLC v. Nova Grp., Inc.,* No. 11CV1590-LTS-HBP, 2014 WL 3883371 (S.D.N.Y. Aug. 7, 2014).

In this case, Universitas has brought suit against 14 defendants. As to GMP, the claims made in the Complaint were as follows:

> 112. Upon information and belief, GM Partners is a pass-through entity intended to shield its assets from Daniel Carpenter's judgment creditors.
>
> 113. Upon information and belief, GM Partners is 99% owned by Carpenter Financial Group. Carpenter Financial Group is a Judgment Debtor in this proceeding and pays Mr. Carpenter's personal credit card bills.
>
> 114. Upon information and belief, GM Partners is 1% owned by Caroline Financial Group, Inc. Upon information and belief, Caroline Financial Group, Inc. is a shell company under Mr. Carpenter's control that pays Mr. Carpenter's personal credit card bills, and
>
> 115. Upon information and belief, GM Partners is an alter ego of Mr. Carpenter.

On June 1, 2020, pursuant to Fed. R. Civ. P. 64 and Conn. Gen. Stat. § 52-278e, Universitas filed a motion for prejudgment remedy soc. Entry #9. Thereafter, on July 17, 2020, the parties reached an agreement resolving Universitas' motion and, to that end, filed a Stipulation for Prejudgment Attachment of Real Estate doc. entry#65.

Among other things, the parties stipulated that the Court could issue an Order of Attachment allowing Universitas to attach certain real property owned by GMP located at 100 Grist Mill Road, Simsbury, Connecticut. (See Proposed Order of Attachment doc. entry #65-1) at 2 ¶ 1.) in in the amount of $700,000. (Id.) The Court (Spector, Mag. J.) entered that Order of Attachment on July 20, 2020 (Order doc. entry #66) and, thereafter, Universitas recorded its attachment on the Simsbury land records.

The parties also agreed to an attachment against property of the defendant Molly Carpenter in the amount of $400,000.00 and against the defendant Moonstone Partners, LLC in

the amount of $1,060,000.00. All claims against both of those defendants have been dismissed, and both of those attachments have been vacated and dissolved by this Court (doc. entries#319 and # 247).

The defendant GMP moved to dismiss the claims against it at doc. entry #72, and the Court granted the defendant's motion as to the Second Count (attorney's fees) and Fifth Count (constructive trust), but denied the Motion to Dismiss as to the First Count (alter ego liability). See Ruling, doc. entry #110.

By Amended Complaint dated April 6, 2022 at #249, the Plaintiff then alleged in Count One that GMP was the alter ego of Daniel Carpenter (¶¶124-130) and claimed unjust enrichment in Count Seven. At docket entry #261, GMP moved to dismiss the Amended Complaint. Oral argument was held on August 2, 2022 but the Court has not yet issued a ruling.[1] GMP's motion to dismiss is thus pending.

Standard

Federal Rule of Civil Procedure 64 authorizes the Court to enter a prejudgment remedy as may be permitted "under the law of the state where the court is located" in order "to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a). "Connecticut law in turn allows for entry of a prejudgment remedy if a party shows probable cause that a judgment will enter in the amount sought for a remedy." *Roberts v. Triplanet Partners LLC*, No. 3:12CV1222 JAM, 2014 WL 1831022, *2 (D. Conn. May 8, 2014)(Meyer, J.)(citing Conn. Gen. Stat. § 52-278d(a)).

The prejudgment remedy statute "further allows the Court, in its discretion, to modify or vacate a previously ordered prejudgment remedy upon presentation of evidence that would have

---

[1] Responsive briefs have been filed on the motion to dismiss as recently as 9/22/2022.

justified a modification or denial of a prejudgment remedy at the initial hearing." Id. (citing Conn. Gen. Stat. § 52-278k). "A court is obligated to dissolve a prejudgment remedy such as an attachment upon realty if there is no probable cause to sustain the validity of the plaintiffs claim." *Good v. Paine Furniture Co.*, 35 Conn. Supp. 24, 25 (Conn. Super. Ct. 1978).

Argument

Under Connecticut law governing prejudgment remedies, "probable cause" is defined as: a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. Probable cause is a flexible common-sense standard. It does not demand that a belief be correct or more likely true than false. *Baltas v. Frenis*, 2019 WL 1552915, *7 (D. Conn. Apr. 10, 2019) (Spector, Mag. J.) (citation omitted). The Court will "consider not only the validity of the plaintiff's claim but also the amount that is being sought." Id. at *6.

Here the Plaintiff's only arguments raised in its complaint are that GMP is the alter ego of Daniel Carpenter and the claim of unjust enrichment. GMP is incorporated as a limited liability company incorporated in the State of Connecticut. Its two members are Carpenter Financial Group and Caroline Financial Group, neither of which are citizens of the State of New York. In 2007, well before any matters relating to the Sash A. Spencer ("Spencer") life insurance benefits (as explained in greater detail below), GMP purchased the Property with a commercial mortgage provided by T.D. Bank, and thereafter rented the Property to commercial tenants. The Property is the only non-contingent asset of GMP.

The Memorandum in support of GMP's motion to dismiss at doc. entry #262 sets forth the legal rationale why Universitas cannot succeed, and that memorandum is incorporated by

reference. Moreover, in order to satisfy even the burden of probable cause for a PJR the plaintiff would have to proffer facts and not legal conclusions.

Wherefore, the defendant GMP respectfully requests that the Court grant this motion and dissolve the prejudgment remedy by way of attachment on 100 Grist Mill Road, Simsbury.

THE DEFENDANT,

GRIST MILL PARTERNERS, LLC

/s/  Jonathan J. Einhorn

JONATHAN J. EINHORN
129 WHITNEY AVENUE
NEW HAVEN, CT. 06510
(203) 777-3777
einhornlawoffice@gmail.com
Fed. Bar No. 00163

CERTIFICATION

I hereby certify that on this 23rd day of September, 2022, a copy of the foregoing Motion was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

/s/  Jonathan J. Einhorn

JONATHAN J. EINHORN