**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **UNIVERSITAS EDUCATION, LLC** ) | |
| ) | |
| Plaintiff ) | **CIVIL ACTION NO.** |
| ) | **3:20-cv-00738-JAM** |
| vs. ) | |
| ) | |
| **BENISTAR, et al** ) | |
| ) | **DECEMBER 21, 2022** |
| Defendants ) | |

## REPLY TO PLAINTIFF'S OBJECTION TO RENEWED MOTION TO DISMISS

Defendants Greyhound Partners, LLC, Seir Hill Partners, LLC, 1 & 3 Mill Pond Partners, LLC, and Birch Hill Partners, LLC, submit this reply to Plaintiff's Objection in support of their renewed motion to dismiss the claims against them in the Amended Complaint for a lack of subject matter jurisdiction.

### I.  UNIVERSITAS HAS FAILED TO ESTABLISH THIS COURT'S JURISDICTION

The Universitas Complaint lacks a federal question, complete diversity, and cannot even claim the $75,000 threshold against any of the Defendants. Moreover, as described below, the Charter Oak Trust was governed by ERISA and ERISA preempts all of the claims here. When Universitas sued T.D. Bank in 2015, Judge Scheindlin made it clear that any claim brought by Universitas against anyone for anything was time barred after October 2012—which is now a decade ago—and these bogus claims by Universitas grow more stale every day. It is time to end Attorney Manson's malicious and vexatious frolic against innocent parties.

Defendants Greyhound Partners, LLC, Seir Hill Partners, LLC, 1 & 3 Mill Pond Partners, LLC, and Birch Hill Partners, LLC, ("the Defendants") filed a short – three-page - memorandum [Dkt 342-1] asking the Court to expedite its ruling on their Motion to Dismiss [Dkt 294-1] because

1

Universitas's Response [Dkt 302] did not address the lack of subject matter jurisdiction argument based upon Rule 12(b)(1). In response [Dkt 343], Universitas filed a 13-page exercise in vitriol and a renewal of Universitas's newest threat to seek sanctions.

The Defendants were not parties until they were named as defendants in the Amended Complaint on April 6, 2022, which alleges an unjust enrichment claim. [Dkt 249] Universitas did not address the Rule 12(b)(1) lack of subject matter jurisdiction argument in its response. [Dkt. 302]. Local Rule 7(a)(2) states that a failure to respond to a motion may be deemed sufficient to grant the unopposed motion.

Universitas had the burden of pleading facts showing the Court possessed diversity jurisdiction. Universitas did not meet this burden by pleading in its Amended Complaint [Dkt 249] the residency of the members of Universitas instead of the citizenship of the members of Universitas. It is well-settled Second Circuit law that "allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 102-03 (2d Cir. 1997). Further, Universitas disproved its unjust enrichment claim against Greyhound because Universitas admits that the insurance policies funds were not received by Greyhound Partners, LLC, Seir Hill Partners, LLC, 1 & 3 Mill Pond Partners, LLC, and Birch Hill Partners, LLC so that Universitas is not alleging that Greyhound was benefitted by Universitas:

> The Second turnover proceeding narrowly focused on the entities that were actual recipients of the stolen insurance proceeds, and the path of fraudulent transfers that the proceeds took through the entities in the Benistar criminal enterprise. Seir Hill, Birch Hill, and Greyhound were not a part of that chain. Instead, as explained, supra, they all nominally hold title to property held for the beneficial interest of other Judgment Debtors.

Universitas Response [Dkt 302] (emphasis added).

As this Court is well aware, the Supreme Court has never allowed a plaintiff to go after a party that was not already liable for that debt. *See H.C. Cook Co. v. Beecher*, 217 U.S. 497, (1910) ("We have never authorized the exercise of ancillary jurisdiction in a subsequent lawsuit to impose

an obligation to pay an existing federal judgment on a person not already liable for that judgment.") In this case, there is no federal question, no diversity, and not even a claim for $75,000 against Greyhound Partners, LLC, Seir Hill Partners, LLC, 1 & 3 Mill Pond Partners, LLC, and Birch Hill Partners, LLC. Therefore, this Court lacks jurisdiction and should immediately dismiss this entire case.

