## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| _____ ) | |
| **UNIVERSITAS EDUCATION, LLC** ) | |
| ) | |
| **Plaintiff** ) | **CIVIL ACTION NO.** |
| ) | **3:20-cv-00738-JAM** |
| **vs.** ) | |
| ) | |
| **BENISTAR, et al** ) | |
| ) | **SEPTEMBER 5, 2023** |
| **Defendants** ) | |
| _____ ) | |

### Carpenter Charitable Trust's Motion to Alter/Amend the Final Judgment and Supporting Memorandum

**NOW COMES THE MOVANT,** Carpenter Charitable Trust (the "Trust" or "Movant") to respectfully ask this Court to alter and/or amend its Final Judgment [ECF No. 378] and Order [ECF No. 377] granting the motions to dismiss Plaintiff's claims because there is language that will be misconstrued and needs to be altered in the interest of justice.

### I. LAW AND ARGUMENT

**A.     Legal Standard.**

Under Rule 59(e), a court may alter or amend a judgment "when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). Rule 59(e) allows a party to move to "alter or amend a judgment" no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).

**B.      The Court's Order Should Be Altered/Amended.**

"[E]very court has supervisory power over its own records and files" to ensure they "are not used to gratify private spite or promote public scandal" or "serve as reservoirs of libelous statements for press consumption." *Brown v. Maxwell*, 929 F.3d 41, 51 (2d Cir. 2019) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). "This supervisory function is not only within a district court's power, but also among its responsibilities." *Brown,* 929 F.3d at 51.

The Order and Judgment properly dismiss Plaintiff's claims and the Trust is not asking the Court to alter its actual dismissal. However, while discussing Universitas's allegations, the Order refers to a portion of Judge Meyer's Order [ECF No. 110] partially granting the motions to dismiss in 2021, there is language that could be misconstrued as a finding by Judge Meyer:

> Construing the allegations in the Amended Complaint in the light most favorable to Universitas, this case is about a fraudster, Daniel Carpenter, who stole millions of dollars from Plaintiff, a charitable foundation, after the death of the foundation's wealthy benefactor, Sash Spencer. By way of brief background, and as discussed by Judge Meyer:
>
>> In 2008, Spencer died unexpectedly, but Daniel Carpenter and his associates fraudulently denied Universitas's claim for Spencer's life insurance proceeds and transferred the death benefits to entities owned and controlled by Daniel Carpenter while Universitas's appeal was pending. [Complaint], at 5–6 (¶¶ 30–35). . . .

*Universitas Educ., LLC v. Benistar*, No. 3:20-CV-00738 (KAD), 2023 WL 4932034, at \*2 (D. Conn. Aug. 2, 2023) [ECF No. 377 p. 3] (quoting *Universitas Educ., LLC v. Benistar*, No. 3:20-cv-738 (D. Conn. Mar. 15, 2021), ECF No. 110).

In the context of Judge Meyer's Order, it is clear that Judge Meyer was setting forth the facts alleged by Plaintiff's Original Complaint in the light most favorable to the Plaintiff, just as this Court's Order does now regarding the allegations in the Amended Complaint, as part of the

applicable legal standard for Rule 12(b)(6) motions. *Universitas Educ., LLC v. Benistar*, No. 3:20-CV-00738 (KAD), 2023 WL 4932034, at *2 (D. Conn. Aug. 2, 2023) [ECF No. 377 p. 3]; *Universitas Educ., LLC v. Benistar*, No. 3:20-cv-738 (D. Conn. Mar. 15, 2021), ECF No. 110). Given the number of Defendants sued by Plaintiff in this case and the dismissal of all of Plaintiff's claims, and also the age of Plaintiff's claims (*see Universitas Education, LLC v. T.D. Bank, N.A.*, No. 15-CV-5643 (SAS), 2015 WL 9304551 (S.D.N.Y. December 21, 2015) (dismissing Plaintiff's claims based upon statutes of limitations because "Universitas was aware that Nova Group did not intend to remit the Chart Oak Trust's proceeds to it by October 2009"))[1], the Trust requests that this language be altered, or removed, so that it will be clearer that there was no finding by Judge Meyer or this Court, and avoid placing the Defendants in an unnecessarily bad light that could be construed as findings that the Defendants acted improperly. *See Brown*, 929 F.3d at 51.