## II.  ERISA PREEMPTS ALL OF UNIVERSITAS'S CLAIMS

As this Court is aware, Universitas sued TD Bank in 2015, and Judge Scheindlin examined every possible Claim and concluded that because Universitas knew it was not getting paid by the Charter Oak Trust by October 2009 – Judge Scheindlin's opinion stated that any claim by Universitas against any party after October 2012 was time-barred. See Judge Scheindlin's December 2015 Opinion attached as Exhibit One. The Turnover Judgment Claim was not brought and decided until November 2014 and despite the clear reading of *H.C. Cook v. Beecher* quoting *Peacock v. Thomas*

> We have never authorized the exercise of ancillary jurisdiction in a subsequent lawsuit to impose an obligation to pay an existing federal judgment on a person not already liable for that judgment. Indeed, we rejected an attempt to do so in *H.C. Cook Co. v. Beecher,* 217 U.S. 497, (1910). *Peacock v. Thomas*, 516 U.S. 349, 357, (1996),

Universitas has been trying to collect from innocent parties other than the Charter Oak Trust despite the fact that both ERISA and the Supreme Court state that one cannot sue any entity but the Plan, and if the Plan runs out of money, you cannot sue other parties like the President of the Company or the Bank that held the Plan assets. The Charter Oak Trust clearly states that it is a Death Benefit Only Welfare Benefit Plan which is clearly an ERISA Plan. See Judge Vanessa Bryant's analysis in "*Wilmington Savings (Christiana Bank) v. Universitas*":

> This rule applies even where, as here, the underlying claims possibly implicate a federal court's exclusive jurisdiction. *Cf. Cantrell v. Great Republic Ins. Co.,* 873 F.2d 1249, 1255 (9 th Cir.1989) (remanding action removed on the basis of ERISA preemption because action was removed after the 30-day limitation period). The court uses the word "possibly" for the following reasons. Federal district courts have jurisdiction over arbitrability disputes if the well-pleaded arbitration demand raises a federal claim. See *Vaden v. Discover Bank*, 556 U.S. 49, 62, 129 S.Ct. 1262, 173 L.Ed.2d 206 (2009). The arbitration demand here alleges common law causes of action, but ERISA preempts any state law claims that "relate to any employee benefit plan". 29 U.S.C. § 1144(a). A claim relates to an employee benefit if the claim "purports to provide a remedy for the violation of a right expressly guaranteed by [ERISA]." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 142,111 S.Ct. 478, 112 L.Ed.2d 474 (1990). ERISA expressly provides a plan beneficiary with a right to bring a claim for breach of fiduciary against a plan fiduciary. 29 U.S.C. § 1132(a)(2). From the face of the arbitration demand, it appears that COT, a MEWA, is an employee benefit plan, that Universitas is a plan beneficiary, and that Wilmington is a plan fiduciary. The Court, however, declines to answer these questions and instead proceeds with its discussion on diversity jurisdiction.

*Wilmington Sav. Fund Soc'y, FSB v. Universitas Educ., LLC*, 164 F. Supp. 3d 273, 283 (D. Conn.2016).

ERISA's preemption clause is "conspicuous for its breadth." *FMC Corp. v. Holliday*, 498 U.S. 52, 58 (1990). ERISA's preemption provision is sweeping, providing that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in Section 1003(a) of this title and not exempt under Section 1003(b) of this title". 29 U.S.C. § 1144(a). "As to the state common law claims, ERISA preempts those that see to "rectify a wrongful denial of benefits promised under ERISA-regulated plans, and do not attempt to remedy any violation of a legal duty independent of ERISA". *Paneccasio v. Unisource Worldwide Inc.,* 32 F.3d 101, 114 (2d Cir. 2008), quoting *Aetna Health Inc. v. Davilla*, 542 U.S. 200, 214 (2004).