Finally, while Universitas demonized Daniel Carpenter in its pleadings in this Court, the truth is that Daniel Carpenter was not a party to the arbitration award in favor of Universitas or the

---

[1] Judge Scheindlin continued:

Plaintiff filed a demand for arbitration against the Nova Group on June 17, 2010. The arbitrator awarded plaintiff damages in the amount of $26,558,308.26 plus interest on January 24, 2011. The award was confirmed on June 5, 2012. In the meantime, T.D. Bank closed all accounts associated with Nova Group, which has yet to pay any of the arbitration award to plaintiff. On July 17, 2015, plaintiff brought this action against T.D. Bank accusing it of aiding and abetting in this conversion, and bringing several related claims. Plaintiff's claims for fraud and aiding and abetting fraud are subject to the three-year statute of limitations governing plaintiff's conversion claim, and are time-barred.

**C. Fiduciary Duty Claims**

New York does not prescribe a statute of limitations for claims based on the breach of a fiduciary duty, and instead determines the applicable limitations period based on the substantive remedy sought. Where a plaintiff seeks only money damages — as is the case here — a three-year statute of limitations applies. For the same reasons described above, plaintiff's claims accrued in October 2009, and were time-barred as of October 2012.

D. Unjust Enrichment Claim

Claims for unjust enrichment are generally governed by a six-year statute of limitations. However, as with claims for fraud and breach of a fiduciary duty, if an unjust enrichment claim is merely incidental to a claim governed by a shorter statute of limitations, "the Court will not allow a plaintiff to avail himself of a longer limitations period." Here, plaintiff's unjust enrichment claim recites the same facts and circumstances as its conversion claim, and is just as incidental to the conversion claim as the fraud claims. The three-year statute of limitations therefore applies, and plaintiff's claim was time-barred as of October 2012.

*Universitas Educ., LLC v. T.D. Bank*, No. 15-CV-5643 (SAS), 2015 WL 9304551, at *3 (S.D.N.Y. Dec. 21, 2015).

**Page 3 of 4**

litigation seeking to confirm the arbitration award – Mr. Carpenter is not even mentioned in these opinions. *Universitas Educ., LLC v. Nova Group, Inc.*, 2012 U.S. Dist. LEXIS 79295 (S.D.N.Y. 2012), *aff'd*, *Universitas Educ., LLC v. Nova Group, Inc.*, 513 Fed. Appx. 62, 2013 U.S. App. LEXIS 4372 (2d Cir. N.Y., Mar. 4, 2013).

## II. CONCLUSION

For the foregoing reasons, Carpenter Charitable Trust, respectfully requests that the Court grant this motion to amend and/or correct its order and remove the offensive language so that it is clear that Judge Meyer and this Court made no findings regarding the Defendants.

WHEREFORE, Movant Carpenter Charitable Trust respectfully moves this Court to grant this motion.

By: /s/ Jeffrey R. Sandberg
    Palmer Lehman Sandberg, PLLC
    Campbell Centre I
    8350 North Central Expressway
    Suite 1111
    Dallas, Texas 75206
    (214) 242-6454 Direct Line
    (214) 265-1950 Fax
    jsandberg@pamlaw.com

    *Admitted Pro Hac Vice*

## <u>CERTIFICATION</u>

I hereby certify that on this 5th day of August, 2023, a copy of the foregoing was filed with this court and served by mail to anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filings as indicated on the Notice of Electronic Filings. Parties may access this filing through the Court's CM/ECF System.

By: */s/ Jeffrey R. Sandberg*
    Jeffrey R. Sandberg