Although Universitas cited the ERISA statute and cases decided under ERISA throughout its prehearing brief in the arbitration of 2010 and before Judge Swain in 2012, it failed to acknowledge that ERISA limits Universitas to a single claim for benefits under ERISA and fully preempts all of Universitas' common law claims. ERISA § 502(a)(1)(B), 29 U.S.C. §

4

1132(a)(1)(B); *Bd of Trustees of the Local 295/Local 851-IBT Employer Group Pension Fund v. Callan Assoc., Inc.,* 175 F.3d 1007(2d Cir. 1999) (claims for breach of contract and breach of fiduciary duty are preempted by ERISA); *LoPresti v. Terwilliger*, 126 F.3d 34, 41 (2d Cir. 1997) (conversion claim is preempted by ERISA); *Saks v. Franklin Covey Co.,* 117 F. Supp. 2d (S.D.N.Y. 2000) ("Thus, it has long been held that a plaintiff has no claim for breach of contract against a plan administrator for failing to award benefits, because such claims are squarely preempted by ERISA."); *Nealy v. U.S. Healthcare HMO*, 844 Supp. 966, 970, 971 (S.D.N.Y. 1994) (in enacting ERISA, Congress' intent was to "ensure that plans and plan sponsors would be subject to a uniform body of law" and thus minimize the "burdens of complying with conflicting directives among States or between States and the Federal Government" and "as part of ERISA's enforcement scheme, most state laws relating to employee benefit plans are preempted"). "As a result, all of Universitas's lengthy arguments regarding the respondents' alleged fiduciary duties, breaches thereof, and Universitas's conversion claim are preempted and must fail as a matter of law."

Despite Universitas's best efforts to obfuscate the undisputed facts of this case, defame uninvolved parties, and to expand these proceedings beyond the scope of ERISA Welfare Benefit Plan and the examination of whether or not Universitas is entitled to benefits under the Plan, as detailed below there is no question that Universitas is not entitled to any benefits under the Plan.

As this Court is aware, Judge Scheindlin held in 2015 that Universitas's claims against another third-party, TD Bank, N.A., were barred by multiple statutes of limitations. *Universitas Education, LLC v. TD Bank, N.A., 15-cv-5643 (SAS), 2015 U.S. Dist. LEXIS 170264, 2015 WL 9304551 (S.D.N.Y. Dec. 21, 2015)* (filed in this case at Dkt. 17, Exh 2). Because the Defendants cannot do a better job than Judge Scheindlin of explaining the various statute of limitations violations by Universitas in this case, they defer to Judge Scheindlin's decision. See Exhibit One attached.

5

As for the three-year ERISA statute of limitations issue, the Charter Oak Trust was the subject of a DOL raid in May of 2011, whereby the DOL stated that it had jurisdiction because the Charter Oak Trust Welfare Benefits Plan was in fact an ERISA plan and thus subject to ERISA's requirements. Universitas's arguments to the contrary are clearly unavailing as the unlawful DOL Raid of May 26, 2011 is currently subject to the Government's third appeal of Judge Underhill's ruling in Mr. Carpenter's favor at the Second Circuit. As Judge Scheindlin points out, the period for the statute of limitations began in October of 2009 and ended in October of 2012.

The facts are clear: The Charter Oak Trust was a MEWA governed by ERISA, and ERISA bars all of Universitas' claims against anyone and everyone now and at any time after October 2012.

### III.     MR. CARPENTER IS NOT A PARTY IN THIS CASE

On Page 11 of his brief, Universitas raises several statements that are dispositive of this case. It admits this is a "collection action" against parties that never received any of the Sash Spencer proceeds, were not judgment debtors and do not owe Universitas any money. It seems to be making an "alter ego" claim against Mr. Carpenter—who it defames on every page. Universitas also suggests that Connie Carpenter and John Carpenter might actually be citizens of New York, but "they are not indispensable parties." Universitas mentions its other frivolous claims across the Country like Oklahoma. But Greyhound Partners was mentioned to Judge Swain in 2014 and was subject to Restraining Notices in 2014 and 2017—so it was an error to have sued Greyhound in the first place. There is no total diversity among all of the Plaintiffs and all of the Defendants as required by law.

Similarly, on page 12 of its Brief, Universitas blames Greyhound and Greyhound's counsel for wasting "this Court's valuable resources on dealing with patently frivolous arguments." Respectfully it is Universitas's counsel who should be sanctioned, not Mr. Carpenter or

6

Greyhound. (See Dkt. Nos. 101, 103, and 104), because it admits there is no Federal Question here, the possible damages are less than $75,000 (Actually zero for Greyhound and the other Defendants) and all of the parties are not diverse and it admits in its brief that Universitas—not Greyhound—has the burden of proving diversity and this Court's Jurisdiction:

> Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) . "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. (internal citations omitted). To invoke federal question jurisdiction, claims must "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 . "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).
>
> Defendants argue that Mr. Seniw "does not allege any facts that could even plausibly give rise to a cause of action that would implicate a federal question." Defs.' Mem. at 4. The Court agrees. In the absence of complete diversity between and among all parties, this Court lacks jurisdiction over Mr. Seniw's claims. *Pa. Pub. Sch. Emps' Ret. Sys. v. Morgan Stanley & Co.* , 772 F.3d 111, 117-18 (2d Cir. 2014) ("Subject matter jurisdiction based on 28 U.S.C. § 1332 ... requires 'complete diversity,' i.e. all plaintiffs must be citizens of states diverse from those of all defendants."). Accordingly, this case will be dismissed for lack of diversity jurisdiction. *Seniw v. Bagwell*, No. 3:20-CV-00881 (VAB), 2021 WL 1946407, at *3–4 (D. Conn. May 15, 2021)

In fact, this Court was quoted as closing "the federal courthouse to small-dollar diversity lawsuits":

> However, in her motion to remand, Plaintiff now clarifies that the amount she seeks is greater than $15,000 but less than $75,000, exclusive of interest and costs. Plaintiff's stipulation negates the need for an evidentiary hearing; it refutes a finding, by a preponderance of the evidence, that her claim gives rise to more than $75,000 in damages, exclusive of interest and costs. Under these circumstances, remand is warranted. **As Judge Meyer concluded, remanding in reliance on such a stipulation, "[j]udicial economy and the essential purpose of Congress—to close the federal courthouse doors to small-dollar diversity lawsuits—is served."** Luce , 23 F. Supp. 3d at 86 . Given Plaintiff's clarification regarding her alleged amount of damages, as provided by her sworn stipulation, the instant action does not meet the minimum jurisdictional limits required to establish diversity jurisdiction under 28 U.S.C. § 1332 . Moreover, because there is no "federal question" involved in this action, there is no alternative basis for federal subject matter jurisdiction, 28 U.S.C. § 1331 . Lacking subject matter jurisdiction, the Court must remand the case to state court. *Gregg v. Walmart Stores, Inc.*, No. 3:20-CV-1447(CSH), 2020 WL 6156527, at *3 (D. Conn. Oct. 20, 2020)

As this Court knows, Mr. Carpenter is not a party to this case, but Universitas continues to defame him and to seek sanctions against him, including imprisonment. (See Universitas Brief page 7, FN 2, suggesting that he is in violation of the provisions of his Supervised Release[1]).

## CONCLUSION

Because of the aforesaid arguments, Defendants Greyhound Partners, LLC, Seir Hill Partners, LLC, 1 & 3 Mill Pond Partners, LLC, and Birch Hill Partners, LLC move that the Court Dismiss the First Amended Complaint in its entirety with prejudice.

> Respectfully Submitted
> DEFENDANTS
> SEIR HILL PARTNERS, LLC,
> GREYHOUND PARTNERS, LLC
> 1 & 3 MILL POND PARTNERS, LLC
> BIRCH HILL PARTNERS, LLC
>
> By: /s/ Jonathan J. Einhorn
> JONATHAN J. EINHORN
> 129 WHITNEY AVENUE
> NEW HAVEN, CT 06510
> FEDERAL BAR NO. ct00163
> EINHORNLAWOFFICE@GMAIL.COM

---

[1] This Court dismissed Mr. Carpenter's 2241 Writ of Habeas Corpus the next day after AUSA Patel said that Mr. Carpenter was no longer on Supervised Release. See *Carpenter v. Garland*, 3:22-cv-00725-JAM, AUSA Patel files his Reply Brief August 3, 2022 (Dkt. No. 12), and Order Granting Motion to Dismiss for Lack of Jurisdiction issued on August 4, 2022 (Dkt. No. 14).

## **CERTIFICATION**

I hereby certify that on this 21th day of December, 2022, a copy of the foregoing was filed electronically and served by mail to anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filings as indicated on the Notice of Electronic Filings. Parties may access this filing through the Court's CM/ECF System.

By: */s/ Jonathan J. Einhorn*
JONATHAN J. EINHORN

# EXHIBIT ONE

Judge Scheindlin's Order in
*Universitas Education, LLC, v. TD Bank, N.A.*,
2015 WL 9304551 (S.D.N.Y. Dec. 21, 2015)

Universitas Education, LLC v. Bank, Not Reported in Fed. Supp. (2015)
2015 WL 9304551

2015 WL 9304551
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

UNIVERSITAS EDUCATION, LLC, Plaintiff,

v.

T.D. BANK, N.A., Defendant.

15-cv-5643 (SAS)
|
Signed 12/21/2015

**Attorneys and Law Firms**

Annie E. Causey, Esq., Napoli Shkolnik PLLC, 1301 Avenue of The Americas, New York, NY 10019, (212) 397-1000, Marie E. Napoli, Esq., Napoli Law, PLLC, 1301 Avenue of The Americas, New York, NY 10019, (212) 397-1000, Paul J. Napoli, Esq., Napoli Bern Ripka & Associates, 350 Fifth Avenue, New York, NY 10118, (212) 267-3700, for Plaintiff.

Jeffrey J. Chapman, Esq., Aaron F. Jaroff, Esq., McGuire Woods LLP, 1345 Avenue of the Americas, 7th Floor, New York, NY 10105, (212) 548-7060, for Defendant.

## MEMORANDUM OPINION AND ORDER

SHIRA A. SCHEINDLIN U.S.D.J.

*1 Plaintiff Universitas Education, LLC ("Universitas") brings this diversity action against defendant T.D. Bank alleging the aiding and abetting of conversion and related claims stemming from the alleged misappropriation of certain assets by a non-party actor, using T.D. Bank as its financial institution. Defendant moves to dismiss, arguing that plaintiff's claims are time-barred. For the following reasons, defendant's motion is GRANTED.

## I. BACKGROUND[1]

On May 15, 2009, the Lincoln National Life Insurance Company issued two checks to the Charter Oak Trust totaling $30,677,276.85, representing the life insurance proceeds for two life insurance policies issued on the life of Mr. Sash Spencer.[2] Mr. Spencer, now deceased, named Universitas as the sole beneficiary of the Charter Oak Trust.[3] Nova Group, Inc. served as the trustee.[4]

Contemporaneous with the Charter Oak Trust's receipt of the life insurance proceeds, Nova Group sought to open a new bank account for the Trust.[5] It applied for this account with at least three major banking institutions, and was declined by at least Bank of America due to Nova Group's failure to satisfy certain due diligence protocols.[6] T.D. Bank accepted Nova Group's application, and opened an account for Charter Oak Trust on May 12, 2009.[7]

On May 20 and May 21, 2009, T.D. Bank accepted applications for and opened business checking accounts for Nova Group and several related entities.[8] From May 21, 2009 to October 27, 2009, Nova Group transferred Charter Oak Trust proceeds to and

Case 3:20-cv-00738-JAM   Document 344   Filed 12/21/22   Page 12 of 15

Universitas Education, LLC v. Bank, Not Reported in Fed. Supp. (2015)
2015 WL 9304551

between its business checking accounts, and directly withdrew $19.8 million from the Charter Oak Trust account.[9] Universitas was aware that Nova Group did not intend to remit the Charter Oak Trust's proceeds to it by October 2009.[10]

Plaintiff filed a demand for arbitration against the Nova Group on June 17, 2010.[11] The arbitrator awarded plaintiff damages in the amount of $26,558,308.26 plus interest on January 24, 2011.[12] The award was confirmed on June 5, 2012.[13] In the meantime, T.D. Bank closed all accounts associated with Nova Group, which has yet to pay any of the arbitration award to plaintiff.[14] On July 17, 2015, plaintiff brought this action against T.D. Bank accusing it of aiding and abetting in this conversion, and bringing several related claims.

## II. LEGAL STANDARD

*2 In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must "accept[ ] all factual allegations in the complaint as true and draw[ ] all reasonable inferences in the plaintiff's favor."[15] The court evaluates the sufficiency of the complaint under the "two-pronged approach" set forth by the Supreme Court in *Ashcroft v. Iqbal*.[16] Under the first prong, a court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."[17] For example, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[18] Under the second prong of *Iqbal*, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."[19] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[20] Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully."[21]

When deciding a 12(b)(6) motion to dismiss, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."[22] " '[I]t is 'axiomatic that the Complaint cannot be amended by briefs in opposition to a motion to dismiss.' "[23]

## III. DISCUSSION

When sitting in diversity, a federal court applies New York's statutes of limitations to state law claims.[24] Under New York law, causes of action accrue at the time and in the place of the injury.[25] Applying these principles to the instant case, each of plaintiff's causes of action is time-barred, and must be dismissed.

### A. Aiding and Abetting Conversion Claim

Allegations for conversion, and aiding and abetting of conversion, are subject to a three-year statute of limitations.[26] A conversion occurs when one exercises unauthorized dominion over the property of another to the exclusion of the rights of the lawful owner.[27] Here, the alleged conversion took place no later than October 2009, when Nova Group formally refused to remit the proceeds of the Charter Oak Trust to plaintiff.[28] Thus, plaintiff's conversion claim was time-barred as of October 2012.

### B. Fraud Claims

Claims for fraud and the aiding and abetting of fraud are normally governed by New York's six-year statute of limitations.[29] However, a "[c]ourt will not apply the six-year statute of limitations if the claim of fraud is merely incidental to another claim with a shorter limitations period."[30] To determine whether a fraud claim is "merely incidental" to other claims in an action, courts examine the "gravamen," or basic essence, of a plaintiff's claims.[31] In order to not be "merely incidental," a fraud claim

Case 3:20-cv-00738-JAM   Document 344   Filed 12/21/22   Page 13 of 15

Universitas Education, LLC v. Bank, Not Reported in Fed. Supp. (2015)
2015 WL 9304551

must be distinct from a plaintiff's other claims — it must be a claim in its own right, and not merely recast the same facts as other claims in order to obtain the benefit of the longer limitations period.[32]

*3  The gravamen of plaintiff's fraud claims are that Nova Group converted Charter Oak Trust funds meant for Universitas, and that defendant — by opening accounts and approving transfers between them — aided and abetted in that conversion. The facts underlying the fraud and conversion claims are the same. The injuries are the same. The relief sought is identical. Both the fraud and the aiding and abetting fraud claims are identical, for all intents and purposes, to the aiding and abetting conversion claim, and are merely incidental thereto. "Time barred claims cannot be revitalized by tricks of pleading";[33] the six-year statute of limitations does not apply to plaintiff's claim of aiding and abetting fraud. Plaintiff's claims for fraud and aiding and abetting fraud are subject to the three-year statute of limitations governing plaintiff's conversion claim, and are time-barred.

### C. Fiduciary Duty Claims

New York does not prescribe a statute of limitations for claims based on the breach of a fiduciary duty, and instead determines the applicable limitations period based on the substantive remedy sought.[34] Where a plaintiff seeks only money damages — as is the case here — a three-year statute of limitations applies.[35] For the same reasons described above, plaintiff's claims accrued in October 2009, and were time-barred as of October 2012.

### D. Unjust Enrichment Claim

Claims for unjust enrichment are generally governed by a six-year statute of limitations.[36] However, as with claims for fraud and breach of a fiduciary duty, if an unjust enrichment claim is merely incidental to a claim governed by a shorter statute of limitations, "the Court will not allow a plaintiff to avail himself of a longer limitations period."[37] Here, plaintiff's unjust enrichment claim recites the same facts and circumstances as its conversion claim, and is just as incidental to the conversion claim as the fraud claims. The three-year statute of limitations therefore applies, and plaintiff's claim was time-barred as of October 2012.

### E. Negligence Claims

New York applies a three-year statute of limitations to all negligence claims, including claims for negligent hiring and negligent supervision.[38] As with conversion claims, the limitations period begins to run at the time and place of injury, "even though the injured party may be ignorant of the existence of the wrong or injury."[39] The injury alleged in support of the negligence claims is the same injury as alleged for the conversion claim and claims incidental to the conversion. Plaintiff's negligence claims were therefore time-barred as of October 2012.

### F. Racketeer Influenced and Corrupt Organizations Act ("RICO") Claim

Civil RICO claims are subject to a four-year statute of limitations.[40] The four-year limitations period begins to run "upon the discovery of the injury alone."[41] As with all of plaintiff's claims, the only injury alleged in plaintiff's civil RICO claim is the conversion of the Charter Oak Trust funds, of which plaintiff had actual notice in October 2009 when Nova Group formally denied plaintiff's claim to the trust funds. Plaintiff's civil RICO claim was therefore time-barred as of October 2013.

### IV. CONCLUSION

*4  For the foregoing reasons, defendant's motion is GRANTED. The Clerk of the Court is directed to close this motion (Dkt. No. 12) and this case.

SO ORDERED.

WESTLAW  © 2021 Thomson Reuters. No claim to original U.S. Government Works.                                 3

Case 3:20-cv-00738-JAM   Document 344   Filed 12/21/22   Page 14 of 15

**Universitas Education, LLC v. Bank, Not Reported in Fed. Supp. (2015)**
2015 WL 9304551

**All Citations**

Not Reported in Fed. Supp., 2015 WL 9304551

Footnotes

1   All facts recited herein are taken from the Amended Complaint ("Compl.") unless otherwise noted.
2   *See* Compl. ¶ 38.
3   *See id.*
4   *See id.* ¶ 39.
5   *See id.* ¶ 44.
6   *See id.* ¶ 45.
7   *See id.* ¶ 50.
8   *See id.* ¶¶ 53-54.
9   *See id.* ¶¶ 57-66.
10  *See* Petition to Confirm Arbitration Award ("Petition"), Exhibit 1 to 9/11/15 Declaration of Jeffrey J. Chapman, counsel for defendant, in Support of Defendant's Motion to Dismiss the Amended Complaint ("Chapman Dec.") ¶ 7 ("Nova Group formally rejected Universitas' claim to the Death Benefit twice, initially in October 2009, and on appeal in February 2010."); Affidavit of Sharon Sieber, member of Universitas Education, LLC, Exhibit 4 to Chapman Dec. ¶¶ 8-12 (outlining steps taken by plaintiff to secure Charter Oak Trust monies in 2009).
11  *See* Compl. ¶ 68.
12  *See id.* ¶ 70.
13  *See id.* ¶ 71.
14  *See id.* ¶ 72.
15  *Grant v. County of Erie*, 542 Fed. App'x 21, 23 (2d Cir. 2013).
16  *See* 556 U.S. 662, 678-79 (2009).
17  *Id.* at 679.
18  *Id.* at 678 (citation omitted).
19  *Id.* at 679.
20  *Id.* at 678 (citation omitted).
21  *Id.* (quotations omitted).
22  *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)).
23  *Ace Arts, LLC v. Sony/ATV Music Pub., LLC*, 56 F. Supp. 3d 436, 451 (S.D.N.Y. 2014) (quoting *O'Brien v. National Prop. Analysts Partners*, 719 F.Supp. 222, 229 (S.D.N.Y. 1989)).
24  *See, e.g., Thea v. Kleinhandler*, No. 14-3201, 2015 WL 6684322, at *4 (2d Cir. Nov. 3, 2015).
25  *See id.*
26  *See* N.Y. Civil Practice Law & Rules ("C.P.L.R.") § 214(3).
27  *See Kirschner v. Bennett*, 648 F. Supp. 2d 252, 240 (S.D.N.Y. 2009).
28  *See* Petition ¶ 7.
29  *See* N.Y. C.P.L.R. § 213(8).
30  *Malmsteen v. Berdon, LLP*, 447 F. Supp. 2d 655, 663 (S.D.N.Y. 2007).
31  *See Marketxt Holdings Corp. v. Engel & Reiman, P.C.*, 693 F. Supp. 2d 387, 394 (S.D.N.Y. 2010) (holding a fraud claim to be incidental to related claims where "the gravamen of plaintiff's claims is that [defendant] stole funds from [plaintiff], not that he lied about doing so").
32  *See Midwest Mem'l Grp., LLC v. International Fund Servs. (Ireland) Ltd.*, No. 10 Civ. 8860, 2011 WL 4916407, at *5 (S.D.N.Y. Oct. 17, 2011).
33  *Id.*
34  *See Ciccone v. Hersh*, 530 F. Supp. 2d 574, 579 (S.D.N.Y. 2008).

**Universitas Education, LLC v. Bank, Not Reported in Fed. Supp. (2015)**
2015 WL 9304551

| | |
|---|---|
| 35 | *See Independent Order of Foresters v. Donald, Lufkin & Jenrette, Inc.*, 157 F.3d 933, 942 (2d Cir. 1998). Claims for breach of a fiduciary duty based on allegations of fraud may be subject to a six-year statute of limitation, but only in instances where the fraud is not incidental to another claim. *See Marketxt*, 693 F. Supp. 2d at 398. As described above, plaintiff's fraud claims are incidental to its conversion claim, and the three-year statute of limitations applies. |
| 36 | *See* N.Y. C.P.L.R. § 213(1). |
| 37 | *Malmsteen*, 447 F. Supp. 2d at 667. |
| 38 | *See* N.Y. C.P.L.R. § 214(4); *Coleman & Co. Sec., Inc. v. Giaquinto Family Tr.*, 236 F. Supp. 2d 288, 299, 303 (S.D.N.Y. 2002). |
| 39 | *Fritzhand v. Discover Fin. Servs., Inc.*, 800 N.Y.S. 2d 319, 319 (Sup. Ct. Nassau Co. 2005). *Accord Midwest Mem'l Grp.*, 2011 WL 4916407, at *3 (holding that New York "does not apply a 'discovery rule' to extend accrual [of a claim] until a plaintiff discovers that injury"). |
| 40 | *See Rotella v. Wood*, 528 U.S. 549, 552 (2000). |
| 41 | *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 150 (2d Cir. 2012). |

**End of Document**                                          © 2021 Thomson Reuters. No claim to original U.S. Government Works.